IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, EBONY STAMPS, LYDIA HELENA VISION, SORA KUYKENDALL, and SASHA REED, </br></br>Plaintiffs, </br></br>v. </br></br>BRUCE RAUNER, JOHN BALDWIN, STEVE MEEKS, and MELVIN HINTON, </br></br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) </br></br> No. 18-cv-156-DRH-DGW |

**DEFENDANT RAUNER'S MOTION
TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT[1]**

NOW COMES the Defendant, BRUCE RAUNER, by and through his attorney, LISA MADIGAN, Attorney General of the State of Illinois, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this honorable Court to dismiss Plaintiffs' Complaint against him for failure to state a claim. In support thereof, Defendant states as follows:

INTRODUCTION

The six named Plaintiffs are transgender individuals currently incarcerated within the Illinois Department of Corrections ("IDOC"), and housed at six different correctional facilities. Sora (a.k.a. Jordan) Kuykendall #B89676 is housed at Menard Correctional Center. Marilyn (a.k.a. Diego) Melendez #M28932 is housed at Pontiac Correctional Center. Janiah Monroe (a.k.a. Andre Patterson) #R67440 is housed at Dixon Correctional Center. Sasha (a.k.a. Fadell) Reed #M38260 is housed at Lawrence Correctional Center. Ebony (a.k.a. Gregory) Stamps # M41858 is housed

---

[1] Pursuant S.D. Ill. Local Rule 7.1(c), a motion to dismiss and supporting brief may be combined into a single submission.

at Graham Correctional Center. Lydia Heléna Vision (a.k.a. Eric Padilla) #K95929 is housed at Danville Correctional Center.

On January 31, 2018, Plaintiffs filed their Complaint pursuant to 42 U.S.C. § 1983 alleging that their constitutional rights are being violated by IDOC. [Doc. 1]. Plaintiffs are seeking to certify a class action on behalf of all transgender inmates currently incarcerated within IDOC. [Doc. 1]. Plaintiffs are seeking only injunctive relief, and sued Defendants in their official capacities. [Doc. 1, ¶¶ 46-49]. Defendant Bruce Rauner is the current Governor of Illinois. Defendant Dr. Steve Meeks is the Medical Director for IDOC. Defendant Dr. Melvin Hinton is the Chief of Mental Health Services for IDOC. Defendant John Baldwin is the Acting Director of IDOC.

Defendant Rauner now moves to dismiss Plaintiffs' Complaint against him as he is not the proper party for carrying out any of Plaintiffs' requested injunctive relief.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff's statement of claims requires more than labels, conclusions, or a recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555. The Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Chancey v. Suburban Bus Div. of Regional Transp. Authority*, 52 F.3d 623, 626–27 (7th Cir. 1995). However, the Court need not strain to find favorable

inferences that are not apparent on the face of the complaint. *Coates v. Illinois State Board of Ed.*, 559 F.2d 445, 447 (7th Cir. 1977).

ARGUMENT

Defendant Rauner is entitled to dismissal as he is not a proper party because Plaintiffs are seeking only injunctive relief. The proper defendants are the named IDOC officials who would have the responsibility for complying with any injunction that the Court may enter in this case.

The officials at the state agency that would be responsible for ensuring the prospective injunctive relief are the only proper parties in a lawsuit for injunctive relief. "The proper parties in a claim for injunctive relief include the supervisory government officials who would be responsible for ensuring injunctive relief is carried out." *Blakemore v. Godinez*, 13-CV-01084-JPG, 2013 WL 6096548, at *3 (S.D. Ill. Nov. 20, 2013) (citing *Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir.2011)).

