# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, EBONY STAMPS, LYDIA HELENA VISION, SORA KUYKENDALL, and SASHA REED, <br><br> Plaintiffs, <br><br> v. <br><br> BRUCE RAUNER, JOHN BALDWIN, STEVE MEEKS, and MELVIN HINTON, <br><br> Defendants. | No. 18-cv-156-DRH-DGW |

## PROTECTIVE ORDER

This matter coming to be heard on the Joint Motion for a Protective Order, the Court and all parties being fully advised in the same, and good cause having been shown, IT IS HEREBY ORDERED:

1. This protective order applies to Confidential Materials, including: (1) Illinois Department of Corrections ("IDOC") documents identifying transgender nonparty inmates; (2) IDOC documents regarding nonparty inmates who have requested treatment for gender dysphoria, produced to Plaintiffs' counsel of record by IDOC in discovery, (3) Master Files for the named Plaintiffs and any transgender nonparty inmate, and (4) medical records for the named Plaintiffs and any transgender nonparty inmate. These documents, and any others so designated as set forth herein, shall be designated as "Confidential Material."

2. With respect to Confidential Material that has been or will be requested, the individual or entity responding to the discovery request shall not withhold all or any responsive information on the ground that it contains sensitive and confidential information, but shall clearly

mark and identify discovery responses that contain such information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as each of those categories is defined herein:

 (a) Documents marked "CONFIDENTIAL" shall refer to documents that contain information or any other form of evidence or discovery that embodies, contains, or reflects information about individuals that is private, related to medical care, or otherwise sensitive in nature, including but not limited to medical records, personal identifying information, and records indicating or suggesting the transgender identity of non-party inmates. A party may designate a document or information as "CONFIDENTIAL" if it reasonably believes that confidential treatment is warranted.

 (b) Documents marked "ATTORNEYS' EYES ONLY" shall refer to documents that contain information or any other form of evidence or discovery that, if disclosed to any other party aside from the attorneys for the respective parties to this action (and other recipients listed in paragraph 3(b) below), would raise safety and security concerns that would put at risk the safety of inmates or Illinois Department of Corrections (IDOC) employees. A party may designate a document or information as "ATTORNEYS' EYES ONLY" if it reasonably believes that such treatment is warranted.

3. The categories of Confidential Material described above shall be disclosed or made available only to the following persons:

 (a) Documents marked "CONFIDENTIAL" may be disclosed only to: (1) counsel for the parties and employees of counsel who have responsibility for the action; (2) the Court and its personnel; and (3) consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action. Documents marked "CONFIDENTIAL" shall not be disclosed to the any other person,

including the Plaintiffs, at any time except by consent of the parties or upon order of the Court. The parties must attempt to file documents marked "CONFIDENTIAL" under seal by seeking leave of the Court. The parties must not make any document marked "CONFIDENTIAL" part of the public record unless ordered to do so by the Court.

(b) Documents marked "ATTORNEYS' EYES ONLY" may only be disclosed to: (1) counsel of record; (2) the Court and its personnel; and (3) experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action. Documents marked "ATTORNEYS' EYES ONLY" shall not be disclosed to the any other person, including the Plaintiffs, at any time except by consent of the parties or upon order of the Court. The parties must attempt to file documents marked "ATTORNEYS' EYES ONLY" under seal by seeking leave of the Court. The parties must not make any document marked "ATTORNEYS' EYES ONLY" part of the public record unless ordered to do so by the Court.

(c) "CONFIDENTIAL" medical and mental health records for a particular named Plaintiff or putative class member will not be disclosed to other named Plaintiffs or putative class members.[1]

4. The parties understand that designation by a party, including a third party, of a document as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order cannot be used as the sole basis for filing the document under seal in connection with a nondispositive, dispositive or trial-related motion. Only those documents and portions of a party's submission (including those portions of affidavits, exhibits and memorandum of law) which otherwise meet the requirements of protection from public filing (e.g. a statute, rule or regulation prohibits their

---

[1] It is the Court's intent that no medical/mental health records or documents reflecting transgender identity or status shall be disclosed or shown to any named Plaintiff or other inmate.

