UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, EBONY STAMPS, LYDIA HELÉNA VISION, SORA KUYKENDALL, and SASHA REED,<br><br>      Plaintiffs,<br><br>v.<br><br>BRUCE RAUNER, JOHN BALDWIN, STEVE MEEKS, and MELVIN HINTON,<br><br>      Defendants. | Civil No. 3:18-cv-00156-DRH-DGW |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT RAUNER'S MOTION TO STAY RESPONSES TO PLAINTIFFS' DISCOVERY REQUESTS

Defendant Rauner's Motion to Stay (Doc. 80) should be denied.  It is well-established that filing a motion to dismiss does not come with an automatic stay of discovery.  Yet Defendant Rauner did not seek such a stay until Plaintiffs made clear that they would move to compel Defendant Rauner to produce discovery—more than six months after Defendant Rauner filed his motion to dismiss.  Once Defendant Rauner finally did file a motion seeking a stay of discovery, that motion failed to demonstrate *any* reasons for a stay, let alone good cause.  The motion lacks any reference to legal authority and provides no reason whatsoever to justify imposing a stay.  Finally, for the reasons set out in Plaintiffs' Opposition to Defendant Rauner's Motion to Dismiss (Doc. 55), the motion to dismiss is also unsupported and unlikely to be granted.  Thus, in the likely event that Plaintiffs prevail on the merits, they should not be subject to unnecessary delay and be forced to restart the discovery process with Defendant Rauner.  The motion should be denied and Defendant Rauner should produce discovery expeditiously.

## **ARGUMENT**

It is well-established that "[g]enerally, the filing of motions to dismiss does not automatically stay discovery." *Beatty v. Accident Fund Gen. Ins. Co.*, No. 3:17-CV-1001-NJR-DGW, 2018 WL 806581, at *1 (S.D. Ill. Feb. 9, 2018) (citing *SK Hand Tool Corp. v. Dresser Industries, Inc.*, 852 F.2d 936, 945 (7th Cir. 1988); *Daniel J. Hartwig Associates, Inc. v. Kanner*, 913 F.2d 1213, 1223 (7th Cir. 1990)). And motions to stay discovery based on a pending motion to dismiss are "generally disfavored and will not be granted unless the party seeking a stay makes a strong showing why discovery should be denied." *Dickson v. Chicago Allied Warehouses, Inc.*, 90 C 6161, 1993 WL 362450, at *11 (N.D. Ill. Sept. 15, 1993).

Despite these well-established principles, Defendant Rauner did not file a motion to stay until more than *six months* after filing his motion to dismiss.[1] It was only after Plaintiffs learned that Defendant Rauner had unilaterally given himself a stay—simply refusing to respond to Plaintiffs' properly-issued discovery requests—and after Plaintiffs threatened to move to compel that Defendant Rauner bothered to file the motion to stay necessary to delay discovery. Defendant Rauner's discovery responses are non-compliant and Plaintiffs reserve all rights to seek appropriate relief. *See id.* ("Where, as here, a party does not even move for a stay, the pendency of a motion to dismiss is not a reason for noncompliance with discovery.").

Defendant Rauner's perfunctory motion for a stay does not even attempt to articulate a valid reason why the stay should be imposed. *See Beatty*, 2018 WL 806581, at *1 (outlining circumstances in which a stay might be warranted). Defendant Rauner's motion cites no legal authority or justification. Rather, the motion merely states that discovery should be stayed because

---

[1] On March 27, 2018, Defendant Rauner filed a motion to dismiss. (Doc. 41.) On October 11, 2018, over six months later, Defendant Rauner filed the motion to stay. (Doc. 80.)

of Defendant Rauner's pending motion to dismiss—which, under governing law, is insufficient. The motion should be denied on this ground alone. *See id.* at *2 (denying motion to stay where Defendants did not articulate a valid reason for their request); *Hassebrock v. Bernhoft*, No. 3:10-cv-679-WDS-DGW, 2013 WL 5268969, at *3 (S.D. Ill. Sept. 17, 2013) (same); *Fields v. Alcon Labs., Inc.*, No. 3:13-cv-197-DRH-DGW, 2013 WL 12173239, at *1 (S.D. Ill. June 24, 2013) (same).

In addition, for the reasons stated in Plaintiffs' Opposition to Defendant Rauner's Motion to Dismiss, Plaintiffs strongly believe they will prevail on the merits and their case will proceed against Defendant Rauner. (Doc. 55.) At the pleading stage, and for purposes of surviving Defendant Rauner's motion to dismiss, Plaintiffs have adequately provided the basis for why Governor Rauner is a proper defendant. (*See id.*) Courts generally "do not stay discovery when they determine that a stay is unlikely to significantly expedite litigation and, instead, may actually slow it down." *O'Conner v. Eden Mgmt. LLC*, No. 13 C 7391, 2014 U.S. Dist. LEXIS 156141, at *5 (N.D. Ill. Nov. 4, 2014). Defendant Rauner's failure to promptly file a motion to stay discovery has already caused delay. A stay of discovery will not expedite this litigation but further delay it, because Plaintiffs will have to restart discovery with Defendant Rauner once the motion to dismiss is denied. Because the motion to stay will thus delay rather than streamline discovery, Defendant Rauner's motion should be denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant Governor Rauner's Motion to Stay Responses to Plaintiffs' Discovery Requests.

Dated:  October 25, 2018          Respectfully submitted,

By: /s/ *Scott Lerner*
John A. Knight
Ghirlandi Guidetti
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 North Michigan Avenue, Suite 600
Chicago, Illinois 60601
Telephone: (312) 201-9740
Facsimile: (312) 201-9760
*jknight@ACLU-il.org*
*gguidetti@ACLU-il.org*

Catherine L. Fitzpatrick
Jordan M. Heinz
Erica B. Zolner
Megan M. New
Scott Lerner
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
*catherine.fitzpatrick@kirkland.com*
*jordan.heinz@kirkland.com*
*erica.zolner@kirkland.com*
*megan.new@kirkland.com*
*scott.lerner@kirkland.com*

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on October 25, 2018, I electronically filed the foregoing document and any attachments with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

/s/ *Scott Lerner*