IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANIAH MONROE, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:18-cv-156-DRH-DGW |
| ) | |
| BRUCE RAUNER, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss for Failure to State a Claim filed by Defendant Bruce Rauner on March 27, 2018 (Doc. 41). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **GRANTED**, that the related motion to stay discovery (Doc. 80) be **DENIED AS MOOT** and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiffs are transgender inmates currently incarcerated in the Illinois Department of Corrections (IDOC) who have brought suit on behalf of themselves and a class of inmates seeking evaluation and treatment for gender dysphoria. Defendants are all high ranking officials[1] and are being sued in their official capacities. Plaintiffs claim that Defendants employ policies and

---

[1] Plaintiff is suing Illinois' Governor Bruce Rauner, Director of the IDOC John R. Baldwin, IDOC Chief of Health Services Dr. Steve Meeks, and IDOC Mental Health Supervisor Dr. Melvin Hinton.

practices and make recommendations that deny Plaintiffs appropriate medical/mental healthcare, that delays treatment and evaluation, that provides inadequate hormone therapies, and that prevents adequate social transitioning. Plaintiffs seek to pursue their Eighth Amendment claim as a class action and seek only declaratory and injunctive relief.

Defendant Rauner seeks dismissal of the claim against him because he argues he is not the person who would carry out any injunctive relief (Doc. 41). Plaintiff opposes the motion, arguing that he is the very person who can provide the full relief they seek (Doc. 55).

## CONCLUSIONS OF LAW

On a defendant's motion to dismiss, all facts in the complaint are accepted as true. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim and the grounds upon which it rests and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). Conclusory statements or the mere recitation of the elements of the cause of action are insufficient. *Id.* The pleading must contain factual allegations that "raise the right to relief above the speculative level." *Id.* at 555. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court emphasized two underlying principles in *Twombly*: first, that legal conclusions stated in a complaint are not entitled to the assumption of truth reserved to factual allegations, and second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, a complaint must include sufficient factual allegations to "state a

claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Factual plausibility exists when a plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The plausibility standard requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with" a defendant's liability "stop short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 544 U.S. at 557).

In order to seek injunctive relief on a claim that a policy/practice/custom led to a constitutional violation, Plaintiffs are required to name the proper party in their official capacity. Such an official capacity suit is against the office of the person and not the person himself. Thus, no personal involvement is required for Defendants to be subject to the equitable jurisdiction of this Court (for prospective injunctive relief). *See Ex Parte Young*, 209 U.S. 123, 157 (1908); *Ogden v. United States*, 758 F.2d 1168, 1177 (7th Cir. 1985). A proper party for injunctive relief is the person who "would be responsible for ensuring that any injunctive relief is carried out." *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The Complaint alleges that Governor Rauner is "responsible for ensuring the provision of constitutionally adequate medical care for all prisoners in the custody of the IDOC, including those who have requested evaluation or treatment for gender dysphoria" (Doc. 1, p. 12). It goes on to discuss IDOC policies, through in part the Gender Identity Disorder ("GID") Committee, that fail to provide such care. Plaintiffs then allege that all Defendants, through their policies and procedures, violate their Eighth Amendment rights. While, Federal Rule of Civil Procedure 8 requires only notice pleading, Plaintiff's allegations against the Governor's office are not robust or detailed enough to push them over the line from possibility to plausibility.

Defendant's brief argument is that the Governor is "not [ ] involved in carrying out any prospective injunctive relief" and that the only proper parties are those employed by the IDOC. To support this proposition, Defendant cites to *Randle v. Butler*, 2017 WL 1035752 (S.D. Ill. 2017). In that case, the Plaintiff sued the Governor for turning a blind eye to unconstitutional conditions of confinement and the lack of medical care. He was dismissed, however, because the allegations failed to set forth personal involvement in housing decisions or medical care and because the Governor "would have no involvement in carrying out any injunctive relief that is ultimately ordered." *Id*. at * 7. Defendant also cites to *Hearne v. Board of Educ. Of City of Chicago*, 185 F.3d 770 (7th Cir. 1999), where the Seventh Circuit approved the dismissal of the Governor because "the plaintiffs have not and could not ask anything of the governor that could conceivably help their cause." *Id*. 777. In this matter, Plaintiffs allege similar broad claims against the Governor. Plaintiffs allege systemic problems with delivery of care to transgender inmates but do not tie such relief to the Governor's office. Plaintiffs' more robust brief attempts to demonstrate that the Governor has authority over the IDOC through his ability to appoint the Director of the IDOC and his ability to make policy determinations. *See* Ill. Const. art. V, § 9 (*See generally*, Plaintiffs' brief at p.p. 6-8). However, the person with authority to effect change already has been named in this suit, namely the Director of the IDOC. As such, the Complaint fails to set forth what the Governor could conceivably do to remedy the alleged constitutional violations above and beyond the other named parties. His inclusion in this lawsuit appears superfluous.

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion to Dismiss for Failure to State a Claim filed by Defendant Bruce Rauner on March 27, 2018 (Doc. 41) be **GRANTED**,

that the Governor be **DISMISSED WITH PREJUDICE**, that the related Motion to Stay Discovery (Doc. 80) be **DENIED AS MOOT**, and that the Court adopt the foregoing findings of fact and conclusions of law.

### NOTICE REGARDING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), any party may serve and file written **OBJECTIONS** to this Report and Recommendation/Proposed Findings of Fact and Conclusions of Law within fourteen (14) days after service. Failure to file such **OBJECTIONS** shall result in a waiver of the right to appeal all issues, both factual and legal, which are addressed in the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law. *Video Views, Inc. v. Studio 21, Ltd. and Joseph Sclafani,* 797 F.2d 538 (7th Cir. 1986).

**You are not to file an appeal as to the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law**. An appeal is inappropriate until after the District Judge issues an Order either affirming or reversing the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law of the U.S. Magistrate Judge.

**DATED: November 9, 2018**

*[signature: Donald Wilkerson]*

**DONALD G. WILKERSON**
**United States Magistrate Judge**