IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JANIAH MONROE, MARILYN MELENDEZ
EBONY STAMPS, LYDIA HELENA VISION,
SORA KUYKENDALL, and SASHA REED,

Plaintiffs,

v.                                                                No. 18-0156-DRH

BRUCE RAUNER, JOHN BALDWIN,
STEVE MEEKS, and MELVIN HINTON,

Defendants.

## AMENDED MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction and Background

Pending before the Court is a November 9, 2018 Report and Recommendation ("the Report") recommending that the Court grant defendant Bruce Rauner's motion to dismiss and deny as moot a motion to stay discovery (Doc. 91). Specifically, the Report recommends that the Court grant the motion to dismiss, that Governor Rauner be dismissed with prejudice and the motion to stay discovery be denied as moot. On November 20, 2018, plaintiffs filed objections to the Report (Doc. 95). Based on the following, the Court rules as follows.

On January 31, 2018, Janiah Monroe, Marilyn Melndez, Ebony Stamps, Lydia Helena Vision, Sora Kuykendall, and Sasha Reed filed suit against Bruce Rauner, John Baldwin, Steve Meeks and Melvin Hinton (Doc. 1). Ruaner is the

current governor of Illinois, Meeks is the medical director for the Illinois Department of Corrections ("IDOC"), Hinton is the Chief of Mental Health Services for IDOC and Baldwin is the Acting Director of the IDOC. Plaintiffs are prisoners in the custody of the IDOC. Represented by counsel, they bring this civil rights action pursuant to 42 U.S.C. § 1983, on behalf of themselves and other similarly situated inmates. Plaintiffs are currently in various institutions both within and outside the Southern District of Illinois; those located in this District are Kuykendall (Menard Correctional Center), and Reed (Lawrence Correctional Center). Plaintiffs identify themselves as transgender women, and have sought evaluation and/or treatment for gender dysphoria during their IDOC custody. They allege that the IDOC has denied and/or delayed evaluation and medically necessary treatment and accommodations for their gender dysphoria, causing them to suffer physical and psychological distress, including self-harm and suicide attempts. They contend that incarceration under these conditions violates their Eighth Amendment rights. They seek class action certification, and declaratory and injunctive relief. On February 1, 2018, the undersigned conducted its review of the complaint under 28 U.S.C. § 1915A and referred the matter to Magistrate Judge Donald G. Wilkerson (Doc. 4).

Thereafter on March 27, 2018, defendant Bruce Rauner filed a motion to dismiss (Doc. 41). In the motion, Rauner argues that he should be dismissed from this case as he is not the proper party for carrying out any of plaintiffs' requested

injunctive relief (Doc. 41). Raunder maintains that the proper defendants are the named IDOC officials who would have the responsibility for complying with any injunction that the Court may enter in this case. Plaintiffs filed an opposition to the motion countering that Governor Rauner is a proper defendant because he has the constitutional authority as the executive of the State of Illinois and plaintiffs allege that he bears responsibility for ensuring the provision of constitutionally adequate medical care for IDOC prisons (Doc. 55). On November 9, 2018, Magistrate Judge Wilkerson issued the Report finding:

> However, the person with authority to effect change already has been named in this suit, namely the Director of the IDOC. As such, the Complaint fails to set forth what the Governor could conceivably do to remedy the alleged constitutional violations above and beyond the other named parties. His inclusion in the lawsuit appears superfluous.

(Doc. 91, p. 4).

## **Legal Standards**

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to

which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id*. In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id*. Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) ); *see also Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court assumes all factual allegations in the complaint to be true, viewing all facts—as well as any inferences reasonably drawn therefrom—in the light most favorable to the plaintiff. *Bell Atlantic Corp.,* 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ); *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). A well-pleaded complaint may

proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.* at 555. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* (citations omitted). The Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

To assess whether a complaint states a plausible claim of relief, the Supreme Court articulated a two-pronged approach in which a court (1) first identifies the well-pleaded factual allegations by discarding the pleadings that are "no more than conclusions" and (2) then determines whether the remaining well-pleaded factual allegations "plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. A plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. *Independent Trust Corp. v. Stewart Info. Serv. Corp.*, 665

F.3d 930, 935 (7th Cir. 2012). However, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) (citations omitted) ("A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court.").

