UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELÉNA VISION, SORA KUYKENDALL, and SASHA REED,<br><br>  Plaintiffs,<br><br>v.<br><br>JOHN BALDWIN, STEVE MEEKS, and MELVIN HINTON,<br><br>  Defendants. | Civil No. 3:18-cv-00156-NJR-MAB |

**PLAINTIFFS' MOTION FOR TO LEAVE TO FILE DOCUMENTS UNDER SEAL**

Pursuant to the Stipulated Protective Order (Dkt. 88), Rules 5.2 and 26 of the Federal Rules of Civil Procedure, and the Local Rules of the Court, Plaintiffs respectfully request that Exhibits 1–3 in support of Plaintiffs' Motion for Class Certification and Exhibits 11–15 in support of Plaintiffs' Motion for a Preliminary Injunction be filed under seal.

Good cause exists for filing the Exhibits under seal, as the documents contain personal and sensitive medical information regarding Plaintiffs and the putative class members. The Court previously acknowledged the privacy interests at issue in this case, noting that the Protective Order entered "applies to Confidential Materials, including (1) Illinois Department of Corrections ('IDOC') documents identifying transgender nonparty inmates; (2) IDOC documents regarding nonparty inmates who have requested treatment for gender dysphoria, produced to Plaintiffs' counsel of record by IDOC in discovery, (3) Master Files for the named Plaintiffs and any transgender nonparty inmate, and (4) medical records for the named Plaintiffs and any transgender nonparty inmate." Dkt. No. 88 ¶ 1. The Court stated that "'CONFIDENTIAL'" medical and

mental health records for a particular named Plaintiff or putative class member will not be disclosed to other named Plaintiffs or putative class members," emphasizing that "[i]t is the Court's intent that no medical/mental health records or documents reflecting transgender identity or status shall be disclosed …" *Id.* ¶ 3(c) & n.1.

Exhibits 1–3 in support of Plaintiffs' Motion for Class Certification list the names and other personal identifying information of Plaintiffs and Plaintiff Class members and include sensitive information about their transgender status and medical history. Similarly, Exhibits 11–15 in support of Plaintiffs' Motion for a Preliminary Injunction identify include information about Plaintiffs' transgender status, and contain confidential and sensitive personal medical information.[1]

A number of courts have found that transgender plaintiffs may proceed anonymously because of the social stigma associated with non-conforming gender identities. *See Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992); *Doe v. Rostker*, 89 F.R.D. 158, 161 (N.D. Cal. 1981). In addition, the confidential medical information contained in these documents is the type of sensitive, non-public information courts regularly allow to be filed under seal. *See, e.g., United States v. Tucker*, No. 06-CV-622-JPG, 2008 WL 907432, at *2 (S.D. Ill. Apr. 2, 2008) (ordering sealing of patient medical records); *Prall v. Bocchini*, No. CV 10-1228(JBS), 2013 WL 12333833, at *1 (D.N.J. Mar. 28, 2013) ("There is no question that medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy

---

[1] Defendants marked Exhibits 1-3 in support of Plaintiffs' Motion for Class Certification and Exhibits 11–12 in support of Plaintiffs' Motion for a Preliminary Injunction CONFIDENTIAL pursuant to the parties' Stipulated Protective Order. Pursuant to the Stipulated Protective Order, the parties may not make any CONFIDENTIAL document part of the public record unless ordered to do so by this Court. Dkt. 88 ¶ 3(a). The other documents that are the subject of this motion similarly contain sensitive medical information. *See id.* ¶ 2(a) (deeming "information about individuals that is private, related to medical care, or otherwise sensitive in nature, including but not limited to medical records, personal identifying information, and records indicating or suggesting the transgender identity of non-party inmates" CONFIDENTIAL and non-public).

protection. Thus, where the party complies with [the applicable local] requirements for placing documents under seal, the Court has sealed a party's medical records.") (citation omitted).

**WHEREFORE,** Plaintiffs respectfully request that the Court grant leave for Plaintiffs to file Exhibits 1–3 in support of Plaintiffs' Motion for Class Certification and Exhibits 11–15 in support of Plaintiffs' Motion for a Preliminary Injunction under seal.

Dated: May 2, 2019

Respectfully submitted,

By: /s/ *Jordan M. Heinz*
John A. Knight
Ghirlandi Guidetti
Carolyn M. Wald
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 North Michigan Avenue, Suite 600
Chicago, IL 60601
Telephone:  (312) 201-9740
Facsimile:  (312) 201-9760
*jknight@ACLU-il.org*
*gguidetti@ACLU-il.org*
*cwald@aclu-il.org*

Catherine L. Fitzpatrick
Jordan M. Heinz
Erica B. Zolner
Megan M. New
Scott Lerner
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
*catherine.fitzpatrick@kirkland.com*
*jordan.heinz@kirkland.com*
*erica.zolner@kirkland.com*
*megan.new@kirkland.com*
*scott.lerner@kirkland.com*

Thomas E. Kennedy III
Sarah Jane Hunt
KENNEDY HUNT P.C.
906 Olive Street, Ste. 200
Saint Louis, MO 63101
Telephone: (314) 872-9041
*tkennedy@KennedyHuntLaw.com*
*sarahjane@KennedyHuntLaw.com*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I certify that on May 2, 2019, I electronically filed the foregoing document and any attachments with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

                                                 /s/ *Jordan M. Heinz*
                                                 Jordan M. Heinz