# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| JANIAH MONROE, | ) | |
| MARILYN MELENDEZ, | ) | |
| EBONY STAMPS, | ) | |
| LYDIA HELENA VISION, | ) | |
| SORA KUYKENDALL, and | ) | |
| SASHA REED, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 18-CV-156-NJR-MAB |
| | ) | |
| JOHN BALDWIN, STEVE MEEKS, and | ) | |
| MELVIN HINTON, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Janiah Monroe, Marilyn Melendez, Ebony Stamps, Lydia Helena Vision, Sora Kuykendall, and Sasha Reed are inmates of the Illinois Department of Corrections ("IDOC") (Doc. 1). They bring this putative class action against John Baldwin, Steve Meeks, and Melvin Hinton for inadequate medical treatment of gender dysphoria, in violation of the Eighth Amendment (*Id.*). Plaintiffs filed a Motion for Preliminary Injunction (Doc. 123) and a Motion to Certify Class (Doc. 124), and move the Court to permit them to file certain exhibits to those motions under seal. For the following reasons, the Motion to Seal (Doc. 125) is granted in part and denied in part.

### DISCUSSION

"The general rule is that the record of a judicial proceeding is public." *Jessup v.*

*Luther*, 277 F.3d 926, 927 (7th Cir. 2002). "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). Thus, there is a presumption that documents should be open to public view. *E.G., Nixon v. Warner Comm., Inc.*, 435 U.S. 598, 597 (1978). But this presumption can be rebutted if the party moving to conceal documents demonstrates the existence of "compelling reasons of personal privacy." *Goesel v. Boley Intern. (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013).

Here, Plaintiffs seek leave to file Exhibits 1-3 of the class certification motion ("Exhibits 1-3") and Exhibits 11-15 of the preliminary injunction motion ("Exhibits 11-15") under seal. Exhibits 1-3 are lists of all transgender inmates in IDOC in May, June, and July 2018. The lists include the inmates' names, IDOC numbers, dates of birth, races, confirmation statuses, the facilities where they were incarcerated, their housing assignments, whether they were in restrictive housing, whether they were receiving hormones and, if so, the date on which hormone therapy began. The bulk of this information personally identifies parties and non-parties, pertains to individuals' medical histories, and/or is not central to Plaintiffs' claims. *See Gordon v. Countryside Nursing and Rehabilitation Center, LLC*, No. 11 C 2433, 2012 WL 2905607, at *2 (N.D. Ill. July 16, 2012) (medical information raises significant privacy concerns, especially when it pertains to non-parties); *Goesel*, 738 F.3d at 832 ("[T]he presumption of public access applies only to the materials that formed the basis of the parties' dispute and the district court's resolution"). Because the public has no real interest in the sensitive information

contained in these documents, and the documents raise compelling privacy concerns, the Motion to Seal is granted as to Exhibits 1-3.

Exhibits 11-15 contain reports from the IDOC Gender Identification Placement Committee and include medical summaries related to Plaintiffs Monroe, Kuykendall, Reed, and Melendez. Although the documents contain personal information, Plaintiffs already divulged virtually all of the sensitive details from the exhibits when they filed the Complaint. For example, the Complaint states that Monroe was diagnosed with gender dysphoria, attempted self-castration and suicide, and is undergoing hormone treatment (Doc. 1, pp. 4-5); that Kuykendall attempted self-castration by tying her genitals with a string (*Id.* at pp. 10-11); that Reed has untreated gender dysphoria and has tried to harm herself (*Id.* at pp. 11-12); and that Melendez suffers from depression and anxiety, and is not receiving adequate medical care for her gender dysphoria (*Id.* at pp. 5-6). The Motion to Seal does not specify the remaining information in Exhibits 11-15 that should be sealed, and Plaintiffs' broad assertions of privacy are insufficient to justify concealment. *Baxter Intern., Inc. v. Abbott Laboratories*, 297 F.3d 544, 548 (7th Cir. 2002).

When a plaintiff initiates litigation, she "must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property." *Union Oil Co. of Calif. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). Because Plaintiffs have not demonstrated good cause for contravening these principles, the Motion to Seal is denied as to Exhibits 11-15.

CONCLUSION

In sum, the Motion to Seal (Doc. 125) is **GRANTED in part** and **DENIED in part**.

The motion is **GRANTED** as to Exhibits 1-3 of the Motion to Certify Class. The motion is

**DENIED** as to Exhibits 11-15 of the Motion for Preliminary Injunction. The Clerk of Court

is **DIRECTED** to replace Exhibits 11-15 to the Motion for Preliminary Injunction

(Doc. 123) with those filed under seal at Doc. 126 (omitting the first page of each sealed

exhibit). The exhibits to the Motion to Certify Class (Doc. 124) shall remain sealed at

Doc. 127).

**IT IS SO ORDERED.**

**DATED:  June 7, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**