IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANIAH MONROE,<br>MARILYN MELENDEZ,<br>LYDIA HELÉNA VISION,<br>SORA KUYKENDALL, and<br>SASHA REED,<br><br>    Plaintiffs,<br><br>v.<br><br>STEVE MEEKS,<br>MELVIN HINTON, and<br>ROB JEFFREYS,<br><br>    Defendants. | Case No. 18-cv-00156-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On February 11, 2020, Plaintiffs filed a response to Defendants' report on compliance with the Court's preliminary injunction order. (Doc. 207). Plaintiffs argue that Defendants have not taken meaningful steps to comply with the order and the proposed steps offered by Defendants are insufficient and vague. (*Id.* at p. 2). They also ask the Court to order the parties to meet and confer on a list of potential experts, pursuant to Federal Rule of Evidence 706, to oversee the changes being implemented and to ensure that transgender prisoners are receiving adequate care for their gender dysphoria. (*Id.* at p. 14). The Court ordered Defendants to file a reply, specifically directing them to address Plaintiffs' request for a court-appointed medical expert to oversee the implementation of the preliminary injunction. (Doc. 209).

After reviewing Defendants' report on compliance (Doc. 202) and the reply brief (Doc. 210), the Court finds that Defendants are taking steps to comply with certain aspects

of the Court's Order.[1] Specifically, Defendants are making satisfactory progress toward developing various policies and procedures regarding medical care provided to transgender inmates and have contracted with a consultant, Dr. Anderson, who is on the WPATH Board of Directors. (Doc. 210, pp. 5, 7). They also have advised the Court on the training provided to correctional staff on transgender issues, which has been developed with the input from Howard Brown Health Center and Planned Parenthood and been reviewed and approved by Dr. Anderson. (*Id.* at p. 5). As the Court previously acknowledged, "these changes will take time," and the purpose of the injunction was to require Defendants to provide assurances that progress is underway, which they have. (Doc. 186, p. 38.).

The Court is not entirely convinced, however, that Defendants are complying with the directive to "cease the policy and practice of allowing the Transgender Committee to make the medical decisions regarding gender dysphoria." (Doc. 212, p. 1). Defendants' report states that the Transgender Care Review Committee ("TCRC") is still being consulted regarding "placement, security, and gender-related accommodation issues[,]" (Doc. 202, p. 2), and their reply states that "the responsibility of decisions regarding gender-affirming surgery *are being* modified and the responsibility will stand with the IDOC Medical Department, not IDOC Mental Health." (Doc. 210, p. 4) (emphasis added). The Court recognizes that decisions of medical treatment within a prison environment may have medical as well as security components (Doc. 210, p. 2), and the "need for deference to experienced and expert prison administrators faced with the difficult and dangerous task of housing large numbers of convicted criminals." *Brown v. Plata*, 563 U.S.

---

[1] The Court's preliminary injunction order was issued on December 19, 2019 (Docs. 186, 187). Thereafter, on March 4, 2020, the Court amended the preliminary injunction order. (*See* Docs. 211, 212).

493, 511 (2011). And thus the Court finds that the consultation with TCRC for gender-related accommodation issues does not violate the order at this time. Nevertheless, the Court emphasizes that Defendants were ordered to *immediately cease* the practice of allowing the TCRC to make medical decisions and recommendations regarding gender dysphoria, and this includes decisions regarding gender-affirming surgery and medically necessary social transition.

Despite having some reservations about Defendants' compliance with the above directive, the Court finds that the appointment of an expert is not warranted at this time. Federal Rule of Evidence 706(a) gives the Court discretion to appoint a neutral expert to assist the Court in evaluating complex information. *See Ledford v. Sullivan,* 105 F.3d 354, 357 (7th Cir. 1997) (whether to appoint such an expert is a discretionary decision); *DeJesus v. Godinez*, 720 F. App'x 766, 772 (7th Cir. 2017) (purpose of such an appointment is to aid the Court in evaluating complex matters); *Elcock v. Davidson,* 561 F. App'x 519, 524 (7th Cir.) (a court may appoint an expert "if scientific or specialized knowledge will help the court to understand the evidence or decide a disputed fact."). After evaluating the evidence presented during the two day preliminary injunction hearing, including testimony from expert witnesses, the Court determined that Plaintiffs demonstrated a likelihood of success on the merits regarding IDOC's failure to provide constitutionally adequate treatment and awarded the preliminary injunction. (Doc. 186). Thus, at this stage, appointing a neutral expert would not add to "the understanding of the case" or "help sort through conflicting evidence[.]" *Turner v. Cox,* 569 F. App'x 436, 468 (7th Cir. 2014). Furthermore, as previously discussed, the Court finds that Defendants have properly reported to the Court actions taken to implement the directives in the Order.

For these reasons, the Court denies Plaintiffs' request to order the parties to meet and confer on an acceptable list of experts to oversee compliance. To the extent the parties have further issues regarding compliance with the preliminary injunction order, a proper motion should be filed, and the issue will be referred to a magistrate judge for further determination under 28 U.S.C. § 636. *See* FED. R. CIV. P. 53(a)(1) advisory committee's note to 2003 ("There is no apparent reason to appoint a magistrate judge to perform as master duties that could be performed in the role of magistrate judge.").

This order does not prohibit the parties from seeking a special master under Federal Rule of Civil Procedure 53 in the future or as a part of settlement negotiations.

**IT IS SO ORDERED.**

**DATED:** March 20, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**