IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELÉNA VISION, SORA KUYKENDALL, and SASHA REED, <br><br> Plaintiffs, <br><br> v. <br><br> ROB JEFFREYS, STEVE MEEKS, and MELVIN HINTON, <br><br> Defendants. | Civil No. 3:18-cv-00156-NJR |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY RESPONSES**

Exceptional circumstances compel Plaintiffs to file this reply. Defendants' Response to Plaintiffs' Motion to Compel misstates both the governing law and the current state of their discovery responses. Contrary to Defendants' assertion that "documents at issue have been addressed," substantial issues remain outstanding. Dkt. No. 223, Resp. at 11. Defendants have not yet completed their supplementary ESI production, which they claim includes documents responsive to Plaintiffs' Second Set of RFPs No. 1 and Third Set of RFPs No. 8. Nor have they made out a *prima facie* case for the deliberative process privilege, which Defendants assert protects documents responsive to Plaintiffs' Second Set of RFPs No. 2 and Third Set of RFPs Nos. 1 and 2.

Plaintiffs' counsel has attempted to move forward expeditiously with discovery in this case, because Defendants' transgender health care policies and practices continue to inflict serious risks of imminent harm on Plaintiffs. But counsel has done so with one hand tied behind

1

their back. It is now time for the Court to compel Defendants to produce these documents to ensure Plaintiffs are no longer prejudiced and the case proceeds in earnest.

## I. DEFENDANTS' EXCUSES DO NOT JUSTIFY THEIR DISCOVERY VIOLATIONS

Plaintiffs are still waiting on Defendants' supplemental ESI production. It is now **well past** the document discovery deadline of July 6. Nonetheless, Defendants attempt to defend this and other delays in the first eight pages of their brief, where they make several claims about the burdens imposed on them by the discovery process. All three miss the mark.

*First*, Defendants argue that producing documents, responding to interrogatories, and defending depositions—steps that all parties must take in the normal course of litigation—warrants their complete disregard of the agreed-upon deadline for document discovery and their obligations under the Federal Rules. *See* Resp. at 1–2. But Defendants should not be rewarded for avoiding a default judgment.

*Second*, Defendants claim that Plaintiffs overstate the urgency of production, because the depositions taken to date, as well as those forthcoming, are "mostly irrelevant." Resp. at 2–3. Not so. The initial five depositions taken in June—which Plaintiffs took without the benefit of relevant documents in order to keep the case moving forward—revealed that Defendants are in direct violation of the Preliminary Injunction and not adhering to the terms of their own Compliance Reports.

For example, Dr. Melvin Hinton, a named Defendant, testified that Defendants continue to allow the unqualified, non-physician Committee members to make medical decisions and recommendations regarding gender dysphoria. *See* Ex. A, 6/25/2020 Hinton Dep. Tr. at 55:17–56:1, 62:9–14, 70:6–71:2, 84:12–17, 134:21–135:1; Dkt. No. 212, Am. Prelim. Inj. at 1, ¶ 1; Dkt. No. 215, Compliance Report Order at 3. Additionally, Mr. Ryan Nottingham testified that IDOC

currently operates under the *exact same* policy for cross-gender searches as it did prior to the Preliminary Injunction. *See* Ex. B, 6/30/2020 Nottingham Dep. Tr. at 178:22–179:6, 187:4–20; Dkt. No. 212, Am. Prelim. Inj. at 2, ¶ 3; Dkt. No. 202, Compliance Report at 11. Far from irrelevant, this deposition testimony is clear evidence of IDOC's complete disregard of its obligations under the Eighth Amendment as established by the Court's Preliminary Injunction Order.

***Third,*** Defendants argue that COVID-19 excuses all delinquencies and violations. Resp. at 2–3, 7. They argue that, because some IDOC and legal staff have been working from home, they are "stretched thin," and, thus, can't be held responsible for their untimely and insufficient productions. *Id.* at 7. Defendants further explain that "[w]hen the concerns related to the pandemic have passed, the Department will proceed with its efforts to address the needs of transgender inmates." *Id.* at 2.

Despite Defendants' best efforts, they cannot wish away this case. COVID-19 does not excuse them from their requirements under the discovery rules, nor, for that matter, the Eighth Amendment. Plaintiffs continue to face an imminent threat of harm from IDOC's policies, and one life-threatening crisis does not trump another. Plaintiffs' counsel—all of whom are also dealing with the unique challenges of working from home during a pandemic—cannot meaningfully litigate this case to protect the rights of Plaintiffs without proper document discovery.

## II. THE DELIBERATIVE PROCESS PRIVILEGE DOES NOT APPLY

Defendants argue that the deliberative process privilege protects them from responding to three of Plaintiffs' requests for production. *See* Resp. at Ex. 1, ¶ 2; *id.* at Ex. 2, ¶¶ 1, 2. As mentioned in Plaintiffs' motion, Defendants waited until the eve of the document production deadline to raise this objection, and only did so after Plaintiffs insisted on a meet and confer

3

regarding Defendants' discovery responses. Motion at 8–9. Accordingly, Defendants have waived this objection. Indeed, they do not argue otherwise in their Response.

