IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JANIAH MONROE,
MARILYN MELENDEZ,
LYDIA HELÉNA VISION,
SORA KUYKENDALL, and
SASHA REED,

    Plaintiffs,

v.

ROB JEFFREYS,
STEVE MEEKS, and
MELVIN HINTON,

    Defendants.

Case No. 3:18-CV-00156-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On March 20, 2020, this Court denied Plaintiffs' initial request for an appointment of an expert (Doc. 215). On August 21, 2020, Plaintiffs filed "Plaintiffs' Renewed Request for Appointment of Independent Monitor" pursuant to Federal Rule of Civil Procedure 53 (Doc. 225). Plaintiffs argue that the Transgender Care and Review Committee ("TCRC") still makes medical decisions relating to hormone therapy and surgery; IDOC continues to restrict access to medically necessary items for social transition; IDOC has not transferred any transgender prisoners to facilities that match their gender identity and continues to operate under the exact same policies for cross-gender searches as it did prior to the preliminary injunction order; and IDOC failed to implement any new policies regarding transgender prisoners since the preliminary injunction order was entered (Doc. 225, p. 2).

In support of their arguments, Plaintiffs allege that multiple depositions contain admissions that TCRC still makes medical decisions relating to hormone therapy, surgery, and whether a transgender prisoner is allowed access to gender-affirming products; TCRC continues to deny requested social transition treatment and transfers to other facilities; and IDOC still operates under the same policy for cross-gender searches as prior to the preliminary injunction order (Doc. 225, pp. 6-7). Additionally, Plaintiffs allege IDOC is far from finalizing or implementing any drafts of new policies (*Id*. at p. 9).

Due to these argued insufficiencies, Plaintiffs ask the court to appoint an independent expert to monitor Defendants' compliance with the preliminary injunction order, to ensure the development of a strict plan and schedule for complying with the preliminary injunction order, and to evaluate and report to the Court whether IDOC is complying with the plan and schedule (Doc. 225, p. 2).

Defendants filed a response arguing Plaintiffs have no ability to prove the consultants IDOC hired are unqualified; that IDOC is "working comprehensively to identify and solve issues highlighted by the Court in its preliminary injunction order;" the pandemic has extended their efforts; they have been working with Wendy Leach from The Moss Group for assistance with policy framework and staff training; and they have been working with Dr. Erica Anderson to bring in WPATH's Global Education Initiative training (Doc. 226, pp. 2, 7, 9, 11). Additionally, Defendants argue, "Based solely on the deposition testimony of these consultants, Plaintiffs' request for the need for a court monitor is without merit." (*Id*. at p. 12). Furthermore, part of Dr. Hinton's deposition transcript that Plaintiffs relied on referenced the current Administrative Directive, not

the current practice (*Id*.). Lastly, Defendants argue that the preliminary injunction order has expired, pursuant to 18 U.S.C. § 3626(a)(2) (*Id*. at p. 17).

Plaintiffs later filed a reply arguing that this Court has the authority to appoint an independent monitor; depositions show IDOC's lack of meaningful changes to transgender care; and Defendants' argument that the preliminary injunction order has expired is unsupported, inaccurate, and should be rejected (Doc. 229, p. 2).

After reviewing Plaintiffs' Renewed Request for Appointment of Independent Monitor (Doc. 225), Defendants' response (Doc. 226), and Plaintiffs' reply (Doc. 229), the Court finds that Defendants are indeed still working diligently to implement the Court's preliminary injunction order.[1] Specifically, Defendants have made contact and are working with Wendy Leach from The Moss Group and with Dr. Erica Anderson, USPATH[2] President-elect (*Id*. at p. 8). They also have been developing applicable policies throughout this time (*Id*. at p. 10).

With the help of Dr. Anderson, IDOC has been "completing a contract for customized training for medical and mental health care providers through IDOC." (Doc. 226, p. 11). There is also a two-committee system in the works for IDOC's oversight of transgender issues (*Id*. at p. 13). This will include the Transgender Health and Wellness Committee ("THAW") which "will be comprised of medical and mental health professionals" who "will handle appeals from patients with concerns about the treatment

---

[1] The Court's preliminary injunction order was issued on December 19, 2019 (Docs. 186, 187). Thereafter, on March 4, 2020, the Court amended the preliminary injunction order (*See* Docs. 211, 212).
[2] USPATH is a regional organization of WPATH, the World Professional Association of Transgender Health. https://www.wpath.org/uspath, visited on December 23, 2020.

provided…and consider requests for surgery…" (*Id.*). This also will include the Transgender Administration Committee, which will handle "operational concerns including housing, PREA and commissary." (*Id.*). Additionally, there are Quality Assurance components in the works (*Id.* at p. 14). Furthermore, policy regarding avoidance of cross-gender strip searches will be in the new IDOC transgender care directive (*Id.* at pp. 15-16).

The COVID-19 pandemic has certainly caused a delay, and this is considered as well. As the Court has acknowledged, "these changes will take time," and the purpose of the injunction was to require Defendants to provide assurances that progress is underway, which they have (Doc. 186, p. 38).

With that said, the Court is not entirely convinced that the TCRC has refrained from making medical decisions and recommendations regarding gender dysphoria. But the deposition testimony showed that any references to decision-making by the TCRC regarding medical decisions and recommendations concerned past actions and policy, not new decisions that are influenced by the new policy that is under construction.

Although Defendants also argue that the preliminary injunction has expired, Defendants have not clearly shown that the injunction has expired and is no longer enforceable. Nor do they indicate a willingness to relitigate the preliminary injunction as they note that additional evidentiary hearings would be unproductive and that they are still working within the confines of the Court's Order. Further, the Court made the required findings under the statute and specifically addressed the arguments in Defendants' Motion for Reconsideration of Court's Preliminary Injunction Order

(Doc. 203) and in issuing its Amended Preliminary Injunction (Doc. 212). If Defendants believe that the injunction has indeed expired, then they can raise the issue in a motion to vacate the preliminary injunction order.

Despite having some reservations about Defendants' compliance with the aforementioned directive, the Court finds that the appointment of a special master is not warranted at this time. Defendants are making strides in complying with the Court's preliminary injunction order, and Plaintiffs have not adequately shown that the appointment of a special master is warranted at this time.

For these reasons, the Court denies Plaintiffs' Renewed Request for Appointment of Independent Monitor (Doc. 225).

**IT IS SO ORDERED.**

**DATED:  January 6, 2021**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**