IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELENA VISION, SORA KUYKENDALL, and SASHA REED, <br><br> Plaintiffs, <br><br> - vs- <br><br> ROB JEFFREYS, MELVIN HINTON, and STEVEN BOWMAN, <br><br> Defendants. | No. 18-156-NJR |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Defendants, ROB JEFFREYS, MELVIN HINTON, and STEVEN BOWMAN (sued in their official capacities only as IDOC Officials), by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, provide the following reply in support of their motion for summary judgment [Doc. 238]:

**SDIL Local Rule 7.1(c)**

Although Southern District Local Rule 7.1(c) states that "reply briefs are not favored and should be filed only in exceptional circumstances," exceptional circumstances exist for a reply here. Plaintiffs set forth testimony of an undisclosed witness and a new, previously undisclosed opinion regarding that witness. Defendants must reply to address why that evidence should not be considered. Further, Defendants reply in order to address additional contentions presented by Plaintiff that were not anticipated at the time they filed their brief. Reply briefs are limited to five pages. SDIL-LR 7.1(d).

1

**Additional Argument**

I. **Plaintiffs should be barred from using the undisclosed testimony of Chonna Anderson and the additional opinion evidence pertaining specifically to Anderson.**

Defendants noted in their motion for summary judgment that Plaintiffs had identified no class members to provide evidence beyond the five representative Plaintiffs. [Doc. 238, at 11.] Plaintiffs sent initial disclosures on May 29, 2018, prior to the certification of the Plaintiff class. (Ex. 22.) Plaintiffs did not list any putative class members as witnesses, and have never updated their disclosures. Plaintiffs responded to interrogatories in May 2020. (Ex. 23, Defs' 2d Set of Interrogs. to Pls; Ex. 24, Pls' Resps. and Objections.) The Plaintiffs were unable to provide names of individual class members who they would call to present evidence in the case. (Ex. 24, at 6, Resp. to # 13.) Similarly, Plaintiffs were unable to provide any names or other identifying information of inmates in IDOC custody who requested evaluation or treatment for gender dysphoria and who had not received such evaluation or treatment. (Ex. 24, at 7, Resp. to # 15.) Plaintiffs have not supplemented their interrogatory responses. As of August 2020, there were approximately 130 confirmed transgender prisoners in IDOC custody. (Ex. 25, Transgender Population Totals).

Federal Rule of Civil Procedure 37 allows sanctions for a failure to disclose the information required by Rule 26(a) or to supplement disclosures or other responses as required by Rule 26(e). Fed. R. Civ. P. 37(c)(1). If a party fails to provide the necessary information or supplementation, "the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id.*; *see also Salgado by Salgado v. Gen'l Motors Corp.*, 150 F.3d 735, 741-42 (7th Cir. 1998). The Seventh Circuit has recognized four factors to guide the analysis as to whether a discovery violation was justified or harmless: (1) the prejudice or surprise to the other party; (2) the ability of the party to cure the

prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness in not disclosing the evidence at an earlier date. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

On January 15, 2021, Plaintiffs filed their response to Defendants' motion for summary judgment. [Doc. 248.] Plaintiffs attached a declaration by Chonna Anderson [Doc. 248-11], a portion of Anderson's medical records [Doc. 248-13],[1] and an opinion by Dr. Tangpricha dated January 14, 2021, pertaining solely to Anderson [Doc. 248-12]. Because Plaintiffs failed to identify Anderson as a potential witness at any time before filing Anderson's declaration, Defendants have been both surprised and prejudiced. Defendants were unable to conduct discovery pertaining to Anderson or to have reasonable time to investigate Anderson's specific complaints. Because of the number of class members in IDOC custody, Defendants would have no way of knowing which class members would provide witness testimony and had requested such information through written discovery. Plaintiffs did not attempt to update or supplement their disclosures in the discovery phase or even prior to filing the declaration. Rather, they chose to consult with their expert and obtain a new opinion as to the past several years of Anderson's care. Dr. Tangpricha's opinion concerning Anderson was similarly unexpected by Defendants. But, now Defendants are left with insufficient time to investigate and address Anderson's specific complaints. Although no trial is currently set, this disclosure at Plaintiffs' convenience could affect the trial as it has impacted this briefing. Plaintiffs have demonstrated bad faith and willfulness in failing to act reasonably during the discovery process. This was not a one-time oversight, but these are insincere and evasive answers to tailored discovery requests propounded by Defendants. Plaintiffs are aware of the discovery rules and have treated discovery as a one-way flow of information, like a duty

---

[1] These records were produced to Plaintiffs in December 2019.

that only lies with Defendants. Taking Plaintiffs' representations at face value, there was nothing that remained for them to provide; however, it is clear that they intentionally withheld relevant and discoverable evidence to use only when it suited them. This is the type of conduct that warrants the automatic and mandatory exclusion of the evidence pertaining to Anderson and her specific medical complaints. For these reasons, this Court should exclude Plaintiffs' Exhibits 11 and 12. [Docs 248-11 & 248-12.]

