IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELENA VISION, SORA KUYKENDALL, and SASHA REED, Plaintiffs, - vs- ROB JEFFREYS, MELVIN HINTON, and STEVEN BOWMAN, Defendants. | No. 18-156-NJR |

### DEFENDANTS' OBJECTIONS TO SCOPE OF PROPOSED MONITOR DUTIES

The Defendants, ROB JEFFREYS, MELVIN HINTON, and STEVEN BOWMAN, by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, provide the following response and objections to the scope of the Court's proposed monitor duties:

### Introduction

On December 13, 2021, this Court advised the parties of its decision to appoint a monitor to review the parties' post-trial submissions, oversee compliance with the preliminary injunction, and propose modifications to IDOC's policies and procedures pertaining to the Plaintiff class. [Doc. 370].

The Court lists six main topics for which the monitor will oversee compliance and report: (A) provision of hormone therapy and testing, including whether medical treatment is provided by WPATH-trained providers; (B) evaluation of gender-affirming surgery, including implementation of certain contracts and the Continuing Quality Improvement (CQI) program; (C) evaluation of transfers to facilities matching expressed gender and assessment of the implementation of IDOC's PRISM program; (D) provision of gender affirming commissary

items; (E) cross-gender searches and transgender identification policy; and (F) implementation of trainings pertaining to transgender issues. [Doc. 370, pp. 7-13].

Defendants object to the scope of the proposed monitor duties because they are too broad. The duties pertaining to groups (A), (B), and (C) invite second-guessing decisions made by IDOC and its medical providers. Topics (D), (E), and (F) involve separate expertise than those in the topics related to medical care. Because the scope of the proposed duties are too broad, Defendants request that this Court curtail the proposed duties.

## Argument

### I. The proposed monitor duties are too broad.

Defendants have opposed the broad relief sought in this action; however, Defendants have complied with the preliminary injunctions as well as the timing of compliance and reporting. Yet, as noted in Defendants' Response to Plaintiffs' Post-Trial Brief [Doc. 346], the typical plan should be that the Court order relief but should allow IDOC to submit its own plan to satisfy the relevant constitutional standards. [Doc. 346, p. 4-5, *citing Westefer v. Neal*, 682 F.3d 670 (7th Cir. 2012); *Lipscomb v. Pfister*, case no. 12-cv-1041, 2014 U.S. Dist. LEXIS 9366, at * 5 (C.D. Ill. Jan. 27, 2014); & *Doe v. Cook County*, 798 F.3d 558, 566-67 (7th Cir. 2015)].

Here, instead, the Court imposed specific relief, steps to be met, and reporting deadlines. It is one thing if the Court requires the use of a monitor to review the parties' *reporting* as to the compliance; but yet another if the Court desires a monitor review the reporting, compliance, and also independently investigate the items that are the subject of the Court's most recent preliminary injunction. For instance, the Court's proposal would require the monitor to independently assess whether medical professionals meet the WPATH qualifications, are personally committed to continuing education on transgender health, and that the providers do

not hold personal or religious beliefs that impact their treatment of inmates with gender dysphoria. [Doc. 370, p. 8]. In the next section, the monitor's duties include overseeing the implementation of IDOC contracts related to surgery, which include a hair removal contract with Wexford Health Sources, Inc., and Dr. Schechter's consulting contract. [Doc. 370, pp. 9-10]. The proposal does not specify what oversight of these contracts will entail. [*Id.*] The breadth of the monitor's proposed duties go far beyond what should be allowed under the Prison Litigation Reform Act, 18 U.S.C. § 3626, and interpreting cases. Such a role raises the "grave federalism concerns" noted recently by the Seventh Circuit Court of Appeals. [Doc. 346, pp. 17-18, *citing Shakman v. Clerk of Cook County*, 994 F.3d 832, 843 (7th Cir. 2021)].

## II. The proposed duties pertaining to topics (A), (B), and (C) may be interpreted as a means to second-guess decisions made by IDOC.

The duties proposed by the Court in subsection (A) include reviewing IDOC records as to hormone levels, reviewing whether Plaintiffs' hormones are being titrated within the Endocrine Society Hormone Guidelines, and reviewing whether appropriate referrals are made to an endocrinologist or other specialist. [Doc. 3706, pp. 7-8]. Subsection (B) calls for the monitor to review surgery denials and assess "whether surgery and related treatment is being provided to class members in a timely manner relative to inmates' requests." [Doc. 370, pp. 9-10]. The Court also proposes the monitor assess whether Defendants are in compliance with the transfer-related accommodations. [Doc. 370, pp. 10-11, (C)].

