IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELÉNA VISION, SORA KUYKENDALL, and SASHA REED, individually and on behalf of a class of similarly situated individuals,<br><br>  Plaintiffs,<br><br>v.<br><br>STEVE MEEKS, MELVIN HINTON, and ROB JEFFREYS,<br><br>  Defendants. | Case No. 3:18-cv-00156-NJR |

**PLAINTIFFS' RESPONSE TO APRIL 5, 2022 ORDER**

On April 5, 2022, this Court appointed one Special Master/Monitor ("Monitor") and announced its continuing intent to appoint a second Monitor. ECF No. 418. The second Monitor will be responsible for monitoring "injunctive relief in the areas of gender-affirming prison commissary items, eliminating cross-gender body searches and implementation of an effective transgender identification policy, and training of correctional staff on transgender issues and awareness." *Id.* at 6; *see* ECF No. 370 at 11-13.

In its April 5 Order, the Court noted that one Monitor candidate remains from the names submitted by Plaintiffs. ECF No. 418 at 6; *see* ECF No. 378; ECF No. 379. In addition, Defendant's monitor candidate withdrew but proposed two additional individuals as potential Monitors. *Id.* The parties have been ordered to "notify the Court of any objections to consideration of these two new candidates within seven days of the date of this Order." *Id.* Accordingly, Plaintiffs hereby object to the Court's appointment of these two new Monitor candidates and respectfully request that the Court consider appointment of julie graham, M.S. as the second Monitor.

1

The second Monitor will oversee institutional and policy aspects of the Court's Orders, assessing whether Defendants (i) "have complied with the ordered relief" as to gender-affirming commissary items at each institution housing class members; (ii) "have developed and implemented policies and staff training to ensure that class members are not being subjected to cross-gender searches," including whether the "new transgender identification policy ensures that staff can verify an inmate's transgender status without endangering the inmate by revealing the transgender status to others if the inmate does not want such status revealed"; and (iii) "are in compliance" with "ongoing implementation of [transgender issues and awareness] training." ECF No. 370 at 11-13.[1]

Dr. Caitlin G. Williams and Dr. H. Kinton Rossman are both under consideration as the second Monitor. Neither is qualified for the job, so Plaintiffs object to them both. For example, Dr. Williams's CV indicates *no* professional experience delivering or overseeing gender-affirming healthcare to transgender people and people with gender dysphoria at all. Dr. Williams has limited experience with correctional populations and is unlikely to be familiar with the operational challenges that she would face as the second Monitor. Similarly, Dr. Rossman's CV indicates *no* professional experience delivering or overseeing healthcare to transgender people and people with gender dysphoria in prisons or jails. In fact, they have no experience in prisons or jails of any kind—neither in healthcare nor in operations. Both candidates lack *any* professional experience developing or assessing institutional policies related to transgender prisoners.

---

[1] Remaining duties relating to hormones, surgery, and transfers will be discharged by the first Monitor, a licensed physician. ECF No. 418 at 4-5; *see* ECF No. 370 at 7-11.

By contrast, Plaintiffs' remaining Monitor candidate, julie graham, M.S., is an exceptionally strong candidate to serve as the second Monitor. As noted in Plaintiffs' January 2022 filing, julie graham

> is a psychotherapist, consultant, and trainer who has many years of experience in providing and overseeing the delivery of transgender health care. Their correctional work has included training correctional facility medical providers in San Francisco, Oregon, and Washington. For the last year and a half, they have served as a consultant to both the Washington Department of Corrections and Disability Rights Washington in a structured negotiation that aims to improve the care and treatment of transgender prisoners statewide. In that role, they have been responsible for assessing numerous formal correctional policies and unwritten practices regarding the delivery of transgender medical and mental healthcare, including those related to housing and access to commissary items. The goal of the work has been to assist the parties' efforts to reach an agreement regarding a new model for delivering necessary medical care.

ECF No. 378 at 2-3. As described in the above paragraph and the CV submitted to this Court on January 7, 2022, graham's experience is tailored to the second Monitor's duties, including (i) assessing policies and practices concerning access to gender-affirming commissary items in a state prison system; (ii) assessing correctional policies and practices concerning the treatment of transgender prisoners and the delivery of gender-affirming healthcare in a state prison system; and (iii) training staff in correctional settings on transgender issues and awareness, including in the Washington state prison system, the Oregon state prison system, and the San Francisco city/county jail system.

graham's residence outside of Illinois is not disqualifying. graham's qualifications are uniquely well suited for the Monitorship and they were put forward only after a nationwide search for a candidate with appropriate experience and expertise to discharge the duties contemplated by this Court. Plaintiffs' counsel invested significant effort in this search effort, but found very few individuals who were skilled in the field of transgender health, familiar with transgender issues in correctional settings, and willing to undertake a time-intensive appointment at the specified rate of

3

pay. *See* ECF No. 378. Plaintiffs considered potential Monitor candidates within Illinois, including multiple staffers at Howard Brown Health, but determined none of those candidates fit the criteria for the position. Plaintiffs' counsel is of course willing to resume this search again, to the extent the Court seeks "additional name[s] for the Court to consider as the second Co-Monitor," but remains confident in the ability of candidate julie graham to adequately discharge the second Monitor's duties. ECF No. 418 at 6.

Dated: April 12, 2022                Respectfully submitted by:

*/s/* Camille E. Bennett
**Camille E. Bennett**
**Joshua D. Blecher-Cohen**
ROGER BALDWIN FOUNDATION
OF ACLU, INC.
150 North Michigan Avenue, Suite 600
Chicago, IL 60601
Telephone: (312) 201-9740
Facsimile: (312) 288-5225
*cbennett@aclu-il.org*
*jblechercohen@aclu-il.org*

**Amelia H. Bailey**
**Sam G. Rose**
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
*amelia.bailey@kirkland.com*
*sam.rose@kirkland.com*

**Brent P. Ray**
KING & SPALDING LLP
110 N. Wacker Drive, Suite 3800
Chicago, IL 60606
Telephone: (312) 995-6333
Facsimile: (312) 995-6330
*bray@kslaw.com*

**Abby L. Parsons**
KING & SPALDING LLP
1100 Louisiana Street, Suite 4100
Houston, TX 77002
Telephone: (713) 751-3294
*aparsons@kslaw.com*

**Thomas E. Kennedy III**
**Sarah Jane Hunt**
KENNEDY HUNT P.C.
906 Olive Street, Suite 200
Saint Louis, MO 63101
Telephone: (314) 872-9041
*tkennedy@KennedyHuntLaw.com*
*sarahjane@KennedyHuntLaw.com*

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on April 12, 2022, I electronically filed the foregoing document and any exhibits with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

By: */s/* Camille E. Bennett