# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CRISTINA NICHOLE IGLESIAS
(a.k.a. CRISTIAN NOEL IGLESIAS),

    Plaintiff,

      v.

IAN CONNORS, *et al.*,

    Defendants.

Case No. 19-cv-00415-NJR

**JOINT STATUS REPORT**

The parties respectfully submit this Joint Status Report pursuant to paragraph 9 of the Court's May 31, 2022, Stipulated Order providing that the parties shall update the Court on significant developments related to the surgeries described in the Stipulated Order.  Doc. 269.

As reported previously, at the time of the parties' last joint status report, Ms. Iglesias had recently been returned to federal custody.  ECF No. 294 at 1–2.  The parties conferred about where Ms. Iglesias would be housed, and BOP noted that it planned to transfer Ms. Iglesias to a facility near Chicago, Illinois, in an effort to facilitate an in-person consult and eventual surgery with Surgeon 2. *Id.* at 2.  Plaintiff did not object to being relocated to a facility near Chicago.  *Id.*

BOP has since transferred Ms. Iglesias to MCC Chicago, where she has been housed since October 19, 2022.  *See* Declaration of Shari Himlie ("Himlie Decl.") ¶ 4.  She is being housed in a unit for female inmates and is receiving hormone injections every two weeks.  *Id.* ¶¶ 5–6.  Ms. Iglesias's projected release date remains January 22, 2023, although that date is subject to change. BOP has offered that the MCC Health Services Administrator attend future medical appointments with Ms. Iglesias to assist with administration and scheduling. Ms. Iglesias has consented to working the MCC Health Services Administrator.

**Consultation with Surgeon 2 for Vaginoplasty and Breast Augmentation**

On October 26, 2022, accompanied by the MCC Health Services Administrator, Ms. Iglesias attended an in-person consultation with Surgeon 2. *Id.* ¶ 8. At the appointment, Surgeon 2 indicated that he would be willing to perform vaginoplasty for Ms. Iglesias. *Id.* The parties agreed to ask Surgeon 2 whether he would also be willing to perform breast augmentation, and he stated that he would be willing to do so and that the two procedures could be performed at the same time. *Id.* ¶ 10. Surgeon 2 stated that Ms. Iglesias will need a mammogram prior to breast augmentation, and BOP will request the earliest practicable date for the mammogram. *Id.* Surgeon 2's office stated that he is currently booked for surgery through March 2023, and BOP will request the earliest practicable date for surgery from Surgeon 2's office. *Id.* ¶ 8.

Surgeon 2's office asked for two letters of recommendation, which BOP provided on October 27, 2022. *Id.* ¶ 9. Surgeon 2's office also asked for informed consent paperwork to be completed, which was completed and returned on October 27, 2022. *Id.*

**Facial Feminization Surgery**

Surgeon 2 stated that he does not perform facial feminization surgery and instead referred Ms. Iglesias to another Chicago-based provider affiliated with his practice. *Id.* ¶ 11. BOP intends to reach out to this provider in an effort to schedule a consultation for facial feminization surgery for as soon as practicable. *Id.* The parties agree that, assuming the Chicago-based provider is willing to perform facial feminization surgery for Ms. Iglesias and the parties agree that the provider is qualified, they would prefer that the facial feminization surgery be performed by a Chicago-based provider given that Ms. Iglesias is now housed in Chicago.

**Hair Removal**

Surgeon 2 stated that he does not provide hair removal in advance of vaginoplasty. *Id.* ¶ 12. He stated that he could remove some (but not all) hair from the surgical site as part of surgery. *Id.*

2

Alternatively, he suggested that Ms. Iglesias could receive one or two electrolysis treatments at the surgical site in advance of surgery. *Id.* Surgeon 2 recommended another provider in the Chicago area to perform electrolysis hair removal. *Id.* BOP will contact the provider in an effort to schedule appointments for both facial hair removal and hair removal at the surgical site for as soon as practicable. *Id.*

### Change in Contractor

As the Court is aware, BOP was previously working with a contractor, NaphCare, Inc., to provide care to Ms. Iglesias while she was housed in a Residential Reentry Center. BOP notes that, now that Ms. Iglesias is housed in a secure facility, it will either work with the providers directly or through a different contractor who is responsible for arranging outside medical appointments for individuals housed at MCC Chicago. *Id.* ¶ 13.

