Defendants' Exhibit 8

STATE OF ILLINOIS             *Monroe v. Jeffreys, et al.,*
                              Case no. 18-156-NJR (USDC-SDIL)

# DECLARATION OF DR. SHANE REISTER

I, Dr. Shane Reister, do hereby declare and state, under penalty of perjury, that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1. I am the Southern Regional Psychologist Administrator for the Illinois Department of Corrections (IDOC). I helped to create and now oversee the PRISM Program, which is run out of Centralia Correctional Center in Centralia, Illinois.

2. The PRISM Program is a program run in IDOC for which participants are able to earn good conduct credits towards their sentence called Earned Program Sentencing Credits (or EPSC).

3. A social worker IV who had been directly overseeing the program at Centralia Correctional Center, Ms. Schulte, applied for a different position, so staffing was in flux. Due to Ms. Shulte's move and other vacancies at the facility, the program was unable to have daily unit meetings.

4. The other vacancies referenced above are the facility Mental Health Authority and a Qualified Mental Health Provider. The Mental Health Authority position is a State position and we had an application for that position. The Qualified Mental Health Provider is a position with the contractual vendor, Wexford Health Sources, Inc. We are not aware of an applicant for the open Qualified Mental Health Provider position.

5. Staffing is impacting our ability to round out the programming because I do not always have sufficient time to fully develop new training materials; however, we do change topics and engage with the participants on the monthly topics.

6. We have also attempted to start 12-step programming, but have been unable to find leaders who remain in the program to chair this.

7. We have groups running that are led by Mental Health Providers.

8. There are modified PRISM units, where the participants are eligible to attend school and have job assignments while also participating in the PRISM peer education project.

9. Modified PRISM participants have worked on art projects. For example, they created murals in the facility.

10. I am aware of at least one PRISM participant who was unable to obtain a job assignment in the dietary department. This assignment denial was due to a vulnerable status that had to first be removed. That status had nothing to do with PRISM or participation in the program. I am not certain whether the individual was assigned as a dietary worker, but that individual is no longer at Centralia Correctional Center.

11. Safety is critical in the PRISM Program. Any participant who is threatening or who receives a 100 or 200 level disciplinary infraction is removed from the program. We also address any complaints of sexual acting out or harassment through the disciplinary process.

12. We keep a tracker of those involved in the PRISM Program. We also track those on the wait list and those removed from the program. Three new participants were added in October 2022. Fifteen participants have been removed as of November 16, 2022. There are

currently no individuals on the wait list.

       FURTHER AFFIANT SAYETH NOT.


       Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


DATED: 12/5/22

                                          s/Shane Reister (*with consent*)
                                          Dr. Shane Reister