# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELENA VISION, SORA KUYKENDALL, and SASHA REED, <br><br> Plaintiffs, <br><br> - vs- <br><br> ROB JEFFREYS, MELVIN HINTON, and STEVEN BOWMAN, <br><br> Defendants. | No. 18-156-NJR |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' RECOMMENDATIONS TO PRELIMINARY INJUNCTIONS

The Defendants, ROB JEFFREYS, MELVIN HINTON, and STEVEN BOWMAN (sued in their official capacities as IDOC administrators), provide the following response directed to Plaintiffs' recommendations for modifications to the preliminary injunction orders entered in this matter [Doc. 485]:

### Introduction

This Court scheduled a status conference for December 15, 2022. In its order setting the conference, the Court invited the parties to submit any proposed modifications to the Court's preliminary injunctions in writing at least 24 hours prior to the conference. On December 14, 2022, Plaintiffs submitted written recommendations. [Doc. 485]. Plaintiffs request timelines for certain actions—many of them within a few weeks; resubmit their proposed Administrative Directives with a few tweaks from August 2021; and Plaintiffs further request more compliance data be sent to them. [*Id.*]

Defendants have already responded substantively to Plaintiffs' proposed Administrative Directives, and will incorporate their prior written response but will provide clarification where appropriate. Defendants object to the other requests by Plaintiffs, as they run afoul of the Prison Litigation Reform Act's limitations on equitable relief. 18 U.S.C. 3626. For these reasons, this Court should reject Plaintiffs' requested modifications.

## Responses to Plaintiffs' Suggestions

### I. This Court should not adopt Plaintiffs' proposed Administrative Directives.

With their proposed modifications, Plaintiffs resubmit versions of Administrative Directives they offered on August 16, 2021. [*Compare* Doc. 335 *with* Doc. 485]. Defendants already responded to the August 16, 2021, proposals and incorporate their response here. [*See* Doc. 346].

Defendants' primary concern remains with the overarching issue over allowing the Plaintiffs to abolish the deference given to prison officials in crafting procedures in line with a Court's order. [Doc. 346, Section I., pp. 3-5, *citing Westefer v. Neal*, 682 F. 3d 670, 683-86 (7th Cir. 2012) *& Lipscomb v. Pfister*, case no. 12-cv-1041, 2014 U.S. Dist. LEXIS 9366, at *5 (C.D. Ill. Jan. 27, 2014)].

Plaintiffs have provided a few tweaks to their original proposal, but not much in substance. Defendants' original response remains unchanged as to the specific changes requested by Plaintiffs. [Doc. 346, Sections II. & III., pp. 6-17].

Plaintiffs' new request for incorporating staff discipline is both unnecessary and extreme. On the final page of their proposed, amended Administrative Directive on the Evaluation, Treatment and Correctional Management of Transgender Offenders, Plaintiffs propose that disciplinary action that may result in discharge be required for any failure to act in a professional manner or failure to document unprofessional conduct. [Doc. 485-3, p. 22]. Plaintiffs acknowledge that

there is already an Administrative Directive regarding Code of Conduct, Administrative Directive 03.02.108. That policy already requires employees to engage themselves in a professional manner, obey applicable court decisions and orders related to the performance of their job duties, and to comply with departmental rules, written procedures, bulletins and written or verbal orders. Hence, the added language is unnecessary. Regardless, there are due process and bargaining rights afforded to employees. Allowing the Plaintiffs to suggest specific offenses and the nature of discipline is extreme in light of these considerations.

## II.     Plaintiffs' other requests should not be adopted because they contravene the Prison Litigation Reform Act.

In their proposal, Plaintiffs request several modifications that go too far beyond what is contemplated relief under the Prison Litigation Reform Act (PLRA). Plaintiffs request tight timelines for certain acts to be completed, far beyond what was ordered by this Court in any of its preliminary injunction orders.

