IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JANIAH MONROE,
MARILYN MELENDEZ,
LYDIA HELÉNA VISION,
SORA KUYKENDALL, and
SASHA REED, individually and on
behalf of a class of similarly situated
individuals,

      Plaintiffs,

v.

STEVE MEEKS,
MELVIN HINTON, and
ROB JEFFREYS,

      Defendants.

Case No. 3:18-CV-00156-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

      A Status Conference was held on March 31, 2023, via videoconference, attended by Co-Monitors Dr. Amanda Harris and julie graham, as well as counsel for the parties. This was another continuation of the Status Conference held on December 15, 2022, which was continued on January 19, 2023, and February 21, 2023. Plaintiffs' Motion for Finding of Contempt (Doc. 455) remains under advisement. Another status conference will be held via video on **Wednesday, April 26, 2023, at 10:30 a.m.**

      Following the January 19 Status Conference, the Court entered an Order setting deadlines for certain actions, reports, and certifications to be completed (Doc. 522). **That Order, which contains future deadlines and directives, remains in effect.** Reports have

1

mostly been submitted timely, and some progress has been made in certain areas. For example, as discussed by Co-Monitor Dr. Harris, hormone therapy for class members has improved, referrals to the endocrinology consultant have been made, and regular monitoring indicates that a majority of class members receiving hormone therapy are achieving therapeutic levels.[1]

Unfortunately, however, progress has continued to be sluggish in several key areas, including scheduling consultations for class members who have been approved for gender affirming surgery; finding additional providers for less complicated surgeries; providing training programs to IDOC staff and to inmates at Logan; and ensuring the availability of gender affirming commissary items and clothing. Class members continue to report incidents of noncompliance with the Court's Orders (and stated IDOC policies) prohibiting cross-gender body searches. (*See* Doc. 546). **This is not acceptable**. Privacy for class members while showering has still not been achieved in some locations despite Defendants' certifications of compliance. (Doc. 546). Co-Monitor graham is addressing these issues institution-by-institution—however, private showers and elimination of cross-gender body searches should have been accomplished *long ago*.

The parties' attorneys (and some IDOC representatives) held one meeting with the Co-Monitors in February 2023 to work on substantive matters, and these meetings will continue on a monthly basis. Defendants, as ordered, have identified a "point person" for

---

[1] As previously ordered, Defendants are to file quarterly updates regarding blood hormone levels for all class members. (Doc. 522). The first of these was due in January 2023 and was produced in February 2023.

accountability and communication in these areas of concern:

> **Brittney Schroeder**, commissary;
>
> **Dr. Lamenta Conway**, hormone therapy and gender affirming surgery;
>
> **Dr. William Puga**, CQI program for transgender care, transfers, and the transgender ID policy;
>
> **Justin Hammers**, showers, searches, and training;
>
> **Dr. Shane Reister**, PRISM program;
>
> **Michael Long**, conditions at Logan Correctional Center.

(Doc. 531, p. 2).

In order to step up the pace of progress in achieving constitutionally adequate conditions of confinement for the class, **the Court expects that the appropriate "point person" will participate[2] in any meeting between counsel and the Co-Monitors at which his/her designated area will be discussed**.[3] It is imperative that these meetings are attended by the IDOC official(s) who have decision-making responsibility and accountability on the matter under discussion, and that participating officials are informed on the health care issues involved in all aspects of the ordered preliminary injunctive relief. **To that end, the parties are ORDERED, at least 10 days before any scheduled meeting, to meet and confer to confirm which individuals from IDOC will be in attendance. The participating individuals may be identified by name or by position.**

---

[2] Participation may be achieved remotely by video or telephone.
[3] The parties report that their next meeting to address issues related to compiling and updating the list of persons in custody included in the class is set for April 14, 2023. They anticipate meeting in May to address commissary and gender affirming items.

The Court finds it necessary to adopt the following schedule, to ensure continued timely progress and provide measurable benchmarks. Future timelines set forth in the Order of January 24, 2023 (Doc. 522) are included below. The parties and Co-Monitors are **ORDERED** to do the following:

1. **HORMONE THERAPY:**

    Defendants shall continue to monitor class members' blood hormone levels every three months and shall file quarterly updates regarding blood levels of all class members to the Court under seal and to Co-Monitor Harris.

