IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELENA VISION, SORA KUYKENDALL, and SASHA REED, | ) ) ) ) |
| Plaintiffs, | ) ) |
| - vs- | ) No. 18-156-NJR ) |
| LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN, | ) ) ) ) |
| Defendants. | ) |

**JOINT REPORT IN RESPONSE TO ORDER AT DOC. 552**

The Parties, by and through their respective attorneys, provide the following joint report in response to the Court's order entered April 4, 2023, at Doc. 552:

1. The parties and Co-Monitors met via Zoom on April 19, 2023, at 2:00 p.m. CST to discuss the topics as to which the Court had directed the parties and Co-Monitors to confer in the April 4 Order. The meeting lasted until approximately 3:45 p.m.

2. The parties and Co-Monitors discussed the procedure for transfer consideration by the TAC. Defendants' counsel explained that for an individual to be considered for transfer by the TAC, a treating mental health provider is tasked with adding the individual to the Committee schedule and for submitting supporting documentation. The process is the same for re-presenting an individual who was previously denied. There is currently no backlog sitting with TAC and no individuals in custody were presented by a facility provider or added to the schedule for the March 2023 meeting. The parties and Co-Monitors discussed the possibility of having the TAC reach out to the mental health providers if an individual is to be re-presented to inquire about their status and to get them back on the schedule if they wish to proceed with re-presentment.

This is under consideration by IDOC administrators. (Dr. Puga, Defendants' designated "point person" on transfers, was unable to attend this meeting.) Plaintiffs' counsel noted that the process for re-presentation should be automatic and proposed an automatic 6-month outreach to the mental health providers who are the gatekeepers for this process. In addition, after the meeting, Plaintiffs consulted the Court's past orders and note that the Court's August 9, 2021 Order directed that any class member "evaluated and denied transfer" must be "promptly provided with a written explanation of each reason for the denial and allowed to request another evaluation for transfer within 180 days thereafter." Doc. 384 at 4. Plaintiffs would therefore suggest that the "written explanation" currently provided to class members (a short letter from TAC) also contain an explicit statement advising the class member of the right to request another evaluation within 180 days and specify the method for doing so. Finally, Plaintiffs noted that it is not clear that class members have any knowledge, apart from being advised on an ad hoc basis by mental health providers, of the right to seek transfer. Monitor julie graham emphasized the importance of including this information in the "toolkit" for class members.

    3. The parties and Co-Monitors also discussed procedures for transfers of any class member from a facility where they are not provided with a private shower or that fails to comply with the search procedures. [Doc. 522, 7.c. & 8.b.]. The parties and Co-Monitors wish to discuss this further with the Court, as it is not clear whether there must be an actual finding of non-compliance before a transfer could take place. Defendants note that it is also not clear who would make such a finding. Further, there is concern that this aspect could create chaos and confusion if prisoners are transferred from a facility where they prefer to be. Monitor julie graham noted that violations of the shower and search requirements are time-intensive and complicated to investigate and can sometimes be rectified promptly by the facility after discussion with julie

graham. julie graham requested notification from Plaintiffs' counsel of search violations as well as shower violations (as currently required by Court order) and Plaintiffs' counsel committed to providing these.

Respectfully submitted,

| | |
|---|---|
| s/ Camille E. Bennett (*with consent*)<br>Camille E. Bennett<br>Counsel for Plaintiffs<br>ROGER BALDWIN FOUNDATION OF ACLU, INC.<br>150 North Michigan Avenue, Suite 600<br>Chicago, IL 60601<br>Telephone: (312) 201-9740<br>Facsimile: (312) 288-5225<br>cbennett@aclu-il.org | By:  s/Lisa A. Cook<br>Lisa A. Cook, #6298233<br>Assistant Attorney General<br>Attorney for Defendants<br>KWAME RAOUL, Attorney General<br>State of Illinois<br>500 South Second Street<br>Springfield, Illinois  62701<br>(217) 785-4555 Phone<br>(217) 524-5091 Fax<br>Email: lisa.cook@ilag.gov |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
### EAST ST. LOUIS DIVISION

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELENA VISION, SORA KUYKENDALL, and SASHA REED,  Plaintiffs,  - vs-  ROB JEFFREYS, MELVIN HINTON, and STEVEN BOWMAN,  Defendants. | No. 18-156-NJR |

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2023, the foregoing document, ***JOINT REPORT IN RESPONSE TO ORDER AT DOC. 552***, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Abby L. Parsons — aparsons@kslaw.com
Sarah Jane Hunt — sarahjane@tkennedylaw.com
Thomas E. Kennedy, III — tkennedy@tkennedylaw.com
Brent P. Ray — bray@kslaw.com
Samantha G. Rose — sam.rose@kirkland.com
Amelia Bailey — abailey@kirkland.com
Camille Bennett — cbennett@aclu-il.org
And all other counsel of record

s/ Lisa A. Cook
Lisa A. Cook, #6298233
Assistant Attorney General
Office of the Attorney General
500 South Second Street
Springfield, Illinois  62701
(217) 785-4555 Phone
(217) 524-5091 Fax
Email: lisa.cook@ilag.gov