# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELÉNA VISION, SORA KUYKENDALL, and SASHA REED, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ROB JEFFREYS, MELVIN HINTON, and STEVEN BOWMAN,<br><br>Defendants. | Civil No. 3:18-cv-00156-NJR |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY COMPLIANCE WITH ORDERS

Plaintiffs, by and through their undersigned counsel, hereby respond in opposition to Defendants' May 31, 2023 Motion to Stay Compliance with Orders ("Motion to Stay").

Ever since this Court first issued Orders in August 2021 directing Defendants to provide constitutionally adequate medical care to its transgender prisoners, Defendants have continued to either make excuses for their non-compliance with this Court's Orders or delayed compliance further. Defendants recently filed Motions to Vacate Recent Enforcement Orders and to Request and Evidentiary Hearing Prior to Ordering Further Relief ("Motion to Vacate") and to Stay Compliance with the Court's Orders are no different. Such a stay is not only unwarranted and unnecessary, but also unsupported as a matter of law. Furthermore, such a stay would have dangerous consequences for the Plaintiffs whose livelihoods depend on Defendants' compliance with this Court's Orders.

**RELEVANT BACKGROUND**

In August 2021, this Court issued immediate preliminary orders from the bench, finding that the "serious violations of the Eighth Amendment" against transgender prisoners under the care of the Illinois Department of Corrections (IDOC) needed to be "immediately addressed," and ordering the IDOC to provide constitutionally adequate medical care to transgender prisoners. Dkt. 328 at 9.  As of November 2022, compliance with these orders had not occurred, prompting Plaintiffs to file a Motion for Finding of Contempt.  Dkt. 455.  In response to Plaintiffs' motion for a finding of contempt, Defendants asked the Court to believe they were exercising reasonable diligence. Dkt. 462.  Plaintiffs filed a reply on December 13, 2022 enumerating the multiple ways in which Defendants were in contempt of this Court's orders across all standards of care, and as confirmed by the reports by court-appointed Monitors.  Dkt. 477.  Three days later, on December 16, 2022, this Court issued an order directing Defendants to meet certain deadlines for compliance, including meeting with Plaintiffs on a proposed schedule and providing the court with updates on specific issues, such as the status of surgical consultations and body scanners at various facilities. Dkt. 494.

As Defendants have not ceased delaying compliance, the Court has continued to take Plaintiffs' Motion for Contempt under advisement and issued a number of Orders, starting in January 2023, that seek to hold Defendants to their previously-ordered obligations.  These Orders include mandating that the parties meet with the co-Monitors to discuss Defendants' compliance, and that Defendants provide status updates on their compliance within certain categories, such as the provision of hormone therapy and the scheduling of gender affirming surgery consultations. *See, e.g.,* Dkt. 584.  It is these recent Orders which Defendants seek to vacate and for which Defendants now seek a stay of their compliance.  However, Defendants' motions for vacatur and

for a stay are simply more dilatory tactics. Defendants have failed to cite any authority—whether statutorily or through case law—that would justify such a stay. Nor have Defendants identified why or how compliance with this Court's orders is so burdensome that a stay is warranted. For those reasons, and as explained further below, this Court should not stay its Orders and, instead, should find Defendants in contempt and require Defendants to comply with its Orders in full.

## ARGUMENT

Defendants have move to vacate this Court's enforcement orders, starting from January 2023 onwards (*see, e.g.,* Dkts. 522, 552, and 584). These Orders required the parties to schedule monthly meetings including the monitors and required Defendants to provide specific status updates regarding their compliance with respect to certain categories of medical care. As Defendants have continuously failed to comply with their obligations since the Court's first order almost two years ago, such court-imposed deadlines are necessary. However, instead of pursuing avenues for compliance, Defendants have chosen to devote their resources to filing a motion for vacatur (Dkt. 587) and a motion to stay compliance with the Court's recent orders. Defendants purportedly seek a stay to "preserve the resources of the parties and co-Monitors while Defendants' motion is pending." Dkt. 588, at 2. But while Defendants "preserve" their resources, Plaintiffs are left to suffer from their continued noncompliance.

The reason why Defendants' Motion to Stay should be denied is simple: Defendants have provided no authority or evidence—either procedurally or substantively—that justifies such a stay. Defendants have not cited to any procedural vehicle that supports a stay during the pendency of their briefing and instead appear to be relying on their confidence that this Court will grant their Motion to Vacate. Nor have Defendants provided any evidence—declarations or otherwise— explaining *why* a stay is justified under the current circumstances.

