IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELÉNA VISION, SORA KUYKENDALL, and SASHA REED, individually and on behalf of a class of similarly situated individuals, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Civil No. 3:18-cv-00156-NJR |
| v. | )<br>) |
| LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN, | )<br>)<br>) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE TO STATUS REPORT OF SECOND CO-MONITOR**

Pursuant to this Court's orders regarding the Co-Monitors' status reports, the Plaintiffs hereby provide a brief response to the latest Status Report (Dkt. 630) submitted by the second Co-Monitor, julie graham (hereinafter the "graham Report" or "Report"). This Response focuses solely on Defendants' refusal to provide key information and documentation to Co-Monitor graham in violation of the Court's orders.

In December 2021, the Court appointed two co-monitors (also known as Special Masters). To facilitate their monitoring duties, the Court explicitly instructed Defendants to provide the co-monitors and Plaintiffs' counsel with all the requisite "records, reports, documents, data, and other information necessary to conduct this monitoring." Dkt. 370 at 8, 10-12. Moreover, the Court's more recent orders have explicitly directed Defendants to provide Co-Monitor graham and Plaintiffs' counsel with copies of "all class member grievances concerning staff conduct" pertaining to matters relevant to this case. Dkts. 522 at 5, 552 at 8, and 584 at 14. This includes any investigations or disciplinary measures taken against staff members in response to such

1

violations. *Id.*

As the graham Report points out several times, julie graham has encountered significant obstacles in getting the necessary information to fulfill julie graham's monitoring responsibilities. For instance, julie graham states julie graham is not "privy" to information about IDOC's progress in reducing the number of facilities housing class members, and has been unable to obtain a copy of the purportedly modified version of IDOC's Administrative Directive despite expressing concerns about the AD "for months."[1] Dkt. 630 at 1. As highlighted above, Co-Monitor graham was explicitly appointed in part to assist with further revisions of IDOC's AD. Dkts. 370 at 14, 423 at 14. Additionally, julie graham notes that julie graham has not received the specifics of the investigation involving a class member at Menard as well as similar situations at other facilities (Dkt. 630 at 2, 6), which is, again, a violation of the Court's explicit orders directing Defendants to provide such information to the monitors.

Defendants have challenged the Court's orders under the prospective relief provisions of the PLRA but monitoring is not considered "prospective relief" within the meaning of the PLRA. Monitoring serves as a means of *seeking* relief, as explicitly acknowledged by this Court when appointing co-monitors to "oversee" and "advise" the Court on Defendants' compliance, but it does not constitute "relief" in and of itself. It is only when a court implements remedial measures suggested by a monitor or Special Master that it is considered prospective relief under the PLRA. *See* 18 U.S.C. § 3626(a)(1)(A)*; Madrid v. Gomez*, 940 F.Supp. 247, 250 (N.D. Cal. 1996) ("[A]ppointment of a Special Master itself . . . does not appear to constitute 'relief.' This is because a Special Master is simply a device utilized by the Court to assist in the appropriate relief . . . .");

---

[1] It is important to note that the last time the Plaintiffs, Defendants, and Co-Monitors got together to talk about AD was on May 10, 2023. Since then, more than four months have passed. Unfortunately, the Defendants have turned down additional meetings to talk about the AD and have not shared any new information about these revisions.

2

*see also Carruthers v. Jenne*, 209 F.Supp.2d 1294, 1300 (S.D. Fla. 2002); *Coleman v. Wilson*, 933 F.Supp. 954, 957 (E.D. Cal. 1996).

By withholding essential data and documentation, the Defendants not only obstruct the monitors' ability to fulfill their critical role but also undermine the transparency and integrity of the case's progress, or lack thereof. This lack of cooperation by the Defendants hinders the monitors' ability to gauge compliance with the Court's orders, potentially allowing the Defendants to operate without proper oversight—directly contradicting the reason for why this Court appointed monitors nearly two years ago. To ensure that the monitors can carry out their duties properly, the Defendants must fully and in good faith cooperate with the court-appointed monitors and the Court's orders to give them relevant information.

Dated: September 19, 2023  Respectfully submitted by:

/s/ Camille E. Bennett

**Brent P. Ray**
KING & SPALDING LLP
110 N. Wacker Drive, Suite 3800
Chicago, IL 60606
Telephone: (312) 995-6333
Facsimile: (312) 995-6330
*bray@kslaw.com*

**Abby L. Parsons**
KING & SPALDING LLP
1100 Louisiana Street, Suite 4100
Houston, TX 77002
Telephone: (713) 751-3294
*aparsons@kslaw.com*

**Thomas E. Kennedy III**
**Sarah Jane Hunt**
KENNEDY HUNT P.C.
906 Olive Street, Suite 200
Saint Louis, MO 63101
Telephone: (314) 872-9041
*tkennedy@KennedyHuntLaw.com*
*sarahjane@KennedyHuntLaw.com*

**Malita Picasso**
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004
Telephone: (212) 549-2561
*mpicasso@aclu.org*

**Camille E. Bennett**
**Michelle T. García**
**Alexis Picard**
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 North Michigan Avenue, Suite 600
Chicago, IL 60601
Telephone: (312) 201-9740
Facsimile: (312) 288-5225
*cbennett@aclu-il.org*
*mgarcia@aclu-il.org*
*apicard@aclu-il.org*

**Amelia H. Bailey**
**Thomas J. Leahy**
**Sam G. Rose**
**Ashton Dubey**
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
*amelia.bailey@kirkland.com*
*thomas.leahy@kirkland.com*
*sam.rose@kirkland.com*
*ashton.dubey@kirkland.com*

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on September 19, 2023, I electronically filed the foregoing document and any exhibits with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

By: */s/ Camille E. Bennett*