**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, | ) | |
| LYDIA HELENA VISION, | ) | |
| SORA KUYKENDALL, and SASHA REED, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| - vs- | ) | No. 18-156-NJR |
| | ) | |
| LATOYA HUGHES, MELVIN HINTON, | ) | |
| and STEVEN BOWMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR**
**DISCOVERY [D/E 657]**

NOW COME the Defendants, LATOYA HUGHES, MELVIN HINTON, and STEVEN

BOWMAN (sued in their official capacities as IDOC administrators), and hereby provide their

Response to Plaintiffs' Emergency Motion for Discovery [d/e 657], stating as follows:

**BACKGROUND**

On July 14, 2023, Plaintiffs filed a Motion for transfer of class member and other class

members [d/e 606] out of Pinckneyville Correctional Center ("Pinckneyville"), and Defendants

subsequently filed a response on August 11, 2023. [d/e 616]. Within their original Motion,

Plaintiffs specifically identified that they were seeking the transfer of Class Member O.A. and

other class members from Pinckneyville due to "repeated violations of the Court's enforcement

orders concerning searches and showers." [d/e 606]. Plaintiffs subsequently filed a reply [d/e 627]

with exhibits [d/e 628]. On September 14, 2023, the Court set the Motion for an evidentiary

hearing. [d/e 632]. Subsequently, Plaintiffs filed a declaration from Class Member O.A. on

September 18, 2023. [d/e 636]. On October 5, 2023, Plaintiffs filed Exhibits 5 through 22, which

consisted of 17 declarations from other class members. [d/e 640]. On October 12, 2023, the parties participated in an evidentiary hearing before the Court. [d/e 652]. The continuation of the hearing was set for Monday, October 23, 2023. [*Id.*].

Plaintiffs filed an Emergency Motion for Discovery on October 17, 2023, and the Court ordered Defendants to file a response no later than 10:00 a.m. on Wednesday, October 18, 2023. [d/e 657, 658]. For the reasons stated below, Defendants ask the Court to deny Plaintiffs' Motion.

## ARGUMENT

A.    Timeline

Plaintiffs request the Court order Defendants to produce their remaining witnesses, specifically, Pinckneyville's Warden, David Mitchell, Doug Stephens (IDOC Transfer Coordinator's Office Manager), and Dr. Reister (IDOC Southern Regional Psychologist Administrator) for depositions. [d/e 657]. Plaintiffs also seek the deposition of Chief of Operations, Justin Hammers, who Defendants designated as a may-call witness. Defendants maintain, as communicated by AAG Cook on October 4, 2023, and again on Friday, October 13, 2023, that such request is unreasonable in light of the extremely tight timeline and circumstances involving the request. [*See* Plaintiff's Ex. 2, 5, d/e 656-2, 656-5].

Discovery has been closed in this matter for several years. Even so, Federal Rule 30(b)(1) requires a party seeking a deposition to give reasonable notice. Fed. R. Civ. P. 30(b)(1). Here, Plaintiffs first requested depositions of Defendants' witnesses after 5:00 p.m. on Tuesday, October 3, 2023. This request provided only four[1] business days prior to the hearing for depositions of Defendants' witnesses. [*See* Plaintiff's Ex. 2, d/e 656-2]. Defendants declined Plaintiffs' request

---

[1] Monday, October 9, 2023 was a state holiday. *See* https://cms.illinois.gov/personnel/employeeresources/stateholidays.html.

the next morning, on October 4, before 9:00 a.m. Plaintiffs did not raise their request again prior the October 12 hearing.

As of October 4, Defendants had not yet finalized which witnesses were going to be designated for the hearing, as the Court set a deadline of October 10, 2023, to identify such witnesses. Plaintiffs had not yet designated their witnesses, as their witness disclosure for incarcerated class members did not occur until October 5, 2023, and it was unknown whether they would designate any other witnesses to testify. [d/e 632]. Subsequently, Plaintiffs sought depositions following the hearing on Thursday, October 12, 2023, which left five business days to accommodate such. [*See* Plaintiff's Ex. 5, d/e 656-5]. Despite being informed within 24 hours that Defendants would not consent to such request, Plaintiffs waited until the afternoon of Tuesday, October 17, 2023, to file their Emergency Motion. [*See id*; d/e 657]. Plaintiffs seek the deposition of four individuals, requesting at least three hours per person; however, after the time provided for Defendants' response, that leaves only two and a half business days to accommodate such.

Plaintiffs have not been reasonable in their request, nor have they given Defendants reasonable notice in order to finish the depositions they seek. Here, the evidentiary hearing was set on September 14, 2023, for October 12. Plaintiffs waited nearly three weeks to request depositions of anticipated witnesses, giving mere days to allow for coordination, preparation, and completion.

B.   Notice of Positions

Plaintiffs contend Defendants have "enjoyed ample advance notice of Plaintiffs' positions," however, this is not the case, which is cause for Defendants to discuss whether to introduce an additional witness to address Plaintiffs' more recent medical complaints. [d/e 656]. Here, although Plaintiffs' Motion contained other peripheral matters, Plaintiffs initially filed the

instant Motion for transfer under the guise of requesting a transfer for violations of search and shower policies. [d/e 606]. However, the attestations, filed a mere week before the hearing and weeks after Defendants filed their response, and the testimony provided by class members during the hearing concern many more topics than the showers and searches originally identified as the reason for seeking the transfer. Specifically, Defendants are now facing specific allegations of over 17 individuals concerning dietary, mental health, medical treatment, as well as added complaints regarding intimidation and assault and harassment by staff. As Plaintiffs add to their complaints, Defendants have additional points that they must address.

