IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELÉNA VISION, SORA KUYKENDALL, and SASHA REED, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | Civil No. 3:18-cv-00156-NJR |
| v. | ) ) | |
| STEVEN BOWMAN, MELVIN HINTON, LATOYA HUGHES, | ) ) ) | |
| Defendants. | ) | |

### PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO MONITOR'S REPORT CONCERNING CLASS DEFINITION

On December 2, 2023, Defendants filed a *Response to the Report from Co-Monitor julie graham Dated November 15, 2023* (Dkt. 682) in which they attempt to redefine this already certified class. Plaintiffs file this reply to explain who our clients are, the class members in this case:

1.   On March 4, 2020, the Court certified a class of "all prisoners in the custody of the Illinois Department of Corrections who have requested evaluation or treatment for gender dysphoria." Dkt. 213.

2.   As Defendants' Response to graham's November 15 Report indicates, julie graham believes that Defendants' Administrative Directive should address the needs of nonbinary and gender diverse class members. Dkt. 682 at 1. Defendants assert, without citing any expert or authority, that "non-binary prisoners are, in general, not part of this class." *Id.* Defendants expressed "concerns" over the purported expansion of the class definition. *See id.* at

1

2. Defendants also suggested that Plaintiffs proposed in a draft Administrative Directive to "expand[]" the class to "all gender-nonconforming individuals." *See id*.

3.  This is not a proposed expansion of the class definition. All gender diverse prisoners, including people who are nonbinary, are *already* class members if they have asked for evaluation or treatment for gender dysphoria.

4.  Since December 19, 2019, the Court has repeatedly found the World Professional Association for Transgender Health ("WPATH") Standards of Care as the "appropriate benchmark for treating gender dysphoria." *See* Doc 186 at 31; *see also,* Dkt. 383, pp. 4 n. 3, 5-9 (finding after trial that WPATH Standards of Care is the "benchmark for appropriate care" for *Monroe* class members). Recently, "the Court has considered WPATH's Standards of Care as the constitutional floor of treatment for gender dysphoria" and explained that it tailored the injunctive relief for the class to reflect the Standards of Care, including social role transition, psychotherapy, surgery, and hormone therapy. *See* Dkt. 678 at 12.

5.  The WPATH Standards of Care uses the phrase, "transgender and gender diverse" (TGD) to reflect "people with gender identities or expressions that differ from the gender socially attributed to the sex assigned at birth."[1] "Nonbinary refers to those with gender identities outside of the gender binary."[2]

6.  As the WPATH Standards of Care explains, "[s]ome nonbinary people seek

---

[1] *See* E. Colman, et. al, *Standards of Care for the Health of Transgender and Gender Diverse People*, Version 8, INT'L J. of Transgender Health (2022), at S11, Standards of Care - WPATH World Professional Association for Transgender Health (authors intended inclusive terms that recognize changing nature of language, "avoiding the term gender nonconforming").

[2] *Id.* at S252. A nonbinary person may "identify as partially a man and partially a woman or identify as sometimes a man and sometimes a woman, or identify as a gender other than a man or as a woman, or as not having a gender at all. Nonbinary people may use the pronouns they/them/theirs instead of he/him/his or she/her/hers. Some nonbinary people consider themselves to be transgender or trans; some do not because they consider transgender to be part of the gender binary." *Id.*

gender-affirming care to alleviate gender dysphoria or incongruence and increase body satisfaction through medically necessary interventions . . . "[3] "It is the role of the health care professional to provide information about existing medical options (and their availability) that might help alleviate gender dysphoria or incongruence and increase body satisfaction without making assumptions about which treatment options may best fit each individual person."[4] Besides medical care, WPATH also, recommends that prisons adopt and provide for transgender and gender diverse prisoners the relief that the Court has ordered repeatedly for class members, such as social transition, training for staff, private showers, and housing based on gender identity and expression, not genitalia.[5]

7.  In short, contrary to Defendants' response, Plaintiffs have not asked the Court to expand the class. Prisoners who seek treatment or evaluation for gender dysphoria can be transgender and gender diverse, including nonbinary people.

8.  To provide the constitutional floor for the treatment and evaluation of gender dysphoria, Defendants must use the WPATH Standards of Care, and acknowledge that transgender and gender diverse class members, including those who are nonbinary must receive the relief that the Court has ordered.

---

[3] *Id.* at S81.
[4] *Id.* at S82.
[5] *See id.* at S104-S110 (Describing care for TGD persons in institutional environments, such as prisons).

Dated: December 7, 2023

Respectfully submitted by:

*/s/* Michelle T. García

**Camille E. Bennett**
**Michelle T. García**
**Alexis Picard**
**Mason Strand**
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 North Michigan Avenue, Suite 600
Chicago, IL 60601
Telephone: (312) 201-9740
Facsimile: (312) 288-5225
*cbennett@aclu-il.org*
*mgarcia@aclu-il.org*
*apicard@aclu-il.org*
*mstrand@aclu-il.org*

**Brent P. Ray**
KING & SPALDING LLP
110 N. Wacker Drive, Suite 3800
Chicago, IL 60606
Telephone: (312) 995-6333
Facsimile: (312) 995-6330
*bray@kslaw.com*

**Abby L. Parsons**
KING & SPALDING LLP
1100 Louisiana Street, Suite 4100
Houston, TX 77002
Telephone: (713) 751-3294
*aparsons@kslaw.com*

**Amelia H. Bailey**
**Thomas J. Leahy**
**Ashton Dubey**
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
*amelia.bailey@kirkland.com*
*thomas.leahy@kirkland.com*
*ashton.dubey@kirkland.com*

**Thomas E. Kennedy III**
**Sarah Jane Hunt**
KENNEDY HUNT P.C.
906 Olive Street, Suite 200
Saint Louis, MO 63101
Telephone: (314) 872-9041
*tkennedy@KennedyHuntLaw.com*
*sarahjane@KennedyHuntLaw.com*

**Malita Picasso**
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004
Telephone: (212) 549-2561
*mpicasso@aclu.org*

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on December 7, 2023, I electronically filed the foregoing document and any exhibits with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

By: */s/* Michelle T. García