IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELENA VISION, SORA KUYKENDALL, and SASHA REED, <br><br>Plaintiffs, <br><br>- vs- <br><br>LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN, <br><br>Defendants. | No. 18-156-NJR |

### DEFENDANTS' MOTION FOR STAY PENDING APPEAL

The Defendants, LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN (sued in their official capacities as IDOC administrators), by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, move pursuant to Federal Rule of Civil Procedure 62 and request that this Court stay enforcement of the injunctive relief that this Court entered on November 16, 2023. Doc. 678, pending Defendants' appeal of this Court's judgment, Doc. 699.

### Introduction

On November 16, 2023, this Court entered an order modifying a prior preliminary injunction from February 2022 by changing it to a permanent injunction. Doc. 678, modifying Doc. 384. The Court also found Defendants to be in contempt, concluding that Defendants had not shown reasonable diligence in complying with the February 2022 injunction. Doc. 678, pp. 22-25. In addition, the Court entered judgment in Plaintiffs' favor and granted permanent injunctive relief. Doc. 679.

On December 5, 2023, the parties and co-Monitors attended a status conference. Subsequently, this Court entered a Memorandum and Order, setting a reporting deadline for

January 4, 2024; directing that Defendants continue the reporting that was originally ordered in May 2023; and conveying an intent to schedule regular status hearings, including one in January 2024, as well as a possible evidentiary hearing in February 2024. Doc. 693.

Defendants filed a notice of appeal on December 14, 2023, from the judgment and order granting permanent injunctive relief. Doc. 699. Defendants now seek to stay the enforcement of that injunctive relief pending the appeal. As expressed during the hearing on December 5, Defendants intend to comply with the Court's separate order regarding Pinckneyville transfer reviews. *See* Doc. 680. Defendants also intend to comply with the reporting requirements detailed in Doc. 693 that are due on January 4, 2024. Defendants do not intend to change course as to the work that is already underway with respect to class members' care; however, Defendants seek a stay of any further orders, evidentiary hearings, reporting, etc. related to the enforcement of the judgment and contempt orders that are subject to appeal. For these reasons, as argued below, Defendants seek a stay of the injunction that is the subject of the pending appeal.

## Legal Standard

Federal Rule of Civil Procedure 62(c) provides that a final judgment in an action for an injunction is not stayed after being entered, even if an appeal is taken, unless the Court orders otherwise. Section (d) of the same rule allows a court to suspend or modify an injunction while an appeal is pending from a final order that grants an injunction on terms for bond or other terms that secure the opposing party's rights. Fed. R. Civ. P. 62(d). The factors for issuing a stay require the applicant to show that (1) they are likely to succeed on the merits of their appeal; (2) the applicant will be irreparably injured absent a stay; (3) issuance of a stay will not substantially injure the other parties; and (4) the stay is within the public interest. *Nken v. Holder*, 556 U.S. 418, 426 (2009), *quoting Hilton v. Braunskill*, 481 U.S. 770, 776-77 (1987).

**Argument**

Stays are "necessary to mitigate the damage that can be done during the interim period before a legal issue is finally resolved on its merits." *A&F Enters., Inc. II v. IHOP Franchising LLC (In re A&F Enters., Inc. II)*, 742 F.3d 763, 766 (7th Cir. 2014). The goal of a stay is to minimize the costs of error. *Id*. Although the factors for a stay pending appeal largely mirror the factors for a preliminary injunction, the context requires a fairly strong threshold showing of the likelihood of success because the applicant's arguments have already been evaluated by the same court. *See In re Forty-Eight Insulations*, 115 F.3d 1294, 1301 (7th Cir. 1997).

In this vein, actions taken pursuant to Rule 62(c) should, at a minimum, aid the appeal by preserving the *status quo*. *See United States v. Spectrum Brands, Inc.*, 2018 U.S. Dist. LEXIS 9187, at *3 (W.D. Wis. Jan. 19, 2018). Based upon Defendants' actions towards compliance over the several years that the preliminary injunctions were in place, Defendants do not intend to undo those actions if a stay is granted; rather, Defendants merely seek to preserve the *status quo* by staying enforcement of the November 2023 injunction and judgment that are the subject of the pending appeal.

