IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELENA VISION, SORA KUYKENDALL, and SASHA REED, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN,<br><br>Defendants. | No. 18-156-NJR |

**DEFENDANTS' MOTION TO STAY PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS OR, ALTERNATIVELY, TO EXTEND TIME TO RESPOND**

**Introduction**

On November 16, 2023, this Court entered judgment in favor of the Plaintiffs and against Defendants (IDOC administrators sued in their official capacities) and granted permanent injunctive relief. [Doc. 679]. On December 14, 2023, Defendants filed a notice of appeal to the United States Court of Appeals for the Seventh Circuit. [Doc. 699]. Defendants also moved for a stay of enforcement of the judgment pending appeal. [Doc. 709].

On February 26, 2024, Defendants-Appellants filed their appellants' brief with the Seventh Circuit. Plaintiffs-Appellees have not yet filed their brief in response.

On March 11, 2024, after multiple extensions of time, Plaintiffs filed their motion for attorneys' fees and costs. [Doc. 756]. The filing is over 400 pages, including 18 pages of briefing and the remainder as supporting documentation for their requested $3,002,311.08 in fees and

$513,925.41 in costs. The following day, Plaintiffs docketed their bill of costs as a separate filing. [Doc. 757].

Defendants now move to stay briefing and consideration of Plaintiffs' Motion for Attorney's Fees and Costs until resolution of Defendants' pending appeal. In the alternative, under Federal Rule of Civil Procedure 6(b)(1)(A), Defendants seek an extension of time giving them 45 days after the Court provides the class the notice of Plaintiffs' fee petition as required under Fed. R. Civ. P. 23(h) to file a response to Plaintiffs' motion for fees and costs.

## Analysis

**I.   The Court Can And Should Stay Briefing And Consideration Of Plaintiffs' Motion For Fees And Costs To Serve Judicial Economy And The Interests Of Justice.**

This Court can and should stay consideration of Plaintiffs' motion pending resolution of Defendants' appeal, because doing so is the most efficient course of action. Where the losing party takes an appeal on the merits of the case, the district court has the discretion to defer ruling on the prevailing party's motion for attorney's fees. As confirmed in the 1993 Advisory Committee Notes to Fed. R. Civ. P. 54(d), "if an appeal on the merits of the case is taken, the [district] court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice directing under [Rule 54(d)(2)(b)] a new period for filing after the appeal has been resolved."

Although prompt consideration of a fee petition is generally warranted, *see Terket v. Lund*, 623 F.2d 29, 34 (7th Cir. 1980), the Seventh Circuit has recognized that a court may choose not to consider a fee petition prior to the resolution of an appeal. *See Barrington Press, Inc. v. Morey*, 816 F.2d 341, 343 (7th Cir. 1987) (characterizing *Terket* as providing guidance, not a rule). Indeed, many courts within this circuit and beyond have recognized that "'staying the determination of attorneys' fees' is 'the most efficient course of action,' such as when the record is complex and

there are numerous issues on appeal." *GS Cleantech Corp. v. Adkins Energy LLC*, No. 10 C 4391, 2018 U.S. Dist. LEXIS 48807, at *21 (N.D. Ill. Mar. 26, 2018) (quoting *Finnegan v. Myers*, No. 3:08-CV-503, 2016 U.S. Dist. LEXIS 171771, at *2 (N.D. Ind. Dec. 12, 2016)); *see also United States Water Servs. v. Novozymes A/S*, No. 13-cv-864-jdp, 2015 U.S. Dist. LEXIS 107365, at 3 (W.D. Wis.) (deferring consideration of attorney's fees where the case "presents issues of sufficient complexity that it seems prudent to see how the appeal turns out before we tally up and split the bill").[1]

The complex record in this case and the multiple issues on appeal weigh against considering the fee petition now. The pending appeal of the Court's November 16 orders will resolve when and to what extent Plaintiffs prevailed. Just as in *GS Cleantech Corp.*, "any appellate ruling other than a complete affirmance . . . will impact the attorneys' fees issues, requiring the Court and the parties to revisit the issues anew postappeal." 2018 U.S. Dist. LEXIS 48807, at 22.

