IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JANIAH MONROE,
MARILYN MELENDEZ,
LYDIA HELÉNA VISION,
SORA KUYKENDALL, and
SASHA REED, individually and on
behalf of a class of similarly situated
individuals,

    Plaintiffs,

v.

STEVEN BOWMAN,
MELVIN HINTON, and
LATOYA HUGHES,

    Defendants.

Case No. 3:18-CV-00156-NJR

# ORDER

**ROSENSTENGEL, Chief Judge:**

On the afternoon of January 21, 2025, the undersigned held a status conference with the parties to discuss the next steps in this case given the Seventh Circuit's recent resolution of Defendants' appeal. The Court **ORDERS** the following:

    I. Given this action's new posture and the Seventh Circuit's termination of the previously ordered relief, both Co-Monitors are relieved of their appointments pursuant to 18 U.S.C. § 3626(f). The undersigned sincerely thanks both Dr. Harris and Dr. Chun for their efforts and insight leading to this point.

    II. As the case has changed substantially since Plaintiffs filed their Motion to Transfer Class Members Out of Menard Correctional Center (Docs. 705, 715),

including the standard under which such relief is sought, the Court **DENIES** the motion as moot with leave to refile. Plaintiffs shall refile their motion on or before **February 7, 2025.** Defendants shall file a response no later than **14 days** from the date Plaintiffs file their motion. Once the briefing is received, the Court will set the motion for an in-person hearing by separate notice. Within **7 days** of the filing of Defendants' response, the parties must exchange the names of the witnesses they intend to call at the hearing. With the witness lists, the parties shall include a short summary of the anticipated testimony of each witness. The parties should also submit their lists and summaries to the Court's proposed documents email inbox (NJRpd@ilsd.uscourts.gov).

III. The Court intends to hold a hearing on Plaintiffs' renewed Motion to Transfer Class Members Out of Menard Correctional Center starting on **Tuesday, April 1, 2025, at 9:30 a.m.**, and continuing through **Friday, April 4, 2025**, if necessary. The parties, witnesses, and counsel shall appear in person. A telephone connection will be made available for the public to listen to the proceedings.

IV. If they choose to do so, Plaintiffs shall file an amended complaint on or before **March 3, 2025**. Pursuant to Rule 15, Defendants shall then have **14 days** to file an answer or otherwise respond. FED. R. CIV. P. 15(a)(3). Within their responsive pleading, Defendants must indicate whether they wish to waive or demand a jury trial.[1]

---

[1] Defendants previously waived a jury trial, and the case proceeded to a bench trial. But during the status conference, Defendants indicated that they may reevaluate this course of action going forward.

V. The parties shall serve their initial disclosures pursuant to Federal Rule of Civil Procedure 26 within **14 days** of Defendants' answer or responsive pleading. Of course, the parties are reminded of their ongoing obligation to supplement such disclosures during the pendency of this action. FED. R. CIV. P. 26(e).

VI. The parties shall confer and submit a jointly proposed scheduling order concerning deadlines for fact discovery, expert witness disclosure and reports, expert discovery, and a trial timeline. The parties shall also indicate whether a new ESI protocol is necessary, and if so, propose a deadline to submit such protocol to the Court. The jointly proposed scheduling order shall be submitted to the Court's proposed documents email inbox (NJRpd@ilsd.uscourts.gov) on or before **April 11, 2025**.

**IT IS SO ORDERED.**

**DATED: January 22, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**