IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELÉNA VISION, SORA KUYKENDALL, and SASHA REED, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN,<br><br>Defendants. | Civil No. 3:18-cv-00156-NJR |

**PLAINTIFFS' EMERGENCY MOTION FOR DISCOVERY AND BRIEF CONTINUANCE OF THE APRIL 1-4, 2025 PRELIMINARY INJUNCTION HEARING**

The April 1-4, 2025 hearing on Plaintiffs' motion for preliminary injunction relating to class members at Menard is more than a year in the making. Since Plaintiffs filed their motion on February 14, 2025, Defendants have acted with no urgency and have delayed at every turn. Instead of filing its written response on March 14, 2025, Defendants filed an unsuccessful motion to strike that effectuated a one-week delay. At the same time, on March 5 and 7, respectively, Plaintiffs identified necessary and narrow discovery of Defendants, including, for example, TAC and THAW committee records, the medical and mental health records of the class members living at Menard (10 or 11 people to Plaintiffs' knowledge), and the depositions of the most likely witnesses from IDOC that Plaintiffs intend to call or cross-examine at the hearing.

Yet even now—with the hearing currently scheduled to begin less than one week from today—Defendants have produced no documents or offered a single individual for deposition. Instead, Defendants disclosed to Plaintiffs the identity of *new* class members living at Menard even

as late as March 12, 2025. Plaintiffs are urgently seeking calls with those people to prepare for the hearing.

There is no justification for Defendants' delay. These documents are the same kind of records that Defendants have been collecting and producing for years; the witnesses are intimately familiar with the dispute. The only difference is now Defendants brought in new lawyers from an outside firm to defend the Illinois Department of Corrections and are using their own choice in counsel to unnecessarily delay these proceedings. Defendants object based upon undue burden, impossibility, and the "Apex" doctrine as to Director Hughes' deposition, but Defendants have neither moved for a protective order nor shown they are entitled to rely on that narrow defense.

Accordingly, Plaintiffs respectfully request an order compelling Defendants to *immediately* to produce documents related to these class members and provide dates and times for the depositions of each individual listed on Defendants' witness list.

Despite Plaintiffs' best efforts, Defendants' refusal to cooperate and provide necessary documents and depositions of its witnesses, Plaintiffs have no choice but to seek a brief continuance of the April 1-4, 2025 hearing. Plaintiffs are mindful of the Court's busy docket but cannot proceed with the hearing in less than one week without the requested information from Defendants.

**FACTUAL BACKGROUND**

On February 14, 2025, Plaintiffs filed a Motion for Preliminary Injunction Prohibiting Class Members from Living at Menard Correctional Center (Dkt. 873). Defendants' response was due February 28, with the date for witness exchange set a week thereafter. Dkt. 872, 867 at 2. After two further extensions, Defendants' response was finally filed Friday, March 21.

Defendants have been informed for a long time about Plaintiffs' positions and the harms that class members at Menard face, from Plaintiffs' two motions (Dkts. 705, 873) and more than 25 declarations from class members (Dkts.705, 716, 717, 739-740, 763, 786-787,779-780, 795-796, 800, 811, 823, 843, and 881).

Defendants control the information here and have the records—including the class members' medical and mental health files, the TAC and THAW committee notes, class member grievances, and the reports of any investigations prison staff may have performed into the often-horrifying incidents of abuse reported by class members.

On March 5, Plaintiffs sought the following discovery of Defendants from December 30, 2023 to present as to the Menard class members (a group of no more than 10 or 11 people, to the best of Plaintiffs' knowledge at the time):

(1) any grievances and responses to same;

(2) any records of PREA complaints and responses to same;

(3) any records of discipline and/or investigative files relating to the class member, and any incident reports;

(4) any records of requests made to TAC, THAW or any other committee or individual with responsibility for dealing with requests relating to individuals with gender dysphoria in custody, and responses to same;

(5) mental health records;

(6) medical records;

(7) all transfer requests and denials; and

(8) all requests to be placed in protective custody and denials at Menard.

*See* Exhibit 1 (Bennett March 5 email). Defendants did not respond. On March 7, Plaintiffs renewed this request and again offered to discuss it.

