# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELENA VISION, SORA KUYKENDALL, and SASHA REED, <br><br> Plaintiffs, <br><br> - vs- <br><br> LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN, <br><br> Defendants. | No. 18-156-NJR |

### DECLARATION OF JUSTIN PENN

I, Justin Penn, declare pursuant to 28 U.S.C. § 1746, as follows:

1. I am one of the attorneys of record in this case, and I represent the Defendants. In that capacity, I filed an appearance on March 21, 2025. Prior to that, I was involved in discussions with Plaintiffs' counsel to prepare for the upcoming preliminary injunction.

2. I make this Declaration to the best of my recollection and from my own personal knowledge of the matters set forth herein, including the information provided concerning the meet and confer efforts of counsel.

3. On March 18, 2025, my partner James Brodzik emailed Plaintiffs' counsel and requested a call to discuss the discovery sought in light of the timing of the preliminary injunction hearing. Plaintiffs agreed, and the parties set a call for March 20, 2025, at 9:00 a.m.

4. At the outset of the March 20, 2025, meet and confer, I explained that the attorneys representing Defendant did think it was possible to both provide the documents requested and schedule all the depositions Plaintiffs wanted prior to the April 1st hearing.

5. I assumed Plaintiffs' counsel wanted the document production prior to the depositions, which Abby Parsons, one of Plaintiffs' counsel, confirmed was the case.

6. I said Defendants did not object to producing documents if we could do so, but explained it was not possible for Defendants to produce all of the documents requested on a timeline that would allow for two (2) to three (3) hour depositions of each requested witness.

7. Brent Ray, another one of Plaintiffs' counsel, indicated that he would not agree to reschedule the hearing scheduled for April 1, 2025, and would vigorously oppose any request from the Defendants to do so.

8. Because Defendants did not want to move the hearing, I explained I thought we should discuss what could reasonably be done between then and the preliminary injunction. Plaintiffs' counsel collectively indicated that they needed to know what Defendants were willing to provide in terms of documents and witnesses, and indicated that they needed to know Defendants' position by the end of the day Friday, March 21, 2025 Plaintiff's counsel Brent Ray indicated they needed to know by then in order to decide whether to file a motion to compel on Monday morning.

9. I also requested that Plaintiffs' counsel inform Defendants if any documents were a priority, and we agreed to try and prioritize an agreement to produce those documents if that was possible.

10. I also asked if Plaintiffs' counsel were aware of other witnesses they wished to depose, and Plaintiffs' counsel Abby Parsons indicated Plaintiffs would not be able to make that determination until they saw Defendants' witness list.

11. Upon us requesting, Plaintiff's counsel outright refused to discuss their witnesses because "witness exchange is not due until Monday," notwithstanding their own requests and Defense counsel's willingness to informally discuss discovery prior to witness exchange.

11.     In light of the foregoing, Defendants' counsel indicated that Defendants would respond by the end of Friday to inform Plaintiffs' counsel as to what they could produce and which witnesses they could make available prior to the preliminary injunction hearing set for April 1, 2025.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of March, 2025.

           /s/ Justin M. Penn
           Justin M. Penn

1083801\324276108.V1