## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, SORA KUYKENDALL, and SASHA REED, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 3:18-cv-00156-NJR |
| v. | ) ) | |
| LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN, | ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANTS' SECOND EMERGENCY MOTION TO STRIKE

NOW COME the Defendants, LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN (hereinafter "Defendants"), sued in their official capacities as IDOC administrators, hereby move to strike Plaintiffs' eight, untimely filed declarations (Dkt. No. 960), and in support state as follows:

1.     On Monday, May 26, 2025, at 12:56pm, Plaintiffs' counsel sent an e-mail to Defendant's counsel indicating that they had attempted to submit sealed exhibits at some earlier point in the weekend, but that it did not go through.[1]  (Exhibit 1)  The submission was resent in three separate e-mails at 12:59pm that day.  It appears that on the eve of a schedule evidentiary hearing, after witness lists have already been exchanged by the parties, counsel for the Plaintiffs are attempting to turn the hearing into a moving target.

2.     In their sealed filings, which counsel for Defendants only learned about late during the long Memorial Weekend Holiday, Plaintiffs filed *eight* additional untimely declarations that do not appear to have been previously attached, cited or otherwise raised in their opening brief in

---

[1] At least one of Defendants' attorneys received a submission from Plaintiffs via e-mail at approximately 7:00pm on Sunday May 25, 2025, and another one of Defendants' attorneys received a submission later that evening at 11:26pm.

support of their Motion for Preliminary Injunction Prohibiting Class Members from Living at

Menard Correctional Center (hereinafter "Motion"). *See* Plaintiff's Submission of Evidence dated

March 13, 2025, Dkt. No. 880.  These declarations were filed *just days before* the hearing on

Plaintiffs' Motion was set to commence, which is today, May 27, 2025. *See* March 28, 2025, Court

Order, Dkt. 906. Moreover, none of the eight new declarations appear to be from individuals who

have previously provided any evidence in support of Plaintiffs' Motion.

3.      It also appears that counsel for Plaintiffs have been gathering these additional

declarations for weeks without informing counsel of their intention to file this new information on

the eve of the hearing.  Defendants note that the signature on Plaintiffs' Declaration Exhibit M is

dated May 11, 2025.  Moreover, signatures on Plaintiffs' Declaration Exhibits H, I, and J are dated

May 19, 2025, Exhibit K is dated May 20, 20205, Exhibits L and O are dated May 21, 2025, and

Exhibit N is dated May 23, 2025,

4.      This has become a pattern for Plaintiffs, as they had previously filed three untimely

declarations that were also not attached, cited or otherwise raised in their opening brief in support

of their Motion. *See* Dkt. No. 880.  In similar fashion, these declarations were filed the day before

Defendants' response to Plaintiffs' Motion is due, on March 13, 2025. *See*, Dkt. 881.

5.      Federal Rule of Civil Procedure 12(f) provides that a district court "may strike

from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." Fed. R. Civ. P. 12(f). The court may either strike on its own or on a motion by a party

and has considerable discretion in striking any redundant, immaterial, impertinent or scandalous

matter. *Delta Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir.

2009).  "[W]here motions to strike remove unnecessary clutter from the case, they serve to

expedite, not delay." *Woodring v. Jackson County*, 2020 U.S. Dist. LEXIS 205155, *5-6 (citing

*Heller Financial, Inc. v. Midwhey Powder Co*., 883 F.2d 1286, 1294 (7th Cir. 1989) (internal

citation omitted)).  And, "[a]lthough Rule 12(f) relates to matters to be stricken *from pleadings,* the court carries intrinsic authority to strike filings outside of the pleadings context contemplated by that rule." *Woodring*, 2020 U.S. Dist. LEXIS at *6.

