IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, SORA KUYKENDALL, and SASHA REED, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN,<br><br>Defendants. | Civil No. 3:18-cv-00156-NJR |

**DEFENDANTS' AMENDED SECOND EMERGENCY MOTION TO STRIKE**

NOW COME the Defendants, LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN (hereinafter "Defendants"), sued in their official capacities as IDOC administrators, hereby move to strike Plaintiffs' eight, untimely filed declarations (Dkt. No. 941),[1] and in support state as follows:

1. On Monday, May 26, 2025, at 12:56pm, Plaintiffs' counsel sent an e-mail to Defendant's counsel indicating that they had attempted to submit sealed exhibits and some earlier point in the weekend, but that they received a message saying the message may not have been delivered.[2] (Exhibit 1) It appears that on the eve of a schedule evidentiary hearing, after witness lists have already been exchanged by the parties, counsel for the Plaintiffs are attempting to turn the hearing into a moving target.

2. Counsel for Defendants only received the contents of Plaintiffs sealed filings, titled

---

[1] In correspondence with counsel attached as Exhibit 1, Plaintiffs counsel indicated that their sealed filings were entered as Dkt. No. 960. Defendants have amended this motion in part to reflect that Plaintiffs' Third Submission of Evidence was filed under seal as Dkt. No. 941 on May 23, 2025.

[2] It appears Plaintiffs attempted to send the initial e-mail at approximately 6:45pm on Sunday May 25, 2025, which was later received by at least some of the attorneys for Defendants as late as 11:27pm that day. The submission was also resent in three separate e-mails at 12:59pm the following day on Monday, May 26, 2025.

1

Plaintiffs Third Submission of Evidence (*see* Dkt. No. 940), late during the long Memorial Weekend Holiday. In those sealed filings, Plaintiffs filed *eight* additional untimely declarations that do not appear to have been previously attached, cited or otherwise raised in their opening brief in support of their Motion for Preliminary Injunction Prohibiting Class Members from Living at Menard Correctional Center (hereinafter "Motion"). *See* Plaintiff's Submission of Evidence dated March 13, 2025, Dkt. No. 880. These declarations were received *just days before* the hearing on Plaintiffs' Motion was set to commence, which is today, May 27, 2025. *See* March 28, 2025, Court Order, Dkt. 906.

3.     Moreover, it appears that counsel for Plaintiffs have been gathering these additional declarations for weeks without informing counsel of their intention to file this new information on the eve of the hearing. Defendants note that the signature on Plaintiffs' Declaration Exhibit M is dated May 11, 2025. Moreover, signatures on Plaintiffs' Declaration Exhibits H, I, and J are dated May 19, 2025, Exhibit K is dated May 20, 20205, Exhibits L and O are dated May 21, 2025, and Exhibit N is dated May 23, 2025.

4.     This has become a pattern for Plaintiffs, as they had previously filed three untimely declarations that were also not attached, cited or otherwise raised in their opening brief in support of their Motion. *See* Dkt. No. 880. In similar fashion, these declarations were filed the day before Defendants' response to Plaintiffs' Motion is due, on March 13, 2025. *See*, Dkt. 881.

5.     Federal Rule of Civil Procedure 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may either strike on its own or on a motion by a party and has considerable discretion in striking any redundant, immaterial, impertinent or scandalous matter. *Delta Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). "[W]here motions to strike remove unnecessary clutter from the case, they serve to

expedite, not delay." *Woodring v. Jackson County*, 2020 U.S. Dist. LEXIS 205155, *5-6 (citing *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (internal citation omitted)). And, "[a]lthough Rule 12(f) relates to matters to be stricken *from pleadings,* the court carries intrinsic authority to strike filings outside of the pleadings context contemplated by that rule." *Woodring*, 2020 U.S. Dist. LEXIS at *6.

