**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

JANIAH MONROE, MARILYN MELENDEZ,  )
LYDIA HELENA VISION,  )
SORA KUYKENDALL, and SASHA REED,  )
   )
   )
      Plaintiffs,  )
   )
 - vs-  )      No. 18-156-NJR
   )
LATOYA HUGHES, MELVIN HINTON,  )
and STEVEN BOWMAN,  )
   )
      Defendants.  )

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' EMERGENCY**
**MOTION TO COMPEL AND TO ENFORCE THE COURT'S MARCH 28, 2025**
**DISCOVERY ORDER**

      NOW COME the Defendants, LATOYA HUGHES, MELVIN HINTON, and STEVEN

BOWMAN (hereinafter "Defendants"), sued in their official capacities as IDOC administrators,

and hereby provide their Response in Opposition to Plaintiffs' Emergency Motion to Compel and

to Enforce the Court's March 28, 2025 Discovery Order (hereinafter "Motion"), and state as

follows:

      1.     Plaintiffs in their Motion note that: "Plaintiffs' March 2025 discovery requests

sought documents concerning class members' current conditions at Menad, including, but not

limited to, records related to "1. [a]ny grievances and responses to same; 2. [a]ny records of PREA

complaints and responses to same; [and] 3. [a]ny records of discipline and/or investigative files

relating to the class member, and any incident reports for the class member involved corresponding

to the dates of those disciplinary actions or investigations." *See* Motion, Dkt. No. 942, 3. This is

inaccurate and mischaracterizes their prior, informal discovery requests.

2.    As part of Plaintiffs' Motion for Preliminary Injunction Prohibiting Class Members from Living at Menard Correctional Center, Plaintiffs sought *only* the following informal discovery from December 30, 2023, to present as to the Menard class members:

a.  any grievances and responses to same;
b.  any records of PREA complaints and responses to same;
c.  any records of discipline and/or investigative files relating to the class member, and any incident reports;
d.  any records of requests made to TAC, THAW or any other committee or individual with responsibility for dealing with requests relating to individuals with gender dysphoria in custody, and responses to same;
e.  mental health records;
f.  medical records;
g.  all transfer requests and denials; and
h.  all requests to be placed in protective custody and denials at Menard.

*See* Plaintiffs' First Motion to Compel, Dkt. No. 906. They never used the language "documents concerning class members' current conditions at Menad, including, but not limited to, records related to," as they now inaccurately represent to this court. *Id*. Instead, their requests were limited to the above categories.

3.    The Court ordered Defendants to produce to  the following documents for all class members currently housed at Menard, from December 30, 2023, to the present:

a.  Any grievances and responses to same;
b.  Any records of PREA complaints and responses to same;
c.  Any records of discipline and/or investigative files relating to the class member, and any incident reports for the class member involved corresponding to the dates of those disciplinary actions or investigations.
d.  Any records of requests made to TAC or THAW, and responses to same;
e.  Mental health records;
f.  Medical records;
g.  All transfer requests and denials;
h.  All requests to be placed in protective custody and responses at Menard;
i.  CHAMP (cumulative counseling summaries) (marked attorneys-eyes only for privacy of personal information of victims/private individuals);
j.  The names and IDOC numbers for any additional class members identified at Menard since Defendants' identification of class members to Plaintiffs

on March 12, 2025. Going forward, Defendants shall promptly supplement this production to Plaintiffs for any class members newly identified at or transferred to Menard during the pendency of Plaintiffs' Motion for Preliminary Injunction (Doc. 873)

*See* March 28, 2025, Court Order, Dkt. No. 906, 2-3.

4.    After the depositions of Lieutenant Dallas and Warden Wills, Plaintiffs requested additional, new information. *See* Email Chain, Exhibit 2 to Plaintiffs' Motion, 1-11.

5.    As to Lieutenant Dallas, they request (1) emails related to any investigations of class members, including PREA investigations and grievance investigations; and (2) case summaries documenting the results of the investigations into class members' grievances and PREA complaints. *Id.* at 11.

6.    As discussed above, no email search was requested, discussed or otherwise contemplated by Plaintiffs in their prior, informal discovery requests. They did not include "emails" in their requests nor proposed an ESI protocol.  No search terms, custodians or time-periods were provided.

