UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELÉNA VISION, SORA KUYKENDALL, and SASHA REED, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiffs,<br><br>v.<br><br>LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN,<br><br>    Defendants. | Civil No. 3:18-cv-00156-NJR |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' AMENDED
SECOND EMERGENCY MOTION TO STRIKE**

  Plaintiffs respond to Defendants' Amended Second Emergency Motion to Strike (Dkt. 947) filed on May 27, 2025. On May 23, 2025, at 1:58 PM, Plaintiffs filed their Third Submission of Evidence in support of the motion for preliminary injunction prohibiting class members from living at Menard Correctional Center, which included ten declarations from class members under seal. Dkts. 940, 941. Four days later, on the first day of the preliminary injunction hearing, Defendants filed their second motion to strike class members' declarations, which requests, in the alternative, to continue the preliminary injunction hearing with a new deadline to exchange witness information. *See* Dkt. 947 at 947.

  Defendants simply cannot have it both ways: Defendants cannot press Plaintiffs for evidence of "current" conditions at Menard (*see* Dkt. 892 at 8-9), while simultaneously seeking to prevent Plaintiffs from submitting declaration evidence of class members detailing those current and ongoing violations. For this and the reasons set forth below, this Court should deny Defendants' motion to strike. Defendants' motion is improper and does not provide good cause to

1

continue the preliminary injunction hearing. *See* FED. R. CIV. P. 12(f); 6(b)(1)(A). The preliminary injunction hearing already is underway and any further delay impacts the health and safety of the class members at Menard. In support, Plaintiffs state as follows:

1. Procedurally, and as a general rule, motions to strike are disfavored because they delay judicial proceedings. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter. FED. R. CIV. P. 12(f). "The burden on a motion to strike is upon the moving party." *DuPont v. Freight Feeder Aircraft Corp., Inc.*, No. 13-CV-256-JPG-DGW, 2013 WL 5694436, at *2 (S.D. Ill. Oct. 18, 2013).

2. Substantively, Defendants failed to demonstrate that the declarations are redundant, immaterial, impertinent, or scandalous to warrant an order to strike. Contrary to Defendants' contention, Plaintiffs did not file these declarations to "sandbag" Defendants or to make the preliminary injunction hearing a "moving target." *See* Dkt. 947 at 1, 2. The May 23, 2025, filing date reflects how difficult it is to communicate with Menard class members in legal calls, the delays that Menard class members have receiving and sending legal mail, and that Defendants disclosed six *new* class members to Plaintiffs' counsel on April 9, 2025 (*see* Dkt. 910).

3. Two of the ten declarations (Exhibits B and E) are not new. They have original wet signatures from class members because Plaintiffs first filed electronically signed declarations. *See* Dkts. 874, 880, 881-2, 941-1, 941-2. Plaintiffs have adopted this practice because it is difficult to obtain declarations and actual signatures from Menard class members quickly. First, Plaintiffs must speak to class members in legal calls, which cannot be scheduled with less than a week's notice and are often limited to one call a week for less than half-an-hour at a time. Thus, to understand the facts and verify them, Plaintiffs' counsel must schedule multiple calls with their

clients. Second, Plaintiffs must send by U.S. mail declarations to class members to review and sign. In some cases, class members do not receive the mailed declarations, and Plaintiffs' counsel has to resend declarations. Finally, class members must review, sign, and mail back the declarations to Plaintiffs' counsel.

4. Regarding the declarations signed by class members between May 11 and May 21, 2025, as in the past, Plaintiffs diligently contacted and interviewed class members as counsel learned of their existence in the class at Menard. *Cf.* Dkt. 947 at 2. Indeed, four of the declarations at issue are from class members that Defendants disclosed to Plaintiffs on April 9, 2025. *See* Dkt. 910. Moreover, the signature date by the class members does not reflect when Plaintiffs actually received the mailed declarations. Plaintiffs' actions of contacting class members—known to Defendants—and filing declarations within a month and a half is neither secretive nor dilatory.

5. Next, Defendants recycle their failed legal argument from their prior motion to strike class members' declarations to argue that Plaintiff should have filed declarations with their opening brief filed in February. *Compare* Dkt. 884 at 3-5, ¶¶6-11, *with* Dkt. 947 at 3-4, ¶¶6-10. As Plaintiffs stated before, these declarations do not reflect new legal arguments or claims but are further evidence of the same alleged Eighth Amendment violations. *See* Dkt. 887 at 3-4. And there is no prejudice to Defendants because Defendants continue to disclose *new* class members at or transferred into Menard to Plaintiffs *after* that briefing closed in March. *See* Dkt. 887, 887-2. This happened in April as well. Dkt. 910.

