IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELÉNA VISION, SORA KUYKENDALL, and SASHA REED, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN,<br><br>Defendants. | Civil No. 3:18-cv-00156-NJR |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MAY 30, 2025 RENEWED ORAL MOTION FOR ADVERSE INFERENCE AND EMERGENCY MOTION TO COMPEL AND TO ENFORCE THE COURT'S MARCH 28, 2025 DISCOVERY ORDER**

Defendants' opposition is legally flawed because it applies the wrong standard and offers no reason why they failed to identify, collect, and produce documents concerning investigations of Menard class members' grievances and PREAs in response to Plaintiffs' March 2025 discovery requests. *See* May 30, 2025 Tr. Hr'g 665:4-7, 666:1-8; Dkt. 942 at 2. Defendants' discovery noncompliance and untimely, post-hearing production on June 6, 2025 warrants the Court drawing an adverse inference that: (i) Defendants failed to timely investigate and/or follow up on Menard class members' grievances and PREA complaints; and (ii) Defendants were aware of Menard guards' nonadherence to transgender prisoner policies prohibiting group showers and double celling. *See* Dkt. 942 at 2, 8-9, 11-12; *see also* May 29, 2025 Tr. Hr'g 316:4-11. The June 6 production itself confirms that Plaintiffs are entitled to this adverse inference, as explained below. Defendants' opposition also misrepresents black-and-white facts in the record both before and during the May 27-30, 2025 preliminary injunction hearing ("Menard hearing"). Plaintiffs' pending Emergency Motion to Compel and to Enforce the Court's March 28, 2025 Discovery

Order ("Motion to Enforce") and the May 30, 2025 Renewed Oral Motion for Adverse Inference should be granted, and the Court should draw the requested adverse inference.

## ARGUMENT

I. **Defendants' Incomplete Production Before the Menard Hearing and Their Discovery Noncompliance Justifies Drawing an Adverse Inference**

Defendants' opposition ignores applicable federal rules and Seventh Circuit caselaw. Dkt. 960. Plaintiffs are entitled to an adverse inference based on Defendants' incomplete production of materials responsive to Plaintiffs' March 2025 discovery requests *before* the Menard hearing, in violation of Defendants' discovery obligations and the Court's March 28, 2025 order compelling Defendants to make a complete production by April 18, 2025 ("Discovery Order"). *See* Dkts. 906, 942. As Plaintiffs' Motion to Enforce established, such noncompliance is punishable under Rule 37(b) "in any one of three instances—where the noncomplying party acted *either* with wil[l]fulness, bad faith *or* fault." *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992) (citation omitted); *see* FED. R. CIV. P. 37(b)(2)(A) (providing for punishment for noncompliance with a discovery order); *see also* Dkt. 942. The "three measures of culpability are each wholly distinct from one another," and a finding of fault alone is sufficient. *Marrocco*, 966 F.2d at 224. Fault is "unconcerned with the non-complying party's subjective motivation," *Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997); *see* Dkt. 960 ¶¶ 16-17, and instead turns on "the reasonableness of the conduct—or lack thereof—which eventually culminated in the violation." *Marrocco*, 966 F.2d at 224.

The Seventh Circuit expressly permits the Court to draw a negative inference from Defendants' failure to produce documents due to their unreasonable conduct, even in the absence of a claim of spoliation, destruction of documents, or failure to preserve. *See, e.g.*, *Neidhoefer v. Automobile Ins.*, 182 F.2d 269, 271 (7th Cir. 1950); *N.L.R.B. v. Dorothy Shamrock Coal Co.*, 833

2

F.2d 1263, 1269 (7th Cir. 1987) (same). That remains black letter law.[1] Defendants do not establish otherwise. *See* Dkt. 960 ¶ 9 (first citing *Norman-Nunnery v. Madison Area Tech. Coll.*, 625 F.3d 422, 428-29 (7th Cir. 2010) (addressing spoliation doctrine and finding no bad faith or other culpability); and then citing *Bracey v. Grondin*, 712 F.3d 1012, 1020 (7th Cir. 2013) (same)).

