**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

JANIAH MONROE, MARILYN           )
MELENDEZ, LYDIA HELÉNA VISION,   )
SORA KUYKENDALL, and SASHA REED, )
individually and on behalf of a class of )
similarly situated individuals,  )
                                 )
            Plaintiffs,          )       Civil No. 3:18-cv-00156-NJR
                                 )
v.                               )
                                 )
STEVEN BOWMAN, MELVIN HINTON,    )
and LATOYA HUGHES               )
                                 )
            Defendants.          )

## PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES AND JURY DEMAND

Plaintiffs, under Fed. R. Civ. P. 12(f), move to strike several affirmative defenses and the jury demand in Defendants' Answer to Plaintiffs' Supplemental Complaint (Doc. 968) for several reasons. First, Defendants' First, Fourth, Fifth, and Ninth Affirmative Defenses are legally insufficient. Second, Defendants are not entitled to a jury trial because this class action seeks injunctive and declaratory relief for violations of the Eighth Amendment, not monetary damages. Finally, Plaintiffs' motion is timely because Plaintiffs filed within 21 days of Defendants' Answer filed on June 16, 2025. *See* Fed. R. Civ. P 12(f)(2). For these reasons explained further below, Plaintiffs respectfully request that the Court strike these portions of Defendants' Answer to Plaintiffs' Supplement Complaint.

### I.      Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading. . . any redundant [or] immaterial . . . matter" or an "insufficient defense." Fed. R. Civ.

1

P. 12(f). Even though motions to strike are disfavored, courts may grant them when the affirmative defenses "are insufficient on the face of the pleadings" or to remove "clutter" because the motions expedite the case. *See Heller Fin., Inc. v. Midwhey Power Co., Inc.,* 888 F.2d 1285, 1294 (7th Cir. 1989). Additionally, "Rule 12(f) motions are employed frequently in this Circuit to strike improper jury demands as to claims for relief which afford no right to jury trial." *See Kremers v. Coca–Cola Co.,* 714 F.Supp.2d 912, 915 (S.D. Ill. 2009) (citations omitted); *see also, Westmore Equities, LLC v. Vill. of Coulterville*, No. 15-cv-0241-MJR-DGW, 2015 WL 13158026, at *1 (S.D. Ill. Nov. 24, 2015) (motions to strike improper jury demands are common and expedite cases).

## II.    Argument

### A.  The First, Fourth, Fifth, and Ninth Affirmative Defenses are Legally Insufficient.

A Court may strike an affirmative defense as legally insufficient under Rule 12(f) if it fails: (1) to be a proper affirmative defense; (2) to meet the pleading requirements of Rules 8 and 9; or (3) to withstand a Rule 12(b)(6) challenge. *See Acuity v. Diamond D. Transport, Inc.*, No. 23-CV-621-JPG, 2023 WL 4157182, at *1 (S.D. Ill. June 23, 2023) *(citing Raquet v. Allstate Corp.*, 348 F. Supp. 3d 775, 781 (N.D. Ill. 2018)). Affirmative defenses that are "bare bones conclusory legal statements" or "boilerplate defenses as mere placeholders without any apparent factual basis" are insufficient. *Hill v. Lakin*, No. 19-CV-00405-JPG, 2019 WL 6327191, at *1 (S.D. Ill. Nov. 26, 2019) (citing *Heller,* 883 F.2d at 1294); *see also* Fed. R. Civ. P. 8. An affirmative defense is a pleading that must assert new facts and arguments that, if they are true, will defeat the plaintiff's claims, even if all allegations in the complaint are true. *W. Am. Ins. Co. v. Mund*, No. 06-CV-0293-DRH, 2007 WL 1266543, at *2 (S.D. Ill. Apr. 30, 2007).

Defendants' First Affirmative Defense is not a proper affirmative defense. An affirmative defense, as opposed to a defense, is one that comes about only after a plaintiff has made their prima facie case." *Acuity*, 2023 WL 4157182, at *1 (*citing Escobedo v. Oswego Junction Enterprises, LLC,* No. 17-cv-0682, 2017 WL 3130643, at *4 (N.D. Ill. Jul. 24, 2017)). Defendants' First Affirmative Defense states:

> The Supplemental Complaint fails to state a claim upon which relief can get granted against Defendants.

