IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELENA VISION, SORA KUYKENDALL, and SASHA REED, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| - vs- | ) ) Civil No. 3:18-cv-00156-NJR |
| LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN, | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
TO STRIKE AFFIRMATIVE DEFENSES AND JURY DEMAND**

NOW COME the Defendants, LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN (hereinafter "Defendants"), by and through their attorneys, and hereby submit this Response to Plaintiff's Motion to Strike Defendants' Affirmative Defenses and Jury Demand. In support thereof, Defendants state as follows:

**Introduction**

1. On May 15, 2025, Plaintiffs filed a Supplemental Complaint pursuant to Federal Rule of Procedure 15(d), which included new factual allegations, but did not contain any new counts or additional prayers for relief.

2. Plaintiffs' initial Complaint, filed January 31, 2018, alleged a single count alleging deprivation of class member's Eighth Amendment rights in violation of 42 U.S.C. § 1983. Plaintiffs' Complaint did contain a prayer for relief, requesting, *inter alia*, injunctive relief, "costs of this suit, and reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 1988,

and other applicable law[,]" and "any other relief as the Court may deem just and proper under the circumstances." *See* Dkt. 1.

3. In their Answer to the initial Complaint, Defendants included a jury demand and also plead five affirmative defenses. *See* Dkt. 50. Plaintiffs did not file a motion to strike any of Defendants' pleadings within the 21 day time-frame required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P 12(f)(2).

4. In their Answer to the Supplemental Complaint, and in response to the new factual allegations raised, Defendants reiterated and maintained their demand for a trial by jury. *See* Dkt. 968.

5. Defendants also included ten affirmative defenses as part their Answer to the Supplemental Complaint, some of which were previously pled as Affirmative Defenses in their Answer to the initial Complaint. For example, Defendants' Fifth Affirmative Defense as set forth in their initial Answer is repled as Defendants' Ninth Affirmative Defense in their Answer to the Supplemental Complaint, which both state:

> One or more of Plaintiffs' claims involve the claims and issues in *Lippert et al. v. Ghosh et al*, N.D. Ill. Case No. 10-cv-4603, and *Rasho et al v. Walker et al*, C.D. Ill. Case No. 07-cv-01298. To the extent that Plaintiffs are members of the classes that have been certified in *Lippert* and *Rasho*, Plaintiffs' claims are duplicative and potentially barred by the doctrines of *res judicata* and collateral estoppel.

*See* Dkts. 50, 968.

6. Plaintiffs have since filed a Motion to Strike Defendants' First, Fourth, Fifth, and Ninth Affirmative Defenses and the Jury Demand set forth in Defendants' Answer to the Supplemental Complaint. Defendants ask that this Court deny Plaintiffs' motion to the extent they are untimely, unnecessary, and only serve to delay these proceedings.

**Legal Standard**

7. Motions to strike are generally disfavored because of the likelihood that they may only serve to delay proceedings. *Heller Fin. Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989) (citing *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975)). While a court may strike portions of pleading if it will "remove unnecessary clutter from the case" and thereby "serve to expedite, not delay[,]" affirmative defenses "will be stricken only when they are insufficient on the face of the pleadings." *Id.*

8. An affirmative defense should not be stricken if (1) it constitutes a proper affirmative defense; (2) it must meet pleading requirements in Rules 8 and 9; and (3) it withstands a Rule 12(b)(6) challenge. *See Raquet v. Allstate Corp.*, 348 F. Supp. 3d 775, 781 (2018). Moreover, Affirmative Defenses are pleadings, and as such, leave to amend is freely granted as justice requires. Fed. R. Civ. P. 15(a).

9. Rule 8(c)(1) only requires a defendant to "state any avoidance or affirmative defenses" in the answer. *See* Fed. R. Civ. P. 8(c)(1). Thus, Illinois district courts have observed that "a close comparison of Civil Rule 8's textual treatment of claims versus affirmative defenses dictates that affirmative defenses are subject to a lower pleading standard than claims." *Aylin & Ramtin, LLC v. Barnhardt*, 2022 U.S. Dist. LEXIS 38755, at *4 (N.D. Ill. 2022) (quoting *RBG Plastic, LLC v. Webstaurant Store*, 2020 U.S. Dist. LEXIS 222460, at * 4 (N.D. Ill. 2020) (internal quotation marks omitted).

