IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELENA VISION, SORA KUYKENDALL, and SASHA REED, <br><br> Plaintiffs, <br><br> - vs- <br><br> LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 18-156-NJR |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO CLARIFY THE EVIDENTIARY RECORD AND REOPEN PROOFS TO THE EXTENT NEEDED**

NOW COME the Defendants, LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN (hereinafter "Defendants"), sued in their official capacities as IDOC administrators, and hereby submit this Reply[1] in support of their motion to clarify the evidentiary record and, to the extent needed, to reopen proofs.

1. First, with respect to Correctional Officer ("CO") Buettner, Plaintiffs appear to persist in their mischaracterization of her as a male CO who merely "claims to identify as a woman" through their proposed findings of fact and conclusions of law, and by failing to concede the point in their Response. *See* Dkts. 986, 991. To the extent that any of the Plaintiff class members allege that they were searched by, or in the presence of, a CO of the opposite gender, this issue presents a significant issue and dispute of fact that this Court must take into consideration

---

[1] Defendants acknowledge Local Rule 7.1's admonishment that "Reply briefs are not favored, shall not exceed five pages, and should be filed only in exceptional circumstances." S.D.Ill. L.R. 7.1(a)(4). Defendants submit that such circumstances exist given the need to correct factual mistakes in the record. Moreover, the arguments raised here are narrow, discrete, and, given the importance of the issues and relief sought, warrant a reply of this short length.

1

when determining the merits of Plaintiffs Motion for Preliminary Injunction.[2] The fact that Plaintiffs claim that they were searched by a CO of the opposite gender, when in fact they were searched by a female CO seriously calls into question the validity of their claims on that issue.

2. Second, Plaintiffs cite *In re Yasmin* for the proposition that a party may comment on corporate absence at trial. 2011 WL 6740391, *11 (S.D. Ill. 2011); *See* Dkt 991. While Defendants question whether this is an appropriate consideration for a preliminary injunction hearing, that was not the point of Defendants motion to clarify the record. To the contrary, Defendants are asking the Court to take notice that a representative of the Illinois Department of Corrections was in fact present for nearly all of the testimony presented at the hearing.

3. Plaintiffs concede that a motion to reopen to submit additional proof is addressed to this Court's sound discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971) (internal citation omitted); *see also* Fed. R. Civ. P. 59(a)(2). Moreover, they do not dispute the underlying facts contained in the declarations supporting Defendants' motion. *See* Dkts. 985, 987 (Declarations of Correctional Officer Kevin Buettner and the Declaration of Megan Ditzler). Nor do they suggest that Defendants' request to clarify and correct erroneous facts presented in the record would be somehow unduly prejudicial. Quite the opposite, as all of the parties, and this Court, will benefit from a clear and accurate record.

WHEREFORE, Defendants respectfully request this Court either enter an order clarifying the record, or in the alternative reopening proofs for purposes of allowing entry of the Declaration of Correctional Officer Kevin Buettner and the Declaration of Megan Ditzler, and for any other relief the Court deems fair and just.

---

[2] Defendant have never challenged the gender-identities of the class members in this suit, and are simply asking that Plaintiffs afford the same courtesy to the employees of the Illinois Department of Corrections.

Date: July 30, 2025                              Respectfully submitted,

DEFENDANTS LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN

 /s/ *Justin M. Penn*
Special Assistant Attorney General
State of Illinois

Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Telephone: 312-704-3000
jpenn@hinshawlaw.com

40432\325687658.v1

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 30, 2025, *Defendants' Reply in Support of Their Motion to Clarify the Evidentiary Record and Reopen Proofs to the Extent Needed*, was served to all counsel of record via ECF filing, which will accomplish service electronically to all counsel of record.

                                                */s/ Justin M. Penn*
                                                Justin M. Penn

40432\325687658.v1