UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELÉNA VISION, SORA KUYKENDALL, and SASHA REED, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN,<br><br>Defendants. | Civil No. 3:18-cv-00156-NJR |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE A.B.'S TESTIMONY AND TO MAKE NO INFERENCE OR FINDING IN CONNECTION WITH HER REFUSAL TO TESTIFY**

Plaintiffs respond to Defendants' Motion to Strike A.B.'s Testimony (Dkt. 984) filed on July 16, 2025. This Court should deny Defendants' motion because Defendants failed to object in a timely manner to A.B. being dismissed prior to cross-examination as required by Federal Rule of Evidence (a)(1)(A) and failed to state the specific ground for their objection as required by Federal Rule of Evidence (a)(1)(B). In support of this request, Plaintiffs state as follows:

**Background**

1. On May 28, 2025, Plaintiffs were prepared to call A.B. as a witness on the second day of the evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction. Prior to calling A.B. to testify, Plaintiffs' counsel informed this Court that A.B. was terrified that IDOC guards would retaliate against her for her testimony, and that she did not feel she could testify with any guards present. Tr. 160:16-161:1. The Court agreed to clear the courtroom of IDOC guards during her testimony, and Plaintiffs called A.B. as their second witness that day. Tr. 161:12-162:4.

1

2.  After being sworn in, A.B. was able to answer only a few preliminary questions on the stand before becoming unable to continue, saying that she was worried that something was going to happen to her "[b]y the C/Os at Menard." Tr. 201: 5-14. Upon further questioning, A.B. explained that she had previously testified in another hearing in this case related to housing conditions for class members at Pinckneyville. Tr. 202:7-11. Following her testimony in that hearing, A.B. was transferred to Menard, even though she was told prior to transport that she would be going to Centralia or Joliet Treatment Center. Tr. 202:7-9. She worried something similar would happen following her testimony in this hearing. Tr. 202:20-21. Given this testimony, Plaintiffs' counsel had no further questions, and the Court put the proceedings in recess "so that [A.B.] [could] be excused and get the next witness in the stand." Tr. 203:5-9. Defendants did not object when A.B. was dismissed from the stand, nor did they request any chance to cross-examine A.B.. *Id.*

3.  The next day, on May 29, 2025, Defendants' counsel asked whether it planned to consider A.B.'s testimony from the previous day because "that's not evidence, her refusal to testify." Tr. 317:7-15; 317:23-25. The Court remarked that it could consider the testimony given "the fact that she was scared to testify because of fear of retaliation". Tr. at 318: 1-4. However, the Court permitted Defense counsel to file a motion on the issue. Tr. 318:21-23. Forty-eight days later, on July 17, 2025, Defendants filed their Motion to Strike A.B.'s testimony. Dkt. 984.

## Argument

I.  <u>Defendants Did Not Timely or Specifically Object to A.B.'s Testimony.</u>

4.  Defendants move to strike the admission of A.B.'s testimony without having timely objected while A.B. was present and available for cross-examination, or having clearly stated the reason for their objection, and as a consequence have waived that objection. Federal Rule of

2

Evidence 103(a)(1) states that a party must, on the record, timely object or move to strike evidence that they believe was admitted in error. Fed. R. Evid. 103(a)(1)(A). The party must also state the specific ground on which the objection is made. Fed. R. Evid. 103(a)(1)(B). The evidence admitted must also affect a substantial right of the party. Fed. R. Evid. 103(a).

5. For an objection to be timely under Fed. R. Evid. 103(a)(1)(A), it must be "raised within a sufficient time after the proffer of testimony so as to allow the district court an adequate opportunity to correct any error." Fed. R. Evid. 103(a)(1)(A); *Jones v. Lincoln Elec. Co.*, 188 F3d 709, 727 (7th Cir. 1999) (objection at end of witness's testimony was timely enough for court to address error). While an objection does not have to be "perfectly contemporaneous" to be timely, asking a court to strike testimony weeks later "cannot be considered 'timely' by any stretch of the imagination." *Id.* Here, Defendants did not ask to cross-examine A.B. or object to the Court's exercise of its discretion regarding A.B.'s testimony while A.B. was on the stand, or even in the courthouse. They waited until the day after A.B. testified to raise any potential concern regarding her testimony. In the interim, Defendants transported A.B. back to Menard Correctional Facility over an hour away, and two additional witnesses testified. This can hardly be considered timely; the time to object was when A.B. was still in the courtroom, and cross-examination was still possible. The present Motion to Strike is also untimely for similar reasons: 48 days is an unreasonable amount of time to delay filing an evidentiary motion and, since the proceeding terminated weeks ago, severely limits any ability of the Court to craft a remedy.

