## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, | ) | |
| LYDIA HELENA VISION, | ) | |
| SORA KUYKENDALL, and SASHA REED, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| - vs- | ) | No. 3:18-cv-00156-NJR |
| | ) | |
| LATOYA HUGHES, MELVIN HINTON, | ) | |
| and STEVEN BOWMAN, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE A.B.'S TESTIMONY AND TO MAKE NO INFERENCE OR FINDING IN CONNECTION WITH HER REFUSAL TO TESTIFY

NOW COME the Defendants, LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN (hereinafter "Defendants"), sued in their official capacities as IDOC administrators, and hereby submit this Reply[1] in support of their motion to strike A.B.'s testimony.

1.      Plaintiffs mischaracterize the record, the law, and this Court's own statements with respect to the nature of A.B.'s limited testimony.  The record reflects that Defendants did object to A.B.'s testimony being considered for its substance given that "[Defendant] didn't have an opportunity to ask questions[.]"  (Tr. 317:6–317:16).  This Court acknowledged and understood Defendants objection, and responded that "[Defendants]" weren't given an opportunity to ask questions because [A.B] didn't testify to anything." (Tr. 317:17–317:22).  This Court went on to

---

[1] Defendants acknowledge Local Rule 7.1's admonishment that "Reply briefs are not favored, shall not exceed five pages, and should be filed only in exceptional circumstances."  S.D.Ill. L.R. 7.1(a)(4).  Defendants submit that such circumstances exist given the unusual circumstances surrounding A.B.'s testimony and the need to properly address the legal arguments raised in Plaintiffs Response. *See* Dkt. 995.  Moreover, the arguments raised here are narrow, discrete, and, given the importance of the issues and relief sought, warrant a reply of this short length.

40432\325794504.v2

explain that "given [A.B.'s] reluctance to testify at all, I didn't think cross-examination was appropriate." (Tr. 317:21–317:22).

2.      First, Defendants' objection is timely as this Court has not yet ruled on Plaintiffs' motion for preliminary injunction. *See* Dkt. 873. Thus, this Court still has the opportunity to address the error in a just and equitable manner by simply discounting A.B.'s testimony. *See Jones v. Lincoln Elec. Co.,* 188 F3d 709, 727 (7th Cir. 1999) (finding that objection made after a witness testified but before a verdict was rendered was still timely), citing *Deppe v. Tripp*, 863 F.2d 1356, 1363 n.10 (7th Cir. 1988) (suggesting that a "nearly contemporaneous" objection made at the bench at the close of a party's closing argument would preserve the matter for appellate review because it would afford the trial court an opportunity to cure the claimed error through the use of a curative instruction). Moreover, Defendants raised the issue at the hearing, and the Court orally granted leave for Defendants to file the instant motion to strike. *See* (Tr. 318:21–318:23). Finally, Plaintiffs' reference to A.B's testimony in their Proposed Findings of Fact and Conclusions of Law further underscores the need for the relief Defendants are requesting.

3.      Second, with respect to the substance of the motion, this Court is afforded "broad discretion to permit or exclude cross-examination." *United States v. Abair*, 746 F.3d 260, 269 (7th Cir. 2014). Appellate review of a district court's decision to limit the scope of cross-examination is deferential, and so long as the Sixth Amendment's confrontation clause is not implicated, only reviewed for an abuse of discretion. *Id.*; *United States v. Jones,* 889 F.3d 876, 879-880 (7th Cir. 2018); *Mercado v. Ahmed,* 974 F.2d 863, 872 (7th Cir. 1992). Thus, denying a party the opportunity to cross-examine a witness would constitute an abuse of discretion if no reasonable judge would make the same decision. *See generally United States v. Chapman*, 692 F.3d 822, 827 (7th Cir. 2012); *United States v. Vargas*, 552 F.3d 550, 554 (7th Cir. 2008).

40432\325794504.v2

4.      However, while a Court has broad discretion to limit the scope and length of cross-examination, Defendants submit that denying an opposing party the opportunity to ask any questions at all while still admitting the witnesses direct testimony would likely constitute an abuse of discretion.  *See Sampley v. Wright*, 1996 U.S. App. LEXIS 28862, *8 (7th Cir. 1996) (finding that "as long as the testimony proceeded properly pursuant to the Federal Rules of Evidence and [the opposing party] had the opportunity to re-examine [the witness], there was no abuse of discretion[.]")

5.      Moreover, contrary to what Plaintiffs argue in their Response, the cases cited in Defendants' motion are relevant and on point because they provide guidance with respect to this Courts' authority and responsibilities when confronted with a witness who is reluctant to testify. *See* Dkt. 984.

WHEREFORE, Defendants respectfully request that this Court enter an order striking A.B.'s testimony and to make no inference or finding in connection with her refusal to testify.

Date: August 6, 2025                            Respectfully submitted,

                                                DEFENDANTS LATOYA HUGHES,
                                                MELVIN HINTON, and STEVEN
                                                BOWMAN

                                                 */s/ Justin M. Penn*_____
                                                Special Assistant Attorney General
                                                State of Illinois

                                                Hinshaw & Culbertson LLP
                                                151 North Franklin Street, Suite 2500
                                                Chicago, Illinois 60606
                                                Telephone: 312-704-3000
                                                jpenn@hinshawlaw.com

40432\325794504.v2

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on August 6, 2025, *Motion to Strike A.B.'s Testimony and to Make No Inference or Finding in Connection with Her Refusal to Testify*, was served to all counsel of record via ECF filing, which will accomplish service electronically to all counsel of record.


<u>*/s/ Justin M. Penn*</u>
Justin M. Penn

4