IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANIAH MONROE,<br>MARILYN MELENDEZ,<br>LYDIA HELÉNA VISION,<br>SORA KUYKENDALL, and<br>SASHA REED, individually and on behalf of a class of similarly situated individuals,<br><br>      Plaintiffs,<br><br>v.<br><br>STEVEN BOWMAN,<br>MELVIN HINTON, and<br>LATOYA HUGHES,<br><br>      Defendants. | Case No. 3:18-CV-156-NJR |

## PRELIMINARY INJUNCTION

**ROSENSTENGEL, Chief Judge:**

Pursuant to Rule 65(d)(1)(C) of the Federal Rules of Civil Procedure and *MillerCoors LLC v. Anheuser-Busch Companies, LLC*, 940 F.3d 922 (7th Cir. 2019), the Court issues the following preliminary injunctive relief. The Court **ORDERS** as follows:

1. Defendants shall file under seal, on or before **September 19, 2025**, a list of class members presently housed at Menard including each individual's name and IDOC number.

2. Defendants shall transfer every class member now housed at Menard to another facility no later than **October 15, 2025**. Defendants shall take into consideration the individual's preference(s) as to the location of the transfer, but Defendants will make the final decision. Given the Court's previous Order transferring class members out of Pinckneyville Correctional Center (Doc. 680), the Court cautions that class members not be transferred to Pinckneyville, to avoid recurrence of the issues that came to light there.

3. In determining where each class member will be transferred, Defendants shall consider the individual's gender dysphoria condition (including related mental health considerations), gender identity, related safety issues, and whether a transfer to a facility matching the individual's gender identity is appropriate. Defendants shall also consider the transfer criteria they previously described to this Court (*See* Doc. 680, p. 31; Doc. 668, pp. 23-24) including: the length of time before the individual is eligible for release on MSR; their security level; any medical/mental health issues; any substance abuse issues; any security threat group issues; any enemy/KSF issues; any protective custody needs; the individual's previous adjustment at other facilities; the nature of the individual's commitment; the individual's vulnerable status; and whether the individual meets the criteria for the requested facility.

4. Defendants shall notify each individual class member of their new placement in writing, at least **seven days** in advance of the physical transfer, stating where the individual will be moved. The notice shall explain the reason(s) for the placement/transfer decision and the consideration of each of the above criteria. A copy of each decision shall be simultaneously forwarded to class counsel.

5. Going forward, no individual identified as a member of the Plaintiff class shall be transferred to Menard, and if a class member arrives at Menard through the reception and classification process (intake), that class member shall not be assigned to Menard as their permanent institution. If an individual housed at Menard is later identified as a member of the Plaintiff class, that person shall be transferred to a different facility within **21 days** of such identification.

6. Any class member transferred from Menard who is not moved to Logan or another facility matching their gender identity shall be allowed to submit a transfer request to Logan or another facility matching their gender identity within **60 days** of their initial transfer.

7. Defendants shall provide to the Court and to Plaintiffs' counsel a monthly report of the status of any known class member currently housed at Menard, including the timing and result of any pending, upcoming, or concluded transfer decisions. The first report shall be due on or before **September 26, 2025**. Defendants also shall produce to Plaintiffs' counsel each month, beginning **September 26, 2025**, all documentation related to class members at Menard including transfer requests, grievances, PREA complaints and investigations, TAC notes, and medical and mental health records including documentation of hormone levels for those on such therapy.

8. Defendants shall provide an update to the Court and Plaintiffs' counsel on the status of matters that were "in progress" at the time of the May hearing, including

the status filling mental health staff vacancies at Menard (and within IDOC overall) and whether and when a new PRISM cohort of inmates was transferred into that program (since May 30, 2025), no later than **September 19, 2025**.

**IT IS SO ORDERED.**

**DATED: September 12, 2025**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**