# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JANIAH MONROE, *et al.*, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 3:18-cv-00156-NJR |
| LAMENTA CONWAY, MELVIN HINTON, and LATOYA HUGHES, | ) ) ) | |
| Defendants. | ) ) ) ) | |

## PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Janiah Monroe, et al., on behalf of the class (collectively, "Plaintiffs") hereby request that Defendants produce the documents and materials requested below for inspection, and/or copying, in accordance with the Definitions and Instructions below. The requested documents and materials must be produced within thirty (30) days of the service of these requests. Documents and materials should be produced at the law offices of Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654.

## DEFINITIONS AND INSTRUCTIONS

A.      The time period for production of documents and materials is from February 7, 2022, to the present.

B.      The term "IDOC" shall mean Illinois Department of Corrections, it is inclusive of Defendants and includes officers, directors, employees, representatives, agents, predecessors, assignees, subsidiaries, affiliates, successor, and unless privileged, its attorneys.

C.      The document requests include any and all relevant documents within the possession, custody, or control of IDOC, including documents located in the personal files of any and all past Defendants, present directors, officers, agents, representatives, employees, attorneys, and accountants of IDOC, including any third-party testing entities.

D.      As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

E.      As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

F.      As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to requests and definitions containing those words.

G.      As used herein, "person" means any natural person or any business, legal, or governmental entity or association.

H.      As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

2

I.     As used herein, the terms "Complaint" and "Answer" shall mean as originally filed or as amended or supplemented throughout the progression of the case.

J.     As used herein, the term "request" shall mean all documents described in the section labeled Requests for Production.

K.     The document requests herein shall be deemed to include any and all relevant documents within the possession, custody, or control of IDOC, including documents located in the personal files of any and all past and present directors, officers, agents, representatives, employees, attorneys, and accountants of IDOC, including any third-party testing entities.

L.     As used herein, the term "Named Plaintiff" shall mean Plaintiffs Janiah Monroe, Marilyn Melendez, Lydia Heléna Vision, Sora Kuykendall, and Sasha Reed.

M.     As used herein, the term "Plaintiff Class" shall mean the class of prisoners defined in paragraph 113 of the Complaint.

N.     As used herein, the term "Class Member" shall mean any prisoner who is a member of the Plaintiff Class.

O.     For any document or material responsive to these requests that is withheld on the ground that it is protected by the attorney-client privilege, work product immunity, or any other claim of privilege or immunity, provide a written statement setting forth, as to each such document or thing, at a minimum the following items: (a) an identification (including date, title, author, and number of pages) of each document or material containing the allegedly protected information; (b) an

3

identification (including name, position, address, and employer at the time of preparation or dissemination) of each person from and to whom the information has been communicated (*e.g.*, individuals who authored, drafted, or prepared the document or thing and individuals to whom it was directed, circulated, or copied, or who had access thereto), and, if any such person is an attorney, identifying him or her as such; (c) a description of the subject matter of the information; (d) a summary of the legal and factual ground(s) relied upon in withholding the responsive document or thing, providing sufficient detail to enable the Court to make a determination on the merit of the claim of privilege or immunity; and (e) a certification that all elements of the claimed privilege or immunity are met and have not been waived.

P.      Documents should be produced in the manner in which they are maintained in the ordinary course of business. For example, any documents maintained in color must be produced in color. Documents produced electronically must be produced with sufficient resolution so as to be legible. Documents from any single file should be produced in the same order as they were found in such file, including any labels, files, folders, and/or containers in which such documents are located in or associated with. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

Q.      If you object to any part of a request, set forth the basis for your objection and respond to all parts of the request to which you do not object. Any ground not stated in an objection within the time provided by the Federal Rules of Civil

Procedure, or any extensions thereof, shall be waived. All objections must be made with particularity and must set forth all the information upon which you intend to rely in response to any motion to compel.

R.      In answering these requests, furnish all information, however obtained, including hearsay, that is available to you, including information in your actual or constructive possession, or in the actual or constructive possession of your attorneys, experts, officers, directors, employees, accountants, consultants, and anyone else acting on your behalf or subject to your control. If any request seeks information about a topic for which you lack direct knowledge, you must provide all information containing any estimate or approximation, whether internally generated or provided to you by a third party.

