# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JANIAH MONROE, *et al.*, individually
and on behalf of a class of similarly
situated individuals,

        Plaintiffs,

v.

LAMENTA CONWAY, MELVIN
HINTON, and LATOYA HUGHES,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil No. 3:18-cv-00156-NJR

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS

DEFENDANTS, LAMENTA CONWAY, MELVIN HINTON and LATOYA HUGHES, sued in their official capacities as officials of IDOC, by and through their counsel Hinshaw & Culbertson LLP, provide the following responses to Plaintiffs' fourth set of requests for production pursuant to Federal Rule of Civil Procedure 34:

## OBJECTIONS TO DEFINITIONS

A.  The time period for production of documents and materials is from February 7, 2022, to the present.

**RESPONSE: Defendants objects to this definition on the grounds that it is ambiguous, and vague and to the extent that it causes any interrogatory or document request to impose a burden on Defendants beyond the obligations imposed by the Federal Rules of Civil Procedure, local court rules and common law.**

**Objecting further, Plaintiffs seek information from February 7, 2022, to the present as overly broad as to time and scope because it does not seek information that is not related to current conditions at these institutions and is unduly burdensome.** *See Monroe v. Bowman*, **122 F. 4th 688, 697 (7th Cir. 2024) ("N]ew injunctive relief will need to address the current situation. Any such relief will need to comply with the PLRA, including § 3626)**; *see also* ; *Padilla v. Wills*, **No. 24-cv-02478-SPM, 2025 U.S. Dist. LEXIS 15207, at \*9 (S.D. Ill. Jan. 28, 2025) (denying preliminary injunction because "[i]n the original motion, Plaintiff states that he is no longer in segregation and does not discuss his current conditions of confinement.").**

B.    The term "IDOC" shall mean Illinois Department of Corrections, it is inclusive of Defendants and includes officers, directors, employees, representatives, agents, predecessors, assignees, subsidiaries, affiliates, successor, and unless privileged, its attorneys.

**RESPONSE: Defendants objects to this definition on the grounds that it is ambiguous, vague, overly broad, and unduly burdensome, and to the extent that it causes any interrogatory or document request to impose a burden on Defendants beyond the obligations imposed by the Federal Rules of Civil Procedure, local court rules and common law.**

C.    The document requests include any and all relevant documents within the possession, custody, or control of IDOC, including documents located in the personal files of any and all past Defendants, present directors, officers, agents, representatives, employees, attorneys, and accountants of IDOC, including any third-party testing entities.

**RESPONSE: Defendants object to this definition on the grounds that it is ambiguous, vague, overly broad, and unduly burdensome, and to the extent that it causes any interrogatory or document request incorporating these terms to impose a burden on Defendants beyond the obligations imposed by the Federal Rules of Civil Procedure, local court rules and common law. Furthermore, Defendants object to this definition to the extent that it seeks information protected by the attorney-client privilege or the work-product doctrine, common interest privilege, privilege of self-critical analysis, or any other applicable privilege, immunity, protection or restriction; and seeks to obtain confidential and proprietary information and/or trade secrets, and/or information which is otherwise protected.**

D.    As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

**RESPONSE: Defendants object to the definition of "any" and "all" and "each and every" on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome and to the extent that it imposes a burden on Defendants beyond the obligations imposed by the Federal Rules of Civil Procedure, local court rules, and common law.**

E.    As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to requests and definitions containing those words.

**RESPONSE: Defendants object to this definition on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome and to the extent that it imposes a burden on Defendants beyond the obligations imposed by the Federal Rules of Civil**

Procedure, local court rules, and common law.

F.      As used herein, "person" means any natural person or any business, legal, or governmental entity or association.

**RESPONSE: Defendants object to this definition on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome and to the extent that it imposes a burden on Defendants beyond the obligations imposed by the Federal Rules of Civil Procedure, local court rules, and common law.**

G.      As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

**RESPONSE: Defendants object to this definition on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome and to the extent that it imposes a burden on Defendants beyond the obligations imposed by the Federal Rules of Civil Procedure, local court rules, and common law.**

H.      As used herein, the terms "Complaint" and "Answer" shall mean as originally filed or as amended or supplemented throughout the progression of the case.

**RESPONSE: Defendants object to this definition on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome and to the extent that it imposes a burden on Defendants beyond the obligations imposed by the Federal Rules of Civil Procedure, local court rules, and common law.**

I.      As used herein, the term "request" shall mean all documents described in

4

the section labeled Requests for Production.

**RESPONSE: Defendants object to this definition on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome and to the extent that it imposes a burden on Defendants beyond the obligations imposed by the Federal Rules of Civil Procedure, local court rules, and common law.**

J.      The document requests herein shall be deemed to include any and all relevant documents within the possession, custody, or control of IDOC, including documents located in the personal files of any and all past and present directors, officers, agents, representatives, employees, attorneys, and accountants of IDOC, including any third-party testing entities.

**RESPONSE: Defendants object to this definition on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome and to the extent that it imposes a burden on Defendants beyond the obligations imposed by the Federal Rules of Civil Procedure, local court rules, and common law.**

## OBJECTIONS TO INSTRUCTIONS

**Defendants object to Plaintiffs' Instructions to the extent that they seek to impose obligations on Defendants beyond those imposed by beyond the obligations imposed by the Federal Rules of Civil Procedure, local court rules, and common law.**

## RESPONSES AND OBJECTIONS TO PLAINTIFFS' DOCUMENT REQUESTS

1.      All documents and communications relating to medical evaluation and treatment provided to persons in IDOC custody for gender dysphoria including, but not limited to, all records related to hormone treatment for gender dysphoria, gender-

affirming surgery or preparation for surgery (including electrolysis) and post-surgical recovery, and prescriptions for (and actual provision of) gender-affirming items to class members by healthcare staff.

**RESPONSE: Defendants object to this request as vague as to words "all documents, and communications." Defendants further object as this request is overly broad as to time and scope because it does not seek information that is related to current conditions at these institutions and is unduly burdensome.** *See Monroe v. Bowman*, **122 F. 4th 688, 697 (7th Cir. 2024) ("N]ew injunctive relief will need to address the current situation. Any such relief will need to comply with the PLRA, including § 3626)**; *see also Padilla v. Wills*, **No. 24-cv-02478-SPM, 2025 U.S. Dist. LEXIS 15207, at \*9 (S.D. Ill. Jan. 28, 2025) (denying preliminary injunction because "[i]n the original motion, Plaintiff states that he is no longer in segregation and does not discuss his current conditions of confinement.").**

**Moreover, Defendants object as this request is not reasonably limited in time and scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.** *See* **Fed. R. Civ. P. 26. Defendants further object to this request as it does not "describe with reasonable particularity" the documents requested** *See* **Fed. R. Civ. P. 34.**

**Furthermore, Defendants object on the grounds that this request seeks materials already in the possession, custody, or control of Plaintiffs, or that is obtainable from**

public sources or court records, from a source more convenient or less burdensome than from Defendants, or from a source equally accessible to Plaintiffs and Defendants. Furthermore, Defendants object to the extent it seeks disclosure of information or material subject to the attorney-client privilege, work product doctrine, or any other statutory or common law privilege. In addition, Defendants object to this request to the extent it requires Defendants to produce electronically stored information ("ESI") beyond the scope of the existing ESI Order (Doc. 65) and/or subsequent ESI agreements between the parties. Defendants further object to this request to the extent it is not limited to Plaintiff Class Representatives and therefore not reasonable in scope and unduly burdensome.

