# EXHIBIT 5

 Outlook

## Monroe - Pl.'s 4th Set of RFPs

**From** Hudson, Anne J. <anne.hudson@kirkland.com>
**Date** Fri 2025-12-12 1:11 PM
**To** Penn, Justin M. <jpenn@hinshawlaw.com>; Vaidya, Anshuman A. <avaidya@hinshawlaw.com>; Edwards Jr., Calvin R. <cedwards@hinshawlaw.com>; Brodzik, James M. <JBrodzik@hinshawlaw.com>; Rizzo, Vincent M. <vrizzo@hinshawlaw.com>
**Cc** #ACLU Transgender Prisoner Rights External <ACLU_Transgender_Prisoner_Rights_External@kirkland.com>

Counsel,

 We write to follow-up on our meet and confer on November 11 regarding Plaintiffs' fourth set of RFPs, and regarding several unresolved issues related to those requests and Defendants' recent productions.

**Class-Wide Discovery.** In your responses and objections, you objected to requests that were not "limited to Plaintiff Class Representatives." As we explained, Plaintiffs do not believe there is any basis for such a limitation and cannot agree to such constrained discovery, but we remain willing to work with you to minimize any legitimate concerns as to burden. On the call, you agreed to identify the specific requests that Defendants believed they could not produce class-wide documents and why doing so would be too burdensome. It is now a month later and you have not provided this information. Please confirm by December 15 that Defendants will be producing responsive documents for all members of the class or otherwise provide your position in writing identifying which requests you are refusing to produce class-wide documents for and your legal basis for doing so, including citations to any case law defendants assert supports this position. Absent confirmation that Defendants are not limiting production to Class Representatives, Plaintiffs will move to compel.

**ESI Protocol/Productions.** Before the meet and confer, Plaintiffs sent a proposal for a revised ESI protocol, to which Defendants never provided any response. On the meet and confer, you did not identify any issue or disagreement with that proposal but rather merely indicated that you did not believe a new ESI protocol was necessary, given the existing protocol in place. Yet, despite that your reliance on that existing ESI protocol, your productions have failed to comply with that protocol in any meaningful way. For example, per the parties' existing agreement, in productions of scanned paper documents "distinct documents ***should not be merged into a single record***, and single documents should not be split into multiple records (*i.e.*, paper documents should be logically unitized)." Dkt. 65, ¶ 29 (emphasis added). Yet your productions thus far consistently ignored this requirement—instead including documents that are thousands of pages long, which combine hundreds of distinct documents with no attempt to properly unitize them as required. *See e.g.*, Doc. No. 0430110. These merged documents combine different types of records and records related to different class members, with no discernable organizing principle, making review extremely onerous and time-consuming.

These deficiencies severely complicate review and add undue burden on Plaintiffs. Given the schedule in place and the fast approaching close of fact discovery, these failures are especially troublesome. Please confirm that going forward, Defendants will comply with the existing ESI protocol,

Further, Defendants do not appear to have produced **any** emails or other ESI documents. Per the existing protocol, the parties are required to "cooperate to identify the proper custodians, search terms, and time frames" for ESI documents. Your responses and objections indicated that Defendants were continuing "to conduct further searches for responsive documents that have not been previously produced." Yet, you have provided **no information** regarding what custodians, search terms, or time frames you are using for such further searches. Plaintiffs require this information in order to evaluate Defendants' compliance with discovery obligation and to evaluate the need for any further discovery. Plaintiffs propose the following initial list of custodians and search terms. Please confirm your agreement by December 15 or explain your objections and provide your alternative proposal.

**Custodians**:
- Dr. William Puga
- Dr. Shane Reister
- Dr. Erica Anderson
- Dr. Lamenta Conway
- Justin Hammers
- Latoya Hughes
- Melvin Hinton
- Steven Bowman
- Michelle Malone
- Brittney Schroeder
- Alyssa Williams
- Melinda Eddy
- Lt. Curtis Dallas
- Lt. Curtis Bailey

**Search Terms**:
- Transgender
- Injunct! OR court w/2 order
- Hormon!
- Logan w/5 transfer
- PRISM w/5 transfer
- "gender" AND "surgery"
- Trans! AND "surgery"
- Trans! AND "transfer"
- Trans! AND "logan"
- Trans! AND "PRISM"
- "gender dysphoria"
- WPATH

**Anne J. Hudson**

She/Her/Hers

----------------------------------

**KIRKLAND & ELLIS LLP**

333 West Wolf Point Plaza, Chicago, IL 60654

T +1 312 862 4111  M +1 312 208 0051

F +1 312 862 2200

----------------------------------

anne.hudson@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.