# EXHIBIT 8

 Outlook

---

## RE: Monroe - Pl.'s 4th Set of RFPs

**From** Hudson, Anne J. <anne.hudson@kirkland.com>

**Date** Wed 2025-12-17 8:28 AM

**To** Vaidya, Anshuman A. <avaidya@hinshawlaw.com>; Penn, Justin M. <jpenn@hinshawlaw.com>; Edwards Jr., Calvin R. <cedwards@hinshawlaw.com>; Brodzik, James M. <JBrodzik@hinshawlaw.com>

**Cc** #ACLU Transgender Prisoner Rights External <ACLU_Transgender_Prisoner_Rights_External@kirkland.com>; *Brent.ray@arnoldporter.com <Brent.ray@arnoldporter.com>; *abby.parsons@arnoldporter.com <abby.parsons@arnoldporter.com>; Michelle Garcia <MGarcia@aclu-il.org>; Camille Bennett <CBennett@aclu-il.org>

Counsel,

Thank you for your response and the updates regarding Defendants' discovery efforts. Please provide the results of your preliminary analysis as soon as possible, and in particular let us know which, if any, of the search terms/custodians have excessive hit counts so that we can attempt to narrow them. Plaintiffs are willing to discuss your proposal for limiting discovery to records from the last 12 months, while reserving rights to seek records outside of that time period, if necessary. We can be available for a meet and confer tomorrow after 2:30 PM or anytime on Friday. Let us know what time works for Defendants.

Thanks,
Anne

**Anne J. Hudson**
**She/Her/Hers**
----------------------------------------
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 4111  **M** +1 312 208 0051
**F** +1 312 862 2200
----------------------------------------
anne.hudson@kirkland.com

---

**From:** Vaidya, Anshuman A. <avaidya@hinshawlaw.com>
**Sent:** Monday, December 15, 2025 4:43 PM
**To:** Hudson, Anne J. <anne.hudson@kirkland.com>; Penn, Justin M. <jpenn@hinshawlaw.com>; Edwards Jr., Calvin R. <cedwards@hinshawlaw.com>; Brodzik, James M. <JBrodzik@hinshawlaw.com>
**Cc:** #ACLU Transgender Prisoner Rights External <ACLU_Transgender_Prisoner_Rights_External@kirkland.com>; *Brent.ray@arnoldporter.com <Brent.ray@arnoldporter.com>; *abby.parsons@arnoldporter.com <abby.parsons@arnoldporter.com>; *MGarcia@aclu-il.org <MGarcia@aclu-il.org>; *cbennett@aclu-il.org <cbennett@aclu-il.org>
**Subject:** RE: Monroe - Pl.'s 4th Set of RFPs

Counsel for the Plaintiffs,

I would just note that, at Plaintiffs request, the parties agreed to extend discovery in this matter, and also agreed to move the hearing date for the renewed motion for preliminary injunction to facilitate Plaintiffs' scheduling conflicts.  At the November 11, 2025, meet and confer (which Defendants initiated back at the

end of October), the parties agreed that the next step would be for Plaintiffs to provide an updated ESI search information so that we could gauge the size and scope of the discovery that would be implicated. Recognizing that Defendants waited over a month for Plaintiffs to provide the updated ESI terms, we'd respectfully ask that Counsel allow us more than one business day to respond to all of the issues raised in your e-mail below.

Nonetheless, in the spirit of cooperation, at this time we can provide the following updates:

- Now that we have Plaintiffs recommended ESI search terms, we are running a preliminary analysis and provide some greater details on the size and scope of the discovery at issue and whether random sampling will be needed. We would ask that you allow us until the end of the week to provide an update, but we will work to provide that information as quickly as it becomes available. However, we note that while we were waiting for Plaintiffs to provide updated terms, we ran a search (using similar terms as those suggested below) for just one representative class member, which came up with over 185,000 hits, which is unmanageable.

- Given the number of class members and in order to prevent the trial from becoming a consistently moving target, consistent with the spirit and purpose of Rule 23 class litigation, Defendants would ask that the parties agree to limit inmate discovery to records within the last year or to representative class members. We note that courts have concluded that a representative sample of a class is a suitable methodology in class actions to establish liability. *See Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 455, 460 (2016). The entire purpose of a class action is to alleviate the pressures of having to litigate hundreds of individual claims because to do so would be unwieldy, yet that is exactly what Plaintiffs are proposing. *See* Manual for Complex Litigation (FJC) §21.41 ("Postcertification discovery directed at individual class members (other than named plaintiffs) should be conditioned on a showing that it serves a legitimate purpose."). We would also be open to discussing narrowing discovery to a more limited subset of the class.

- We are preparing updated response to Plaintiffs' RTPs 18 and 26, which include approximately 3000+ emails memorializing correspondence between the Department and the court-appointed class monitors. In order to address Counsel's concerns about document production, they will be produced as separate documents. To the extent we are able to reproduce our prior document production from November in a more accessible format, we will also endeavor to do so. We just note that much of what has been produced so far is simply scanned copies of paper documents.

- Defendants do not object to the proposed initial list of custodians, but note that Dr. Erica Anderson does not have a government e-mail address and so her account is not within the Department's custody or control.

