# EXHIBIT 16



**Hinshaw & Culbertson LLP**
**Attorneys at Law**

151 North Franklin Street
Suite 2500
Chicago, IL 60606

312-704-3000
312-704-3001 (fax)
**www.hinshawlaw.com**

Anshuman A. Vaidya
312-704-3439
avaidya@hinshawlaw.com

January 21, 2026

**VIA EMAIL**
Camille E. Bennett
Director, Corrections Reform
ACLU of Illinois
150 N. Michigan Ave., Ste. 600
Chicago, IL 60601
cbennett@aclu-il.org
aclu_transgender_prisoner_rights_external@kirkland.com

      Re:    *Monroe v. Hughes*, No. 18-cv-156-NJR – Rule 37 Response Letter

Camille,

As a threshold matter, we appreciate your professionalism and your willingness to work with us to resolve the unique and challenging issues that discovery in this case presents. However, we reject any suggestion that we have not been working diligently to provide Plaintiffs with responsive material. Over the past year alone, we have produced approximately 119,000 pages of records relating to Plaintiffs' discovery requests, in connection with a class of over 300 representatives. Additionally, despite our objections to the size and scope of Plaintiffs requests, we have requested that records be produced relating to all of IDOC's facilities.

Moreover, we submit that Plaintiffs' frustrations with the pace of production and the nature and terms of the current ESI order (allowing for production you consider to be the equivalent of "stone tablets") are misplaced. A more fundamental problem is that the complaint for injunctive relief itself is now eight years old and outdated. As such, the class certified based on that complaint is not reflective of the current conditions at the Department of Corrections, as required by law. *See Monroe v. Bowman*, 122 F.4th 688, 697 (7th Cir. 2024). Even the supplemental complaint filed earlier this year is still anchored in an outdated and unworkable class definition, which includes any individual who has ever "requested an evaluation or treatment for gender dysphoria[,]" regardless of whether they actually suffer from gender dysphoria or are actively seeking treatment for the same. (Doc. 213).

However, as Plaintiffs have chosen not to file an amended complaint and do not wish to disturb or revisit the class definition currently in place, Defendants are required to work within the framework of the litigation and discovery as it stands. **To that end, we can agree to the following in order to facilitate and expedite discovery going forward:**

- Emails, to the extent they are available in native format, will be produced in a native format. Defendants will work with Plaintiffs to transmit and produce those emails in a convenient manner.

January 21, 2026
Page 2

- Defendants will endeavor to produce documents in the same manner in which they are kept in the ordinary course of business, and are willing to provide supplemental discovery responses to assist Plaintiffs in identifying how those documents are responsive.

- We will work with our clients IT department and request that they "dedupe" the ESI search hits.

- Per the terms of the existing ESI order, "will conduct a review of a subset of documents to determine the percentage of relevant documents found by the search terms." (Doc. 65). Based on your Rule 37 letter, we believe you may be misunderstanding Defendants' proposal. We are not proposing a rolling production of 100 e-mails at a time. We are following the ESI protocol and have proposed reviewing 100 documents for the purposes of determining a percentage of relevant documents that is "reasonable and proportionate" (Doc. 65) as contemplated by the ESI order.

Finally, we appreciate Plaintiffs' willingness to identify in good faith the class members that Plaintiffs intends to call at trial, prior to the close of discovery. We also understand that while you are reserving the right to supplement that list based on the court's deadlines for disclosing trial witnesses, you are willing to allow Defendants to engage in limited discovery relating to any newly disclosed witnesses. As previously noted, courts have concluded that a representative sample of a class is a suitable methodology in class actions to establish liability. *See Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 455, 460 (2016). Given that a primary function of class action is to alleviate the pressures of having to litigate hundreds of individual claims because to do so would be unwieldy, production of the scale being requested by Plaintiffs is still onerous. *See* Manual for Complex Litigation (FJC) §21.41 ("Postcertification discovery directed at individual class members (other than named plaintiffs) should be conditioned on a showing that it serves a legitimate purpose."). Thus, while we have agreed to produce documents beyond the representative class members, we reserve the right to object to Plaintiffs attempts to introduce such evidence at trial.

We look forward to working with you to complete discovery in an efficient and productive manner.

Very truly yours,

HINSHAW & CULBERTSON LLP

*Anshuman Vaidya*
Anshuman A. Vaidya

CC:  Justin Penn (jpenn@hinshawlaw.com)
James M. Brodzik (JBrodzik@hinshawlaw.com)
Calvin R. Edwards, Jr. (cedwards@hinshawlaw.com)
Other Counsel for the Plaintiffs