# EXHIBIT 17

 Outlook

**Monroe/document discovery deadlines**

| | |
|---|---|
| From | Camille Bennett <CBennett@aclu-il.org> |
| Date | Wed 2026-01-28 11:49 AM |
| To | Vaidya, Anshuman A. <avaidya@hinshawlaw.com>; Brodzik, James M. <jbrodzik@hinshawlaw.com>; Edwards Jr., Calvin R. <cedwards@hinshawlaw.com>; Rizzo, Vincent M. <vrizzo@hinshawlaw.com>; Penn, Justin M. <jpenn@hinshawlaw.com> |
| Cc | #ACLU Transgender Prisoner Rights External <aclu_transgender_prisoner_rights_external@kirkland.com>; Malita Picasso <mpicasso@aclu.org> |

Ansh, other defendants' counsel --

This concerns your January 21 letter, which responded to our January 15 letter concerning document discovery. In our January 15 letter, we asked for a "timetable"; your January 21 letter—although it is very polite--contains none. We served our document requests (the Fourth RFP) **over four months ago**. The records defendants produce continue to relate almost solely to Menard. **We need the medical and mental health records for *all* class members.** In December you assured us, as we understood it, that you had a method for copying these for production. A month later, we have seen no such production.

At this late juncture, we need to see a significant production of class member records no later than the end of this week (January 30), and a firm commitment that defendants will complete all production no later than February 20, so that we can take depositions in March and keep this case on track with the now-extended schedule. Similarly, although defendants have committed to providing the hit samples of ESI provided for in the current ESI order, we have also not been provided with these, stalling ESI production still further. We need those **immediately**, so that ESI production can also meet the February 20 deadline.

We continue to be puzzled by defendants' unhappiness (expressed again in your letter) over the lack of an "amended" complaint, when we filed a supplemental complaint which brought the pleadings up to date. We are similarly puzzled by defendants' complaints about the class and the class definition. If defendants are unhappy with the current procedural posture of the case, they have only the State to blame, since it was the State which decided, two-and-a-half years ago, to repudiate the previous post-trial order and seek to have it vacated on technical grounds, as happened. But none of these matters are relevant to the fact that defendants are very far behind on their discovery obligations and that we will shortly be forced to file a motion to compel unless these issues are immediately addressed.

If defendants will firmly commit to the deadlines and timetables laid out above, please let us know no later than tomorrow (1/29) by COB.

Sincerely,

**Camille E. Bennett** *(she/her)*
Director, Corrections Reform
ACLU of Illinois
150 N. Michigan Ave., Ste. 600, Chicago, IL 60601
■ 312.201.9740 x336 ■ [cbennett@aclu-il.org](mailto:cbennett@aclu-il.org)