# EXHIBIT 18

 Outlook

---

**RE: Monroe/document discovery deadlines**

---

**From**  Vaidya, Anshuman A. <avaidya@hinshawlaw.com>

**Date**  Thu 2026-01-29 7:19 AM

**To**  Camille Bennett <CBennett@aclu-il.org>; Brodzik, James M. <JBrodzik@hinshawlaw.com>; Edwards Jr., Calvin R. <cedwards@hinshawlaw.com>; Rizzo, Vincent M. <vrizzo@hinshawlaw.com>; Penn, Justin M. <jpenn@hinshawlaw.com>

**Cc**  #ACLU Transgender Prisoner Rights External <aclu_transgender_prisoner_rights_external@kirkland.com>; Malita Picasso <mpicasso@aclu.org>

Counsel,

As noted, we are preparing to turn over what appears to be over well over 50,000 pages of medical records relating to about 85 class members. While we are still reviewing the materials, we should be able to initiate a rolling production starting Monday, February 2, 2026.  As we have already provided tens of thousands of pages of medical records in connection with the class members transferred from Menard, we are continuing to make substantial progress on this front.   I can confirm that we are working with the client in our effort to make sure discovery is substantially completed prior to the February 18, 2026 status hearing, and will keep you and the Court apprised.

With respect to the ESI terms, I believe your response does not accurately reflect Defendants' good faith attempts to work with Plaintiffs to come to a resolution. In your January 15 letter, you appeared to reject our request to follow the terms of the ESI protocol. At the meet and confer held that same day, Plaintiffs indicated that Plaintiffs' counsel may need to set up another meet-and-confer specifically to work through the ESI issues, but we never heard anything back.   In response to your letter, we reiterated that we would agree to follow the court-ordered ESI protocol, and would be open to working with you on that to address any concerns. Until your email below, it appeared that there was no agreement.  Now that it appears you would like us to follow the protocol we suggested weeks ago, we will request and review a representative sample based on the modified search terms provided and provide you with the results in compliance with the governing ESI order.

Finally, we note that even though your discovery requests are overbroad, we are working with you to turn over records relating to all class members, rather than focusing on class representatives.  Given that you allege in your interrogatory responses that all class members allegedly suffer from all of the constitutional claims set forth in your pleadings, discovery relating to those class representatives (or even a small subset of class members) should be sufficient for trial.  Nonetheless, as we are working in the spirit of cooperation to turn over discovery for all 300 some class members, we just ask that you continue to work with us in good faith to resolves these issues.

Sincerely,

Ansh

**Anshuman Vaidya**
Partner
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500, Chicago, IL 60606

**O:** 312-704-3439 | **F:** 312-704-3001
avaidya@hinshawlaw.com
My Bio | hinshawlaw.com | in f X @



Proudly
**MANSFIELD RULE
CERTIFIED** *PLUS*

---

**From:** Camille Bennett <CBennett@aclu-il.org>
**Sent:** Wednesday, January 28, 2026 11:49 AM
**To:** Vaidya, Anshuman A. <avaidya@hinshawlaw.com>; Brodzik, James M. <JBrodzik@hinshawlaw.com>; Edwards Jr., Calvin R. <cedwards@hinshawlaw.com>; Rizzo, Vincent M. <vrizzo@hinshawlaw.com>; Penn, Justin M. <jpenn@hinshawlaw.com>
**Cc:** #ACLU Transgender Prisoner Rights External <aclu_transgender_prisoner_rights_external@kirkland.com>; Malita Picasso <mpicasso@aclu.org>
**Subject:** Monroe/document discovery deadlines

Ansh, other defendants' counsel --

This concerns your January 21 letter, which responded to our January 15 letter concerning document discovery.  In our January 15 letter, we asked for a "timetable"; your January 21 letter—although it is very polite--contains none.  We served our document requests (the Fourth RFP) **over four months ago**.  The records defendants produce continue to relate almost solely to Menard.  **We need the medical and mental health records for** *all* **class members.**  In December you assured us, as we understood it, that you had a method for copying these for production.  A month later, we have seen no such production.

At this late juncture, we need to see a significant production of class member records no later than the end of this week (January 30), and a firm commitment that defendants will complete all production no later than February 20, so that we can take depositions in March and keep this case on track with the now-extended schedule.  Similarly, although defendants have committed to providing the hit samples of ESI provided for in the current ESI order, we have also not been provided with these, stalling ESI production still further.  We need those **immediately**, so that ESI production can also meet the February 20 deadline.

We continue to be puzzled by defendants' unhappiness (expressed again in your letter) over the lack of an "amended" complaint, when we filed a supplemental complaint which brought the pleadings up to date. We are similarly puzzled by defendants' complaints about the class and the class definition.  If defendants are unhappy with the current procedural posture of the case, they have only the State to blame, since it was the State which decided, two-and-a-half years ago, to repudiate the previous post-trial order and seek to have it vacated on technical grounds, as happened.  But none of these matters are relevant to the fact that defendants are very far behind on their discovery obligations and that we will shortly be forced to file a motion to compel unless these issues are immediately addressed.

If defendants will firmly commit to the deadlines and timetables laid out above, please let us know no later than tomorrow (1/29) by COB.

Sincerely,

**Camille E. Bennett** *(she/her)*
Director, Corrections Reform
ACLU of Illinois
150 N. Michigan Ave., Ste. 600, Chicago, IL 60601
■ 312.201.9740 x336 ■ cbennett@aclu-il.org

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.