**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

JANIAH MONROE, *et al.*,
individually and on behalf of a class of
similarly situated individuals,

      **Plaintiffs,**

v.

LATOYA HUGHES,
STEVEN MEEKS,
and KENYA KEY,

      **Defendants.**

Case No. 3:18-CV-00156-NJR

## ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on Plaintiffs' first and second motions for leave to take more than ten depositions. (Docs. 1170, 1182). Across the two motions, Plaintiffs ask for authorization to take seven additional depositions beyond those already scheduled. Defendants filed a response in opposition to the first motion (Doc. 1174) and stated their opposition to the second motion on the record during a hearing on the motion on July 22, 2026.

Unless the parties stipulate otherwise, the number of depositions in a civil action is presumptively limited to ten per side. Fed. R. Civ. P. 30(a)(2)(A)(i).[1] However, the Court "must grant leave" for additional depositions "to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). The portions of Rule 26 cited in the rule articulate the

---

[1] For purposes of the Rule, depositions taken pursuant to Rule 30(b)(6) are treated as a single deposition. *See* Fed. R. Civ. P. 30(a)(2) advisory committee's note to 1993 amendment.

familiar guidelines and guardrails on the scope of discovery. In furtherance of those guidelines, courts require "the party seeking leave 'to take additional depositions [to] make a particularized showing for the need for such depositions.'" *Zhu v. Keeley & Sons, Inc.*, No. 3:24-CV-908-MAB, 2025 WL 1370097, at *1 (S.D. Ill. May 12, 2025) (quoting *Farris v. Kohlrus*, 17-CV-3279, 2020 WL 10691950, at *3 (C.D. Ill. June 12, 2020)).

At this point, Plaintiffs seek to depose seven individuals: (1) Melinda Eddy, Chief of the Women's Division at Illinois Department of Corrections (IDOC), (2) former IDOC Chief of Operations Justin Hammers, (3) current Chief of Operations Angela Locke, (4) IDOC's new medical director,[2] (5) IDOC Chief Compliance Officer Michael Crum, (6) Ryan Nottingham, IDOC's Prison Rape Elimination Act (PREA) Compliance Administrator, and (7) Shelbi Russell, the Health Care Administrator at Logan Correctional Center.

Plaintiffs argue they need additional depositions because each of these witnesses likely has information relevant to their claims. They insist that the depositions are proportional to the needs of the case, particularly where the claims involve the complex medical treatment of a nearly 400-member class spread across 29 facilities, and would not be unduly burdensome, as most depositions would be conducted remotely.

Defendants respond that the motion is premature because Plaintiffs have not yet completed ten depositions and upcoming Rule 30(b)(6) depositions may address many

---

[2] The parties informed the Court that Dr. Steven Meeks, who presently is named as a defendant, has left his position at IDOC and a new medical director, Dr. Jovita Chikeze Anyanwu, has been appointed. The parties shall file an appropriate motion to substitute that individual as a defendant pursuant to Federal Rule of Civil Procedure 25(d).

of the topics Plaintiffs seek to explore with the additional witnesses. Defendants also argue that Plaintiffs did not make a sufficiently particularized witness-by-witness showing regarding the need for the depositions. Finally, they emphasize that the request poses an undue burden given the extensive discovery that has already occurred over the long history of this litigation.

After considering the parties' written arguments and presentations during the hearing, the Court finds that Plaintiffs' motions should be granted.

Initially, the Court is not persuaded by Defendants' argument that Plaintiffs must complete ten depositions before seeking leave to take additional depositions. It is true that "courts often refuse to expand upon the 10-deposition limit while a party still has depositions available to it . . . ." *PeopleFlo Mfg., Inc. v. Sundyne, LLC*, No. 20-CV-3642, 2022 WL 1062706, at *4 (N.D. Ill. Apr. 8, 2022). But there is no hard-and-fast exhaustion requirement; the statement merely addresses the problem that "it is difficult to establish necessity for [more depositions] when opportunities to take depositions without leave of court remain." *Id.*

The parties will recall that they did not begin depositions until late in the discovery period because of delays in document production. It appears that the parties now are working collaboratively to complete all depositions by the fact discovery deadline of July 31, 2026. But according to counsel, Plaintiffs will not reach their ten-deposition limit until then. It was prudent for them to seek leave to take additional depositions *before* they reached the limit to avoid further delays.

Relatedly, Defendants argue that upcoming Rule 30(b)(6) depositions may make

additional depositions superfluous. Given Plaintiffs' explanations for each additional witness, discussed below, as well as the scale and complexity of this case, the Court does not find merit in that argument. Rule 30(b)(6) witnesses testify on behalf of an entity, in this case IDOC. Those witnesses speak in an official capacity, frequently about high-level policies and procedures. But Plaintiffs also need to know how those policies and procedures are (or are not) implemented at IDOC's facilities. The individuals that Plaintiffs identify have information relevant to those questions, and the Court finds that Plaintiffs have explained with particularity the need for their testimony.