If a state's governor would not be involved in carrying out any prospective injunctive relief in a lawsuit against state officials, the governor is not a proper party to the suit. Other cases in this circuit make clear that the Governor should be dismissed in cases like this. In dismissing a claim against Governor Rauner, a court in this judicial district recently wrote: "this claim shall be dismissed without prejudice against Governor Rauner, whose involvement in prison housing decisions is not established by the allegations and who would have no involvement in carrying out any injunctive relief that is ultimately ordered." *Randle v. Butler*, 16-CV-01191-NJR, 2017 WL 1035752, at *7 (S.D. Ill. Mar. 17, 2017). "[P]laintiffs' action for prospective injunctive relief against the governor [is barred by] their inability to show that he bears any legal responsibility for the flaws they perceive in the system." *Hearne v. Bd. of Educ. of City of Chicago*, 185 F.3d 770,

777 (7th Cir. 1999). The rationale behind his dismissal in those cases is applicable here. For the same reason the Governor was dismissed from those suits, he should be dismissed from this suit.

In this case, the injunctive relief that Plaintiffs are seeking is from this Court is to:

Order Defendants and their agents, employees, officials, and all persons acting in concert with them under color of state law, to develop and implement, as soon as practical, a plan to eliminate the substantial risk of serious harm that Plaintiffs and members of the Plaintiff Class suffer due to Defendants' inadequate evaluation and treatment of gender dysphoria. At a minimum, this plan should include: (i) Prisoner access to clinicians to treat gender dysphoria who meets the competency requirements stated in the Standards of Care; (ii) Prompt evaluation for gender dysphoria upon request or clinical indication of the condition; (iii) Timely fulfillment of medically prescribed treatment for gender dysphoria, including, but not limited to, hormone therapy and gender affirming surgery; (iv) Accommodation of medically necessary social transition, including individualized placement determinations, avoidance of cross-gender strip searches, and access to gender affirming clothing and grooming items; and (v) Ceasing the practice whereby medical decisions regarding gender dysphoria are second-guessed and treatment is governed by the GID Committee.

[Doc. 1 at 37]. Plaintiffs have not alleged that Governor Rauner would have any involvement in carrying out any injunctive relief that is ultimately ordered in this case. As such, Governor Rauner is not a proper party to this suit and should be dismissed as a matter of law.

WHEREFORE, for the above and foregoing reasons, Defendant Rauner respectfully requests this honorable Court dismiss Plaintiffs' Complaint against him.

          Respectfully submitted,

          BRUCE RAUNER,

          Defendant,

Kyle A. Rockershousen, #6321396　　　LISA MADIGAN, Attorney General
Assistant Attorney General　　　　　　State of Illinois
500 South Second Street
Springfield, Illinois 62701　　　　　　　Attorney for Defendant,
(217) 557-0261 Phone
(217) 524-5091 Fax　　　　　　　　　By: /s/ Kyle A. Rockershousen
Email: krockershousen@atg.state.il.us　　　Kyle A. Rockershousen

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, EBONY STAMPS, LYDIA HELENA VISION, SORA KUYKENDALL, and SASHA REED,<br><br>  Plaintiffs,<br><br>  - vs-<br><br>BRUCE RAUNER, JOHN BALDWIN, STEVE MEEKS, and MELVIN HINTON, .,<br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   No. 18-cv-156-DRH-DGW<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2018, the foregoing document, **Defendant Rauner's Motion to Dismiss**, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| John A. Knight | jknight@aclu.il.org |
| Amelia H. Bailey | amelia.bailey@kirkland.com |
| Catherine L. Fitzpatrick | cfitzpatrick@kirkland.com |
| Erica B. Zolner | ezolner@kirkland.com |
| Ghirlandi Guidetti | gguidetti@aclu.il.org |
| Matthew John Smart | matthew.smart@kirkland.com |
| Megan M. New | mnew@kirkland.com |
| Scott H. Lerner | scott.lerner@kirkland.com |
| Sydney L. Schneider | Sydney.schneider@kirkland.com |
| Timothy C. Pickert | tim.pickert@kirkland.com |
| Jordan M. Heinz | jheinz@kirkland.com |
| Sarah Hunt | sarahjane@tkennedylaw.com |
| Thomas E. Kennedy, III | tkennedy@tkennedylaw.com |

/s/ Kyle A. Rockershousen
Kyle A. Rockershousen, #6321396
Assistant Attorney General
Office of the Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 557-0261 Phone
(217) 524-5091 Fax
Email: krockershousen@atg.state.il.us