disclosure; they are protected under the attorney-client privilege or work product doctrine; or they meet the standards for protection articulated in Fed. R. Civ. P. Rule 26(c)(1)) shall be filed under seal. If the party submitting a document produced and designated as "Confidential" or "Attorneys' Eyes Only" by another party in support or opposition to a motion believes that any such document should not be filed under seal, then sufficiently in advance of the submission, the party shall request the party designating the document as "Confidential" to permit the document to be publically filed, and the designating party shall respond to the request within two business days of the request (a) by indicating whether the designating party agrees or objects to the public filing of the document, and (b) for any objection, by explaining why the document meets the requirements of protection from public filing. If the party designating the document as "Confidential" or "Attorneys' Eyes Only" objects to the public filing of any document, then the document shall be filed under seal, and at the same time as it is filed, the party filing the document under seal must notify in writing the party who designated the document as "Confidential" or "Attorneys' Eyes Only" and the Court hearing the motion for which the sealed document is being submitted of the dispute regarding the filing of the document under seal, and at the hearing these parties shall address with the Court whether the document should or should not remain sealed. The party asserting that the document should be filed under seal shall have the burden of proving that the document shall remain under seal.

5. Any party may request a change in the designation of any information designated "Confidential" or "Attorneys' Eyes Only." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" or "Attorneys' Eyes Only" in the

action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

6. Plaintiffs' counsel may not allow Plaintiffs to possess the Confidential Material or copies of the Confidential Material at any time.

7. Persons designated in paragraphs 3 shall not use, disclose, or disseminate any Confidential Material other than for purposes directly related to this litigation and shall not disclose or disseminate Confidential Material to any others, without prior written permission of the producing party or by order of the Court. Persons to whom Confidential Material is revealed shall be subject to the jurisdiction of the Court for purposes of enforcement or a violation of this Order. Such persons shall be subject to such relief as is deemed appropriate by the Court, including sanctions.

8. No person shall have access to any Confidential Material until he or she has read a copy of this Order and has indicated in writing that he or she has read a copy of this Order, agrees to be bound by it and to be thereby subject to the Court's jurisdiction. A copy of that agreement is attached hereto as Exhibit A. Copies of all such agreements shall be made available to the opposing party's counsel upon request.

9. In the event any Confidential Material is used in any proceeding herein prior to the trial of this matter, it shall not lose its Confidential status through such use and the parties shall take all steps reasonably required to protect such confidentiality.

10. All Confidential Material shall be kept safely and securely within full custody of counsel entitled to access said material pursuant to this Order. Additional copies of any Confidential Material may be prepared under supervision of counsel and shall be treated as

Confidential and maintained securely. Experts retained by and acting under the direction of counsel to the parties for purposes of this litigation may use all Confidential material for purposes of the preparation and trial of this matter without supervision of counsel, but such experts must agree to abide by this Protective Order, sign the agreement attached as Exhibit A hereto, maintain custody and control of all Confidential Material at all times, and return or destroy such Confidential Material at the request of counsel.

11. Maintenance of the Confidential status of any such Confidential Material shall be subject to further order of this Court and nothing herein shall preclude any party from applying to the Court for modification of this Order. The parties reserve the right to make application to the Court upon not less than five days' notice to seek permission to modify the provisions of this Order. Counsel shall first seek to resolve by agreement, and without involvement of the Court, any disputes regarding confidential designations.

12. After the termination of this litigation, including all appeals, all Confidential Material shall be returned to the producing party or destroyed.

IT IS SO ORDERED.

**DATED: October 18, 2018**

**DONALD G. WILKERSON**
**United States Magistrate Judge**

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, EBONY STAMPS, LYDIA HELENA VISION, SORA KUYKENDALL, and SASHA REED, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 18-cv-156-DRH-DGW |
| BRUCE RAUNER, JOHN BALDWIN, STEVE MEEKS, and MELVIN HINTON, | ) ) ) | |
| Defendants. | ) ) | |

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

    I hereby acknowledge that I have read and understand the Protective Order dated _____ governing the treatment of Confidential Material in the above-captioned matter. I further represent that I am among the parties contemplated by paragraph 3 of the Protective Order that is allowed to have access to the Confidential Material. As such, I agree to abide by all the rules and procedures set out in the Protective Order, and in doing so, I agree to be bound by the Court's jurisdiction in this matter, including the Court's jurisdiction over me to enforce the the terms of the Protective Order.

_____
Signature