## Analysis

Here, plaintiffs object to the Report's recommendation that the motion to dismiss be granted and to the extent that it is granted that dismissal should be without prejudice; object to the Report's finding of fact that characterizes plaintiffs' opposition as "Plaintiff opposes the motion, arguing that he is the very person who can provide the full relief they seek" and object to the Report's conclusion of law that "Plaintiff[s]' allegations against the Governor are not robust or detailed enough to push them over the line from possibility to plausibility," and that "Plaintiffs allege systemic problems with delivery of care to transgender inmates but do not tie such relief to the Governor's office," and that "the Complaint fails to set forth what the Governor could conceivably do to remedy the alleged constitutional violations above and beyond the other named parties," such that "[h]is inclusion in this lawsuit appears superfluous." In addition, plaintiffs reiterate their prior arguments countering the motion to dismiss. The Court rejects plaintiffs' objections and arguments.

The Eighth Amendment "imposes a duty on government officials to provide medical care to prisoners." *Townsend v. Cooper*, 759 F.3d 678, 689 (7th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Estelle*, 429 U.S. at 104). To state a claim, a prisoner must demonstrate that his medical condition is sufficiently serious (*i.e.*, the objective standard). *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1970)). He also must demonstrate that each defendant responded to his serious medical need with deliberate indifference (*i.e.*, the subjective standard). *Id.*

A medical condition is considered objectively serious if it has been diagnosed by a physician as requiring treatment or would be obvious to a layperson. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citing *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009)). The allegations must also suggest that each defendant responded to plaintiffs' serious medical needs with deliberate indifference. A prison official acts with deliberate indifference when he "know[s] of and disregard[s] an excessive risk to inmate health." *Greeno*, 411 F.3d at 653.

In order to seek injunctive relief on a claim that a policy/practice/custom led to a constitutional violation, plaintiffs are required to name the proper party in their official capacity. Thus, no personal involvement is required to be subjected to the equitable jurisdiction of the Court (for prospective injunctive relief). *See Ex*

*Parte Young*, 209 U.S. 123, 157 (1908); *Ogden v. United States*, 758 F.2d 1168, 1177 (7th Cir. 1985). A proper party for injunctive relief is the person who "would be responsible for ensuring that any injunctive relief is carried out." *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

As to the specific allegations against Rauner, plaintiffs' compliant contains the following:

> 46. Defendant Bruce Rauner is the Governor of the State of Illinois. He is sued in his official capacity. The Governor is the Chief Executive Office of the State of Illinois. He is responsible for ensuring the provision of constitutionally adequate medical care for all prisoners in the custody of IDOC, including those who have requested evaluation or treatment for gender dysphoria. In all his actions described in this Complaint, Defendant Governor Rauner is acting under color of state law and in the course of his employment.

(Doc. 1, p. 12, ¶ 46).

There are no allegations suggesting that Governor Rauner personally participated in any decision to deny plaintiffs medical care or, for that matter, implemented any policy or custom, or practice that resulted in a constitutional deprivation. Plaintiffs offer nothing more than conclusory allegations that Ruaner has been aware and are aware of all the deprivations complained of and have condoned or been deliberately indifferent to such conduct. (See Doc. 1, ¶ 121). Such allegations do not satisfy the *Twombly* standard. *Aschcroft v. Iqbal*, 556 U.S. at 680 (citing *Twombly v. Bell Atlantic Corp.*, 550 U.S. 544 (2007)(courts are not required to assume that conclusory allegations are true, even early in

litigation)). Plaintiffs offer no other allegations suggesting that Rauner was on notice that a particular policy, custom, or widespread practice resulted in plaintiffs' denial of care or that Rauner exhibited deliberate indifference toward them. Further, the Court finds that the complaint does not establish that Rauner would have any involvement in carrying out any injunctive relief that is ultimately ordered. *See Gonzalez*, 663 F.3d at 315. Put simply, plaintiffs have not "nudged [their] claims…across the line from conceivable to plausible." *Id.* at 680. Thus, the Court grants the motion to dismiss.

## Conclusion

Accordingly, the Court **ADOPTS** the Report (Doc. 91), **GRANTS** defendant Rauner's motion to dismiss (Doc. 41), and **DENIES as moot** the motion to stay discovery (Doc. 80). The Court **DISMISSES with prejud**ice defendant Bruce Rauner. The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same at the end of the case.

**IT IS SO ORDERED.**

Judge Herndon
2018.11.30
16:03:27 -06'00'

United States District Judge