Even so, Defendants' claim of privilege fails because they have not made a *prima facie* showing that the privilege applies. Defendants claim they are not subject to the three requirements for a *prima facie* case included in *Holmes v. Hernandez*, 221 F. Supp. 3d 1011, 1016 (N.D. Ill. 2016), because the case "was extrapolated from a Supreme Court case addressing a military secrets privilege." Resp. at 9 (citing *United States v. Reynolds*, 345 U.S. 1 (1953)). This argument does Defendants no good. Although the three-step test does originally stem from a case about military secrets, "case law has developed that has refined the threshold showing" to the three-step process included in *Holmes* for **all** deliberative process privilege claims. *Evans v. City of Chicago*, 231 F.R.D. 302, 316 (N.D. Ill. 2005) (citing *Landry v. FDIC*, 204 F.3d 1125, 1135 (D.C. Cir. 2000) (citing cases)). Indeed, the clear weight of authority demonstrates that any party seeking to protect documents under the deliberative process privilege must meet the same three threshold requirements included in *Holmes*. *See, e.g.*, *Rodriguez v. City of Chicago*, 329 F.R.D. 182, 186 (N.D. Ill. 2019); *Turner v. City of Chicago*, No. 15 CV 06741, 2017 WL 552876, at *3 (N.D. Ill. Feb. 10, 2017); *Ferrell v. U.S. Dep't of Hous. & Urban Dev.*, 177 F.R.D. 425, 428 (N.D. Ill. 1998); *K.L. v. Edgar*, 964 F. Supp. 1206, 1209 (N.D. Ill. 1997).

Here, Defendants have not complied with even one—let alone all three—of the requirements to make out a *prima facie* case that the deliberative process privilege applies. The department head with control over the matter has not made a formal claim of privilege. A responsible official has not demonstrated—by affidavit or otherwise—the precise and certain reasons for preserving confidentiality of the responsive documents. And, no one, including defense counsel, has identified or described any of the documents they believe are protected by

this privilege. Instead, Defendants make the same, blanket privilege claim in response to multiple RFPs. This is unquestionably not enough to make out a *prima facie* case that the deliberative process privilege applies to any of the documents Defendants withhold.

But even if Defendants had made a *prima facie* case, Plaintiffs have an established particularized need for these documents. Defendants dispute this, arguing that it is only "the Department's permanent policy, once finalized, that the Court will examine to determine if permanent injunctive relief will be granted." Resp. at 10. This response illuminates Defendants' misunderstanding of this case and their requirements under the law. The Court must examine the governing policies, yes, but it must also contemplate IDOC's efforts to comply with and adhere to its own policies. It must determine if permanent relief is required, in part, by reviewing evidence of IDOC's actions since the Preliminary Injunction. Regardless, this is not even the proper test to determine if a particularized need exists. Plaintiffs have already explained why one exists here: (1) the documents are directly relevant to the claims in the case; (2) IDOC is a party to the lawsuit; and (3) the gravity of Plaintiffs' allegations, which directly challenge IDOC's deliberative process, makes disclosure all the more important. Motion at 10–12.  Accordingly, the Court should compel Defendants to produce documents responsive to Plaintiffs' Second Set of RFPs No. 2 and Third Set of RFPs Nos. 1 and 2.

## **CONCLUSION**

WHEREFORE, Plaintiffs respectfully request that this Court enter an order compelling Defendants to produce documents responsive to Plaintiffs' Second and Third Requests for Production and supplement their ESI production.

Dated: July 27, 2020

By: /s/ *Amelia H. Bailey*
John A. Knight
Camille E. Bennett
Ghirlandi Guidetti
Carolyn M. Wald
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 North Michigan Avenue, Suite 600
Chicago, IL 60601
Telephone: (312) 201-9740
Facsimile: (312) 288-5225
*jknight@ACLU-il.org*
*cbennett@ACLU-il.org*
*gguidetti@ACLU-il.org*
*cwald@ACLU-il.org*

Catherine L. Fitzpatrick
Jordan M. Heinz
Sydney L. Schneider
Austin B. Stephenson
Amelia H. Bailey
Sam G. Rose
KIRKLAND &ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
*catherine.fitzpatrick@kirkland.com*
*jordan.heinz@kirkland.com*
*sydney.schneider@kirkland.com*
*austin.stephenson@kirkland.com*
*amelia.bailey@kirkland.com*
*sam.rose@kirkland.com*

Brent P. Ray
KING &SPALDING LLP
353 North Clark Street
Chicago, IL 60654
Telephone: (312) 995-6333
Facsimile: (312) 995-6330
*bray@kslaw.com*

Abby L. Parsons
KING & SPAULDING LLP
1100 Louisiana Street, Suite 4000
Houston, TX 77002
Telephone: (713) 751-3294
*aparsons@kslaw.com*

6

Thomas E. Kennedy III
Sarah Jane Hunt
KENNEDY HUNT P.C.
906 Olive Street, Suite 200
Saint Louis, MO 63101
Telephone: (314) 872-9041
*tkennedy@KennedyHuntLaw.com*
*sarahjane@KennedyHuntLaw.com*

## **CERTIFICATE OF SERVICE**

I certify that on July 27, 2020, I electronically filed the foregoing document and any attachments with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

/s/ *Amelia Bailey*
Amelia Bailey