> **II.    The newer evidence submitted by Plaintiffs fails to establish any nexus between an IDOC policy and the Plaintiffs' claimed harm.**

In addition to the deposition transcripts and other discovery materials Plaintiffs submit in response to Defendants' motion, Plaintiffs submit declarations of Plaintiff Kuykendall and class member Anderson.[2] These declarations only support the Defendants' arguments that Plaintiffs will be unable to show that an IDOC policy currently harms them or that it will continue to do so in the future. Ms. Kuykendall's declaration, filed as Plaintiffs' Exhibit 15, is only cited in support of the contention that Plaintiffs have reported "inexcusable gaps in hormone administration." [Doc. 248, p. 15.] But, her declaration goes beyond that and Ms. Kuykendall goes on to complain of being placed on crisis watch by a mental health counselor after Kuykendall expressed suicidal thoughts. [Doc. 248-15, at 2, ¶ 3.] Ms. Kuykendall complains of being denied access to her hormones by correctional staff and denied access to a razor for the six-day period when she was on crisis watch. [Doc. 248-15, at 2, ¶ 3.] Taking all of the facts in her declaration as true, there is no evidence of a *policy* pertaining to her gender dysphoria treatment. To assess her complaints pertaining to crisis watch would require a mini-trial on the justification for her placement on crisis watch, what items

---

[2] Ms. Anderson's declaration should be disregarded for the reasons contained in Section I; however, Defendants will address it because it suffers from the same flaws as Ms. Kuykendall's declaration.

4

were to be withheld from her and why, and what factors justified the duration of her crisis watch placement. These are factual issues that cannot and should not be addressed on a class-wide basis.

Similarly, class member Anderson fails to establish an IDOC policy that has denied her hormonal therapy over a period of years. Although Defendants were not expecting this particular evidence to be presented due to the Plaintiffs' failure to properly disclose it, the TCRC determination filed by Plaintiffs (and made prior to this Court's preliminary injunction) contradicts their complaints of a department-wide denial. The November 2019 recommendation pertaining to hormone supplementation was that the TCRC had "no objection to the prescription of hormonal supplementation." [Doc. 249-13, at 4.] This evidence supports Defendants' main contention: that an Eighth Amendment claim pertaining to the care and treatment of transgender prisoners requires individualized assessment.

## III. Recent decisions pertaining to the Eighth Amendment further support Defendants' arguments for summary judgment.

In their response, Plaintiffs cite to a recent injunction pertaining to the treatment of a Wisconsin prisoner: *Campbell v. Kallas*, 2020 WL 7230235 (W.D. Wis. Dec. 8, 2020). But in that case the district court had the benefit of a trial specific to Ms. Campbell and it made specific findings to her need for treatment and the Wisconsin policy at issue. *Id*. at *8. Based upon its findings, the court determined that Campbell should be referred to a qualified surgeon and directed that the surgery be provided if the surgeon deems her a suitable candidate. *Id*. Even then, the district court did not grant all of the relief sought and denied Campbell's requests for breast augmentation, voice therapy, and electrolysis. *Id*. at *9. The district court's opinion contains specific findings and personalized relief for Ms. Campbell. There are critical differences between Campbell's individual suit and the matter at hand, which is impermissibly broad.

The Eighth Amendment requirements—that there be an analysis of both the objective seriousness of a prisoner's medical claim *and* the subjective mental state of a prison official—were reiterated by the Seventh Circuit just this week when it affirmed the dismissal of a prisoner's Eighth Amendment claim. In *Peterson v. Wexford Health Sources, Inc.*, the prisoner had adequately pled an objectively serious medical condition based on genital warts, but failed to plead facts that plausibly alleged subjective indifference. __ F.3d __, 2021 WL 243524 (7th Cir. Jan. 26, 2021). The opinion highlights the importance of meeting both the objective and subjective prongs required for an Eighth Amendment action. The allegations against the individuals sued in that case did not come close to "approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Id*. at *5, *quoting Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020) & *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012). The subjective prong remains important to a finding of deliberate indifference and should be looked at critically in all stages of a case. For these reasons, and the reasons contained in their motion for summary judgment, Defendants are entitled to judgment as a matter of law.

WHEREFORE, Defendants respectfully request that this Court exclude Plaintiffs' Exhibits 11 and 12, and grant Defendants' motion for summary judgment.

Respectfully submitted,

ROB JEFFREYS, MELVIN HINTON, and STEVEN BOWMAN,

Defendants,

Lisa A. Cook, #6298233
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62701
(217) 782-9014 Phone
(217) 524-5091 Fax
Email: lcook@atg.state.il.us

KWAME RAOUL, Attorney General
State of Illinois

Attorney for Defendants,

By: s/Lisa A. Cook
Lisa A. Cook

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELENA VISION, SORA KUYKENDALL, and SASHA REED, <br><br> Plaintiffs, <br><br> - vs- <br><br> ROB JEFFREYS, MELVIN HINTON, and STEVEN BOWMAN, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 18-156-NJR |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2021, the foregoing document, *Reply in Support of Defendants' Motion for Summary Judgment,* was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| John A. Knight | jknight@aclu.il.org |
| Catherine L. Fitzpatrick | cfitzpatrick@kirkland.com |
| Erica B. Zolner | ezolner@kirkland.com |
| Ghirlandi Guidetti | gguidetti@aclu.il.org |
| Megan M. New | mnew@kirkland.com |
| Jordan M. Heinz | jheinz@kirkland.com |
| Sarah Jane Hunt | sarahjane@tkennedylaw.com |
| Thomas E. Kennedy, III | tkennedy@tkennedylaw.com |
| Brent P. Ray | bray@kslaw.com |
| Samantha G. Rose | sam.rose@kirkland.com |
| Austin B. Stephenson | austin.stephenson@kirkland.com |
| Carolyn M. Wald | cwald@aclu-il.org |
| Amelia Bailey | abailey@kirkland.com |
| Camille Bennett | cbennett@aclu-il.org |

        s/ Lisa A. Cook
        Lisa A. Cook, #6298233
        Assistant Attorney General
        Office of the Attorney General
        500 South Second Street
        Springfield, Illinois 62701
        (217) 782-9014 Phone
        (217) 524-5091 Fax
        Email: lcook@atg.state.il.us