Based upon the descriptions contained in subparagraphs (A), (B), and (C), it is unclear whether the duties would be to ensure that the reviews were merely completed or to determine whether the reviews were correct. The former may be easily discerned from the records provided; however, including the latter determination would be an inappropriate use of federal oversight. Transfer decisions are matters left to the discretion of prison officials. *See, e.g.,*

*McKune v. Lile*, 536 U.S. 24, 39 ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Boykin v. Fischer*, 2019 U.S. Dist. LEXIS 199197, 2019 WL 6117580, * 42-49 (N.D. Ill. Nov. 18, 2019) (collecting cases). And, courts should not pass judgment on whether treatment decisions are correct. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Snipes v. DeTella*, 95 F.3d 586, 591-92 (7th Cir. 1996). Defendants object to the proposed duties to the extent that the monitor's duties would entail reviewing the appropriateness of hormone therapy, surgical decisions, and transfer determinations pertaining to the Plaintiff class. Any review of these items should be limited to whether they occurred as represented by Defendants in their status reports and not whether the decisions were appropriate or correct.

### III. The proposed duties pertaining to topics (D), (E), and (F) require expertise that is distinct from topics (A), (B), and (C).

Topics (D), (E), and (F) cover items that are operational rather than having to do with medical or mental health treatment. As a result, a monitor who may be appropriate to review medical and mental health records may not be appropriate to review supply chains for commissary, search policies, or training for security staff. For these reasons, there should be in place a provision for a second monitor or someone with distinct expertise with such issues. It may be that two monitors are needed with separate duties or that the monitor be allowed an assistant who can better address those topics. As of today, there does not appear to be a clear choice who can perform all of these proposed tasks.

### Conclusion

In conclusion, the proposed monitor duties are too broad and should be limited further. Specifically, duties that involve assessing the competency and personal beliefs of each provider are too broad. Similarly, vague duties that require the monitor to oversee contracts with others

that IDOC has already entered into appear overly broad. Defendants also object to a monitor that will second-guess decisions that have already been made by IDOC providers and administrative staff. Finally, Defendants seek clarification on how these tasks may be split up depending on the differing expertise required for the topics listed by the Court.

WHEREFORE, Defendants respectfully request that this Court narrow the monitor duties further.

                                  Respectfully submitted,

                                  ROB JEFFREYS, MELVIN HINTON, and STEVEN BOWMAN,

                                  Defendants,

| | |
|---|---|
| Lisa A. Cook, #6298233<br>Assistant Attorney General<br>500 South Second Street<br>Springfield, Illinois   62701<br>(217) 782-9014 Phone<br>(217) 524-5091 Fax<br>Email: lisa.cook@ilag.gov | KWAME RAOUL, Attorney General<br>State of Illinois<br><br>    Attorney for Defendants,<br><br>By:  s/Lisa A. Cook<br>       Lisa A. Cook |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELENA VISION, SORA KUYKENDALL, and SASHA REED,<br><br>Plaintiffs,<br><br>- vs-<br><br>ROB JEFFREYS, MELVIN HINTON, and STEVE MEEKS,<br><br>Defendants. | No. 18-156-NJR-MAB |

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2022, the foregoing document, **DEFENDANTS' OBJECTIONS TO SCOPE OF PROPOSED MONITOR DUTIES**, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| John A. Knight | jknight@aclu.il.org |
| Abby L. Parsons | aparsons@kslaw.com |
| Sarah Jane Hunt | sarahjane@tkennedylaw.com |
| Thomas E. Kennedy, III | tkennedy@tkennedylaw.com |
| Brent P. Ray | bray@kslaw.com |
| Samantha G. Rose | sam.rose@kirkland.com |
| Amelia Bailey | abailey@kirkland.com |
| Camille Bennett | cbennett@aclu-il.org |

And all other counsel of record

s/ Lisa A. Cook
Lisa A. Cook, #6298233
Assistant Attorney General
Office of the Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 782-9014 Phone
(217) 524-5091 Fax
Email: lisa.cook@ilag.gov