Dated:  October 28, 2022

RACHELLE AUD CROWE
United States Attorney

LAURA J. JONES
Assistant United States Attorney

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director

/s/ John Robinson
JOSHUA M. KOLSKY
JOHN ROBINSON
Trial Attorneys

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C.  20005
Tel: 202-616-8489
E-mail: john.j.robinson@usdoj.gov

*Attorneys for Defendants*

/s/ L. Nowlin-Sohl (with consent)
**James Esseks**
**Taylor Brown**
**L. Nowlin-Sohl**
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004
(212) 519-7887
jesseks@aclu.org
tbrown@aclu.org
lnowlin-sohl@aclu.org

**Michelle Teresa Garcia**
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 N. Michigan, Suite 600
Chicago, IL 60601
(312) 201-9740, 335
mgarcia@aclu-il.org

**Frank Battaglia**
**Shannon Lemajeur**
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600
fbattaglia@winston.com
slemajeur@winston.com

**Angela M. Povolish**
FEIRICH MAGER GREEN RYAN
2001 West Main Street
P.O. Box 1570
Carbondale, IL 62903
(618) 529-3000
apovolish@fmgr.com

*Attorneys for Plaintiff Cristina Nichole Iglesias*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CRISTINA NICHOLE IGLESIAS (a.k.a., | ) | |
| CRISTIAN NOEL IGLESIAS), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-00415-NJR |
| | ) | |
| IAN CONNORS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF SHARI HIMLIE**

I, Shari Himlie, make the following declaration, in accordance with the provisions of 28
U.S.C. § 1746:

1.      I am currently employed by the Federal Bureau of Prisons ("BOP") as Health
Services Administrator at the Metropolitan Correctional Center in Chicago, Illinois (MCC Chicago).
I have held my current position since November 2021.  I have been employed by the BOP since
November 2008.[1]

2.      I am aware the Court ordered the Parties to "file a joint status report updating the
Court on significant developments related to the surgeries described [in the Court's May 31, 2022
Stipulated Order] on Friday, June 10, 2022, and every four weeks thereafter, until the Parties believe
that such joint status reports are no longer necessary, but in no case extending past Plaintiff's release
from BOP custody." (Doc. 269).

3.      I write now to update the Court about those developments that have occurred since
the last status report submitted on September 30, 2022.

---

[1] Another BOP employee, Gregg Fearday, previously provided declarations in connection with the
parties' joint status reports.  I am submitting this declaration because, as explained below, I attended
Ms. Iglesias's October 26 consultation with Surgeon 2 and can provide the Court with an update on
that appointment.

1

4.     Ms. Iglesias arrived at MCC Chicago on October 19, 2022. She was transferred from the Federal Detention Center in Miami, Florida to MCC Chicago in an effort to facilitate an in-person consult and eventual surgery with Surgeon 2.

5.     Since her arrival at MCC Chicago, Ms. Iglesias has been housed in a unit for female inmates.

6.     Ms. Iglesias received a hormone injection on October 20, 2022, and is currently scheduled to receive injections every two weeks.

7.     Ms. Iglesias attended a consultation with Surgeon 2 on October 26, 2022.  I attended the appointment along with Ms. Iglesias.  BOP has not yet received records from the appointment, but for the purposes of this update, I am providing the following to the best of my recollection and understanding.

8.     At the appointment, Surgeon 2 indicated that he would be willing to perform vaginoplasty for Ms. Iglesias.  He indicated that he would also be willing to perform breast augmentation for Ms. Iglesias, and that the two procedures could be performed at the same time.  Surgeon 2's office indicated that currently his schedule is booked through approximately March 2023. BOP plans to request an appointment for surgery for as soon as practicable.

9.     Surgeon 2's office asked for two letters of recommendation, which were then provided on October 27, 2022.  Surgeon 2's office also asked for informed consent paperwork to be completed, which was completed and returned on October 27, 2022.

10.    Surgeon 2 indicated that Ms. Iglesias will need a mammogram prior to breast augmentation.  BOP plans to request an appointment for a mammogram for as soon as practicable.

11.    Surgeon 2 indicated that he could not perform facial feminization for Ms. Iglesias and instead referred to another provider.  BOP intends to reach out to this provider in an effort to schedule a consultation as soon as practicable.

12.     Surgeon 2 indicated that he did not provide hair removal in advance of surgery.  He indicated that he could remove some (but not all) hair from the surgical site as part of surgery.  Alternatively, he suggested that Ms. Iglesias could receive one or two electrolysis treatments at the surgical site in advance of surgery.  Surgeon 2 recommended another provider to perform electrolysis hair removal.  BOP intends to reach out to this provider in an effort to schedule appointments for hair removal at the surgical site and face as soon as practicable.

13.     BOP remains committed to providing Ms. Iglesias appropriate care.  BOP notes that it was previously working with NaphCare, Inc. to provide care to Ms. Iglesias, as NaphCare is the contractor responsible for arranging care for inmates in RRCs.  Now that Ms. Iglesias is housed at MCC Chicago, BOP notes that it will either work with the providers directly or through a different contractor who is responsible for arranging outside medical appointments for individuals housed at MCC Chicago.


I declare under penalty of perjury that the foregoing is true and correct to the best of my belief.  Executed on this 28th day of October 2022.

Shari Himlie RN/HSA

Shari Himlie

3