Plaintiffs request specific steps be taken for class members: by the end of January 2023 Plaintiffs desire the completion of steps with respect to hormone therapy for all class members: Plaintiffs request that each class member approved for surgery be scheduled for consultation by February 8, 2023; a kit of gender-affirming items should be provided to all class members by February 15, 2023; and IDOC host a training at Logan Correctional Center created by The Moss Group by February 1, 2023. [Doc. 485, pp. 3-7]. Plaintiffs also ask the Court to order IDOC to move prisoners housed in Logan Correctional Center's D-Wing by January 13, 2023. [Doc. 485,

p. 5].[1] There are additional deadlines laid out by Plaintiffs in the table attached to their recommendations. [Doc. 485-1, pp. 3-7].

As an initial matter, these deadlines are simply too tight. Although Plaintiffs believe that progress is too slow, it is not as easy as the Plaintiffs believe to accomplish all of these goals and certainly not within a few weeks' time.

More importantly, however, these deadlines and specific requests are not appropriate under the PLRA. Defendants have briefed the PLRA and its limitations in prior filings and will not repeat the same arguments here. Yet, a more recent case supports Defendants' position. In *Rasho v. Jeffreys*, the Seventh Circuit Court of Appeals determined that the scope of an injunction entered against IDOC exceeded the bounds set by the PLRA. 22 F.4th 703, 714 (7th Cir. 2022). Prescribing "exact numbers, types, and duties of IDOC personnel" was found to contravene the PLRA's limitations. *Id*. at 713-14. In reviewing the *Rasho* preliminary injunction, the Seventh Circuit found that the district court erred by decreeing staffing levels and specific timelines of evaluation. *Id*. at 713. In doing so, the district court had conflated the most effective or preferred solution with what is constitutionally required. *Id*. Instead, the district court should have deferred to the IDOC officials' proposal which appropriately had general terms to address unconstitutional conditions. *Id.*, *citing Westefer*, 682 F.3d at 686.

Here, Plaintiffs' proposal fails for the same reasons described in *Westefer* and then in *Rasho*. The proposal is too specific and takes away too much of the discretion afforded to prison officials like the Defendants. Allowing Plaintiffs to take discretion away from the officials while

---

[1] Defendants have already informed this Court that the D Wing at Logan Correctional Center is a general population wing, though it is arranged differently than the dormitory buildings. All prisoners on D Wing—whether cisgender or transgender—are afforded the same out-of-cell time and programming, although an individual may have different limitations based upon an individualized assessment.

imposing their preferred actions and timelines runs counter to federal law and controlling precedent. For these reasons, Plaintiffs' requested modifications should be rejected.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs' proposed modifications to the preliminary injunctions entered in this matter.

Respectfully submitted,

ROB JEFFREYS, MELVIN HINTON, and STEVEN BOWMAN,

Defendants,

Lisa A. Cook, #6298233
Assistant Attorney General
500 South Second Street
Springfield, Illinois   62701
(217) 785-4555 Phone
(217) 524-5091 Fax
Email: lisa.cook@ilag.gov

KWAME RAOUL, Attorney General
State of Illinois

Attorney for Defendants,

By: s/Lisa A. Cook
Lisa A. Cook

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELENA VISION, SORA KUYKENDALL, and SASHA REED, <br><br>Plaintiffs, <br><br>- vs- <br><br>ROB JEFFREYS, MELVIN HINTON, and STEVEN BOWMAN, <br><br>Defendants. | ) ) ) ) ) ) ) ) No. 18-156-NJR ) ) ) ) ) ) |

### CERTIFICATE OF SERVICE

      I hereby certify that on December 29, 2022, the foregoing document, *Defendants' Response to Plaintiffs' Recommendations to Preliminary Injunctions*, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Abby L. Parsons | aparsons@kslaw.com |
| Sarah Jane Hunt | sarahjane@tkennedylaw.com |
| Thomas E. Kennedy, III | tkennedy@tkennedylaw.com |
| Brent P. Ray | bray@kslaw.com |
| Samantha G. Rose | sam.rose@kirkland.com |
| Amelia Bailey | abailey@kirkland.com |
| Camille Bennett | cbennett@aclu-il.org |

And all other counsel of record

                                        s/ Lisa A. Cook
                                        Lisa A. Cook, #6298233
                                        Assistant Attorney General
                                        Office of the Attorney General
                                        500 South Second Street
                                        Springfield, Illinois   62701
                                        (217) 785-4555 Phone
                                        (217) 524-5091 Fax
                                        Email: lisa.cook@ilag.gov