2. **GENDER AFFIRMING SURGERY**:

    a. Defendants were ordered to file under seal by February 28, 2023, a list of providers contacted for gender affirming surgery. This was not done because Defendants represented that Dr. Schechter would be able to provide all approved surgeries for class members. However, only three individuals have undergone surgery to date, out of the 16 people whose surgery requests have been approved. **Defendants are ORDERED to report whether and when another surgical provider at Rush Medical Center will start accepting patients for gender affirming surgery, no later than April 14, 2023. If availability of another provider at Rush cannot be confirmed by that date, then Defendants shall file under seal a list of other providers contacted for gender affirming surgery, no later than April 14, 2023**.

    b. Defendants were ordered to schedule, for the class members approved for surgery as of January 4, 2023, a surgical consultation with Dr. Schechter to take place no later than March 8, 2023. It appears that only three out of the remaining 13 approved individuals have had their consultations to date. It is unclear whether the additional 10 consultations have occurred or are scheduled. **Defendants are ORDERED to schedule consultations with Dr. Schechter for these individuals, to take place no later than April 7, 2023 (as previously ordered), and to provide the consultation dates to Plaintiffs' counsel and Co-Monitor Harris.**

    c. Defendants state they complied with the order to provide written decisions by March 8, 2023, to each class member who had requested surgery as of January 4, 2023, but had not previously been approved or denied. Any written decision denying surgery was to include the basis for denial,

4

including next steps. **Defendants shall provide copies of these communications to Plaintiffs' counsel no later than April 7, 2023**. Going forward, for any decisions made since January 4 on gender affirming surgery requests by class members, Defendants shall provide Plaintiffs' counsel a copy of each written decision issued to a class member.

3. **CQI:**

    Defendants have certified to the Court that IDOC has a working audit/compliance tool and have provided the revised audit/compliance tool to Co-Monitor Harris for review and comment, but Plaintiffs' counsel did not receive it. Co-Monitor Harris reports that clarification is needed because all class members were not included in the tool provided to her. By **April 14, 2023**, Defendants shall provide the revised audit/compliance tool in its native format to Plaintiffs' counsel and to Co-Monitor Harris for review. Defendants shall also communicate and provided updates to Co-Monitor Harris and Plaintiffs' counsel as all class members are added to the CQI tool.

4. **TRANSFERS:**

    a. By February 1, 2023, Defendants were to update and file under seal the chart showing transfer requests by class members and whether requests were approved or denied, including copies of the associated documentation for denials, and to provide this documentation to Plaintiffs' counsel and to the Co-Monitors. Defendants complied (Docs. 531, 532), but the documentation showed only a small number of transfer requests were considered between October 2022 and February 2023, and it was unclear whether reconsideration had taken place for those whose transfer requests were denied during 2021-2022. The list also contained incorrect information on the location of several class members. The parties are **ORDERED** to confer on this matter and propose a schedule for IDOC to promptly reconsider transfer requests from class members who have been denied, and to timely consider new requests from class member who seek to move to a different facility as part of their social transition. The proposed schedule shall be filed with the Court on or before **April 25, 2023**. Also by that date, Defendants shall file under seal any update to the transfer information filed at Doc. 532.

    b. Defendants shall consider offering a transfer to individual class members where appropriate, to facilitate improved care and social transition, and shall consult with Plaintiffs' counsel and Co-Monitor Harris on criteria and situations where a transfer offer should be made.

    c. The current committee structure for deciding on class members' transfer requests, and the qualifications of the individuals involved continues to be a concern in light of the slow pace of action on class members' transfer requests, and merits continued attention from the parties and Co-Monitors to devise possible solutions.

5. **ISOLATION AT LOGAN**:

Defendants provided documentation to the Co-Monitors and Plaintiffs' counsel regarding class members housed on Logan's D-Wing. The explanation that D-Wing is the location where incoming transferred inmates are housed until an appropriate placement is made is satisfactory at this time.

6. **COMMISSARY:**

The parties are continuing to confer with each other and the Co-Monitors to achieve adequate commissary supplies of gender affirming items throughout IDOC facilities and to reach agreement on the items to be included in a gender-affirming kit for all class members as standard-issue medical care. Co-Monitor graham is consulting with Ms. Schroeder on the overall commissary supply issues including inventory tracking, surveying class members to identify desired items, and gender affirming clothing needs. More work is needed in this area and is ongoing. The parties shall continue this process and shall set compliance deadlines for the gender-affirming kit to be distributed to all class members and to any new transgender person entering IDOC custody. Issues for discussion include what to do if different class members want different items, and whether replenishment of such items for class members will be honored as medical care. The parties shall be prepared to report on progress in this area at the next status hearing.