In *Howe v. Godinez*, the IDOC similarly attempted to stay compliance with court orders meant to address constitutional violations against prisoners. No. 14-cv-844-SMY (S.D. Ill. Dec. 16, 2021). There, the plaintiffs were civil detainees at Big Muddy River Correctional Center who were classified as "sexually dangerous persons" under the Sexually Dangerous Persons Act, 725 ILCS 205/0.1, *et seq*, and for whom the court had earlier granted a permanent injunction. Under the court's orders, the *Howe* defendants were instructed to provide group therapy to the plaintiffs, were given a timeline to propose independent psychologists to provide recovery/release evaluations for the plaintiffs, and were ordered to file a status report regarding their compliance. *Id.* However, two days before the deadlines established in the court's order, the defendants filed a Motion to Amend Judgment and a subsequent Motion to Stay under Fed. R. Civ. P. 62(c). *Id.* at 2. The court ultimately denied the defendants' Motion to Stay, finding that Fed. R. Civ. P. 62(c) was not properly invoked as there was no appeal pending and, even if Rule 62(c) had applied, the defendants had failed to meet "their heavy burden for such extraordinary relief." *Id.* Specifically, the court emphasized the lack of affidavits or other evidence supporting defendants' assertions regarding their alleged difficulties in complying with the court's order as well as the lack of evidence of any efforts made to comply. *Id.* So should be the case here.

As in *Howe*, Defendants' Motion to Stay asks for this Court to give "more deference" to the IDOC by granting their Motion without any indication of why such deference is warranted. Dkt. 588 at 2. Defendants have also failed to provide evidence or explanation as to why they cannot comply with this Court's Orders and instead have hooked their entire argument for a stay on their confidence that they will succeed with their erroneous interpretation of the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626. As explained further in Plaintiffs' Opposition to Defendants' Motion to Vacate, Plaintiffs' references to the PLRA and the framework laid out

4

in *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012), are similarly misplaced. While Defendants rely on language in *Westefer* regarding the "discretion and flexibility" afforded to prison administrators to argue that they have not been given the requisite latitude, such "discretion" is not permission for noncompliance. This Court has repeatedly given Defendants the opportunity to find their own solutions for compliance and Defendants have repeatedly flouted timelines to avoid doing so. Defendants' Motion to Stay is yet another example of such disregard and should not be rewarded.

This Court has given Defendants ample opportunity to comply with its Orders and to provide the medically necessary care to which Plaintiffs are entitled. Granting a stay now would only further delay Plaintiffs' receiving the care to which they are entitled and would set a dangerous precedent for further dilatory behavior that Defendants will likely continue to exploit. This Court's recent Orders are not only reasonable, but also necessary, and Defendants have not provided any plausible arguments as to why their compliance should be excused.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court denies Defendants' Motion to Stay.

Dated: June 20, 2023

**Amelia H. Bailey**
**Thomas Leahy**
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
*amelia.bailey@kirkland.com*
*thomas.leahy@kirkland.com*

**Brent P. Ray**
KING & SPALDING LLP
110 N. Wacker Drive, Suite 3800
Chicago, IL 60606
Telephone: (312) 995-6333
Facsimile: (312) 995-6330
*bray@kslaw.com*

**Thomas E. Kennedy III**
**Sarah Jane Hunt**
KENNEDY HUNT P.C.
906 Olive Street, Suite 200
Saint Louis, MO 63101
Telephone: (314) 872-9041
*tkennedy@KennedyHuntLaw.com*
*sarahjane@KennedyHuntLaw.com*

Respectfully submitted by:

/s/ *Abby L. Parsons*
**Camille E. Bennett**
**Michelle T. García**
ROGER BALDWIN FOUNDATION
OF ACLU, INC.
150 North Michigan Avenue, Suite 600
Chicago, IL 60601
Telephone: (312) 201-9740
Facsimile: (312) 288-5225
*cbennett@aclu-il.org*
*mgarcia@aclu-il.org*

**Abby L. Parsons**
KING & SPALDING LLP
1100 Louisiana Street, Suite 4100
Houston, TX 77002
Telephone: (713) 751-3294
*aparsons@kslaw.com*

*Attorneys for Plaintiffs*

6

**CERTIFICATE OF SERVICE**

I certify that on June 20, 2023, I electronically filed the foregoing document and any exhibits with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

By: */s/ Abby L. Parsons*