C.     No Legal Support for their Discovery Request

In addition to the other issues noted above, Plaintiffs have provided no legal support for their request to reopen discovery and depose these witnesses. Plaintiffs cite to no case law and their only citation is a passing reference to Federal Rule of Civil Procedure 30(b)(1).

Courts "have an obligation to protect defendants from unfairly expedited discovery." *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 259 F.R.D. 385, 388 (E.D. Wis. Sept. 16, 2009), *citing Centrifugal Acquisition Corp.*, 2009 WL 1249294 at *1 (E.D. Wis. May 6, 2009). Expedited discovery should be the exception, not the norm. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 621 (N.D. Ill. May 19, 2000). Given the short time frame described above, coupled with Plaintiffs' inability to provide legal support for their request, Plaintiffs' motion for discovery should be denied.

Moreover, Plaintiffs waited until the middle of evidence to make their request to this Court. Plaintiffs' witnesses have already testified, and evidence remains open pending the continuance of the evidentiary hearing, which is scheduled for October 23. Plaintiffs provide no basis for the opening of discovery during the middle of the evidence at issue.

D.      Investigations and Interactions with Co-Monitor graham

Plaintiffs contend they must depose Warden Mitchell prior to the hearing as he "has apparently had numerous interactions over time with Co-Monitor julie graham about the conditions at Pinckneyville." [d/e 657, p. 3]. This comes as no surprise as Co-Monitor graham has filed multiple reports and contacted the parties regarding this outreach. [*See* d/e 630, 647]. Plaintiffs seemingly make the duplicitous argument that Warden Mitchell and the Department *should not* be entertaining such conversations or direction while they alternatively condemn the Department for not allowing Co-Monitor graham sufficient access or authority within their Response to Co-Monitor graham's report. [*See* d/e 657, d/e 637]. While Plaintiffs seemingly allege malintent on behalf of Defendants and counsel of record regarding the investigations, investigational interviews and investigations are part of the day-to-day business conducted within the correctional centers. Further, as noted by Co-Monitor graham, graham "did reach out to the Warden at Pinckneyville and requested an investigation and provided information for him to follow up with that individual. It happened immediately." [d/e 630, p. 2].

In court filings, Plaintiffs have repeatedly accused defense counsel/Defendants of interfering with their clients. [*See* d/e 657, p. 2, n. 2]. Defense counsel believes Plaintiffs' filing demonstrates an attempt to mislead this Court and to provide inaccurate information on the record. With respect to Lt. Frank's interactions with class members, the original investigation involving Ms. O.A. in July 2023—the main one Plaintiffs have alluded to in their filings—was *not* requested by defense counsel nor any of the named Defendants or the core group of administrators involved in this case. The record clearly shows the investigation was initiated after co-Monitor julie graham reached out to Pinckneyville's Warden Mitchell with O.A.'s complaints. [d/e 619, p. 10]. A separate email from Plaintiffs' counsel was eventually forwarded to Lt. Frank—not forwarded

from defense counsel—but that was after the Warden had already asked Lt. Mitchell to open an investigation into the complaints. [d/e 619, pp. 10-12].

   Plaintiffs' conclusory statements and claims that defense counsel are improperly directing investigational interviews into their clients' complaints are baseless and frankly inappropriate.

## **CONCLUSION**

In conclusion, Plaintiffs' Motion for discovery should be denied. Plaintiffs first presented their request with a limited number of available days prior to the October 12 hearing set in this matter. Although Plaintiffs re-raised their request, it was during the middle of evidence, as the October 12 hearing is to be continued on October 23. Further, Plaintiffs cannot show any prejudice because they have continued to raise new complaints through declarations and again through their clients' testimony.

To the extent Plaintiffs claim that defense counsel has some unfettered access to their clients, such suggestion is baseless.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request that this Honorable Court deny Plaintiffs' Emergency Motion for discovery. [d/e 657].


                                                    Respectfully submitted,

                                                    LATOYA HUGHES, MELVIN HINTON, and
                                                    STEVEN BOWMAN,

                                                         Defendants,

Lisa Cook, #6298233
Kyrstin Beasley #6323618                            KWAME RAOUL, Attorney General
Assistant Attorney General                          State of Illinois
201 West Pointe Dr., Ste. 7
Belleville, IL 62226                                     Attorney for Defendants,
(618) 236-8781 Phone
(618) 236-8620 Fax                                  By:   s/Lisa Cook
Email: kyrstin.beasley@ilag.gov                           Lisa Cook
        lisa.cook@ilag.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, | ) | |
| LYDIA HELENA VISION, | ) | |
| SORA KUYKENDALL, and SASHA REED, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| - vs- | ) | No. 18-156-NJR |
| | ) | |
| ROB JEFFREYS, MELVIN HINTON, | ) | |
| and STEVEN BOWMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 18, 2023, the foregoing document, ***Defendants' Response to Plaintiffs' Emergency Motion for Discovery [d/e 657]***, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Abby L. Parsons | aparsons@kslaw.com |
| Sarah Jane Hunt | sarahjane@tkennedylaw.com |
| Thomas E. Kennedy, III | tkennedy@tkennedylaw.com |
| Brent P. Ray | bray@kslaw.com |
| Samantha G. Rose | sam.rose@kirkland.com |
| Amelia Bailey | abailey@kirkland.com |
| Camille Bennett | cbennett@aclu-il.org |
| And all other counsel of record | |

s/Lisa Cook
Lisa Cook, #6298233
Assistant Attorney General
Office of the Attorney General
500 S. Second Street
Springfield, Illinois 62704
217-782-5819
Lisa.cook@ilag.gov