**A. Defendants have a likelihood of success on the merits of their appeal.**

Recognizing that this Court has rejected many of Defendants' arguments in this matter in favor of the Plaintiffs' position, Defendants are not required to convince this Court as to their case. Defendants are tasked only with making a "strong showing" that they are likely to succeed on the merits for this Court to issue the requested stay. *See Hilton*, 481 U.S. at 776. Defendants have provided information to this Court as well as the parties and co-Monitors to demonstrate steps that IDOC has taken to comply with the Court's injunctions. Although the Court has not found Defendants to be "energetic" in compliance and has described some progress as

"sluggish," this Court has recognized progress in earlier orders. *See* Docs. 331, 522, & 552. And, the judgment entered on November 16, 2023, includes relief that indisputably has been mooted or resolved in whole. Doc. 679, p. 2, ¶¶ 5-6 & following ¶¶ 1-2; p. 4, ¶¶ 11, 12,[1] 13, 14, 15, 16; p. 5 ¶¶ 18 & 20. Many other of the provisions have been complied with; however, there are disputes as to the scope of compliance in whole or in part.

Simultaneously, Defendants have presented a strong showing concerning the legal issues with Plaintiffs' requested relief, the breadth of this Court's orders, the minimizing of the deference afforded to Defendants and IDOC administrators, and procedural errors in this matter. *See* Docs. 238, 346, 499, & 587. Defendants' arguments on the breadth and scope of the relief provided to Plaintiffs and sovereignty concerns have relied on the plain language of the Prison Litigation Reform Act and established case law, as well as newer, precedential opinions that have been released in recent years. Defendants will also argue that errors leading up to the Court's November 2023 order and final judgment warrant reversal of that relief. By extension, Defendants will raise challenges to the continuation of preliminary injunctions that had expired automatically under the PLRA and contempt findings based upon expired injunctions. In addition, this Court's February 2022 order was a preliminary injunction by its own terms that expired and there is no identifiable authority under the PLRA or case law that authorized the Court to retroactively modify an expired preliminary injunction to make it a permanent one, as occurred here.

For these reasons, Defendants have met their burden in making a strong showing that supports the requested stay in this matter.

---

[1] Paragraph 12 (directing Defendants to finalize a contract with Dr. Schechter) was based upon confusion of the circumstances and was later addressed. In any event, Dr. Schechter is the surgeon providing gender-affirming surgeries.

**B. Defendants will suffer irreparable injury if no stay is put in place at this juncture.**

Moreover, the other stay factors weigh in Defendants' favor. If a court determines that the party has a lowered likelihood of success on the merits, the balance of harms may make up for it based upon a "sliding scale." *A&F Enters., Inc. II*, 742 F.3d at 766.

Foremost in this balancing is the injury to Defendants if no stay is put into place. The balance of harms is to be considered "primarily in terms of the balance of risk of irreparable harm in case of a judicial error." *Camelot Banquet Rooms, Inc. v. United States SBA*, 14 F.4th 624, 628 (7th Cir. 2021). This Court has expressed its intention to proceed with another evidentiary hearing in February 2024 in relation to its November 2023 order and judgment.

Moreover, this Court has already found the Defendants in contempt of the Court's injunction. Doc. 678, p. 25. Although it declined to impose sanctions at that time, it found that Defendants failed to be reasonably diligent in complying with the Court's orders. Doc. 678. It both encouraged Plaintiffs to file another contempt motion and expressed that it would modify the injunction or enter another enforcement order if it disagrees with Defendants' plan on achieving full compliance. *Id.*, p. 25.

In addition, Plaintiffs have proceeded with another transfer motion, this time to transfer class members out of Menard Correctional Center. Doc. 705. Such motions distract from the nature of this class action, which was certified pursuant to Federal Rule 23(b)(2), defined as one in which "the party opposing the class has acted or refused to act on grounds *that apply generally to the class*, so that final injunctive relief or corresponding injunctive relief is appropriate *respecting the class as a whole*." Fed. R. Civ. P. 23(b)(2). Continuing with such filings while the matter is on appeal will injure the Defendants by requiring them to continuously defend against their compliance, not only with the permanent injunction—which is being challenged on appeal—but

also with any ancillary matters that arise that were not specifically part of the preliminary injunction.

Based upon the history of this matter and the Court's expressed plan, there is a high likelihood that this Court will modify its injunction or issue further purported enforcement orders unless a stay is put into place. The Court has demonstrated its desire to proceed with the priorities of the Plaintiffs and co-Monitors and flagged that it intends to hold an evidentiary hearing in February 2024. There is also a high chance that Plaintiffs will move for another contempt finding based upon the Court's encouragement. Either or both of these actions will leave Defendants in the awkward position of continuing to litigate this matter and defend their ongoing compliance actions while simultaneously appealing overlapping procedural and legal issues to the appellate court.