---

[1] *See also Kryder v. Estate of Rogers*, 321 F. Supp. 3d 803, 809-10 (M.D. Tenn. 2018) ("It would be an incredible waste of time and judicial resources to decide the attorney's fees issue now only to find out later that this Cout's entry of summary judgment…was incorrect."); *Nat'l Farmers' Org., Inc. v. Associated Milk Producers, Inc.*, 850 F.2d 1286, 1312 (8th Cir. 1988) (observing that "rather than undertaking the time-consuming task of determining a reasonable attorney's fee, only to see the effort overturned on appeal . . . the district court wisely deferred ruling on attorney's fees and costs pending appeal"); *Phila. Indem. Ins. Co. v. Cent. Terminal Restoration Corp.*, No. 16-cv-280 T, 2017 U.S. Dist. LEXIS 127153 (W.D.N.Y. Aug. 10, 2017) ("[D]elaying resolution of [defendant's] request for attorneys' fees until [plaintiff's] appeal on the merits has been decided is the more prudent course of action" because an adverse ruling on the merits by the court of appeals would moot the issue); *Casco, Inc. v. John Deere Constr. & Forestry Co.*, No. CV 13-1325 (PAD), 2017 U.S. Dist. LEXIS 54045, at *15 (D.P.R. Mar. 30, 2017) (deferring ruling on motion for attorney fees and costs because "the contested nature of this litigation" made it "reasonable to assume the case will not end here"); *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, No. 5:13CV2145, 2016 U.S. Dist. LEXIS 45955, at *1 (N.D. Ohio Apr. 5, 2016) (same); *Medison Am., Inc. v. Preferred Med. Sys., LLC*, No. 05-2390-V, 2008 U.S. Dist. LEXIS 130062, at *2 (W.D. Tenn. Jan. 29, 2008) (finding it "within the best interests of the parties and the interest of judicial economy to defer ruling on the motion to award attorney fees until after the appeal on the merits to the Sixth Circuit has been completed").

Plaintiffs' motion seeks an award of fees and costs incurred from 2016 (long before the case was filed in 2018) until November 2023. But the resolution of the complex legal issues on appeal will certainly affect Plaintiffs' entitlement to fees and costs. For instance, Defendants assert on appeal that it was error to find that Defendants were deliberately indifferent to the Plaintiff class's serious medical needs. A ruling in Defendants' favor would undo the February 2022 preliminary injunction and the Court's subsequent injunction order entered in November 2023. It would also remove the basis for the August 2021 preliminary injunction on which the February 2022 injunction was based. The appeal could undo all of those orders, leaving Plaintiffs with having prevailed only on the December 2019 preliminary injunction.

On the other hand, if the Court's finding of deliberate indifference is affirmed but the Seventh Circuit decides that the February 2022 preliminary injunction expired under the PLRA after 90 days (in May 2022), then Defendants should not be responsible for Plaintiffs' fees and costs after May 2022. The Seventh Circuit's ruling could also give guidance on whether it would be appropriate to award fees and costs incurred after the expiration of the first post-trial preliminary injunction, which was entered in August 2021 and technically expired in November 2021, and before the imposition of the second post-trial preliminary injunction in February 2022, when arguably no injunctive relief was in place.

Defendants also contend that the Court's January 24, 2023, April 4, 2023, and May 11, 2023, enforcement orders were erroneous, not only because there was no valid injunction to enforce, but also because it was error to find that Defendants failed to make reasonable efforts to comply with the February 2022 injunction, especially absent detailed findings of fact as required under the PLRA. If Defendants win this argument on appeal, then Plaintiffs are not entitled to fees and costs associated with obtaining these orders.

In sum, with this complicated record and the multiple issues on appeal, briefing and consideration of Plaintiffs' motion should await the Seventh Circuit's clarification of whether, when, and to what extent Plaintiffs have prevailed. Without that clarification, it is impossible to assess now what fees and costs might be reasonably owed to Plaintiffs as prevailing parties. Thus, Defendants request that the Court defer briefing and consideration of Plaintiffs' motion until the resolution of the appeal.