Plaintiffs also requested to depose Dr. Puga, Dr. Reister, Dr. Conway, and Defendant Latoya Hughes and asked for their availability. *See* Exhibit 2 (Bennett March 7 email).

The parties met and conferred several times over the last two weeks attempting to resolve or narrow the dispute but could not do so without filing this motion:

- Four days after the March 5 email, on March 9, Defendants finally responded but only to apologize and say, "We will get back to you tomorrow." *See* Exhibit 3 (Rizzo March 9 email).

- Two days later, on March 11, Defendants' counsel asked for a call, but provided no substantive response. *See* Exhibit 4 (Rizzo March 11 email).

- Finally, on March 12, Defendants sent an email: (1) asserting that Plaintiffs' request for documents dating back to December 2023 (the date of Plaintiffs' original Menard motion) was "overbroad" and only "current conditions" were relevant (which ignores the fact that Defendants' deliberate indifference can be established by conduct over time, *see, e.g., Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)); but (2) promising that, "As to the categories of documents, we are discussing with client and will get back to you ASAP"; and (3) objecting to the deposition of Director Hughes "on a number of grounds including the Apex doctrine" but committing that, "We will provide availability for Drs. Puga, Reister, and Conway." *See* Exhibit 5 (Rizzo March 12 5:14 pm email).

- During the parties' call on March 13, Defendants' counsel Mr. Rizzo committed to providing dates for the depositions of Drs. Puga, Reister, and Conway, as well as the Warden of Menard Correctional Center, during the week of March 24-28; however, he could not make commitments concerning documents as he needed to consult with his co-counsel in the Attorney General's office to whom he had not yet spoken. Mr. Rizzo agreed to take Plaintiffs' position regarding Director Hughes back to his client. *See* Exhibit 6 (Garcia 3/17 email). Defendants' counsel agreed to a further conversation on Monday, March 17.

- On March 17, no call took place, but Plaintiffs' counsel sent a follow-up email asking for a response as to the documents and deposition availability by the following day. Exhibit 6 (Garcia 3/17 email).

- On March 18, a new member of Defendants' counsel team responded asking if a call could be scheduled for Thursday, March 20, but he did not otherwise respond in any way to Plaintiffs' counsel's email to address the requests now dating back to March 5. Exhibit 7 (Brodzik 3/18 email).

- On March 20, the parties held the requested call and discussed Plaintiffs' requests for documents and depositions. Plaintiffs attempted to reach a compromise, asking what information Defendants were capable of producing quickly and/or prioritizing TAC and THAW records and the depositions of the witnesses. Defendants' counsel were unable to make any

4

- commitments concerning documents or deposition availability during that call but promised to get back to Plaintiffs with answers by the end of the day on Friday, March 21. Exhibit 8 (Bennett 3/20 email).

- On March 21, Defendants' counsel responded with a multi-tiered, provisional offer: (1) they would provide availability for *some* depositions (Puga, Reister, Wills) if Plaintiffs would withdraw their requests for others (Conway and Hughes), and (2) they would agree to provide *some* of the requested documents if Plaintiffs would agree not to file a motion to compel. Exhibit 9 (Rizzo 3/21 email). Defendants' email response was lacking in critical ways, providing: (i) no availability for any deponent, (ii) no possible way to depose Dr. Conway as she is undergoing a medical procedure, (iii) seeking more time to produce the TAC and THAW records, despite Plaintiffs' request to prioritize that narrow set of files, and (iv) quantifying a number of records but refusing to turn them over because of the asserted burden in doing so. Defendants agreed to produce a few categories of documents by Monday, March 24, but have not done so.

Defendants' substantive tactics further compound the need for expedited discovery. On Friday, Defendants also filed a written response to Plaintiffs' motion. That response asserts as a core part of their defense that only "the current situation" at Menard is relevant (Dkt. 892 at 9, 15-17), but Plaintiffs do not even know who the newest class members at Menard are unless Defendants tell them—the identities of several additional class members there were just revealed to Plaintiffs on March 12. Defendants also assert that the class members' allegations are "vague" and do not rise to the level of Eighth Amendment violations (*id*. at 17, *et seq.*)—in other words, they substantively dispute what the class members report, which makes the requested documents and depositions that much more essential to prepare for a focused and orderly hearing.