6.    As Defendant's have previously noted, Plaintiffs already sought and received a seven (7) day extension to file their opening brief to obtain any necessary declarations. *See* Plaintiff's Motion for Extension, Dkt. No. 870. In doing so, Plaintiffs acknowledged that "time has passed, and Plaintiffs' counsel have been diligently working to reach out to Menard class members to ensure that the motion reflects current information about the conditions at that facility." *Id.* They further acknowledge that "as the Court observed in its order, the case has 'changed substantially' since the original motion was filed (*id.* at 2-3), necessitating revision of the motion." *Id.*

7.    Here, Plaintiffs' untimely filing of eight new declarations the weekend before the hearing on their Motion is set to commence and from entirely new individuals, is inexcusable, and as such, the filings should be stricken as improper and prejudicial, pursuant to "well-settled law." *See Horvath v. Apria Healthcare, LLC, No*. 19 CV 4894, 2019 WL 5725378, at *2 (N.D. Ill. Nov. 5, 2019) (finding that it is established beyond peradventure that it is improper to sandbag one's opponent) (quoting *Murphy v. Village of Hoffman Estates*, No. 95 C 5192, 1999 WL 160305, at *2 (N.D. Ill. Mar. 17, 1999)).

8.    Courts routinely strike or disregard such late submitted evidence, acknowledging the inevitable prejudice to the opposing party were it to be accepted. *See, e.g., Berryhill v. Enhanced Recovery Co. LLC*, No. 17 C 8059, 2019 WL 2325999, at * 2 (N.D. Ill. May 31, 2019) (granting motion to strike new evidence on reply to prevent "onesided presentation of arguments or facts"); *E2Interactive, Inc. v. Blackhawk Network, Inc*., No. 09–CV–629, 2010 WL 1981640, at *1 (W.D. Wis. May 17, 2010) (granting motion to strike supplemental affidavits "aimed at patching holes left in [litigant's] original showing"); *Sommerfield v. City of Chicago*, No. 06 C

3132, 2012 WL 3779104, at *2 (N.D. Ill. Aug. 31, 2012) (granting motion to strike rather than permitting sur-reply, stating "[s]ur-replies necessitated by inappropriate reply briefs take time away from other litigants who are waiting in the endless queue of cases.").

9.      In fact, "issues that could and should have been raised in an opening brief are waived." *See, e.g., Bernardo v. J.D. Nicholas & Assocs, Inc.,* No. 13 C 7085, 2014 WL 4913423, at *3 (N.D. Ill. Sept. 30, 2014) (citing *Pampered Chef v. Alexanian*, 804 F.Supp.2d 765, 788 (N.D. Ill 2011); *see also Tellabs Operations, Inc. v. Fujitsu Ltd.*, 283 F.R.D. 374, 379 (N.D. Ill. 2012).

10.      Plaintiffs' failure to submit the declarations with their opening brief has deprived Defendants of its rightful opportunity to investigate and defend themselves against new purported evidence.  Accordingly, Defendants respectfully request this Court to strike Plaintiffs' late-submitted evidence.

11.      To the extent this Court is inclined to consider this evidence, Defendants respectfully request a continuance of the evidentiary hearing so that they may have an opportunity to properly investigate and respond to the newly presented and untimely declarations. In addition, Defendants also respectfully request an opportunity to file an amended response to Plaintiff's motion.  Further, Defendants' request an additional seven (7) days from any due date set by the Court for the filing of Defendants' proposed amended response to disclose its witness information. Given the last minute nature of these filings, on the eve of trial and well after the date for exchanging information has passed, Defendants request that the hearing on Plaintiffs' Motion be rescheduled and continued to a later date is appropriate and reasonable.

WHEREFORE, Defendants respectfully request that this Honorable Court grant Defendants' Motion to Strike, and in the alternative, continue the evidentiary hearing set for May 27, 2025 in order to allow Defendants' to file an amended response to Plaintiffs' Motion, with a

new deadline for exchange of witness information.


Date: May 27, 2025                          Respectfully submitted,

                                            DEFENDANTS LATOYA HUGHES, MELVIN
                                            HINTON, and STEVEN BOWMAN

                                            */s/ Anshuman Vaidya*
                                            One of the Attorneys for Defendants

                                            Anshuman Vaidya
                                            Hinshaw & Culbertson LLP
                                            151 North Franklin Street, Suite 2500
                                            Chicago, Illinois 60606
                                            Telephone: 312-704-3000
                                            avaidya@hinshawlaw.com
                                            DEFENDANTS LATOYA HUGHES,
                                            MELVIN HINTON, and STEVEN
                                            BOWMAN

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 27, 2025, I electronically filed the foregoing document and any exhibits with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

*/s/ Anshuman Vaidya*
One of the Attorneys for Defendants