6. As Defendants have previously noted, Plaintiffs already sought and received a seven (7) day extension to file their opening brief to obtain any necessary declarations. *See* Plaintiff's Motion for Extension, Dkt. No. 870. In doing so, Plaintiffs acknowledged that "time has passed, and Plaintiffs' counsel have been diligently working to reach out to Menard class members to ensure that the motion reflects current information about the conditions at that facility." *Id.* They further acknowledge that "as the Court observed in its order, the case has 'changed substantially' since the original motion was filed (*id.* at 2-3), necessitating revision of the motion." *Id.*

7. Here, Plaintiffs' untimely submission of eight new declarations to Defendants' counsel the weekend before the hearing on their Motion was set to commence is inexcusable, and as such, the filings should be stricken as improper and prejudicial, pursuant to "well-settled law." *See Horvath v. Apria Healthcare, LLC, No*. 19 CV 4894, 2019 WL 5725378, at *2 (N.D. Ill. Nov. 5, 2019) (finding that it is established beyond peradventure that it is improper to sandbag one's opponent) (quoting *Murphy v. Village of Hoffman Estates*, No. 95 C 5192, 1999 WL 160305, at *2 (N.D. Ill. Mar. 17, 1999)).

8. Courts routinely strike or disregard such late submitted evidence, acknowledging the inevitable prejudice to the opposing party were it to be accepted. *See, e.g., Berryhill v. Enhanced Recovery Co. LLC*, No. 17 C 8059, 2019 WL 2325999, at * 2 (N.D. Ill. May 31, 2019) (granting motion to strike new evidence on reply to prevent "onesided presentation of arguments or facts"); *E2Interactive, Inc. v. Blackhawk Network, Inc.*, No. 09–CV–629, 2010 WL 1981640, at

*1 (W.D. Wis. May 17, 2010) (granting motion to strike supplemental affidavits "aimed at patching holes left in [litigant's] original showing"); *Sommerfield v. City of Chicago*, No. 06 C 3132, 2012 WL 3779104, at *2 (N.D. Ill. Aug. 31, 2012) (granting motion to strike rather than permitting sur-reply, stating "[s]ur-replies necessitated by inappropriate reply briefs take time away from other litigants who are waiting in the endless queue of cases.").

9. In fact, "issues that could and should have been raised in an opening brief are waived." *See, e.g., Bernardo v. J.D. Nicholas & Assocs, Inc.,* No. 13 C 7085, 2014 WL 4913423, at *3 (N.D. Ill. Sept. 30, 2014) (citing *Pampered Chef v. Alexanian*, 804 F.Supp.2d 765, 788 (N.D. Ill 2011); *see also Tellabs Operations, Inc. v. Fujitsu Ltd.*, 283 F.R.D. 374, 379 (N.D. Ill. 2012).

10. Plaintiffs' failure to submit the declarations with their opening brief has deprived Defendants of its rightful opportunity to investigate and defend themselves against new purported evidence. Accordingly, Defendants respectfully request this Court to strike Plaintiffs' late-submitted evidence.

11. To the extent this Court is inclined to consider this evidence, Defendants respectfully request a continuance of the evidentiary hearing so that they may have an opportunity to properly investigate and respond to the newly presented and untimely declarations. In addition, Defendants also respectfully request an opportunity to file an amended response to Plaintiff's motion. Further, Defendants' request an additional seven (7) days from any due date set by the Court for the filing of Defendants' proposed amended response to disclose its witness information. Given the last minute nature of these filings, on the eve of trial and well after the date for exchanging information has passed, Defendants request that the hearing on Plaintiffs' Motion be rescheduled and continued to a later date is appropriate and reasonable.

WHEREFORE, Defendants respectfully request that this Honorable Court grant

Defendants' Motion to Strike, and in the alternative, continue the evidentiary hearing set for May 27, 2025 in order to allow Defendants' to file an amended response to Plaintiffs' Motion, with a new deadline for exchange of witness information.

Date: May 27, 2025

Respectfully submitted,

DEFENDANTS LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN

 */s/ Anshuman Vaidya*
One of the Attorneys for Defendants

Anshuman Vaidya
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Telephone: 312-704-3000
vrizzo@hinshawlaw.com
DEFENDANTS LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN

## **CERTIFICATE OF SERVICE**

I certify that on May 27, 2025, I electronically filed the foregoing document and any exhibits with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

*/s/ Anshuman Vaidya*
One of the Attorneys for Defendants