7.    Plaintiffs equally misrepresent to this Court in their Motion that Defendants somehow agreed that these newly requested emails were responsive to their prior, informal discovery requests. *See* Motion, Dkt. No. 942, 4, 9.

8.    Defendants never made any such statement or agreement. *See* Email Chain, Exhibit 2 to Plaintiffs' Motion, 9. Instead, Defendants agreed, as part of a meet and confer effort, to conduct an ESI search. *Id*. Given the time and resources needed for an ESI search, Defendants advised that they were not sure if they could search, review, and produce the newly requested documents in time for the hearing. *Id*. Additionally, as advised, because the attorney handling the ESI search had a death in her family, there was further delay. *Id*. at 4. Defendants are in the process of conducting the ESI search though, and intend to produce any responsive, non-privileged emails

3

by tomorrow, May 28, 2025, and as such, no order is needed by the court at the time.

9.    Defendants also advised that the reportables, which are contained in the investigatory files, and *previously produced*, are the emails that are sent out to DOC admin outlining the incident including, among other things, the individuals involved. *Id*. at 9.

10.    As to the case summaries, Defendants advised that these are contained in the investigatory files that were previously produced, and noted "[t]o the extent they are not, please let [us] know which investigation." *Id*. at 9. The case summaries are the first page or two of the investigatory files and outline the allegations and state whether the investigation is founded or unfounded. Plaintiffs' counsel never responded that they were not produced or as to which summaries were not produced. *See* Email Chain, Exhibit 2 to Plaintiffs' Motion, 1-11.

11.    As to Warden Wills, Plaintiffs request the following documents that Warden Wills allegedly indicated he reviewed to prepare for his deposition: (1) a "training memo" he presented to his staff at Menard regarding the care and treatment of trans prisoners at the facility, (2) several Warden's Bulletins he drafted and disseminated to his staff at Menard regarding same; (3) several email communications he had with the former co-monitor Julie Graham regarding Ms. Graham's reports/concerns about Menard class members' claims; and (4) a memo he alleged sent to his staff in 2023 or 2024 regarding a policy he implemented at Menard to single-cell trans class members housed there. *Id.* at 7-8.

12.    During meet and confer conferences, Plaintiffs' counsel agreed to withdraw, for now, numbers three (3) and four (4), and instead "meet and confer at some point soon after the hearing to discuss any possible supplemental productions of those." *Id.* at 6.

13.    Defendants advised that " many of the Warden bulletins and memos have already been produced in this case in response to Plaintiffs' Motion or in response to Plaintiffs' notices of

non-compliance regarding showers and searches." *Id.* at 2. Plaintiffs' counsel never responded or advised that they are not in receipt of such bulletins or memos. *Id.* at 1-11.

14.    Regardless, Defendants agreed to produce the documents requested in nos. 1-2, but advised Plaintiffs' they needed additional time to do so. *Id.* at 2. Defendants will make all reasonable efforts to produce these documents on Wednesday, the day the parties agreed to exchange exhibits related to Warden Wills (the parties agreed to exchange exhibits the day before his hearing testimony).

15.    For all of these reasons, Plaintiffs' Motion should be denied in its entirety including Plaintiffs' request for an adverse inference.

Date: March 26, 2025                    Respectfully submitted,

                                        DEFENDANTS LATOYA HUGHES,
                                        MELVIN HINTON, and STEVEN
                                        BOWMAN

                                        */s/ Justin Penn*
                                        One of the Attorneys for Defendants

                                        Justin Penn
                                        Hinshaw & Culbertson LLP
                                        151 North Franklin Street, Suite 2500
                                        Chicago, Illinois 60606
                                        Telephone: 312-704-3000
                                        jpenn@hinshawlaw.com
                                        DEFENDANTS LATOYA
                                        HUGHES, MELVIN HINTON, and
                                        STEVEN BOWMAN

40432\324942888.v3

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on May 27, 2025, I, Peggy Michael served *Defendants' Response to Plaintiffs' Motion to Compel* to all counsel of record via ECF filing, which will accomplish service electronically to all counsel of record.

<u>*/s/ Peggy Michael*</u>
Peggy Michael

40432\324942888.v3