6. The Court should summarily deny Defendants' alternative request to continue the hearing that has already begun. To date, Defendants have not responded in any way to any declaration filed by any class member. There is no reason now to afford Defendants an "opportunity to properly investigate and respond" to these declarations, including the seven days

3

they requested to disclose additional witnesses for the hearing. Dkt. at 947. Indeed, the last time Plaintiffs agreed to an additional week for Defendants to depose class members through May 22, (*see* Dkt. 920 at 2), Defendants cancelled the depositions less than an hour before the first deposition began. Defendants will have an opportunity to address any declarations as they would with any evidence in any proposed findings of facts or law.

7. This is the third time Defendants requested a continuance of the preliminary injunction hearing without merit. *See* Dkts. 884, 923. Any further continuance should be denied because class members are suffering and urgently need preliminary injunctive relief. *See Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 730 (7th Cir. 1998) (explaining that for a preliminary injunction, "time is often of the essence.").

8. Finally, it is both misleading and incorrect that Plaintiffs' counsel sent courtesy copies of the sealed declarations on Monday, May 26, 2025, at midday. Defendants' own brief acknowledges (in a footnote) that Plaintiffs' counsel attempted to send courtesy copies on Sunday, May 25, by email and that some of Defendants' counsel received them on Sunday. *See* Dkt. 947 at 1, n.2. While Plaintiffs' counsel admittedly failed to send courtesy copies of the sealed filings on Friday, May 23, this was an inadvertent oversight and not gamesmanship. Defendants never reached out to Plaintiffs asking for the filing, either.

WHEREFORE, Plaintiffs respectfully request that the Court deny Defendants' Amended Second Emergency Motion to Strike.

Dated: May 28, 2025

Respectfully Submitted:

*/s/ Michelle Teresa García*

**Brent P. Ray**
**Stephen Ferro**
ARNOLD & PORTER
KAYE SCHOLER LLP
70 West Madison Street Suite 4200
Chicago, IL  60602-4231
Telephone: (312) 583-2325
*brent.ray@arnoldporter.com*
*stephen.ferro@arnoldporter.com*

**Abby L. Parsons**
ARNOLD & PORTER
KAYE SCHOLER LLP
700 Louisiana Street Suite 4000
Houston, TX  77002-2755
Telephone: (713) 576-2442
*abby.parsons@arnoldporter.com*

**Erica McCabe**
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Ave NW,
Washington, DC 20001
Telephone: (202) 942-6821
*erica.mccabe@arnoldporter.com*

**Thomas E. Kennedy III**
**Sarah Jane Hunt**
KENNEDY HUNT P.C.
906 Olive Street, Suite 200
Saint Louis, MO 63101
Telephone: (314) 872-9041
*tkennedy@KennedyHuntLaw.com*
*sarahjane@KennedyHuntLaw.com*

**Malita Picasso**
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street  New
York, NY 10004
Telephone: (212) 549-2561
*mpicasso@aclu.org*

**Camille E. Bennett**
**Michelle Teresa García**
**Alexis Picard**
**Mason Strand**
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 North Michigan Avenue, Suite 600
Chicago, IL 60601
Telephone: (312) 201-9740
Facsimile: (312) 288-5225
*cbennett@aclu-il.org*
*mgarcia@aclu-il.org*
*apicard@aclu-il.org*
*mstrand@aclu-il.org*

**Amelia H. Bailey**
**Thomas J. Leahy**
**Anne J. Hudson**
**Ashton Dubey**
**Nicole R. Marcotte**
**Sarah Legault**
KIRKLAND & ELLIS LLP
333 Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
*amelia.bailey@kirkland.com*
*thomas.leahy@kirkland.com*
*anne.hudson@kirkland.com*
*ashton.dubey@kirkland.com*
*nikki.marcotte@kirkland.com*
*sarah.legault@kirkland.com*

*Attorneys for Plaintiffs*

5

**CERTIFICATE OF SERVICE**

I certify that on May 28, 2025, I electronically filed the foregoing document with the Clerk of Court by using CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.


By:   /s/ *Michelle Teresa Garcia*