Defendants instead erroneously focus on rebutting two topics *not* at issue: preservation of electronically stored information (ESI) under Rule 37(e) and destruction of documents. *See* Dkt. 960 ¶¶ 9-11, 14-16. Those arguments are factually and legally wrong.[2]

Here, Defendants' incomplete production *before* the Menard hearing alone justifies an adverse inference under Rule 37(b). Defendants failed to produce responsive materials related to Menard class members' grievances and PREAs by April 18, 2025, in violation of the Court's Discovery Order, Dkt. 906, their discovery obligations, Dkt. 942 at 8-12, and their representation to the Court that they would "make all reasonable efforts to produce the[] documents on Wednesday, [May 28]," Dkt. 949 ¶ 14; *see Langley*, 107 F.3d at 514. It is plainly insufficient that Defendants may have "produce[d] a fair number of documents," *In re Golant*, 239 F.3d 931, 936-37 (7th Cir. 2001), on Thursday, May 29, *see* Dkt. 960 ¶¶ 12-13, 22, given that they "also failed to produce many important documents," including ones "of paramount importance" to Plaintiffs'

---

[1] Annotation, Adverse inference from failure of party to produce available witness or evidence, as affirmative or substantive proof, 70 A.L.R. 1326, Westlaw (database updated weekly) ("[W]here evidence which would properly be part of a case is within the control of the party whose interest it would naturally be to produce it, and, without satisfactory explanation, he fails to do so, the [factfinder] may draw an inference that it would be unfavorable to him."); 2 McCormick On Evid. § 264 (9th ed.), Westlaw (database updated Feb. 2025) (explaining that "tradition has allowed the adversary to use th[e] failure [to produce evidence] as the basis for invoking an adverse inference"); 31A C.J.S. Evidence § 247, Westlaw (database updated May 2025) (same).

[2] Because preservation of ESI is not at issue, Rule 37(e) does not apply. *See* Dkt. 960 ¶¶ 10-11, 14-15. Defendants' opposition also entirely ignores that the Court previously entered an ESI protocol that governs this matter. *See* Dkt. 65; *see also* Dkt. 960 ¶¶ 5, 7, 15.

ability to establish their claims at the Menard hearing. *See In re Golant*, 239 F.3d at 937.[3] Defendants' "complain[t]s that there was neither a court order to compel production pursuant to Rule 37(a) nor a [formal discovery] request" does not (and cannot) excuse or cure their noncompliance. *Langley*, 107 F.3d at 514 (such complaints "fail[] . . . to grasp the plain meaning of Rule 37"); *see* Dkt. 960 ¶¶ 5-7.

Defendants' discovery obligations also extend to conducting "a proper and thorough custodian interview, [which] is mandated by the Federal Rules of Civil Procedure." *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 927 (N.D. Ill. 2021). Yet the May 9, 2025 testimony by Lieutenant Dallas of Menard's Internal Affairs division confirms that he had not been identified as an individual with knowledge and custody of responsive documents. *See* Ex. 1 at 18:15-20:24. And even after he testified that "[a]ll" grievance and PREA incidents are reported by "e-mail as opposed to [in] paper form" and that email is used to track, manage, and follow up on grievance and PREA investigations, Dkt. 942-1 at 54:9-14, 77:14-78:3, 79:4-17[4]—with Plaintiffs' counsel requesting production of those materials *on the record*, *id.* at 78:4-80:5[5]—defense counsel *still* failed to obtain his relevant electronic materials at that time. They instead waited until May 14—seven business days before the Menard hearing began—to request an *initial search* for the materials. *See* Dkt. 960 ¶ 18. Under these circumstances, Defendants' conduct is patently unreasonable for violating their discovery obligations and the Court's Discovery Order

---

[3] Significantly, Defendants' production remains incomplete because their electronic searches did not capture grievances, PREAs, and other investigatory files between December 1, 2023 and August 2024, *see* Dkt. 960 ¶¶ 18-19, because Lieutenant Dallas did not work in Internal Affairs during that time period. Ex. 1, Tr. Dep. Dallas 7:12-19.

[4] Three categories of Plaintiffs' March 2025 discovery requests expressly requested records related to Menard class members' grievances, PREA complaints, and discipline and/or investigative files and responses thereto. Dkt. 942 at 2 (category nos. 1-3).

[5] Defendants are thus factually wrong that "[t]he first time Plaintiffs requested these emails was on Saturday, May 10, 2025." Dkt. 960 ¶ 4.