Doc. 968 at 55. As the court in *Acuity* explains, "when a defendant attacks the plaintiff's prima facie case, it is a 'negative defense,' which is distinct from an affirmative defense." *See id.* (citation omitted) (granting motion to strike "a failure to state a claim" defense). Thus, the Court should strike this defense.

Defendants' Fourth and Fifth Affirmative Defenses are also legally insufficient because they address claims for monetary damages, but Plaintiffs only seek declaratory and injunctive relief. The Fourth Affirmative Defense provides:

> Under Section 1997e(e) of the Prison Litigation Reform Act:
>
> No Federal civil action may be brought by a prisoner confined in a jail or prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18, United States Code).
> 42 U.S.C. § 1997e(e).
>
> Plaintiffs and their putative class cannot show that they have suffered any physical injury relating to the allegations in their supplemental complaint. Thus, under Section 1997e(e) of the Prison Litigation Reform Act, Plaintiffs and their putative class cannot seek damages solely for alleged mental distress.

Doc. 968 at 56. Likewise, the Fifth Affirmative Defense provides:

> To the extent, Plaintiffs and their putative class are suing Defendants for monetary damages in their official capacity such claims for relief are barred by the Eleventh Amendment.

Doc. 968 at 56. Plaintiffs and the class, however, are suing Defendants in their official capacity for injunctive and declaratory relief, not monetary damages. *See* Doc. 1 at 36-37. Thus, there are no circumstances in which these defenses could succeed, and it should be struck. *See e.g., W. Am. Ins. Co.,* 2007 WL 1266543, at *3 (striking affirmative defense of contributory negligence defense where plaintiff did not allege negligence).

Finally, the Court should strike Defendants' Ninth Affirmative Defense as legally insufficient as a matter of law. Defendants' Ninth Affirmative Defense provides:

> One or more of Plaintiffs' claims involve claims and issues in *Lippert et al. v. Goush et al,* N.D. Ill. Case No. 10-cv-4603 and *Rasho et al. v. Walker et al.,* C.D. Ill. Case No. 07-cv-01298. To the extent that Plaintiffs are members of the classes that have been certified in Lippert and Rasho, Plaintiffs' claims are duplicative and potentially barred by the doctrines of *res judicata* and collateral estoppel.

Doc. 968 at 57. For *res judicata* and collateral estoppel affirmative defenses, a defendant must present "evidence of resolved litigation against defendant[] by plaintiff or by any party in privity with plaintiff." *See City of Chicago v. DoorDash, Inc.,* 636 F. Supp. 3d 916, 923 (N.D. Ill. 2022) (striking defenses for failing to present evidence of resolved litigation and only citing suits against other litigants). Here, Defendants have not stated the resolved litigation or claims in those cases, which would preclude Plaintiffs' only claim. Because Defendants fail to allege all elements for these defenses, the Court should strike them.

**B.  Plaintiffs' Eight Amendment Claim for Declaratory and Injunctive Relief, Does not Afford Defendants' a Right to a Jury Trial.**

Defendants are not entitled to a jury trial. Rule 38(a) preserves the right to a jury trial as declared by the Seventh Amendment or a federal statute. *See* Fed. R. Civ. P. 38(a). The Seventh Amendment guarantees the right to a jury trial in civil suits at common law where the value in controversy shall exceed twenty dollars. *See* U.S. CONST. Amend. VII. But the right to a jury trial occurs for civil "'suits in which *legal* rights [are] to be ascertained and determined, in

4

contradistinction to those where equitable rights alone [are] recognized, and equitable remedies administered.'" *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 564 (1990) (quoting *Parsons v. Bedford*, 28 U.S. 433, 477 (1830)).

"If the only relief sought is equitable, such as an injunction or specific performance (a type of affirmative injunction), neither the party seeking that relief nor the party opposing it is entitled to a jury trial." *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 648 (7th Cir. 2002) (collecting cases); *see also Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 966 (7th Cir. 2004). The assertion of claims for both equitable relief and declaratory judgment is not enough to establish the right to a trial by jury because "[o]therwise anyone seeking an injunction could obtain a jury trial." *Marseilles Hydro Power*, 299 F.3d at 649; *see also Dexia Credit Local v. Rogan*, 629 F.3d 612, 625–26 (7th Cir. 2010).