**Argument**

10. Plaintiffs' Motion to Strike asks that this Court strike the Defendants' jury demand, along with their First, Fourth, Fifth, and Ninth Affirmative Defenses. Each one is discussed in turn below.

*Trial By Jury*

11.     Plaintiffs seek to strike Defendants' Jury Demand, despite the fact that they failed to object to the jury demand contained in Defendants' initial answer over seven years ago. *See* Dkt. 50. To the extent Plaintiffs are attempting to strike anything from Defendants' initial pleading, Defendants note that the time to file a motion to strike the pleading has long since expired. *See* Fed. R. Civ. P 12(f)(2).

12.     Defendants also note that Plaintiffs failed to include any prayer for relief in their Supplemental Answer, and their initial Complaint does not expressly limit their prayer for relief to equitable remedies. *See* Dkts. 1, 935. Specifically, in addition to injunctive relief, Plaintiffs' initial Complaint seeks costs and expenses authorized by "applicable law" as well as "any other relief" that the Court may deem just and proper. As such, Defendants sought to preserve their right to a jury trial to the extent that any of the "other relief" or remedies sought by Plaintiffs pursuant to the unspecified "applicable law" were legal in nature.

13.     Moreover, as Plaintiffs note, the Supreme Court recently affirmed the right to a jury trial where, pursuant to Section 1997e(e) of the Prisoner Litigation Reform Act ("PLRA"), the affirmative defense of exhaustion is raised. *Perttu v. Richards*, 222 L.Ed. 2d 108, 125 (2025). To the extent Plaintiffs allege that Defendants failed to adequately address their grievances or complaints or allege Defendants retaliated against them for such complaints, Defendants' exhaustion defense is directly intertwined with Plaintiffs' Eighth Amendment claim. *Id*. at 116.

14.     Finally, even to the extent that this Court finds that Plaintiffs are not, and will not be seeking any legal remedies, this Court is still not required to strike Defendants' request for a trial by jury. As the Supreme Court in *Perttu* made clear, there is nothing in the PLRA to suggest that exhaustion disputes must be decided through a bench trial. *See id.* at 125 (stating that that

"[i]f Congress had expressly provided in the PLRA that exhaustion disputes must be resolved by judges, then we would have been required to consider today whether such a provision violates the Seventh Amendment.").

15. Even equitable claims may be decided through a trial by jury at the request of the parties, or through the assistance of an advisory jury at the request of a single party. *See* Fed. R. Civ. P. 39(c)(1), (2). Plaintiffs arguably consented to Defendants' jury demand at the time of the initial filing, although it appears Plaintiffs may use the instant motion as a means of revoking that consent. *See Kramer v. Banc of Am. Sec., LLC,* 355 F.3d 961, 967-68 (7th Cir. 2004). Nonetheless, to the extent Plaintiffs claims are deemed by this Court to be purely equitable in nature, this Court may still employ the use of an advisory jury at the request of Defendants. *See* Fed. R. Civ. P. 39(c)(2).

*First Affirmative Defense*

16. Contrary to what is asserted in Plaintiffs' motion, whether "failure to state a claim" can be properly asserted as an affirmative defense is unsettled within the Seventh Circuit. *Raquet* at 785. As such, this Court need not strike Defendants' First Affirmative Defense as "failure to state a claim" can be properly asserted as an affirmative defense "even though it is not among the Rule 8(c)'s enumerated affirmative defenses." *LaSalle Bank Nat'l Assoc. v. Paramont Properties*, 588 F. Supp. 2d 840, 860 (2008). Moreover, "it is routine for answers to include 'failure to state a claim' as a defense - just in case, for fear of waiver." *See Aylin*, 2022 U.S. Dist. LEXIS 38755, at *4 (Illinois district court refused to strike an affirmative defense based on failure to state a claim).