6. Under Fed. R. Evid. 103(a)(1)(B), the objecting party must also "make a proper objection . . . that alerts the court and opposing party to the specific grounds for an objection." *U.S. v. Wynn*, 845 F.2d 1439, 1442 (7th Cir. 1988). "Neither a general objection to the evidence nor a specific objection on other grounds" is sufficient. *Id.* At the hearing, Defendants did not clearly

3

state that they were raising an objection to A.B.'s testimony, nor did they clearly state the basis for why the testimony should not be considered. Instead, they stated:

> With respect to [A.B.] yesterday, I don't know if that is testimony that's going to be considered by the Court, because there wasn't really any – Well, we didn't have an opportunity to ask questions, and I don't know if that's – if there was any evidence elicited. I would say there wasn't, but I don't know if the Court is considering [A.B.'s] time on the stand or if we need to address that with a motion to exclude it because we were not given an opportunity to – It was kind of a weird situation.

Tr. 317:8-16. They also stated that her "refusal to testify" was not evidence, but that they were "not revisiting" whether they were allowed to cross examine A.B. Tr. 317:23-25, 319:1-3.

7.  This record can hardly be considered a statement that "alerts the court and the opposing party to the specific grounds for the objection", as it is not clear what argument Defendants are making for the inadmissibility of A.B.'s testimony. They seem to say that what A.B. said on the stand was not evidence but then do not revisit that argument in their Motion to Strike. They also mention not being able to "ask questions" of A.B., but then say that they do not want to revisit the issue of cross-examination.

8.  What Defendants did not do was plainly state that they wanted to have cross-examined A.B. Two months later, Defendants' Motion to Strike takes the exact opposite tack: it begins by stating that the right to cross-examination is fundamental and builds its argument for excluding the evidence on the denial of that right. Dkt. 984 at ¶ 7. This recitation of fundamental rights contradicts Defendants' actions, considering Defendants never requested the opportunity to cross-examine A.B.. Instead, they sat silently while the court went into recess and dismissed A.B. from the stand. While the right to cross-examine a witness in a civil proceeding is protected by the right to Due Process, an opposing party may always choose not to invoke this right. Having chosen

4

not to cross-examine, however, a party should not be able to later complain that they were deprived of that right.

9. Because Defendants failed to make a timely and specific objection, as required by Fed. R. Evid. Rule 103(a)(1)(A) and (B), and because they did not even request to cross-examine A.B., their request to have her testimony stricken from the record and barred from any consideration by the Court should be denied.

> II. Defendants' Arguments are Not Supported by the Case Law and Provide No Grounds for Striking A.B.'s Testimony.

10. Defendants argue that it would be unfair to consider A.B.'s testimony when they were denied the right to cross-examine her. Dkt. 984 at ¶ 9. In defense of this position, Defendants cite cases with only the most tangential relation to the situation at hand, none of which consider the admissibility of testimony or the rules under which that evidence may be stricken.

11. Defendants first assert that A.B.'s stated fear of retaliation is not a sufficient reason to "warrant the denial of Defendants' right to confront her as a witness and named plaintiff in this action"[1] (Dkt. 984 at ¶ 9), because "fear alone is not a valid legal basis for a witness refuses [sic] to testify." Dkt. 984 at ¶ 8. This argument misunderstands the issue: Defendants were not denied the right to cross examine A.B. – they did not request to cross examine her, either when she was present or when they raised their objection the next day.

12. Even were they denied cross-examination, they cite no cases that hold that a witness who volunteered to take the stand must in fact testify, nor do they cite cases that deal with either prejudice from lack of cross-examination or potential remedies if that prejudice did occur.

---

[1] A.B. is not a named Plaintiff in this case – she is a member of the class. Further, the confrontation right is reserved for criminal defendants. The opportunity to cross-examine witnesses in civil proceedings is guaranteed by the Due Process Clause of the Fourteenth Amendment. Both are subject to voluntary waiver.