S.      If you cannot answer all or part of any request after exercising due diligence to secure the full information to do so, you shall state and answer to the extent possible, specifying your inability to answer the remainder; stating whatever information or knowledge you have concerning the unanswered portion; and detailing what you did in attempting to secure the unknown information.

T.      These requests for production shall be deemed continuing, and supplemental responses, documents, and things must be timely provided as additional information becomes available, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

1.      All documents and communications relating to medical evaluation and treatment provided to persons in IDOC custody for gender dysphoria including, but not limited to, all records related to hormone treatment for gender dysphoria, gender-affirming surgery or preparation for surgery (including electrolysis) and post-surgical recovery, and prescriptions for (and actual provision of) gender-affirming items to class members by healthcare staff.

2.      All records relating to mental health evaluation and treatment for gender dysphoria provided to persons in IDOC custody, including but not limited to, the Cumulative Counseling Summaries.

3.      All documents and communications relating to or reflecting any IDOC prisoner's request for evaluation or treatment for gender dysphoria (whether or not they used those words in their request for treatment), including gender-affirming surgery of class members

4.      All documentation or communications of complaints or concerns raised by IDOC prisoners or any IDOC or vendor staff relating to any issues concerning any prisoner's gender identity or gender dysphoria including, but not limited to, medical and mental health treatment, safety, transfers, gender-affirming clothing and commissary items. This request includes, but is not limited to, grievances, PREA complaints, responses to grievances or PREA complaints, records of investigation of complaints or concerns, transfer requests, and requests for protective custody, and any response, reports of official action, or refusal to act in response.

5.      Documents and communications sufficient to show the availability and provision of gender-affirming IDOC-issued clothing or items at all IDOC facilities housing class members. This includes the procedure for providing these items, process for requesting these items, frequency with which the items may be requested, and evidence that these items have actually been provided to class members. "IDOC-issued" clothing means any clothing or items that are provided to inmates free-of-charge including, but not limited to, shirts, pants, and undergarments.

6.      Documents and communications sufficient to show the gender-affirming clothing and items available to class members at commissary at all facilities housing class members and the dates these clothing or items were made available at commissary and provided to class members, including the process for requesting or purchasing the clothing or items and evidence that these clothes or items have actually been provided to class members. This request includes currents lists of gender-affirming clothing and items actually available to class members at commissary at any facility housing class members, and inventories, receipts, or order forms for purchase and provision of gender-affirming clothing or items.

7.      Organizational charts and/or other documents sufficient to show all IDOC and vendor, consultant, or contractor staff (including university personnel, vendor subcontractor staff, and others not directly employed by IDOC) responsible for evaluating IDOC prisoners for physical and mental health care or treatment for gender dysphoria; providing care or treatment for gender dysphoria; or arranging for care or treatment for gender dysphoria, including titles and work locations.

7

8.    All documents reflecting the role, responsibilities, membership, and activities of the Transgender Health and Wellness ("THAW") Committee, including current curricula vitae or resumés for each of its voting members, if those documents exist.

9.    All documents reflecting any notes, transcripts, recordings, or other memorialization of the THAW Committee meetings and the results of those meetings.

10.    All documents reflecting the role, responsibilities, membership, and activities of the Transgender Administrative Committee ("TAC").

11.    All documents reflecting any notes, transcripts, recordings, or other memorialization of the TAC Committee meetings and the results of those meetings.

12.    All documents related to housing transfer requests by class members.

13.    All documents reflecting the role, responsibilities, membership, and activities of any other group or committee of IDOC or vendor staff which considers matters relating to persons with gender dysphoria in IDOC custody, including any notes, transcripts, recordings, or other memorialization of its meetings and the results of those meetings.

14.    Documents sufficient to show the titles, organizational affiliation, and qualifications to treat or evaluate persons with gender dysphoria of the members of the THAW or TAC committees and the individuals listed on the documents requested in Request No. 13, above, including current curricula vitae or resumés for each of the THAW voting members, if those documents exist.

8

15.     All documents reflecting any instructions or directives given by IDOC to Wexford Health Sources, Centurion Health, or any other vendor or contractor relating to the evaluation, care, or treatment of persons in custody who have requested evaluation or treatment for gender dysphoria.

16.     All communications including emails and notes relating to or discussing the evaluation, care, or treatment provided to any prisoner who has requested evaluation or treatment for gender dysphoria.  This includes all communications by Defendants related to class members.