Subject to and without waiving said objections, Defendants direct Plaintiffs to documents responsive to this request that have already been produced, DEFS' 9-26-2025 PRODUCTION 001591 – 005858; DEFS' 9-26-2025 (SUPPLEMENTAL) PRODUCTION 006073 – 016404; DEFS' 9-26-2025 (SUPPLEMENTAL) PRODUCTION 016405 – 016850, DEFS' 10-31-2025 PRODUCTION 000001-006756, DEFS' 10-31-2025 (SUPPLEMENTAL) PRODUCTION 006757 -006759 and Monroe (18-156) Document No.: 0425922 – 0426929. In addition, Defendants provide responsive documents marked as Monroe (18-156) Document No.: 0426930 - 0428604.

Answering further, Defendants have been and continue to conduct further searches for responsive documents that have not been previously produced. The process of locating and retrieving responsive documents is labor-intensive and time-consuming. Defendants reserve the right to produce the documents and supplement these responses after Defendants complete their ongoing investigation.

2.      All records relating to mental health evaluation and treatment for gender dysphoria provided to persons in IDOC custody, including but not limited to, the Cumulative Counseling Summaries.

**RESPONSE: Defendants object to this request as vague as to words "all records." Defendants further incorporate their objections to Request No. 1 as their objections to this Request as though fully set forth herein. Defendants further object to this request to the extent it requires Defendants to produce electronically stored information ("ESI") beyond the scope of the existing ESI Order (Doc. 65) and/or subsequent ESI agreements between the parties. Defendants further object to this request to the extent it is not limited to Plaintiff Class Representatives and therefore not reasonable in scope and unduly burdensome.**

**Subject to and without waiving said objections, Defendants direct Plaintiffs documents responsive to this request that have already been produced, DEFS' 9-26-2025 PRODUCTION 001591 – 005858; DEFS' 9-26-2025 (SUPPLEMENTAL) PRODUCTION 006073 – 016404; DEFS' 9-26-2025 (SUPPLEMENTAL) PRODUCTION 016405 – 016850, DEFS' 10-31-2025 PRODUCTION 000001-006756, DEFS' 10-31-2025 (SUPPLEMENTAL) PRODUCTION 006757 -006759 and Monroe (18-156) Document No.: 0425922 – 0426929. Further, Defendants provide responsive documents marked as Monroe (18-156) Document No.: 0428605 – 0429642.**

**Answering further, Defendants have been and continue to conduct further searches for responsive documents that have not been previously produced. The process of locating and retrieving responsive documents is labor-intensive and time-consuming. Defendants**

reserve the right to produce the documents and supplement these responses after Defendants complete their ongoing investigation.

3.     All documents and communications relating to or reflecting any IDOC prisoner's request for evaluation or treatment for gender dysphoria (whether or not they used those words in their request for treatment), including gender-affirming surgery of class members

RESPONSE: Defendants object to this request as vague and ambiguous as to the words "all documents and communications" and the qualifier of "whether or not they used those words in their request for treatment." It is unclear from the language of this request what other "words" Plaintiffs may be referring to with this qualifier. Defendants further incorporate their objections to Request No. 1 as their objections to this Request as though fully set forth herein. Defendants further object to this request to the extent it requires Defendants to produce electronically stored information ("ESI") beyond the scope of the existing ESI Order (Doc. 65) and/or subsequent ESI agreements between the parties. Defendants further object to this request to the extent it is not limited to Plaintiff Class Representatives and therefore not reasonable in scope and unduly burdensome.

Subject to and without waiving said objections, Defendants direct Plaintiffs documents responsive to this request that have already been produced, DEFS' 9-26-2025 PRODUCTION 001591 – 005858; DEFS' 9-26-2025 (SUPPLEMENTAL) PRODUCTION 006073 – 016404; DEFS' 9-26-2025 (SUPPLEMENTAL) PRODUCTION 016405 – 016850, DEFS' 10-31-2025 PRODUCTION 000001-006756, DEFS' 10-31-2025 (SUPPLEMENTAL) PRODUCTION 006757 -006759 and Monroe (18-156) Document No.: 0425922 – 0426929.

**Further, Defendants provide responsive documents marked as Monroe (18-156) Document No.: 0429643 - 0429872.**

Answering further, Defendants have been and continue to conduct further searches for responsive documents that have not been previously produced. The process of locating and retrieving responsive documents is labor-intensive and time-consuming. Defendants reserve the right to produce the documents after Defendants complete their ongoing investigation.

4.      All documentation or communications of complaints or concerns raised by IDOC prisoners or any IDOC or vendor staff relating to any issues concerning any prisoner's gender identity or gender dysphoria including, but not limited to, medical and mental health treatment, safety, transfers, gender-affirming clothing and commissary items. This request includes, but is not limited to, grievances, PREA complaints, responses to grievances or PREA complaints, records of investigation of complaints or concerns, transfer requests, and requests for protective custody, and any response, reports of official action, or refusal to act in response.

**RESPONSE: Defendants object to this request as vague and ambiguous as to the words "all documents and communications" and "any issues." Defendants further incorporate their objections to Request No. 1 as their objections to this Request as though fully set forth herein. Moreover, Defendants further object to this request to the extent it requires Defendants to produce electronically stored information ("ESI") beyond the scope of the existing ESI Order (Doc. 65) and/or subsequent ESI agreements between the parties. Defendants further object to this request to the extent it is not limited to Plaintiff**

Class Representatives and therefore not reasonable in scope and unduly burdensome. Defendants also object to this request as unduly burdensome and to the extent it seeks records not in the custody or control of the Defendants.

Subject to and without waiving said objections, Defendants direct Plaintiffs to documents responsive to this request that have already been produced, DEFS' 9-26-2025 PRODUCTION 001591 – 005858; DEFS' 9-26-2025 (SUPPLEMENTAL) PRODUCTION 006073 – 016404; DEFS' 9-26-2025 (SUPPLEMENTAL) PRODUCTION 016405 – 016850, DEFS' 10-31-2025 PRODUCTION 000001-006756, DEFS' 10-31-2025 (SUPPLEMENTAL) PRODUCTION 006757 -006759. Further, Defendants provide responsive documents marked as Monroe (18-156) Document No.: 0425922 – 0426929.

Answering further, Defendants have been and continue to conduct further searches for responsive documents that have not been previously produced. The process of locating and retrieving responsive documents is labor-intensive and time-consuming. Defendants reserve the right to produce the documents after Defendants complete their ongoing investigation.

5.    Documents and communications sufficient to show the availability and provision of gender-affirming IDOC-issued clothing or items at all IDOC facilities housing class members. This includes the procedure for providing these items, process for requesting these items, frequency with which the items may be requested, and evidence that these items have actually been provided to class members. "IDOC-issued" clothing means any clothing or items that are provided to inmates free-of-charge including, but not limited to, shirts, pants, and undergarments.