Given that the Court granted the request for a discovery extension, we would respectfully request that the parties engage in a meet and confer to further discuss narrowing and prioritizing Plaintiffs' discovery requests. Please let us know if there is a time later this week or early next week that works.

Best,

Anshuman

**Anshuman Vaidya**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

**O:** 312-704-3439 | **F:** 312-704-3001
avaidya@hinshawlaw.com
My Bio | hinshawlaw.com | in f X ⊙



*Proudly*
**MANSFIELD RULE**
**CERTIFIED** *PLUS*

**From:** Hudson, Anne J. <anne.hudson@kirkland.com>
**Sent:** Friday, December 12, 2025 1:11 PM
**To:** Penn, Justin M. <jpenn@hinshawlaw.com>; Vaidya, Anshuman A. <avaidya@hinshawlaw.com>; Edwards Jr., Calvin R. <cedwards@hinshawlaw.com>; Brodzik, James M. <JBrodzik@hinshawlaw.com>; Rizzo, Vincent M. <vrizzo@hinshawlaw.com>
**Cc:** #ACLU Transgender Prisoner Rights External <ACLU_Transgender_Prisoner_Rights_External@kirkland.com>
**Subject:** Monroe - Pl.'s 4th Set of RFPs

_____

Counsel,


 We write to follow-up on our meet and confer on November 11 regarding Plaintiffs' fourth set of RFPs, and regarding several unresolved issues related to those requests and Defendants' recent productions.


**Class-Wide Discovery.** In your responses and objections, you objected to requests that were not "limited to Plaintiff Class Representatives." As we explained, Plaintiffs do not believe there is any basis for such a limitation and cannot agree to such constrained discovery, but we remain willing to work with you to minimize any legitimate concerns as to burden. On the call, you agreed to identify the specific requests that Defendants believed they could not produce class-wide documents and why doing so would be too burdensome. It is now a month later and you have not provided this information. Please confirm by December 15 that Defendants will be producing responsive documents for all members of the class or otherwise provide your position in writing identifying which requests you are refusing to produce class-wide documents for and your legal basis for doing so, including citations to any case law defendants assert supports this position. Absent confirmation that Defendants are not limiting production to Class Representatives, Plaintiffs will move to compel.


**ESI Protocol/Productions.** Before the meet and confer, Plaintiffs sent a proposal for a revised ESI protocol, to which Defendants never provided any response. On the meet and confer, you did not identify any issue or disagreement with that proposal but rather merely indicated that you did not believe a new ESI protocol was necessary, given the existing protocol in place. Yet, despite that your reliance on that existing ESI protocol, your productions have failed to comply with that protocol in any meaningful way. For example, per the parties' existing agreement, in productions of scanned paper documents "distinct documents **should not be merged into a single record**, and single documents should not be split into multiple records (*i.e.,* paper documents should be logically unitized)." Dkt. 65, ¶ 29 (emphasis added). Yet your productions thus far consistently ignored this requirement—instead including documents that are thousands of pages long, which combine hundreds of distinct documents with no attempt to properly unitize them as required. *See e.g.,* Doc. No. 0430110. These merged documents combine different types of records and records related to different class members, with no discernable organizing principle, making review extremely onerous and time-consuming.

These deficiencies severely complicate review and add undue burden on Plaintiffs. Given the schedule in place and the fast approaching close of fact discovery, these failures are especially troublesome. Please confirm that going forward, Defendants will comply with the existing ESI protocol,


Further, Defendants do not appear to have produced **any** emails or other ESI documents. Per the existing protocol, the parties are required to "cooperate to identify the proper custodians, search terms, and time frames" for ESI documents. Your responses and objections indicated that Defendants were continuing "to

conduct further searches for responsive documents that have not been previously produced." Yet, you have provided **no information** regarding what custodians, search terms, or time frames you are using for such further searches. Plaintiffs require this information in order to evaluate Defendants' compliance with discovery obligation and to evaluate the need for any further discovery. Plaintiffs propose the following initial list of custodians and search terms. Please confirm your agreement by December 15 or explain your objections and provide your alternative proposal.

**Custodians**:
- Dr. William Puga
- Dr. Shane Reister
- Dr. Erica Anderson
- Dr. Lamenta Conway
- Justin Hammers
- Latoya Hughes
- Melvin Hinton
- Steven Bowman
- Michelle Malone
- Brittney Schroeder
- Alyssa Williams
- Melinda Eddy
- Lt. Curtis Dallas
- Lt. Curtis Bailey

**Search Terms**:
- Transgender
- Injunct! OR court w/2 order
- Hormon!
- Logan w/5 transfer
- PRISM w/5 transfer
- "gender" AND "surgery"
- Trans! AND "surgery"
- Trans! AND "transfer"
- Trans! AND "logan"
- Trans! AND "PRISM"
- "gender dysphoria"
- WPATH

**Anne J. Hudson**

**She/Her/Hers**

---------------------------------------

**KIRKLAND & ELLIS LLP**

333 West Wolf Point Plaza, Chicago, IL 60654

**T** +1 312 862 4111  **M** +1 312 208 0051

**F** +1 312 862 2200

---------------------------------------

anne.hudson@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have

received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.