Eddy, as chief of the women's division, undoubtedly has information about the treatment and classification of class members, particularly those confined at Logan. Notably, Plaintiffs say that during their prison inspection of Logan under Rule 34, Defendants insisted that all questions be directed to her. It is odd that Defendants now resist Plaintiffs' attempt to depose her.

As for Locke and Hammers, their testimony, by dint of their operations expertise, could help Plaintiffs understand the way IDOC's policies affect class members. It is not clear that any witnesses already deposed share the same experience operationalizing IDOC's policies for transgender inmates.

Crum, according to the testimony of another witness, likely has personal knowledge regarding audits of IDOC's compliance with its Administrative Directive governing the care of transgender inmates. Given the ongoing disputes regarding that directive and the nature of Plaintiffs' Eighth Amendment claim, his testimony is appropriate.

Plaintiffs explain that Nottingham served on the Transgender Advisory Committee (TAC), an entity that has been a frequent topic in this litigation. As with Locke and Hammers, his testimony could shed light on how Defendants implement their policies.

Russell helped coordinate the medical care for inmates at Logan. And Plaintiffs noted during yesterday's hearing that she was a medical provider for the named plaintiffs and other class members confined there. Given her import to the named plaintiffs' medical treatment, the Court believes Plaintiffs are entitled to depose her.

Plaintiffs also seek to depose "Dr. Meeks's replacement as the new Medical Director of IDOC (and any other new Defendants)." (Doc. 1170, p. 7). Defendants express concern that the testimony of Dr. Meeks's replacement will be cumulative of other witnesses. That is certainly possible, but they do not offer any other reason a named party should avoid undergoing a deposition. Generally, courts look favorably on permitting excess depositions when the "the proposed depositions are of witnesses Defendants intend to call at trial." *Whole Woman's Health All. v. Hill*, No. 18-CV-01904, 2019 WL 10886796, at *1 (S.D. Ind. Sept. 4, 2019). And Plaintiffs identified multiple topics they hope to explore with that individual, including their experience and understanding of providing medical care to transgender inmates, and their background and familiarity with this litigation. Plaintiffs therefore should be permitted to depose that individual. The Court emphasizes, however, that it does not, at this stage, grant Plaintiffs leave to depose any individual who may later be substituted into the case as a defendant.

Finally, the Court rejects Defendants' argument that the additional depositions are

overburdensome and out of proportion to the needs of the litigation. Four of the witnesses identified by Plaintiffs—Locke, Crum, Nottingham, and Russell—already are scheduled to be deposed as Rule 30(b)(6) witnesses, so their depositions should pose little additional burden. And this case remains fundamentally complex, featuring a large class of plaintiffs, shifting institutional policies and practices, and multiple trips to the court of appeals. It is unsurprising that the extent of discovery required is greater than the run-of-the-mill civil case.

Accordingly, it is **ORDERED** that Plaintiffs' first and second motions for leave to take more than ten depositions (Doc. 1170, 1182) are **GRANTED**. Plaintiffs may depose the following seven additional witnesses:

- Angela Locke

- Justin Hammers

- Melinda Eddy

- Michael Crum

- Ryan Nottingham

- Shelbi Russell

- Dr. Jovita Chikeze Anyanwu

It is apparent that the present scheduling order will require adjustment to accommodate the additional depositions. It is therefore **ORDERED** that the discovery schedule set forth in Doc. 1155 is extended by three weeks as follows: Fact discovery and non-expert depositions now to be completed **on or before August 21, 2026**. Opening expert reports are now due **on or before September 11, 2026**. Responsive expert reports

are due **on or before October 16, 2026**. Expert discovery shall be completed **on or before November 20, 2026**.

It is further **ORDERED** that the already-scheduled depositions reported by the parties at the hearing yesterday (*See* Doc. 1180) shall proceed as scheduled.

The Court recognizes the breadth and complexity of this case and the likelihood that changes will continue to occur regarding the members of the class and records pertaining to those individuals. Additional changes in IDOC personnel may also transpire. Nonetheless, the Court will not continue to grant schedule extensions in the absence of compelling and extraordinary circumstances. In the same spirit, the Court will not lightly tolerate violations of discovery orders already issued. Soon, fact discovery will conclude, and experts will have to opine from the materials available. The record will be the record. This case must move forward. The Court appreciates the parties' attempts to resolve discovery issues without judicial intervention and urges them to continue working diligently to promptly schedule the additional depositions and to address any remaining issues within the revised schedule.

**IT IS SO ORDERED.**

**DATED:  July 23, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**