7. **SHOWERS:**

    a. Defendants have filed new certifications from each IDOC facility that houses at least one class member that such facility provides a private shower for each class member. (Docs. 540, updated at Docs. 547-550)). Unfortunately, incidents of noncompliance have continued to occur. (Docs. 545, 546).[4] Co-Monitor graham has followed up these reports with individual facilities and achieved some corrections, but informs the Court that it will be necessary to address issues with each individual facility because general information from higher administration has not resulted in compliance with the Court's Order to provide private showers to class

---

[4] The parties' 14-day time frame to respond to Co-Monitor graham's notice of noncompliance regarding showers has not yet expired as of the date of this Order.

members.

b. Plaintiffs' counsel shall advise the Court and Co-Monitor graham within **seven days** of their receipt of any reports of noncompliance with the private shower requirement.

c. The parties and Co-Monitors shall discuss and agree on the procedures and deadlines to transfer any class member from a facility that fails to provide him/her/them with a private shower, to a facility where compliance has been achieved. A joint status report on this issue shall be filed by **April 25, 2023**.

8. **SEARCHES:**

   a. Defendants submitted the certification letters from each IDOC facility housing at least one class member that such facility will conduct timely searches only by a person of the same gender as the class member or by using a body scanner. (Doc. 543). Unfortunately, however, problems persist at some institutions (Doc. 546).[5] Co-Monitor graham will continue to follow up with the individual institutions to correct the problems identified, including availability of female officers to conduct searches, and adequate planning to ensure timely searches for pre-planned events such as court and medical writs.

   b. The parties and Co-Monitors shall discuss and agree on the procedures and deadlines to transfer any class member from a facility that fails to comply with the search provisions above, to a facility where compliance has been achieved. A joint status report on this issue shall be filed by **April 25, 2023**.

9. **TRAINING:**

   a. Defendants reported that training of IDOC staff who will conduct training of other staff at Logan should take place in the next two weeks. Defendants shall report to the Court, Plaintiffs' counsel, and the Co-Monitors, **on or before April 25, 2023**, on the content of that training and who participated, as well as the expected timeline for training of all Logan staff to be completed.

   b. A timeline for training of all incarcerated persons at Logan (which is to be reviewed and approved by Co-Monitor graham) has still not been set. By

---

[5] The parties' 14-day time frame to respond to Co-Monitor graham's notice of noncompliance regarding searches has not yet expired as of the date of this Order.

>**April 25, 2023**, Defendants shall report the status of the training program being developed by the Moss Group for all incarcerated persons at Logan and the date by which such training will be completed. The parties and Co-Monitor graham shall discuss and agree on the date by which the training of incarcerated persons at Logan will be completed.

c. It is clear to the Court that IDOC staff who deal with class members on a day-to-day basis must not only be given meaningful training on interacting with class members in a professional manner (e.g., refraining from misgendering, "outing," and harassing class members) **but also must be held accountable for misconduct and unprofessional behavior towards class members**. Supervisors and administrators must take these matters seriously, model professional behavior, and hold their staff accountable. While some IDOC-wide training has been completed as previously ordered, class members continue to experience unprofessional and threatening interactions with IDOC staff. Further training and steps to remedy these ongoing issues must continue to be a matter for the parties, including the named Defendants and the Co-Monitors, to address. Co-Monitor graham reports she has requested Chief Hammers to create an internal training for administrative staff to hold their subordinates accountable in the areas on which they are trained. Defendants shall report the status of developing this training component and the expected timeline to conduct the training by **April 25, 2023**.

d. The parties and both Co-Monitors shall discuss and agree on the date by which additional WPATH training will be completed for all medical and mental health providers serving class members. Defendants shall file certificates of completion by medical/mental health staff no later than **June 30, 2023**.

10. **ADDITIONAL MATTERS & REPORTING (As Ordered in Doc. 522):**

    a. The parties and Co-Monitors shall discuss and set timeframes for Defendants to provide copies to Co-Monitor graham and Plaintiffs' counsel of all class member grievances concerning staff conduct relating to the issues in this case, and for Defendants to provide copies to Co-Monitor graham and Plaintiffs' counsel, and file under seal, of any investigation or disciplinary actions taken against a staff member for violations of AD 03.02.108 (Standards of Conduct) relating to the issues in this case.

    b. Continuing on a monthly basis, Defendants shall provide Plaintiffs' counsel with updates to the IDOC transgender databases for medical care and accommodation.

c. Defendants shall provide to Plaintiffs' counsel any other documents provided to the Co-Monitors, at intervals agreed upon by the parties and Co-Monitors.

d. Defendants shall continue to consult with Co-Monitor graham on the contents and finalization of the "FAQ" handout for transgender/gender nonconforming individuals in custody. This should include information to class members on the procedure to request transfer to a different institution.

**IT IS SO ORDERED.**

**DATED:  April 4, 2023**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**