As this Court has acknowledged there was "confusion . . . unintentionally infused into this case" due to proceedings under the Court's preliminary injunctions, the last of which the Court recently modified to make permanent. Doc. 678, p. 25. In light of the procedural and legal history of this matter, Defendants will be harmed if this matter proceeds while the appeal is pending.

**C. The issuance of a stay will not substantially injure the Plaintiffs.**

The Plaintiffs proceeded on this matter under an Eighth Amendment deliberate indifference claim against agency-wide policies and practices pertaining to the treatment of gender dysphoria. Plaintiffs' complaints spanned allegations of deficiencies in hormone therapy, surgical care, social transition, prison placement, and staff training. Although Plaintiffs do not agree that any of the policies or practices at issue meet the constitutional floor, there is no dispute that staff has received training regarding gender dysphoria, that hormone therapy has improved, that surgical

evaluations and surgeries are occurring, that commissary and clothing offerings have improved, that facility placement has changed (with many transgender female class members housed at a female facility), and that IDOC has improved the overall care and treatment afforded to class members. Docs. 462, 502, 505, 532, 537, 563, 572, 647, 674. In fact, many of the motions or critical monitor reports over the course of 2023 have dealt with isolated complaints from individuals or individual facilities, *e.g.*, Docs. 544, 546, 569, 573, 595, 606, 631, 682, many of which fall outside of the *Departmental* policies or practices set forth in the Departmental rules.

Here, the Defendants do not ask to stay or reverse the efforts it has taken over the previous years in an attempt to achieve compliance and improve care to the Plaintiff class; however, Defendants do seek to preserve the *status quo* as it stands. This will not substantially harm the Plaintiff class but rather will preserve the *status quo* while the matter is on appeal.

**D.  A stay is in the public interest.**

For the public interest element, preservation of the *status quo* remains an important consideration. Courts have found that, in cases where a party sues a governmental entity to enjoin the enforcement of a law or regulation, the last two factors largely overlap. *See, e.g., Peterson v. Vill. of Downers Grove*, 2016 U.S. Dist. LEXIS 13867, *18-19 (N.D. Ill. Feb. 4, 2016). A governmental entity has an interest in non-interference by a federal court with presumptively valid rules. *Id*. Defendants have previously argued that under the Prison Litigation Reform Act they should be allowed to craft procedures and plan how to implement relief that meets the constitutional standards. Doc. 587, pp. 15-18, *citing* Docs. 346 & 499. At this juncture, imposing new obligations on Defendants without appellate review of the process that has been undertaken thus far will only further entrench the Court's involvement in agency operations.

For these reasons, this Court should enter a stay of further proceedings while the appeal taken to the Seventh Circuit Court of Appeals is pending. Defendants intend to comply with the December and January 4 deadlines set forth in Document numbers 680 and 693; however, they request that the Court stay further evidentiary hearings and other substantive proceedings.

WHEREFORE, Defendants respectfully request that this Court stay enforcement orders and related actions, evidentiary hearings, and any other matters that will alter the *status quo* while the appeal to the Seventh Circuit Court of Appeals remains pending.

Respectfully submitted,

LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN,

Defendants,

Lisa A. Cook, #6298233
Assistant Attorney General
500 South Second Street
Springfield, Illinois   62701
(217) 782-5819 Phone
(217) 524-5091 Fax
Email: lisa.cook@ilag.gov

KWAME RAOUL, Attorney General
State of Illinois

Attorney for Defendants,

By:   s/Lisa A. Cook
      Lisa A. Cook

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELENA VISION, SORA KUYKENDALL, and SASHA REED, <br><br> Plaintiffs, <br><br> - vs- <br><br> ROB JEFFREYS, MELVIN HINTON, and STEVEN BOWMAN, <br><br> Defendants. | No. 18-156-NJR |

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2023, the foregoing document, *Defendants' Motion For Stay Pending Appeal*, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Abby L. Parsons | aparsons@kslaw.com |
| Sarah Jane Hunt | sarahjane@tkennedylaw.com |
| Thomas E. Kennedy, III | tkennedy@tkennedylaw.com |
| Brent P. Ray | bray@kslaw.com |
| Samantha G. Rose | sam.rose@kirkland.com |
| Amelia Bailey | abailey@kirkland.com |
| Camille Bennett | cbennett@aclu-il.org |
| And all other counsel of record | |

s/ Lisa A. Cook
Lisa A. Cook, #6298233
Assistant Attorney General
Office of the Attorney General
500 South Second Street
Springfield, Illinois   62701
(217) 782-5819 Phone
(217) 524-5091 Fax
Email: lisa.cook@ilag.gov