## II.  Absent A Stay, An Extension Of Time Is Appropriate And Necessary For Defendants To Adequately Respond To Plaintiffs' Fee Motion.

If the Court does not agree to defer further briefing and consideration of Plaintiffs' fee and costs motion until after the Seventh Circuit decides Defendants' appeal, Defendants request additional time to respond to Plaintiffs' motion. Defendants request to submit a response 45 days after the Court provides the class the required notice under Fed. R. Civ. P. 23(h). This requested extension will give class members a chance to weigh-in on Plaintiffs' motion (as allowed under Rule 23(h)(2)) and will give Defendants additional time needed to assess the substantial information contained in Plaintiffs' motion.

### A. Defendants should not be required to respond to Plaintiffs' motion before the Court provides the notice required under Fed. R. Civ. P. 23(h).

Rule 23(h)(1) provides that after a party files a motion for fees and costs under Rule 54(d)(2), "[n]otice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." Class members must not only receive notice, but also must have an opportunity to object to the petition. Fed. R. Civ. P. 23(h)(2). The rule does not contain an exemption in cases seeking only injunctive or declaratory relief. *See* Fed. R. Civ. P. 23 advisory committee's note (Rule 23(h) "provides a format for all awards of attorney fees and nontaxable costs in connection with a class action."). Defendants should not be required to respond

to Plaintiffs' motion until after class members receive the required notice and submit any objections.

### B. Defendants need additional time to fully evaluate Plaintiffs' motion for over $3 million in fees and over $500,000 in costs.

Defendants also need additional time to assess Plaintiffs' motion. Plaintiffs' motion seeks an extraordinary $3,002,311.08 in attorney's fees plus $513,925.41 in costs. Their motion attaches 390 pages of declarations and other documents. Any award of fees and costs will come out of the public budget of the State's correctional system charged with housing and providing for the basic needs of individuals in custody, including the class members. It is critically important both for the advancement of correctional objectives and the protection of taxpayer dollars that Defendants be granted adequate time to evaluate and respond to Plaintiffs' submission. Although counsel for Defendants have begun to analyze Plaintiffs' motion, they have not yet been able to complete their evaluation. If the Court does not agree to defer briefing and consideration on Plaintiffs' motion until after Defendants' appeal is decided, Defendants request to respond to Plaintiffs' motion no sooner than 45 days after the Court provides the notice to the class required under Fed. R. Civ. P. 23(h).

## CONCLUSION

For all of these reasons, Defendants respectfully request that the Court defer briefing and consideration of Plaintiffs' Motion for Attorney's Fees and Costs. In the alternative, Defendants request that Plaintiffs be ordered to provide notice to the class and an opportunity to object, as required by Fed. R. Civ. P. 23(h), and that Defendants' time to respond be extended to 45 days after class notice is provided.

Respectfully submitted,

LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN,

Defendants,

Lisa A. Cook, #6298233
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 782-5819 Phone
(217) 524-5091 Fax
Email: lisa.cook@ilag.gov

KWAME RAOUL, Attorney General
State of Illinois

Attorney for Defendants,

By:  s/Lisa A. Cook

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELENA VISION, SORA KUYKENDALL, and SASHA REED, <br><br>Plaintiffs, <br><br>- vs- <br><br>LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN, <br><br>Defendants. | No. 18-156-NJR-MAB |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2024, the foregoing document, ***Defendants' Motion to Stay Plaintiffs' Motion for Attorney's Fees and Costs or, Alternatively, to Extend Time to Respond***, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Abby L. Parsons         aparsons@kslaw.com
Sarah Jane Hunt         sarahjane@tkennedylaw.com
Thomas E. Kennedy, III  tkennedy@tkennedylaw.com
Brent P. Ray            bray@kslaw.com
Camille Bennett         cbennett@aclu-il.org

And all other counsel of record.

                                              s/ Lisa A. Cook
                                              Lisa A. Cook, #6298233
                                              Assistant Attorney General
                                              Office of the Attorney General
                                              500 South Second Street
                                              Springfield, Illinois 62701
                                              (217) 782-5819 Phone
                                              Email: lisa.cook@ilag.gov