**LEGAL STANDARD**

Although the Federal Rules of Civil Procedure typically require parties to meet and confer prior to the commencement of discovery in a case, *see* Rule 26(f), the Rules allow for discovery before the parties have conferred when authorized by a court order. *See* FED. R. CIV. P. 26(d)(1); *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011). Moreover, this case is not in

5

the position in which a case typically governed by Rule 26(f) applies, since there is a substantial history of prior discovery here.

District courts in this circuit generally evaluate a motion for expedited discovery by a "good cause" or "reasonableness" standard, considering such factors as: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *Ibarra*, 816 F. at 554.

## ARGUMENT

**I. THE COURT SHOULD COMPEL EXPEDITED DISCOVERY.**

**A. Good Cause Exists to Compel the Timely Production of Documents.**

Plaintiffs meet the standard for expedited document discovery. As stated above, Plaintiffs filed a Motion for a Preliminary Injunction on a matter of substantial urgency on issues first raised in December 2023. Defendants are well aware of the Menard class members, and it is unlikely that they have not gathered most, if not all, of the requested documents in preparation for the upcoming hearing. Plaintiffs previously suggested that Defendants could produce these documents on a rolling basis (*see* Exhibit 2), but as previously stated, to date, Defendants have not provided a single record.

The documents requested by Plaintiffs are both narrowly tailored and serve a critical purpose: to understand the recent and present conditions for class members at Menard. On balance, the corresponding burden on Defendants is low. For example, medical and mental health records of the class members of the class are limited in scope. From class members themselves, medical and mental health services at Menard are limited, if any. Even if documents have to be hand-scanned into a database, there are fewer than 20 class members residing at Menard, and the records

requested date back only the past year-and-a-half. In any event, these records are of the same form and type of document that Defendants regularly collected and produced throughout this litigation.

Given the ongoing staff misconduct reported by the class members, Plaintiffs expect that incident reports and internal investigation reports for class members at Menard will be relatively few. And while grievances, PREA complaints, and transfer requests may be higher in number, that fact itself indicates the need for a full record supporting swift recourse for the class members. In any event, there cannot be an unduly burdensome amount of these documents for fewer than 20 people.

Defendants set forth no burden whatsoever for producing the TAC and THAW committee records for the class members at Menard. These meetings happen infrequently and are kept in a readily accessible place in Defendants' electronic files. Historically, Defendants produce them on a rolling basis, and it should involve no more than a few minutes of work to execute production. Moreover, there has been no claim of privilege or work product in the past of the same kinds of records to slow the process. And no doubt these documents contain the most relevant and recent actions by Defendants about the living conditions of the class, and the outcomes and rationales for the transfer (or denials of transfer) of class members from Menard.

Expedited production of all the requested discovery is warranted.

**B. Good Cause Exists to Compel the Timely Depositions Sought by Plaintiffs.**

Defendants should produce its witnesses for limited depositions before the hearing on Plaintiffs' motion as well. It is fundamental that a "party who wants to depose a person by oral questions must give reasonable notice to every other party." FED. R. CIV. P. 30(b)(1). Plaintiffs sought these depositions as soon as reasonably possible, and, not having Defendants' witness list, made an educated guess as to deponents on March 7. For two weeks now, Plaintiffs have sought—but so far not obtained—the ability to depose Defendants' personnel whom they have reason to

believe are involved in the matters at issue in their motion. Defendants have even said they would provide dates for most of these deponents but have not done so.

Finally, the "Apex" doctrine does not prevent the deposition of Director Hughes. Defendants have not even attempted to demonstrate the application of that doctrine here, even though it is squarely Defendants' burden to meet. *See e.g.*, *Doe ex rel. Doe v. Apple Inc*., No. 3:20-CV-421, 2024 WL 1589467, at *2 (S.D. Ill. Mar. 8, 2024) (Rosenstengel, J.) (collecting cases). This objection, too, is without merit.