4

and then refusing to identify, review, and produce *all* responsive grievances and PREAs in time for Plaintiffs to use them at the Menard hearing.

Moreover, documents in Defendants' untimely, post-hearing June 6 production confirm that Plaintiffs are entitled to the adverse inference outlined above, *supra* p. 1. *First*, they establish that Defendants failed to investigate and/or timely follow up on Menard class members' PREAs and grievances. For example:

- April 27, 2025 "Emergency" PREA complaint reflects harassment and safety fears due to transgender status that was not forwarded for review until May 1, 2025, Ex. 2, at Nos. 0426323-27;
- Feb. 28, 2025 PREA complaint reflects a rape by cellmate that was not forwarded for review until March 4, 2025, *id.* at 0426337-40;
- May 2, 2025 "Emergency" PREA complaint for sexual harassment, threats, and no single showers that was not forwarded for review until May 6, 2025, *id.* at 0426341-44;
- Sept. 10, 2024 "Emergency" PREA complaint for sexual harassment and threats that was not forwarded for review until Sept. 16, 2024, and a day later found "not PREA" and left unresolved whether there was "any credible safety threats that would justify moving [class member] to a different cell," *id.* at 0426366-70; and
- June 4, 2024 email confirming that no investigation was opened into April 2024 East Cell House shower assault, *id.* at 0426764-67.

*Second*, the documents show Defendants' awareness of issues at the heart of Menard class members' claims and testimony, such as Menard guards' failure to comply with private shower and single-cell policies and retaliation. *See, e.g.*, Ex. 3, at No. 0426514; *see also id.* at 0426321-22.[6] Accordingly, the requested negative inference is warranted.

## CONCLUSION

For these reasons, the Court should grant Plaintiffs' Motion to Enforce and Renewed

---

[6] As these examples demonstrate, Defendants' failure to timely produce the materials also resulted in undue prejudice to Plaintiffs, who were deprived from using highly relevant evidence at the Menard hearing. *See* Dkt. 960 ¶ 15. That Lieutenant Dallas was not called as a witness does not lessen the prejudice to Plaintiffs. *See id.*

Adverse Inference Motion and draw the adverse inference as stated herein.

Dated: June 20, 2025

**Brent P. Ray**
**Erica McCabe**
**Stephen Ferro**
ARNOLD & PORTER
KAYE SCHOLER LLP
70 West Madison Street Suite 4200
Chicago, IL  60602-4231
Telephone: (312) 583-2325
brent.ray@arnoldporter.com
*erica.mccabe@arnoldporter.com*
*stephen.ferro@arnoldporter.com*

**Abby L. Parsons**
ARNOLD & PORTER
KAYE SCHOLER LLP
700 Louisiana Street Suite 4000
Houston, TX  77002-2755
Telephone: (713) 576-2442
*abby.parsons@arnoldporter.com*

**Sarah E. Prather**
ARNOLD & PORTER
KAYE SCHOLER LLP
250 West 55th Street
New York, NY  10019-9710
Telephone: (212) 836-7816
*sarah.prather@arnoldporter.com*

**Thomas E. Kennedy III**
**Sarah Jane Hunt**
KENNEDY HUNT P.C.
906 Olive Street, Suite 200
Saint Louis, MO 63101
Telephone: (314) 872-9041
*tkennedy@KennedyHuntLaw.com*
*sarahjane@KennedyHuntLaw.com*

Respectfully Submitted:

*s/*Sarah E. Prather
**Camille E. Bennett**
**Michelle Teresa García**
**Alexis Picard**
**Mason Strand**
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 North Michigan Avenue, Suite 600
Chicago, IL 60601
Telephone: (312) 201-9740
Facsimile: (312) 288-5225
*cbennett@aclu-il.org*
*mgarcia@aclu-il.org*
*apicard@aclu-il.org*
*mstrand@aclu-il.org*

**Malita Picasso**
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street New York,
NY 10004
Telephone: (212) 549-2561
*mpicasso@aclu.org*

**Amelia H. Bailey**
**Thomas J. Leahy**
**Anne J. Hudson**
**Ashton Dubey**
KIRKLAND & ELLIS LLP
333 Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
*amelia.bailey@kirkland.com*
*thomas.leahy@kirkland.com*
*anne.hudson@kirkland.com*
*ashton.dubey@kirkland.com*

***Attorneys for Plaintiffs***