Recently, the Supreme Court held that "parties have a right to a jury trial on [Prison Litigation Reform Act] exhaustion when that issue is intertwined with the merits of the claim that falls under the Seventh Amendment." *Perttu v. Richards,* 145 S.Ct. 1793, 1800 (2025). In *Perttu,* Richards brought a suit seeking monetary damages against the correctional officer for violating several constitutional rights, including the First Amendment right to file grievances. *See Perttu,* 145 S.Ct. at 1798. The lower court conducted a bench trial on the PLRA affirmative defense of exhaustion, found that Richards had not exhausted the administrative grievance process, and dismissed the case without addressing his substantive claims. *See id.* at 1799. The Court affirmed the Sixth Circuit's reversal because Richards' First Amendment claim for damages, which alleged that a correctional officer prevented and destroyed grievances, was "directly intertwined" with PLRA. *See id.* at 1798, 1806-7.

Here, Plaintiffs bring one claim for a declaratory judgment and an injunction against Defendants for violating class members' Eighth Amendment right to medical care for gender dysphoria. *See* Doc. 1 at 36-38. This is an equitable claim, not a claim for damages subject to the Seventh Amendment's guarantee of a jury trial. *See Marseilles Hydro Power*, 299 F.3d at 649. While Defendants' Third Affirmative Defense addresses PLRA exhaustion (Doc. 968 at 56), whether Plaintiffs have exhausted their administrative remedies is not intertwined with their Eighth Amendment claim for medical care. *Contrast* Docs. 1, 935 *and Perttu,* 145 S.C. at 1798. Thus, under the Seventh Amendment and the PLRA, Defendants are not entitled to a jury trial, and the Court should strike the demand.

WHEREFORE, Plaintiffs respectfully request the Court to strike the First, Fourth, Fifth, and Ninth Affirmative Defenses and jury demand in Defendants' answer (Doc. 968).

Dated: July 7, 2025

Respectfully submitted,

/s/ Michelle Teresa García

**Brent P. Ray**
**Erica McCabe**
**Stephen Ferro**
ARNOLD & PORTER
KAYE SCHOLER LLP
70 West Madison Street Suite 4200
Chicago, IL 60602-4231
Telephone: (312) 583-2325
*brent.ray@arnoldporter.com*
*erica.mccabe@arnoldporter.com*
*stephen.ferro@arnoldporter.com*

**Abby L. Parsons**
ARNOLD & PORTER
KAYE SCHOLER LLP
700 Louisiana Street Suite 4000
Houston, TX 77002-2755
Telephone: (713) 576-2442
*abby.parsons@arnoldporter.com*

**Sarah E. Prather**
ARNOLD & PORTER
KAYE SCHOLER LLP
250 West 55th St.
New York, NY 10019
Telephone: (212) 836-7816
*sarah.prather@arnoldporter.com*

**Thomas E. Kennedy III**
**Sarah Jane Hunt**
KENNEDY HUNT P.C.
906 Olive Street, Suite 200
Saint Louis, MO 63101
Telephone: (314) 872-9041
*tkennedy@KennedyHuntLaw.com*
*sarahjane@KennedyHuntLaw.com*

**Malita Picasso**
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street  New
York, NY 10004
Telephone: (212) 549-2561
*mpicasso@aclu.org*

**Camille E. Bennett**
**Michelle Teresa García**
**Alexis Picard**
**Mason Strand**
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 North Michigan Avenue, Suite 600
Chicago, IL 60601
Telephone: (312) 201-9740
Facsimile: (312) 288-5225
*cbennett@aclu-il.org*
*mgarcia@aclu-il.org*
*apicard@aclu-il.org*
*mstrand@aclu-il.org*

**Amelia H. Bailey**
**Thomas J. Leahy**
**Anne J. Hudson**
**Ashton Dubey**
**Nicole R. Marcotte**
KIRKLAND & ELLIS LLP
333 Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
*amelia.bailey@kirkland.com*
*thomas.leahy@kirkland.com*
*anne.hudson@kirkland.com*
*ashton.dubey@kirkland.com*
*nikki.marcotte@kirkland.com*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on July 7, 2025, I electronically filed the foregoing document and exhibits with the Clerk of Court by using CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.


By:    /s/ *Michelle Teresa García*