17. Moreover, as the *Aylin* court recognized, "[a] more flexible approach toward answers makes sense given the asymmetry between plaintiffs and defendants when it comes to the lead time for pleadings." *Id.* at *7. This is in part because plaintiffs "have a lot of time to ponder

5

potential claims, gather the facts, and then arrive at the courthouse at a time of their choosing[,]" whereas "Federal Rules give [defendants] only 21 days - a mere three weeks - to serve an answer[.]" *Id.* Defendants therefore respectfully request that this Court deny Plaintiffs' Motion to Strike Defendants' First Affirmative Defense set forth in their answer to Plaintiffs' Supplemental Complaint.

*Fourth Affirmative Defenses*

18.  Plaintiffs argue that Defendants' Fourth Affirmative Defenses is inapplicable to the sole count of their Complaint, as they now claim they are only seeking injunctive and declaratory relief. As stated above, it was not clear at the time Plaintiffs' pleadings were filed whether Plaintiffs would attempt to seek relief that was ultimately legal in nature. Defendants did not set forth any prayer for relief in their supplemental pleadings, and did not expressly reject the possibility of seeking legal remedies. Moreover, Defendants note that Plaintiffs' prayer for relief with their most recent Motion for Preliminary Injunction (seeking a prohibition on housing any inmates at the Menard Facility) has changed significantly from the prayer sought in their initial Complaint. *Contrast* Dkts. 1 and 873. As such, Defendants properly plead this defense if only to protect against the potential for a waiver challenge later. *See generally Aylin*, 2022 U.S. Dist. LEXIS 38755, at *4.

19.  However, to the extent that Plaintiffs are not seeking damages or other legal remedies, and assuming this Court prohibits them from reversing their position to seek such remedies going forward, Defendants do not object to striking their Fourth Affirmative Defense contained in their Answer to the Supplemental Complaint. *See* Dkt. 968.

*Fifth Affirmative Defense*

20. Plaintiffs similarly take issue with Defendants' Fifth Affirmative Defense, again asserting for the first time that their prayer for relief does not include any legal remedies. Defendants' Fifth Affirmative Defense as set forth in their Answer to the Supplemental Complaint is a corollary to their First Affirmative Defense to the initial Complaint, in that both assert the Eleventh Amendment as a defense. *See* Dkts. 50, 968. However, to the extent that Plaintiffs are not seeking monetary damages or other legal remedies, and assuming this Court prohibits them from reversing their position to seek such remedies going forward, Defendants do not object to striking their Fifth Affirmative Defense contained in their Answer to the Supplemental Complaint. *See* Dkt. 968.

*Ninth Affirmative Defense*

21. As stated above, Defendants' Ninth Affirmative Defense as set forth in their Answer to the Supplemental Complaint simply restating Defendants' Fifth Affirmative Defense included in their Answer to the initial Complaint, asserting *res judicata* and collateral estoppel. *See* Dkts. 50, 968.

22. Both of the cases cited in the affirmative defense contain claims that potentially overlapping claims and class members. *See Lippert et al. v. Ghosh et al*, N.D. Ill. Case No. 10-cv-4603 (involving prisoner class action lawsuit on behalf of all inmates in custody with serious medical or dental needs), and *Rasho et al v. Walker et al*, C.D. Ill. Case No. 07-cv-01298 (involving prisoner class action lawsuit on behalf of inmates with serious mental health issues).

23. As such, this Affirmative Defense has been on file for over seven years. *See* Dkt. 50. The time to file a Motion to Strike has long since passed, and as such Plaintiffs cannot move

40432\325593189.v1

this Court to strike Defendants' Affirmative Defense pertaining to *res judicata* and collateral estoppel at this time. *See* Fed. R. Civ. P 12(f)(2)

WHEREFORE, Defendants respectfully request that this Honorable Court deny Defendants' Motion to Strike Affirmative Defenses and Jury Demand for the reasons discussed above.

Date: July 21, 2025                                    Respectfully submitted,

DEFENDANTS LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN

 /s/ *Justin M. Penn*
Special Assistant Attorney General
State of Illinois

Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Telephone: 312-704-3000
jpenn@hinshawlaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 21, 2025, *Defendants' Response to Plaintiffs' Motion to Strike Affirmative Defenses and Jury Demand*, was served to all counsel of record via ECF filing, which will accomplish service electronically to all counsel of record.

*/s/ Justin M. Penn*
Justin M. Penn