13. The cases Defendants do cite are inapposite. For instance, *United States v. Patrick*, which Defendants cite, does not support their argument or their requested relief. 542 F.2d 381, 388 (7th Cir. 1976). *Patrick* was convicted of criminal contempt for invoking his Fifth Amendment right and refusing to testify to a grand jury even after he was granted immunity and ordered by the court to testify. *Id.* at 384. The Seventh Circuit found that he could not raise duress as a defense to the contempt charge because, although his fear of retaliation was credible, "fear, by itself, will not legally justify or excuse a witness' refusal to testify *in violation of a court order*." *Id.* at 388 (emphasis added).

14. The situation here is simply not similar – A.B. was not under subpoena and the Court did not attempt to compel A.B. to testify, and neither Defendants nor Plaintiffs asked that she be compelled. And, while fear of retaliation may not overcome a court's order to testify, it certainly is within the court's discretion to *allow* a witness to stop their testimony due to fear.

15. Defendants also misapply two cases which consider whether an adverse inference is appropriate when the Fifth Amendment right to silence is invoked by the witness, neither of which is applicable to the facts at hand. First, Defendants cite *Baxter v. Palmigiano,* 425 U.S. 308 (1976), for the proposition that A.B.'s inability to complete her testimony should allow for an adverse inference. *Baxter*, in relevant part, held that an inmate's silence in a prison disciplinary hearing could be weighed against him along with the other incriminating evidence presented against him. *Id.* at 318. The court reasoned that this was "consistent with the prevailing rule that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Id.* ("[I]n the proper circumstances silence in the face of accusation is a relevant fact not barred from evidence by the Due Process Clause."). *LaSalle Bank Lake View v. Seguban* similarly holds that invocation of the

6

Fifth Amendment privilege may be considered, with other facts, when determining liability. 54 F.3d 387, 390 (7th Cir. 1995). These cases are inapplicable to the present situation for reasons similar to *Patrick*: A.B. did not invoke her Fifth Amendment right to silence, and no evidence was presented against her such that a negative inference from that silence would be appropriate as part of an ultimate decision.

16. Defendants also cite *Abuharba v. Trice*, No. 3:14-cv-01121, 2016 U.S. Dist. LEXIS 127284 (S.D. Ill. Aug. 8, 2016). Dkt. 984 at ¶ 11. *Abuharba* is an unreported decision to dismiss an inmate's suit for failure to prosecute where the plaintiff inmate refused to appear for a deposition following multiple prior discovery violations. *Id.* The court dismissed with prejudice under Fed. R. Civ. P. 41(b), finding that the plaintiff's refusal to be deposed was part of a pattern of being "willfully defiant and obstructionist". *Id.* at 5. Once again, the cited case bears little resemblance or relationship to the present one. A.B.'s inability to testify did not obstruct the proceedings, as she was one of many class members participating in this hearing, the rest of whom were able to testify as expected. Additionally, A.B.'s actions as just one of seven witnesses at a preliminary injunction hearing in a case with a years-long litigation history could not possibly amount to a failure to prosecute that would merit dismissal.

17. Defendants seem to recognize that these cases are inapposite, stating that they "do not request either [a negative inference or dismissal of the case] here, but respectfully submit that they should not be prejudiced by consideration of [A.B.'s] live, in person testimony without the opportunity to ask her any questions." Dkt. 984 at ¶ 12. The cases cited, however, do not deal with either prejudice from lack of cross-examination or potential remedies.

18. Defendants inaccurately assert that Plaintiffs would be "hav[ing] it both ways" if they were "allow[ed]… to seek a favorable inference based on the limited testimony A.B. chose

7

to provide" while "prevent[ing] the Defendants from any meaningful cross examination." Dkt. 984 at ¶ 13. As authority, Defendants cite *Harris v. City of Chicago,* 266 F.3d 750 (7th Cir. 2001), where the Court found that barring Plaintiff from impeaching Defendant at trial with the fact that Defendant had invoked the Fifth Amendment during discovery was "tantamount to allowing [Defendant] to avoid discovery altogether." *Id*. at 754 (citing *McGahee v. Massey*, 667 F.2d 1357, 1362 (11th Cir. 1982)) ("One can hardly testify in attack . . . and at the same time seek refuge behind the shield of the fifth amendment."). Here again Defendants cite a case that does not support (or even address) their argument that A.B.'s testimony should be stricken from the record. *Harris* dealt with a witness who the court suspected had strategically invoked and then waived his Fifth Amendment rights to avoid participating in discovery. A.B. engaged in no such sleight-of-hand. In fact, prior to the hearing she was prepared to be deposed by Defendants, but Defendants cancelled that deposition at the last minute. In allowing the witness to be dismissed without requesting cross-examination and then requesting to strike her testimony from the record because they weren't afforded the opportunity for cross-examination, it is Defendants who are attempting to "have it both ways."