17.     All facility-level documents, memoranda, or other materials regarding prisoners with gender dysphoria.

18.     All IDOC policies and procedures governing or relating to prisoners with gender dysphoria including, but not limited to, IDOC administrative directives and institutional directives in effect at any IDOC facility.

19.     All documents describing the basis for IDOC policies and procedures relating to prisoners with gender dysphoria and for determinations regarding which treatments, including which gender-affirming surgeries (e.g., masculinizing chest surgery, facial feminization, feminizing vaginoplasty, masculinizing phalloplasty, augmentation mammoplasty) IDOC performs for class members.

20.     All documents and communications relating to the revision and implementation of IDOC's Administrative Directive(s) (including drafts) concerning prisoners with gender dysphoria.

21.     All training materials used to train IDOC staff and vendor healthcare personnel on gender dysphoria and evaluation and treatment for gender dysphoria and documentation of completion of training.

22.     Documents sufficient to show the qualifications of IDOC and vendor or contractor healthcare staff to treat gender dysphoria.

23.     All PREA audit records for each IDOC facility that houses class members.

24.     All documents and communications relating to any IDOC healthcare quality assurance, continuous quality improvement, or audit program relating to the assessment of the evaluation, care, and treatment of prisoners with gender dysphoria.

25.     All documentation reflecting each Defendant's role and actions to provide medical treatment, housing, or other care to IDOC prisoners who have requested evaluation or treatment for gender dysphoria.

26.     All correspondence between IDOC and Monitor julie graham, Monitor Dr. Amanda Harris, and Dr. Soo Chun.


  Dated: September 26, 2025                    /s/ Camille E. Bennett


10

Camille E. Bennett
Michelle Teresa García
Mason Strand
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 North Michigan Avenue, Suite 600
Chicago, IL 60601
Telephone: (312) 201-9740
Facsimile: (312) 288-5225
cbennett@aclu-il.org
mgarcia@aclu-il.org
mstrand@aclu-il.org

Brent P. Ray
Erica McCabe
Stephen Ferro
ARNOLD & PORTER
KAYE SCHOLER LLP
70 West Madison Street Suite 4200
Chicago, IL  60602-4231
Telephone: (312) 583-2325
brent.ray@arnoldporter.com
erica.mccabe@arnoldporter.com
stephen.ferro@arnoldporter.com

Abby L. Parsons
ARNOLD & PORTER
KAYE SCHOLER LLP
700 Louisiana Street Suite 4000
Houston, TX  77002-2755
Telephone: (713) 576-2442
abby.parsons@arnoldporter.com

Sarah Prather
ARNOLD & PORTER
KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-7816
sarah.prather@arnoldporter.com

Malita Picasso
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street  New York, NY 10004
Telephone: (212) 549-2561
mpicasso@aclu.org

Amelia H. Bailey
Thomas J. Leahy
Anne J. Hudson
Ashton Dubey
Nicole R. Marcotte
Sarah Legault
KIRKLAND & ELLIS LLP
333 Wolf Point Plaza Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
amelia.bailey@kirkland.com
thomas.leahy@kirkland.com
anne.hudson@kirkland.com
ashton.dubey@kirkland.com
nikki.marcotte@kirkland.com
sarah.legault@kirkland.com

Thomas E. Kennedy III
Sarah Jane Hunt
KENNEDY HUNT P.C.
906 Olive Street, Suite 200
Saint Louis, MO 63101
Telephone: (314) 872-9041
tkennedy@KennedyHuntLaw.com
sarahjane@KennedyHuntLaw.com

*Attorneys for Plaintiffs*

12

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2025, the foregoing document was served

on the following counsel of record by e-mail:

Anshuman Vaidya
Vincent Rizzo
James Brodzik
Calvin Edwards
Justin Penn
HINSHAW & CULBERTSON LLP
avaidya@hinshawlaw.com
vrizzo@hinshawlaw.com
JBrodzik@hinshawlaw.com
cedwards@hinshawlaw.com

Lisa Cook
Kyrstin Beasley
Robert Shultz
OFFICE OF THE ATTORNEY GENERAL OF ILLINOIS
kyrstin.beasley@ilag.gov
lisa.cook@ilag.gov
robert.shultz@ilag.gov

/s/ Camille E. Bennett

13