11

RESPONSE: Defendants object to this request as vague and ambiguous as to the words "documents and communications" "procedure" and "process." Defendants further object as this request is as overly broad as to time and scope because it does not seek information that is related to current conditions at these institutions and is unduly burdensome. *See Monroe v. Bowman*, 122 F. 4th 688, 697 (7th Cir. 2024) ("N]ew injunctive relief will need to address the current situation. Any such relief will need to comply with the PLRA, including § 3626)*; see also Padilla v. Wills*, No. 24-cv-02478-SPM, 2025 U.S. Dist. LEXIS 15207, at *9 (S.D. Ill. Jan. 28, 2025) (denying preliminary injunction because "[i]n the original motion, Plaintiff states that he is no longer in segregation and does not discuss his current conditions of confinement.").

Moreover, Defendants object as this request is not reasonably limited in time and scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26. Defendants further object to this request as it does not "describe with reasonable particularity" the documents requested *See* Fed. R. Civ. P. 34. In addition, Defendants object to this request to the extent it requires Defendants to produce electronically stored information ("ESI") beyond the scope of the existing ESI Order (Doc. 65) and/or subsequent ESI agreements between the parties. Defendants further object to this request to the extent it is not limited to Plaintiff Class Representatives and therefore not reasonable in scope and unduly burdensome.

**Subject to and without waiving said objections, Defendants provide responsive documents marked as Monroe (18-156) Document No.: 0429873 – 0429971. Answering further, Defendants have been and continue to conduct further searches for responsive documents that have not been previously produced. The process of locating and retrieving responsive documents is labor-intensive and time-consuming. Defendants reserve the right to produce the documents after Defendants complete their ongoing investigation.**

6.    Documents and communications sufficient to show the gender-affirming clothing and items available to class members at commissary at all facilities housing class members and the dates these clothing or items were made available at commissary and provided to class members, including the process for requesting or purchasing the clothing or items and evidence that these clothes or items have actually been provided to class members. This request includes currents lists of gender-affirming clothing and items actually available to class members at commissary at any facility housing class members, and inventories, receipts, or order forms for purchase and provision of gender-affirming clothing or items.

**RESPONSE: Defendants object to this request as vague and ambiguous as to the words "documents and communications" "process", "inventories", "receipts" and "order forms." Defendants further incorporate their objections to Request No. 5 as their objections to this Request as though fully set forth herein.**

**Subject to and without waiving said objections, Defendants have been and continue to conduct further searches for responsive documents that have not been previously produced. The process of locating and retrieving responsive documents is**

labor-intensive and time-consuming. **Defendants reserve the right to produce the documents after Defendants complete their ongoing investigation.**

7.    Organizational charts and/or other documents sufficient to show all IDOC and vendor, consultant, or contractor staff (including university personnel, vendor subcontractor staff, and others not directly employed by IDOC) responsible for evaluating IDOC prisoners for physical and mental health care or treatment for gender dysphoria; providing care or treatment for gender dysphoria; or arranging for care or treatment for gender dysphoria, including titles and work locations.

**RESPONSE: Defendants object to this request as vague and ambiguous as to the words "organizational chart/and or other documents" "vendor", "consultant" and "contractor staff." Defendants also object as this request is as overly broad as to time and scope because it does not seek information that is related to current conditions at these institutions and is unduly burdensome.** *See Monroe v. Bowman*, **122 F. 4th 688, 697 (7th Cir. 2024) ("N]ew injunctive relief will need to address the current situation. Any such relief will need to comply with the PLRA, including § 3626);** *see also  Padilla v. Wills*, **No. 24-cv-02478-SPM, 2025 U.S. Dist. LEXIS 15207, at \*9 (S.D. Ill. Jan. 28, 2025) (denying preliminary injunction because "[i]n the original motion, Plaintiff states that he is no longer in segregation and does not discuss his current conditions of confinement.")**

**Additionally, Defendants object as this request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense**

14

of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26. Defendants further object to this request as it does not "describe with reasonable particularity" the documents requested *See* Fed. R. Civ. P. 34. Furthermore, Defendants object to the extent it seeks disclosure of information or material subject to the attorney-client privilege, work product doctrine, or any other statutory or common law privilege. In addition, Defendants object to this request to the extent it requires Defendants to produce electronically stored information ("ESI") beyond the scope of the existing ESI Order (Doc. 65) and/or subsequent ESI agreements between the parties. Defendants further object to this request to the extent it is not limited to Plaintiff Class Representatives and therefore not reasonable in scope and unduly burdensome. Moreover, to identify the overly voluminous number of employees (for a time-period of nearly 4 years) that this request includes is unduly burdensome in and of itself, and Defendants further object to this request for "documents sufficient to show" each individual treatment provider's "qualifications to treat gender dysphoria" as vague and ambiguous. Further, Defendants object to this request to the extent it seeks records not within the custody or control of Defendants.

8.      All documents reflecting the role, responsibilities, membership, and activities of the Transgender Health and Wellness ("THAW") Committee, including current curricula vitae or resumés for each of its voting members, if those documents exist.

**RESPONSE: Defendants object to this request as vague and ambiguous as to the words "all documents" "responsibilities", "membership" and "activities of the Transgender Health and Wellness ("THAW") Committee." Defendants further object as**

this request is as overly broad as to time and scope because it does not seek information that is related to current conditions at these institutions and is unduly burdensome. *See Monroe v. Bowman*, 122 F. 4th 688, 697 (7th Cir. 2024) ("N]ew injunctive relief will need to address the current situation. Any such relief will need to comply with the PLRA, including § 3626); *see also Padilla v. Wills*, No. 24-cv-02478-SPM, 2025 U.S. Dist. LEXIS 15207, at *9 (S.D. Ill. Jan. 28, 2025) (denying preliminary injunction because "[i]n the original motion, Plaintiff states that he is no longer in segregation and does not discuss his current conditions of confinement.").

Moreover, Defendants object as this request is not reasonably limited in time and scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26. Defendants further object to this request as it does not "describe with reasonable particularity" the documents requested *See* Fed. R. Civ. P. 34.

Subject to and without waiving said objections, Defendants provide responsive documents marked as Monroe (18-156) Document No.: 0429972 -0429975.

9. All documents reflecting any notes, transcripts, recordings, or other memorialization of the THAW Committee meetings and the results of those meetings.

RESPONSE: Defendants object to this request as vague and ambiguous as to the words "all documents" "notes", "transcripts" and "recordings." Defendants also object as

this request is as overly broad as to time and scope because it does not seek information that is related not current conditions at these institutions and is unduly burdensome. *See Monroe v. Bowman*, 122 F. 4th 688, 697 (7th Cir. 2024) ("N]ew injunctive relief will need to address the current situation. Any such relief will need to comply with the PLRA, including § 3626); *see also  Padilla v. Wills*, No. 24-cv-02478-SPM, 2025 U.S. Dist. LEXIS 15207, at *9 (S.D. Ill. Jan. 28, 2025) (denying preliminary injunction because "[i]n the original motion, Plaintiff states that he is no longer in segregation and does not discuss his current conditions of confinement.")