To be sure, Director Hughes has unique knowledge relevant to this hearing. Plaintiffs have documentation from Menard class members that shows Director Hughes approved denials of protective custody, which class members requested because of Menard's dangerous conditions. Plaintiffs have reason to believe Director Hughes has also approved denials of class members' requests for transfers out of Menard. Given her position as the "last stop," no other person can provide the same information. This alone is enough to warrant her deposition.

Finally, on March 24, 2025, Defendants served a witness list for the upcoming hearing. Plaintiffs also seek to depose the remaining witnesses on that list, including Lieutenant Curtis Dallas, Jane Moskus, Major Eovaldi, and Major Schoenbeck. Plaintiffs informed Defendants of the need for these depositions on March 24 and have no reason to believe Defendants will timely provide dates for these witnesses. The Court should compel these depositions on the same schedule as the previously disclosed list of deponents.

Plaintiffs' request of each deposition is narrow and reasonable given the circumstances. Plaintiffs also committed to limit these depositions to no more than three hours each. The Court should compel the depositions.

II. **BASED UPON DEFENDANTS' FAILURE TO PROVIDE TIMELY DISCOVERY, THE COURT SHOULD ENTER A BRIEF CONTINUANCE OF THE UPCOMING PRELIMINARY INJUNCTION HEARING.**

Without documents and depositions of Defendants' witnesses, a hearing next week is not feasible and would not be the best use of the Court's resources. The class members deserve to have the Court consider the best evidence to support their claims, and Defendants' refusal to provide timely discovery directly undercuts that opportunity.

Plaintiffs are mindful of the Court's busy docket and will be available to reschedule the hearing (on non-consecutive days, if necessary) to complete the evidentiary hearing shortly after Defendants comply with its discovery obligations. If the Court orders, for example, a seven-day period of time for Defendants to produce documents, followed by a ten-day period of time for Defendants to produce its witnesses for deposition, Plaintiffs could be ready to put on the evidentiary hearing no more than a week later.

## CONCLUSION

Plaintiffs respectfully request that the Court compel Defendants to produce the expedited discovery requested, including the production of requested documents for Menard class members and depositions of Defendants' witnesses identified for the hearing plus Director Hughes. Plaintiffs further request a brief continuance of the April 1-4, 2025 hearing to accommodate the expedited discovery sought here.

Dated: March 25, 2025

**Brent P. Ray**
ARNOLD & PORTER
KAYE SCHOLER LLP
70 West Madison Street Suite 4200
Chicago, IL  60602-4231
Telephone: (312) 583-2325
*brent.ray@arnoldporter.com*

**Abby L. Parsons**
ARNOLD & PORTER
KAYE SCHOLER LLP
700 Louisiana Street Suite 4000
Houston, TX  77002-2755
Telephone: (713) 576-2442
*abby.parsons@arnoldporter.com*

**Thomas E. Kennedy III**
**Sarah Jane Hunt**
KENNEDY HUNT P.C.
906 Olive Street, Suite 200
Saint Louis, MO 63101
Telephone: (314) 872-9041
*tkennedy@KennedyHuntLaw.com*
*sarahjane@KennedyHuntLaw.com*

**Malita Picasso**
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street  New
York, NY 10004
Telephone: (212) 549-2561
*mpicasso@aclu.org*

Respectfully Submitted:

*/s/ Abby L. Parsons*
**Camille E. Bennett**
**Michelle Teresa García**
**Alexis Picard**
**Mason Strand**
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 North Michigan Avenue, Suite 600
Chicago, IL 60601
Telephone: (312) 201-9740
Facsimile: (312) 288-5225
*cbennett@aclu-il.org*
*mgarcia@aclu-il.org*
*apicard@aclu-il.org*
*mstrand@aclu-il.org*

**Amelia H. Bailey**
**Thomas J. Leahy**
**Anne J. Hudson**
**Ashton Dubey**
**Nicole R. Marcotte**
KIRKLAND & ELLIS LLP
333 Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
*amelia.bailey@kirkland.com*
*thomas.leahy@kirkland.com*
*anne.hudson@kirkland.com*
*ashton.dubey@kirkland.com*
*nikki.marcotte@kirkland.com*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on March 25, 2025, I electronically filed the foregoing document and exhibits with the Clerk of Court by using CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

By:   */s/ Abby L. Parsons*