19. Defendants also argue that because A.B. was given the opportunity to present testimony about her "reasonable fear of retaliation" for testifying, they should be afforded the opportunity to "protect [the witness] against such retaliation or, at the very least, of explaining why it should not be required to take such steps." Dkt. 984 at ¶ 15-16 (quoting *In re Grand Jury Proceedings (Freligh)*, 894 F.2d 881, 883 (7th Cir. 1989)). Defendants here confuse the present situation with the inquiry required to decide whether a subpoenaed government witness has presented reasonable fear of retaliation such that they should not be compelled to testify. The court in *In re Grand Jury Proceedings (Freligh)* ruled that a witness held in civil contempt for refusing

8

to answer questions for a grand jury is entitled to a hearing on his fears prior to being imprisoned, and the government is entitled in such a case to present evidence of how they would protect their witness so that they are able to testify. *Freligh*, 894 F.2d at 887. A.B. is not a witness for Defendants; she is a class member in a suit that has accused Defendants of violating her constitutional rights. There is neither need nor reason for Defendants to present evidence of how they would make A.B. feel safe testifying. Nor would that presentation do any good, as Defendants do not seek to have A.B. testify further; rather, they want to have her testimony stricken.

20.     Defendants conclude by claiming that "the law requires that this Court not consider A.B.'s testimony in any way." Dkt. 984 at ¶ 18. Because defendants have presented no legal authority to support this statement, their Motion to Strike should be denied.

WHEREFORE, Plaintiffs respectfully request that this Court deny Defendants' request to strike A.B.'s testimony, and deny their request that the Court make no inference or finding in connection with her refusal to testify.

Dated: July 30, 2025                              Respectfully Submitted:

*/s/ Mason Strand*

**Brent P. Ray**                                  **Camille E. Bennett**
**Erica McCabe**                                  **Michelle Teresa García**
**Stephen Ferro**                                 **Mason Strand**
ARNOLD & PORTER                                   ROGER BALDWIN FOUNDATION OF ACLU, INC.
KAYE SCHOLER LLP                                  150 North Michigan Avenue, Suite 600
70 West Madison Street Suite 4200                 Chicago, IL 60601
Chicago, IL 60602-4231                            Telephone: (312) 201-9740
Telephone: (312) 583-2325                         Facsimile: (312) 288-5225
*brent.ray@arnoldporter.com*                      *cbennett@aclu-il.org*
*erica.mccabe@arnoldporter.com*                   *mgarcia@aclu-il.org*
*stephen.ferro@arnoldporter.com*                  *mstrand@aclu-il.org*

**Abby L. Parsons**
ARNOLD & PORTER
KAYE SCHOLER LLP
700 Louisiana Street Suite 4000
Houston, TX 77002-2755
Telephone: (713) 576-2442
*abby.parsons@arnoldporter.com*

**Sarah E. Prather**
ARNOLD & PORTER
KAYE SCHOLER LLP
250 West 55th St.
New York, NY 10019
Telephone: (212) 836-7816
*sarah.prather@arnoldporter.com*

**Thomas E. Kennedy III**
**Sarah Jane Hunt**
KENNEDY HUNT P.C.
906 Olive Street, Suite 200
Saint Louis, MO 63101
Telephone: (314) 872-9041
*tkennedy@KennedyHuntLaw.com*
*sarahjane@KennedyHuntLaw.com*

**Malita Picasso**
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street  New
York, NY 10004
Telephone: (212) 549-2561
*mpicasso@aclu.org*

**Amelia H. Bailey**
**Thomas J. Leahy**
**Anne J. Hudson**
**Ashton Dubey**
**Nicole R. Marcotte**
KIRKLAND & ELLIS LLP
333 Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
*amelia.bailey@kirkland.com*
*thomas.leahy@kirkland.com*
*anne.hudson@kirkland.com*
*ashton.dubey@kirkland.com*
*nikki.marcotte@kirkland.com*

*Attorneys for Plaintiffs*