Additionally, Defendants object as this request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26. Defendants further object to this request as it does not "describe with reasonable particularity" the documents requested *See* Fed. R. Civ. P. 34. Furthermore, Defendants object to the extent it seeks disclosure of information or material subject to the attorney-client privilege, work product doctrine, or any other statutory or common law privilege. In addition, Defendants object to this request to the extent it requires Defendants to produce electronically stored information ("ESI") beyond the scope of the existing ESI Order (Doc. 65) and/or subsequent ESI agreements between the parties. Defendants further object to this request to the extent it is not limited to Plaintiff Class Representatives and therefore not reasonable in scope and unduly burdensome.

Subject to and without waiving said objections, Defendants have been and continue to conduct further searches for responsive documents that have not been previously produced. The process of locating and retrieving responsive documents is labor-intensive and time-consuming. Defendants reserve the right to produce the documents after Defendants complete their ongoing investigation.

10.    All documents reflecting the role, responsibilities, membership, and activities of the Transgender Administrative Committee ("TAC").

RESPONSE: Defendants object to this request as vague and ambiguous as to the words "all documents" "role", "responsibilities", "membership" and "activities of the Transgender Administrative Committee ("TAC")." Defendants further object as this request is as overly broad as to time and scope because it does not seek information that is related not current conditions at these institutions and is unduly burdensome. *See Monroe v. Bowman*, 122 F. 4th 688, 697 (7th Cir. 2024) ("N]ew injunctive relief will need to address the current situation. Any such relief will need to comply with the PLRA, including § 3626); *see also Padilla v. Wills*, No. 24-cv-02478-SPM, 2025 U.S. Dist. LEXIS 15207, at *9 (S.D. Ill. Jan. 28, 2025) (denying preliminary injunction because "[i]n the original motion, Plaintiff states that he is no longer in segregation and does not discuss his current conditions of confinement.").

Moreover, Defendants object as this request is not reasonably limited in time and scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* **Fed. R. Civ. P. 26. Defendants further object to this request as it does not "describe with reasonable particularity" the documents requested** *See* **Fed. R. Civ. P. 34. In addition, Defendants object to this request to the extent it requires Defendants to produce electronically stored information ("ESI") beyond the scope of the existing ESI Order (Doc. 65) and/or subsequent ESI agreements between the parties. Defendants further object to this request to the extent it is not limited to Plaintiff Class Representatives and therefore not reasonable in scope and unduly burdensome.**

**Subject to and without waiving said objections, Defendants provide responsive documents marked as Monroe (18-156) Document No.: 0429976 - 0429987. Answering further, Defendants have been and continue to conduct further searches for responsive documents that have not been previously produced. The process of locating and retrieving responsive documents is labor-intensive and time-consuming. Defendants reserve the right to produce the documents after Defendants complete their ongoing investigation.**

11.    All documents reflecting any notes, transcripts, recordings, or other memorialization of the TAC Committee meetings and the results of those meetings.

**RESPONSE: Defendants object to this request as vague and ambiguous as to the words "all documents" "notes", "transcripts" and "recordings."**

**Defendants further object as this request is as overly broad as to time and scope because it does not seek information that is related to current conditions at these institutions and is unduly burdensome.** *See Monroe v. Bowman*, **122 F. 4th 688, 697 (7th**

Cir. 2024) ("N]ew injunctive relief will need to address the current situation. Any such relief will need to comply with the PLRA, including § 3626); *see also Padilla v. Wills*, No. 24-cv-02478-SPM, 2025 U.S. Dist. LEXIS 15207, at *9 (S.D. Ill. Jan. 28, 2025) (denying preliminary injunction because "[i]n the original motion, Plaintiff states that he is no longer in segregation and does not discuss his current conditions of confinement.").

Moreover, Defendants object as this request is not reasonably limited in time and scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26. Defendants further object to this request as it does not "describe with reasonable particularity" the documents requested *See* Fed. R. Civ. P. 34. In addition, Defendants object to this request to the extent it requires Defendants to produce electronically stored information ("ESI") beyond the scope of the existing ESI Order (Doc. 65) and/or subsequent ESI agreements between the parties. Defendants further object to this request to the extent it is not limited to Plaintiff Class Representatives and therefore not reasonable in scope and unduly burdensome.

Subject to and without waiving said objections, Defendants direct Plaintiffs documents responsive to this request that have already been produced, DEFS' 9-26-2025 (SUPPLEMENTAL) PRODUCTION 005859 – 005910. Answering further, Defendants have been and continue to conduct further searches for responsive documents that have not been previously produced. The process of locating and retrieving responsive documents

is labor-intensive and time-consuming. Defendants reserve the right to produce the documents after Defendants complete their ongoing investigation.

12.    All documents related to housing transfer requests by class members.

RESPONSE: Defendants object to this request as vague and ambiguous as to the words "all documents" and "transfer requests." It is unclear whether Plaintiffs are referring to inter-facility housing requests, intra-facility housing requests, or some other type of housing request.  Defendants further object as this request is as overly broad as to time and scope because it does not seek information that is related not current conditions at these institutions and is unduly burdensome. *See Monroe v. Bowman*, 122 F. 4th 688, 697 (7th Cir. 2024) ("N]ew injunctive relief will need to address the current situation. Any such relief will need to comply with the PLRA, including § 3626)*; see also Padilla v. Wills*, No. 24-cv-02478-SPM, 2025 U.S. Dist. LEXIS 15207, at *9 (S.D. Ill. Jan. 28, 2025) (denying preliminary injunction because "[i]n the original motion, Plaintiff states that he is no longer in segregation and does not discuss his current conditions of confinement.").

Moreover, Defendants object as this request is not reasonably limited in time and scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26. Defendants further object to this request as it does not "describe with reasonable particularity" the documents requested *See* Fed. R. Civ. P. 34. In addition, Defendants object to this request to the extent it requires Defendants to

produce electronically stored information ("ESI") beyond the scope of the existing ESI Order (Doc. 65) and/or subsequent ESI agreements between the parties. Defendants further object to this request to the extent it is not limited to Plaintiff Class Representatives and therefore not reasonable in scope and unduly burdensome.

Subject to and without waiving said objections, Defendants direct Plaintiffs documents responsive to this request that have already been produced, DEFS' 9-26-2025 (SUPPLEMENTAL) PRODUCTION 016851 – 016888, DEFS' 10-31-2025 PRODUCTION 000001-006756, and DEFS' 10-31-2025 (SUPPLEMENTAL) PRODUCTION 006757 -006759. Answering further, Defendants have been and continue to conduct further searches for responsive documents that have not been previously produced. The process of locating and retrieving responsive documents is labor-intensive and time-consuming. Defendants reserve the right to produce the documents after Defendants complete their ongoing investigation.

13.    All documents reflecting the role, responsibilities, membership, and activities of any other group or committee of IDOC or vendor staff which considers matters relating to persons with gender dysphoria in IDOC custody, including any notes, transcripts, recordings, or other memorialization of its meetings and the results of those meetings.

RESPONSE: Defendants object to this request as vague and ambiguous as to the words "all documents," "role" "responsibility" "membership" and "activities of any other group or committee of IDOC or vendor staff which considers matters relating to persons with gender dysphoria in IDOC custody."

Defendants further object as this request is as overly broad as to time and scope

because it does not seek information that is related to current conditions at these institutions and is unduly burdensome. *See Monroe v. Bowman*, 122 F. 4th 688, 697 (7th Cir. 2024) ("N]ew injunctive relief will need to address the current situation. Any such relief will need to comply with the PLRA, including § 3626)*; see also Padilla v. Wills*, No. 24-cv-02478-SPM, 2025 U.S. Dist. LEXIS 15207, at *9 (S.D. Ill. Jan. 28, 2025) (denying preliminary injunction because "[i]n the original motion, Plaintiff states that he is no longer in segregation and does not discuss his current conditions of confinement.").

Moreover, Defendants object as this request is not reasonably limited in time and scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26. Defendants further object to this request as it does not "describe with reasonable particularity" the documents requested *See* Fed. R. Civ. P. 34. In addition, Defendants object to this request to the extent it requires Defendants to produce electronically stored information ("ESI") beyond the scope of the existing ESI Order (Doc. 65) and/or subsequent ESI agreements between the parties. Defendants further object to this request to the extent it is not limited to Plaintiff Class Representatives and therefore not reasonable in scope and unduly burdensome.

Subject to and without waiving said objections, Defendants have been and continue to conduct further searches for responsive documents that have not been previously produced. The process of locating and retrieving responsive documents is

labor-intensive and time-consuming. Defendants reserve the right to produce the documents after Defendants complete their ongoing investigation.

14.    Documents sufficient to show the titles, organizational affiliation, and qualifications to treat or evaluate persons with gender dysphoria of the members of the THAW or TAC committees and the individuals listed on the documents requested in Request No. 13, above, including current curricula vitae or resumés for each of the THAW voting members, if those documents exist.

**RESPONSE: Defendants object to this request as vague and ambiguous as to the words "Documents" "titles" "organizational affiliation," and "qualifications." Defendants further object as this request is as overly broad as to time and scope because it does not seek information that is related to current conditions at these institutions and is unduly burdensome.** *See Monroe v. Bowman,* **122 F. 4th 688, 697 (7th Cir. 2024) ("N]ew injunctive relief will need to address the current situation. Any such relief will need to comply with the PLRA, including § 3626**; *see also Padilla v. Wills,* **No. 24-cv-02478-SPM, 2025 U.S. Dist. LEXIS 15207, at \*9 (S.D. Ill. Jan. 28, 2025) (denying preliminary injunction because "[i]n the original motion, Plaintiff states that he is no longer in segregation and does not discuss his current conditions of confinement.").**

**Moreover, Defendants object as this request is not reasonably limited in time and scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its**

likely benefit. *See* **Fed. R. Civ. P. 26. Defendants further object to this request as it does not "describe with reasonable particularity" the documents requested** *See* **Fed. R. Civ. P. 34. In addition, Defendants object to this request to the extent it requires Defendants to produce electronically stored information ("ESI") beyond the scope of the existing ESI Order (Doc. 65) and/or subsequent ESI agreements between the parties. Defendants further object to this request to the extent it is not limited to Plaintiff Class Representatives and therefore not reasonable in scope and unduly burdensome.**

**Subject to and without waiving said objections, Defendants provide responsive documents marked as Monroe (18-156) Document No.: 0429988 – 0439923. Answering further, Defendants have been and continue to conduct further searches for responsive documents that have not been previously produced. The process of locating and retrieving responsive documents is labor-intensive and time-consuming. Defendants reserve the right to produce the documents after Defendants complete their ongoing investigation.**

15.    All documents reflecting any instructions or directives given by IDOC to Wexford Health Sources, Centurion Health, or any other vendor or contractor relating to the evaluation, care, or treatment of persons in custody who have requested evaluation or treatment for gender dysphoria.

**RESPONSE: Defendants object to this request as vague and ambiguous as to the words "all documents" "instructions" "directives" "evaluation" and "treatment" Defendants further object as this request is as overly broad as to time and scope because it does not seek information that is related to current conditions at these institutions and**

is unduly burdensome. *See Monroe v. Bowman*, 122 F. 4th 688, 697 (7th Cir. 2024) ("N]ew injunctive relief will need to address the current situation. Any such relief will need to comply with the PLRA, including § 3626); *see also Padilla v. Wills*, No. 24-cv-02478-SPM, 2025 U.S. Dist. LEXIS 15207, at *9 (S.D. Ill. Jan. 28, 2025) (denying preliminary injunction because "[i]n the original motion, Plaintiff states that he is no longer in segregation and does not discuss his current conditions of confinement.").

Moreover, Defendants object as this request is not reasonably limited in time and scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26. Defendants further object to this request as it does not "describe with reasonable particularity" the documents requested *See* Fed. R. Civ. P. 34. Defendants object to this request to the extent it requires Defendants to produce electronically stored information ("ESI") beyond the scope of the existing ESI Order (Doc. 65) and/or subsequent ESI agreements between the parties. Defendants further object to this request to the extent it is not limited to Plaintiff Class Representatives and therefore not reasonable in scope and unduly burdensome.

Additionally, this request seeks intra-agency drafts and communications as well as those exchanged with consultants hired expressly for their review. Such documents and communications are protected by deliberate process privilege. *See Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 10-11(2001) (citing *Hoover v. U.S. Dept.*

*of Interior*, **611 F.2 1132, 1138 (5th Cir. 1980) (noting that if consultant hired to advise the agency that hired the consultant, the consultant functions as an employee would be expected to do)).**

16.     All communications including emails and notes relating to or discussing the evaluation, care, or treatment provided to any prisoner who has requested evaluation or treatment for gender dysphoria.  This includes all communications by Defendants related to class members.

**RESPONSE: Defendants object to this request as vague and ambiguous as to the words "communications", "emails", "evaluation", and "treatment."**

**Defendants further object as this request is as overly broad as to time and scope because it does not seek information that is related to current conditions at these institutions and is unduly burdensome.** *See Monroe v. Bowman*, **122 F. 4th 688, 697 (7th Cir. 2024) ("N]ew injunctive relief will need to address the current situation. Any such relief will need to comply with the PLRA, including § 3626)**; *see also Padilla v. Wills*, **No. 24-cv-02478-SPM, 2025 U.S. Dist. LEXIS 15207, at \*9 (S.D. Ill. Jan. 28, 2025) (denying preliminary injunction because "[i]n the original motion, Plaintiff states that he is no longer in segregation and does not discuss his current conditions of confinement.").**

 **Moreover, Defendants object as this request is not reasonably limited in time and scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its**

likely benefit. *See* **Fed. R. Civ. P. 26. Defendants further object to this request as it does not "describe with reasonable particularity" the documents requested** *See* **Fed. R. Civ. P. 34. Defendants object to this request to the extent it requires Defendants to produce electronically stored information ("ESI") beyond the scope of the existing ESI Order (Doc. 65) and/or subsequent ESI agreements between the parties. Defendants further object to this request to the extent it is not limited to Plaintiff Class Representatives and therefore not reasonable in scope and unduly burdensome.**

**Additionally, Defendants object to the extent it seeks disclosure of information or material subject to the attorney-client privilege, and work product doctrine. Moreover, this request seeks intra-agency drafts and communications as well as those exchanged with consultants hired expressly for their review. Such documents and communications are protected by deliberate process privilege.** *See Dept. of Interior v. Klamath Water Users Protective Ass'n,* **532 U.S. 1, 10-11(2001) (citing** *Hoover v. U.S. Dept. of Interior,* **611 F.2 1132, 1138 (5th Cir. 1980) (noting that if consultant hired to advise the agency that hired the consultant, the consultant functions as an employee would be expected to do)).**

17.    All facility-level documents, memoranda, or other materials regarding prisoners with gender dysphoria.

**RESPONSE:  Defendants object to this request as vague and ambiguous as to the words "facility-level documents", "memoranda", or "other materials."**

**Defendants further object as this request is as overly broad as to time and scope because it does not seek information that is related to current conditions at these institutions and is unduly burdensome.** *See Monroe v. Bowman,* **122 F. 4th 688, 697 (7th**

Cir. 2024) ("N]ew injunctive relief will need to address the current situation. Any such relief will need to comply with the PLRA, including § 3626)*; see also Padilla v. Wills*, No. 24-cv-02478-SPM, 2025 U.S. Dist. LEXIS 15207, at *9 (S.D. Ill. Jan. 28, 2025) (denying preliminary injunction because "[i]n the original motion, Plaintiff states that he is no longer in segregation and does not discuss his current conditions of confinement.").

Moreover, Defendants object as this request is not reasonably limited in time and scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26. Defendants further object to this request as it does not "describe with reasonable particularity" the documents requested *See* Fed. R. Civ. P. 34. Defendants object to this request to the extent it requires Defendants to produce electronically stored information ("ESI") beyond the scope of the existing ESI Order (Doc. 65) and/or subsequent ESI agreements between the parties. Defendants further object to this request to the extent it is not limited to Plaintiff Class Representatives and therefore not reasonable in scope and unduly burdensome.

Additionally, Defendants object to the extent it seeks disclosure of information or material subject to the attorney-client privilege, and work product doctrine. Moreover, this request seeks intra-agency drafts and communications as well as those exchanged with consultants hired expressly for their review. Such documents and communications are protected by deliberate process privilege. *See Dept. of Interior v. Klamath Water Users*

*Protective Ass'n*, 532 U.S. 1, 10-11 (2001) (citing *Hoover v. U.S. Dept. of Interior*, 611 F.2 1132, 1138 (5th Cir. 1980) (noting that if consultant hired to advise the agency that hired the consultant, the consultant functions as an employee would be expected to do)).

Subject to and without waiving said objections, Defendants provide responsive documents marked as Monroe (18-156) Document No.: 0430024 - 0430049. Answering further, Defendants have been and continue to conduct further searches for responsive documents that have not been previously produced. The process of locating and retrieving responsive documents is labor-intensive and time-consuming. Defendants reserve the right to produce the documents after Defendants complete their ongoing investigation.

18.    All IDOC policies and procedures governing or relating to prisoners with gender dysphoria including, but not limited to, IDOC administrative directives and institutional directives in effect at any IDOC facility.

RESPONSE: Defendants object to this request as vague and ambiguous as to the words "all IDOC policies and procedures governing or relating to prisoners with gender dysphoria" and "IDOC administrative directives" and "institutional directives."

Defendants further object as this request is as overly broad as to time and scope because it does not sees information that is related to current conditions at these institutions and is unduly burdensome. *See Monroe v. Bowman*, 122 F. 4th 688, 697 (7th Cir. 2024) ("[N]ew injunctive relief will need to address the current situation. Any such relief will need to comply with the PLRA, including § 3626); *see also Padilla v. Wills*, No. 24-cv-02478-SPM, 2025 U.S. Dist. LEXIS 15207, at *9 (S.D. Ill. Jan. 28, 2025) (denying

preliminary injunction because "[i]n the original motion, Plaintiff states that he is no longer in segregation and does not discuss his current conditions of confinement.").

Moreover, Defendants object as this request is not reasonably limited in time and scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26. Defendants further object to this request as it does not "describe with reasonable particularity" the documents requested *See* Fed. R. Civ. P. 34. Defendants object to this request to the extent it requires Defendants to produce electronically stored information ("ESI") beyond the scope of the existing ESI Order (Doc. 65) and/or subsequent ESI agreements between the parties. Defendants further object to this request to the extent it is not limited to Plaintiff Class Representatives and therefore not reasonable in scope and unduly burdensome.

Additionally, Defendants object to the extent it seeks disclosure of information or material subject to the attorney-client privilege, and work product doctrine. Moreover, this request seeks intra-agency drafts and communications as well as those exchanged with consultants hired expressly for their review. Such documents and communications are protected by deliberate process privilege. *See Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 10-11 (2001) (citing *Hoover v. U.S. Dept. of Interior*, 611 F.2 1132, 1138 (5th Cir. 1980) (noting that if consultant hired to advise the agency that hired the consultant, the consultant functions as an employee would be expected to do)).

Subject to and without waiving said objections, Defendants provide responsive documents marked as BATES 005063 – 005219, and Monroe (18-156) Document No.: 0429976 -0429987. Answering further, Defendants have been and continue to conduct further searches for responsive documents that have not been previously produced. The process of locating and retrieving responsive documents is labor-intensive and time-consuming. Defendants reserve the right to produce the documents after Defendants complete their ongoing investigation.

19.     All documents describing the basis for IDOC policies and procedures relating to prisoners with gender dysphoria and for determinations regarding which treatments, including which gender-affirming surgeries (e.g., masculinizing chest surgery, facial feminization, feminizing vaginoplasty, masculinizing phalloplasty, augmentation mammoplasty) IDOC performs for class members.

RESPONSE: Defendants object to this request as vague and ambiguous as to the words "all documents." Defendants further object as this request is as overly broad as to time and scope because it does not seek information that is related to current conditions at these institutions and is unduly burdensome. *See Monroe v. Bowman*, 122 F. 4th 688, 697 (7th Cir. 2024) ("N]ew injunctive relief will need to address the current situation. Any such relief will need to comply with the PLRA, including § 3626); *see also Padilla v. Wills*, No. 24-cv-02478-SPM, 2025 U.S. Dist. LEXIS 15207, at *9 (S.D. Ill. Jan. 28, 2025) (denying preliminary injunction because "[i]n the original motion, Plaintiff states that he is no longer in segregation and does not discuss his current conditions of confinement.").

Moreover, Defendants object as this request is not reasonably limited in time and

scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26. Defendants further object to this request as it does not "describe with reasonable particularity" the documents requested *See* Fed. R. Civ. P. 34. Defendants object to this request to the extent it requires Defendants to produce electronically stored information ("ESI") beyond the scope of the existing ESI Order (Doc. 65) and/or subsequent ESI agreements between the parties. Defendants further object to this request to the extent it is not limited to Plaintiff Class Representatives and therefore not reasonable in scope and unduly burdensome.

Additionally, Defendants object to the extent it seeks disclosure of information or material subject to the attorney-client privilege, and work product doctrine. Moreover, this request seeks intra-agency drafts and communications as well as those exchanged with consultants hired expressly for their review. Such documents and communications are protected by deliberate process privilege. *See Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 10-11 (2001) (citing *Hoover v. U.S. Dept. of Interior*, 611 F.2 1132, 1138 (5th Cir. 1980) (noting that if consultant hired to advise the agency that hired the consultant, the consultant functions as an employee would be expected to do)).

Subject to and without waiving said objections, Defendants provide responsive documents marked as BATES 005063 - 005219. Answering further, Defendants have been and continue to conduct further searches for responsive documents that have not been

33

previously produced. **The process of locating and retrieving responsive documents is labor-intensive and time-consuming. Defendants reserve the right to produce the documents after Defendants complete their ongoing investigation.**

20.    All documents and communications relating to the revision and implementation of IDOC's Administrative Directive(s) (including drafts) concerning prisoners with gender dysphoria.

**RESPONSE: Defendants object to this request as vague and ambiguous as to the words "all documents and communications." Defendants further object as this request is as overly broad as to time and scope because it does not seek information that is related to current conditions at these institutions and is unduly burdensome. *See Monroe v. Bowman*, 122 F. 4th 688, 697 (7th Cir. 2024) ("N]ew injunctive relief will need to address the current situation. Any such relief will need to comply with the PLRA, including § 3626)**; *see also Padilla v. Wills*, **No. 24-cv-02478-SPM, 2025 U.S. Dist. LEXIS 15207, at \*9 (S.D. Ill. Jan. 28, 2025) (denying preliminary injunction because "[i]n the original motion, Plaintiff states that he is no longer in segregation and does not discuss his current conditions of confinement.").**

**Moreover, Defendants object as this request is not reasonably limited in time and scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26. Defendants further object to this request as it does**

not "describe with reasonable particularity" the documents requested *See* Fed. R. Civ. P. 34. Defendants object to this request to the extent it requires Defendants to produce electronically stored information ("ESI") beyond the scope of the existing ESI Order (Doc. 65) and/or subsequent ESI agreements between the parties. Defendants further object to this request to the extent it is not limited to Plaintiff Class Representatives and therefore not reasonable in scope and unduly burdensome.

Additionally, Defendants object to the extent it seeks disclosure of information or material subject to the attorney-client privilege, and work product doctrine. Moreover, this request seeks intra-agency drafts and communications as well as those exchanged with consultants hired expressly for their review. Such documents and communications are protected by deliberative process privilege. *See Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 10-11 (2001) (citing *Hoover v. U.S. Dept. of Interior*, 611 F.2 1132, 1138 (5th Cir. 1980) (noting that if consultant hired to advise the agency that hired the consultant, the consultant functions as an employee would be expected to do)).

21.    All training materials used to train IDOC staff and vendor healthcare personnel on gender dysphoria and evaluation and treatment for gender dysphoria and documentation of completion of training.

RESPONSE: Defendants object to this request as vague and ambiguous as to the words "all training materials", "evaluation" and "treatment" and "documentation of completion of training." Defendants further object as this request is as overly broad as to time and scope because it does not seek information that is related to current conditions at these institutions and is unduly burdensome. *See Monroe v. Bowman*, 122 F. 4th 688, 697

(7th Cir. 2024) ("N]ew injunctive relief will need to address the current situation. Any such relief will need to comply with the PLRA, including § 3626)*; see also Padilla v. Wills*, No. 24-cv-02478-SPM, 2025 U.S. Dist. LEXIS 15207, at *9 (S.D. Ill. Jan. 28, 2025) (denying preliminary injunction because "[i]n the original motion, Plaintiff states that he is no longer in segregation and does not discuss his current conditions of confinement.").

Moreover, Defendants object as this request is not reasonably limited in time and scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26. Defendants further object to this request as it does not "describe with reasonable particularity" the documents requested *See* Fed. R. Civ. P. 34. Defendants object to this request to the extent it requires Defendants to produce electronically stored information ("ESI") beyond the scope of the existing ESI Order (Doc. 65) and/or subsequent ESI agreements between the parties. Defendants further object to this request to the extent it is not limited to Plaintiff Class Representatives and therefore not reasonable in scope and unduly burdensome.

Additionally, this request seeks intra-agency drafts and communications as well as those exchanged with consultants hired expressly for their review. Such documents and communications are protected by deliberative process privilege. *See Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 10-11(2001) (citing *Hoover v. U.S. Dept. of Interior*, 611 F.2 1132, 1138 (5th Cir. 1980) (noting that if consultant hired to advise the

agency that hired the consultant, the consultant functions as an employee would be expected to do)).

Subject to and without waiving said objections, Defendants direct Plaintiffs documents responsive to this request that have already been produced IDOC Standard Operating Procedure (SOP) Manual for Mental Health, BATES 005521-005654.

22.    Documents sufficient to show the qualifications of IDOC and vendor or contractor healthcare staff to treat gender dysphoria.

RESPONSE: Defendants object to this request as vague and ambiguous. Defendants further object as this request is as overly broad as to time and scope because it does not seek information that is related to current conditions at these institutions and is unduly burdensome. *See Monroe v. Bowman*, 122 F. 4th 688, 697 (7th Cir. 2024) ("N]ew injunctive relief will need to address the current situation. Any such relief will need to comply with the PLRA, including § 3626)*; see also Padilla v. Wills*, No. 24-cv-02478-SPM, 2025 U.S. Dist. LEXIS 15207, at *9 (S.D. Ill. Jan. 28, 2025) (denying preliminary injunction because "[i]n the original motion, Plaintiff states that he is no longer in segregation and does not discuss his current conditions of confinement.").

Moreover, Defendants object as this request is not reasonably limited in time and scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26. Defendants further object to this request as it does

37

not "describe with reasonable particularity" the documents requested *See* Fed. R. Civ. P. 34. Moreover, to identify the overly voluminous number of employees (for a time-period of nearly 4 years) that this request includes is unduly burdensome in and of itself, and Defendants further object to this request for "documents sufficient to show" each individual treatment provider's "qualifications to treat gender dysphoria" as vague and ambiguous.  Further, Defendants object to this request to the extent it seeks records not within the custody or control of Defendants.

In addition, Defendants object to this request to the extent it requires Defendants to produce electronically stored information ("ESI") beyond the scope of the existing ESI Order (Doc. 65) and/or subsequent ESI agreements between the parties. Defendants further object to this request to the extent it is not limited to Plaintiff Class Representatives and therefore not reasonable in scope and unduly burdensome.

23.    All PREA audit records for each IDOC facility that houses class members.

RESPONSE: Defendants object to this request as vague and ambiguous as to the words "PREA audit records." Defendants further object as this request is as overly broad as to time and scope because it does not seek information that is related to current conditions at these institutions and is unduly burdensome. *See Monroe v. Bowman*, 122 F. 4th 688, 697 (7th Cir. 2024) ("N]ew injunctive relief will need to address the current situation. Any such relief will need to comply with the PLRA, including § 3626; *see also Padilla v. Wills*, No. 24-cv-02478-SPM, 2025 U.S. Dist. LEXIS 15207, at *9 (S.D. Ill. Jan. 28, 2025) (denying preliminary injunction because "[i]n the original motion, Plaintiff states that he is no longer in segregation and does not discuss his current conditions of

confinement.").

Moreover, Defendants object as this request is not reasonably limited in time and scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26. Defendants object to this request to the extent it requires Defendants to produce electronically stored information ("ESI") beyond the scope of the existing ESI Order (Doc. 65) and/or subsequent ESI agreements between the parties. Defendants further object to this request to the extent it is not limited to Plaintiff Class Representatives and therefore not reasonable in scope and unduly burdensome.

Additionally, Defendants object on the grounds that this request seeks materials already in the possession, custody, or control of Plaintiffs, or that is obtainable from public sources or court records, from a source more convenient or less burdensome than from Defendants, or from a source equally accessible to Plaintiffs and Defendants. Fed. R. Civ. P. 26(b)(1). Furthermore, Defendants object to the extent it seeks disclosure of information or material subject to the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.

Subject to and without waiving said objections, Defendants direct Plaintiffs to the IDOC Website, where all PREA audit records for all IDOC facilities are accessible: https://idoc.illinois.gov/programs/preaauditreports.html

24.    All documents and communications relating to any IDOC healthcare quality

assurance, continuous quality improvement, or audit program relating to the assessment of the evaluation, care, and treatment of prisoners with gender dysphoria.

**RESPONSE: Defendants object to this request as vague and ambiguous as to the words "all documents and communications" "healthcare quality assurance" "continuous quality improvement" and "audit program."**

**Defendants further object as this request is as overly broad as to time and scope because it does not seek information that is related to current conditions at these institutions and is unduly burdensome.** *See Monroe v. Bowman*, **122 F. 4th 688, 697 (7th Cir. 2024) ("N]ew injunctive relief will need to address the current situation. Any such relief will need to comply with the PLRA, including § 3626**; *see also Padilla v. Wills*, **No. 24-cv-02478-SPM, 2025 U.S. Dist. LEXIS 15207, at \*9 (S.D. Ill. Jan. 28, 2025) (denying preliminary injunction because "[i]n the original motion, Plaintiff states that he is no longer in segregation and does not discuss his current conditions of confinement.").**

**Moreover, Defendants object as this request is not reasonably limited in time and scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.** *See* **Fed. R. Civ. P. 26. Defendants further object to this request as it does not "describe with reasonable particularity" the documents requested** *See* **Fed. R. Civ. P. 34. Defendants object to this request to the extent it requires Defendants to produce electronically stored information ("ESI") beyond the scope of the existing ESI Order (Doc.**

65) and/or subsequent ESI agreements between the parties. Defendants further object to this request to the extent it is not limited to Plaintiff Class Representatives and therefore not reasonable in scope and unduly burdensome.

Additionally, Defendants object on the grounds that this request seeks materials already in the possession, custody, or control of Plaintiffs, or that is obtainable from public sources or court records, from a source more convenient or less burdensome than from Defendants, or from a source equally accessible to Plaintiffs and Defendants. Furthermore, Defendants object to the extent it seeks disclosure of information or material subject to the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.

Subject to and without waiving said objections, Defendants have been and continue to conduct further searches for responsive documents that have not been previously produced. The process of locating and retrieving responsive documents is labor-intensive and time-consuming. Defendants reserve the right to produce the documents after Defendants complete their ongoing investigation.

25.    All documentation reflecting each Defendant's role and actions to provide medical treatment, housing, or other care to IDOC prisoners who have requested evaluation or treatment for gender dysphoria.

RESPONSE: Defendants object to this request as vague and ambiguous as to the words "all documentation" and "other care." Defendants further object as this request is as overly broad as to time and scope because it does not seek information that is related to current conditions at these institutions and is unduly burdensome. *See Monroe v.*

*Bowman*, 122 F. 4th 688, 697 (7th Cir. 2024) ("N]ew injunctive relief will need to address the current situation. Any such relief will need to comply with the PLRA, including § 3626); *see also Padilla v. Wills*, No. 24-cv-02478-SPM, 2025 U.S. Dist. LEXIS 15207, at *9 (S.D. Ill. Jan. 28, 2025) (denying preliminary injunction because "[i]n the original motion, Plaintiff states that he is no longer in segregation and does not discuss his current conditions of confinement.").

Moreover, Defendants object as this request is not reasonably limited in time and scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26. Defendants further object to this request as it does not "describe with reasonable particularity" the documents requested *See* Fed. R. Civ. P. 34. Defendants object to this request to the extent it requires Defendants to produce electronically stored information ("ESI") beyond the scope of the existing ESI Order (Doc. 65) and/or subsequent ESI agreements between the parties. Defendants further object to this request to the extent it is not limited to Plaintiff Class Representatives and therefore not reasonable in scope and unduly burdensome.

Additionally, Defendants object on the grounds that this request seeks materials already in the possession, custody, or control of Plaintiffs, or that is obtainable from public sources or court records, from a source more convenient or less burdensome than from Defendants, or from a source equally accessible to Plaintiffs and Defendants.

Furthermore, Defendants object to the extent it seeks disclosure of information or material subject to the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.

26.    All correspondence between IDOC and Monitor julie graham, Monitor Dr. Amanda Harris, and Dr. Soo Chun.

RESPONSE: Defendants object to this request as vague and ambiguous as to the words "all correspondence." Defendants further object as this request is as overly broad as to time and scope because it does not seek information that is related to current conditions at these institutions and is unduly burdensome. *See Monroe v. Bowman*, 122 F. 4th 688, 697 (7th Cir. 2024) ("N]ew injunctive relief will need to address the current situation. Any such relief will need to comply with the PLRA, including § 3626)*; see also Padilla v. Wills*, No. 24-cv-02478-SPM, 2025 U.S. Dist. LEXIS 15207, at *9 (S.D. Ill. Jan. 28, 2025) (denying preliminary injunction because "[i]n the original motion, Plaintiff states that he is no longer in segregation and does not discuss his current conditions of confinement."). Defendants object to this request to the extent it requires Defendants to produce electronically stored information ("ESI") beyond the scope of the existing ESI Order (Doc. 65) and/or subsequent ESI agreements between the parties. Defendants further object to this request to the extent it is not limited to Plaintiff Class Representatives and therefore not reasonable in scope and unduly burdensome.

Additionally, Defendants object as this request is overly broad, unduly burdensome, not reasonably limited in time and scope and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26. Defendants further object to this request as it does not "describe with reasonable particularity" the documents requested *See* Fed. R. Civ. P. 34.

Respectfully submitted,

DEFENDANTS LATOYA HUGHES, MELVIN HINTON, and STEVEN BOWMAN

_/s/ Justin M. Penn_____
Special Assistant Attorney General
State of Illinois

Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Telephone: 312-704-3000
jpenn@hinshawlaw.com

44